Form **1040X**
(Rev. January 2019)

Department of the Treasury - Internal Revenue Service

# Amended U.S. Individual Income Tax Return

▶ Go to www.irs.gov/Form1040X for instructions and the latest information.

OMB No. 1545-0074

**This return is for calendar year** [X] 2018 [ ] 2017 [ ] 2016 [ ] 2015

**Other year. Enter one: calendar year** **or fiscal year (month and year ended):**

| Your first name and initial | Last name | Your social security number |
|---|---|---|
| TONY D. | TOWNLEY | ▮▮▮ |

| If a joint return, spouse's first name and initial | Last name | Spouse's social security number |
|---|---|---|
| ELIZABETH A. | TOWNLEY | ▮▮▮ |

| Current home address (number and street). If you have a P.O. box, see instructions. | Apt. no. | Your phone number |
|---|---|---|
| 1280 SNOWS MILL ROAD | | 706-353-8107 |

City, town or post office, state, and ZIP code. If you have a foreign address, also complete spaces below. See instructions.

BOGART, GA  30622

| Foreign country name | Foreign province/state/county | Foreign postal code |
|---|---|---|
| | | |

**Amended return filing status.** You **must** check one box even if you are not changing your filing status. **Caution:** In general, you can't change your filing status from a joint return to separate returns after the due date.

[X] **Full-year health care coverage (or, for 2018 amended returns only, exempt).** See inst.

[ ] Single  [X] Married filing jointly  [ ] Married filing separately  [ ] Qualifying widow(er)
[ ] Head of household (If the qualifying person is a child but not your dependent, see instructions.)

| Use Part III on page 2 to explain any changes | | **A. Original amount reported or as previously adjusted (see instructions)** | **B. Net change - amount of increase or (decrease) - explain in Part III** | **C. Correct amount** |
|---|---|---|---|---|
| **Income and Deductions** | | | | |
| **1** Adjusted gross income. If a net operating loss (NOL) carryback is included, check here ▶ ☐ | **1** | 44318207. | | 44318207. |
| **2** Itemized deductions or standard deduction | **2** | 80,734. | 22088370. | 22169104. |
| **3** Subtract line 2 from line 1 | **3** | 44237473. | -22088370. | 22149103. |
| **4a** Exemptions (amended returns for years before 2018 only). **If changing,** complete Part I on page 2 and enter the amount from line 29 | **4a** | | | |
| **b** Qualified business income deduction (2018 amended returns only) | **4b** | 7,959,250. | -3826081. | 4,133,169. |
| **5** Taxable income. Subtract line 4a or 4b from line 3. If the result is zero or less, enter -0- | **5** | 36278223. | -18262289. | 18015934. |
| **Tax Liability** | | | | |
| **6** Tax. Enter method(s) used to figure tax: QDCGTW | **6** | 13110168. | -6757047. | 6,353,121. |
| **7** Credits. If a general business credit carryback is included, check here ▶ ☐ | **7** | 298,036. | | 298,036. |
| **8** Subtract line 7 from line 6. If the result is zero or less, enter -0- | **8** | 12812132. | -6757047. | 6,055,085. |
| **9** Health care: individual responsibility (see instructions) | **9** | | | |
| **10** Other taxes | **10** | 211,422. | | 211,422. |
| **11** Total tax. Add lines 8, 9, and 10 | **11** | 13023554. | -6757047. | 6,266,507. |
| **Payments** | | | | |
| **12** Federal income tax withheld and excess social security and tier 1 RRTA tax withheld. (**If changing,** see instructions.) | **12** | | | |
| **13** Estimated tax payments, including amount applied from prior year's return | **13** | 12271465. | | 12271465. |
| **14** Earned income credit (EIC) | **14** | | | |
| **15** Refundable credits from: [ ] Schedule 8812 [ ] Form(s) 2439 [ ] 4136 [ ] 8863 [ ] 8885 [ ] 8962 or [ ] other (specify): | **15** | | | |

| | | |
|---|---|---|
| **16** Total amount paid with request for extension of time to file, tax paid with original return, and additional tax paid after return was filed | **16** | 6,757,047. |
| **17** Total payments. Add lines 12 through 15, column C, and line 16 | **17** | 19028512. |
| **Refund or Amount You Owe** | | |
| **18** Overpayment, if any, as shown on original return or as previously adjusted by the IRS | **18** | 6,004,958. |
| **19** Subtract line 18 from line 17. (If less than zero, see instructions.) | **19** | 13023554. |
| **20** **Amount you owe.** If line 11, column C, is more than line 19, enter the difference | **20** | |
| **21** If line 11, column C, is less than line 19, enter the difference. This is the amount **overpaid** on this return | **21** | 6,757,047. |
| **22** Amount of line 21 you want **refunded to you** | **22** | 6,757,047. |
| **23** Amount of line 21 you want **applied to your (enter year):** **estimated tax** | **23** | |

...d sign this form on page 2.

**Exhibit A**

Form 1040X (Rev. 1-2019)  TONY D. & ELIZABETH A. TOWNLEY ▉▉▉▉▉ Page **2**

## Part I | Exemptions and Dependents

Complete this part **only** if any information relating to exemptions (to dependents if amending your 2018 return) has changed from what you reported on the return you are amending. This would include a change in the number of exemptions (of dependents if amending your 2018 return).

⚠ *For 2018 amended returns only, leave lines 24, 28, and 29 blank. Fill in all other applicable lines.*

**Note:** See the Form 1040 or, for amended returns for years before 2018, the Form 1040A instructions. See also the Form 1040X instructions.

| | A. Original number of exemptions or amount reported or as previously adjusted | B. Net change | C. Correct number or amount |
|---|---|---|---|
| **24** Yourself and spouse. **Caution:** If someone can claim you as a dependent, you can't claim an exemption for yourself. If amending your 2018 return, leave line blank .......... **24** | | | |
| **25** Your dependent children who lived with you .......... **25** | | | |
| **26** Your dependent children who didn't live with you due to divorce or separation .......... **26** | | | |
| **27** Other dependents .......... **27** | | | |
| **28** Total number of exemptions. Add lines 24 through 27. If amending your 2018 return, leave line blank .......... **28** | | | |
| **29** Multiply the number of exemptions claimed on line 28 by the exemption amount shown in the instructions for line 29 for the year you are amending. Enter the result here and on line 4a on page 1 of this form. If amending your 2018 return, leave line blank **29** | | | |

**30** List **ALL** dependents (children and others) claimed on this amended return. If more than 4 dependents, see inst. and ✓ here ▶ ☐

**Dependents** (see instructions):

| (a) First name        Last name | (b) Social security number | (c) Relationship to you | (d) ✓ if qualifies for (see instr.): | |
|---|---|---|---|---|
| | | | Child tax credit | Credit for other dependents (2018 amended returns only) |
| | | | ☐ | ☐ |
| | | | ☐ | ☐ |
| | | | ☐ | ☐ |
| | | | ☐ | ☐ |

## Part II | Presidential Election Campaign Fund

Checking below won't increase your tax or reduce your refund.

☐ Check here if you didn't previously want $3 to go to the fund, but now do.

☐ Check here if this is a joint return and your spouse did not previously want $3 to go to the fund, but now does.

## Part III | Explanation of Changes. In the space provided below, tell us why you are filing Form 1040X.

▶ Attach any supporting documents and new or changed forms and schedules.

SEE ATTACHED EXPLANATION OF AMENDMENT.

**Remember to keep a copy of this form for your records.**

Under penalties of perjury, I declare that I have filed an original return and that I have examined this amended return, including accompanying schedules and statements, and to the best of my knowledge and belief, this amended return is true, correct, and complete. Declaration of preparer (other than taxpayer) is based on all information about which the preparer has any knowledge.

**Sign Here**

| ▶ _____ | _____ | EXECUTIVE _____ |
|---|---|---|
| Your signature | Date | Your occupation |
| ▶ _____ | _____ | _____ |
| Spouse's signature. If a joint return, **both** must sign. | Date | Spouse's occupation |

**Paid Preparer Use Only**

| ▶ BRIDGET J. DUNK | 04/08/22 | BENNETT THRASHER LLP |
|---|---|---|
| Preparer's signature | Date | Firm's name (or yours if self-employed) |
| BRIDGET J. DUNK | | 3300 RIVERWOOD PARKWAY, #700 ATLANTA, GA 30339 |
| Print/type preparer's name | ☐ Check if self-employed | Firm's address and ZIP code |
| PTIN ▉▉▉▉▉ | | 770-396-2200        Phone number        EIN ▉▉▉▉▉ |

810702
02-06-19    For forms and publications, visit *www.irs.gov.*        Form **1040X** (Rev. 1-2019)

## TONY D. and ELIZABETH A. TOWNLEY
## 2018 FORM 1040X

The Townleys and their family partnership, Log Creek LLLP ("Log Creek"), are correcting their earlier returns to make sure they properly recognize their 2018 conservation contribution encouraged by Congress. They reported that contribution on their original 2018 return but, when they learned the IRS was attacking all partnership conservation contributions, they removed that contribution from their returns until they could make doubly sure they reported their contribution correctly. They also waited to report the three conservation contributions they made of vulnerable tracts to the Oconee River Land Trust in 2019 until they could make doubly sure they were correctly reporting those contributions that Congress encourages (and the IRS discourages). That additional work is finally complete. To understand why the Townleys made these contributions, one needs to understand the Townleys.

Tony Townley grew up in Bogart, Georgia, in the country outside of Athens. Starting in high school, he and his father grew Christmas trees on his parents' farm. Even today, Tony and his wife Elizabeth live on a farm in Bogart, next door to his parents. The running joke in the Townley house is that Tony has not gone very far in life.

After high school, Tony enrolled at Georgia Southern in Statesboro. Two wonderful things happened in Statesboro. Tony met Elizabeth, and Tony and his boyhood friend Zach sold almost everything they had to start a little chicken finger restaurant in Statesboro. When Tony finished Georgia Southern and Zach finished UGA, the chicken restaurant could not support them and so, Tony returned home to the Athens area, married Elizabeth, worked with his father on the Christmas tree farm, and started a mortgage business while he and his friend tried to build the chicken business. Through hard work, long hours, and risking everything they had, Tony and his friend built the chicken business into a huge success beyond their wildest dreams, Zaxby's.

Tony chose to invest most of what he made into north Georgia farmland and timberland. Tony and Elizabeth put that land into their family partnership, Log Creek, which they own equally. Both Tony and Elizabeth like preservation. They protected north Georgia timber and farmland east of Atlanta because north Georgia is being eaten by Atlanta sprawl. They bought the old UGA Agriculture Department research farm near their farm. They saved the famous but neglected UGA Red Barn which they moved out to the former UGA farm and restored.

In 2017, a mine contamination caused Tony to take a harder look at the Congressional encouragement to conserve undeveloped land forever. Martin Marietta Materials, a major granite mining company, operated a mine next to land Log Creek owned. Tony discovered that the mine contaminated the water table with a dangerous chemical. That one mine could contaminate the entire water table for that entire area. Tony tried to cure that problem, but started thinking about the Log Creek land that was most vulnerable to mining. His advisors told him that Congress specifically encourages landowners like the Townleys to preserve the land through tax incentives that recognize the full value lost due to anti-development restrictions.

The first site that came to mind was the Norris-Cason tract in Warren County, Georgia that had granite outcroppings Tony and his forester had seen on the surface. After core drilling and an exhausting investigation, Tony and Elizabeth decided Log Creek should contribute a perpetual conservation easement to Oconee River Land Trust, a charitable group in Athens started by UGA professors and other conservation-minded citizens. The Townleys and their family partnership knew they were doing a good thing. They wanted to do more. In 2019, Tony and those helping him identified three other vulnerable tracts with granite outcroppings that Tony believed would be mined sooner or later. Again, the Townleys decided to protect those properties forever. They believe strongly enough in conservation to work through the extraordinary complexity and expense twice.

2

For all of the tracts, Tony got the best help he could find at the time and now the Townleys and their family partnership have hired a second set of superb geologists, biologists, and appraisers to make doubly sure that Tony, Elizabeth, and their partnership are doing exactly what Congress encourages all forest and farmland owners to do. They not only hired the best geologists they could find, they hired the Georgia real estate appraiser who best understood the mining engineering analysis because that appraiser, Doug Kenny, MAI, holds an engineering degree from Georgia Tech – one of, if not the, top engineering universities in the South.

Through Section 170(h), Congress encourages landowners to prohibit development on their forests and farms *forever* by promising a deduction equal to the full fair market value of the development rights they sacrificed. The Eleventh Circuit recently explained that in *Pine Mountain Preserve, LLP v. Commissioner*, 978 F.3d 1200, 1202-3 (11th Cir. 2020):

> Before diving into the facts and procedural history of this particular case, we set out in some detail the governing statutory framework. Section 170 of the Internal Revenue Code allows tax deductions for charitable contributions and gifts of interests in real property. As a general rule, the Code forbids deductions for conveyances of partial—i.e., less than fee-simple—interests. In 1980, though, Congress amended the Code to permit landowners a deduction for a "qualified conservation contribution" of less than an entire interest in a parcel. See Tax Treatment Extension Act, Pub. L. No. 96-541 § 6(b), 94 Stat. 3204, 3206 (1980), codified at I.R.C § 170(f)(3)(B)(iii). To qualify as a "qualified conservation contribution," a grant must be "(A) of a qualified real property interest," "(B) to a qualified organization," and "(C) exclusively for conservation purposes." I.R.C. § 170(h)(1).

> The parties here agree that the grants at issue were made to a "qualified organization," so our analysis will focus on the other two requirements—that the grants be "qualified real property interest[s]" and "exclusively for conservation purposes." Section 170(h)(2) defines the former, and § 170(h)(5) defines the latter. According to § 170(h)(2)(C), a "qualified real property interest" includes, as relevant here, "a restriction (granted in perpetuity) on the use which may be made of the real property." We'll call this the "granted-in-perpetuity" requirement. According to § 170(h)(5)(A), "[a] contribution shall not be treated as exclusively for conservation purposes" within the meaning of § 170(h)(1) "unless the conservation purpose is protected in perpetuity." We'll call this the "protected-in-perpetuity" requirement.

3

To sum up then: The Code permits taxpayers to claim deductions for charitable contributions, including contributions of land. If a landowner donates less than its entire interest in a piece of property, the Code allows a deduction, as relevant here, where the landowner makes a "qualified conservation contribution." To qualify—again, as relevant for our purposes — a grant must be a "qualified real property interest" and "exclusively for conservation purposes." To constitute a "qualified real property interest," the grant must satisfy § 170(h)(2)(C)'s granted-in-perpetuity requirement, and to be "exclusively for conservation purposes," the grant must satisfy § 170(h)(5)(A)'s protected-in-perpetuity requirement.

The Eleventh Circuit Court of Appeals confirmed in another recent case that the contribution need only satisfy *one* of a number of different conservation purposes. *Champion's Retreat Golf Founders, LLC v. Commissioner*, 959 F.3d 1033 (11th Cir. 2020). Equally important, the Eleventh Circuit held that the Conservation Deed need only protect that one conservation purpose "BETTER" than having no deed. Certainly true here.

Congress encourages conservation easements for a very good reason. Conservation easements actually ensure conservation much better than outright gifts of land because conservation easements require *perpetual* restrictions against development. By contrast, a charity receiving an outright gift of undeveloped land can turnaround, sell the land to a developer with no restrictions, and use the sales proceeds to pay salaries and other charitable expenses. That congressional encouragement formed the heart of the Eleventh Circuit invalidating Treas. Reg. § 1.170A-14(g)(6) in *Hewitt v. Commissioner*, 21 F.4th 1336, 1352 (11th Cir. 2021).

Congress encourages conservation by recognizing as a deduction every dollar of value lost from barring mining or any other development of that land forevermore. Every President from Teddy Roosevelt through Ronald Reagan, Bill Clinton, Barack Obama, and Donald Trump to Joe Biden's recent 30/30 initiative have recognized how important that conservation remains to all of us. Any understatement of the full value discourages the conservation that Congress tries to encourage and that we and all other species so badly need. Conservation only matters to those who need clean air to breathe, clean water to drink, and farm fresh food to eat.

4

On each of its four contributions, Log Creek more than met all three requirements stated by the law. That is, Section 170(h) defines a "Qualified Conservation Contribution" as the transfer of a "Qualified Real Property Interest" to a "Qualified Organization" "Exclusively for [one or more of four] Conservation Purpose[s]." Log Creek did that and more:

(i)  "Qualified Real Property Interest." As the statute and the Eleventh Circuit Court of Appeals precedent in *Pine Mountain* establish, "Qualified Real Property Interest" only requires "*a* [one] restriction (in perpetuity)." Each of the four Log Creek Conservation Deeds impose at least 12 separate sets of restrictions – plus overarching prohibitions against any exercise of any retained right that may adversely affect the conservation purposes. Those restrictions, laid out in the legally enforceable Deeds of Conservation Easement, are perpetually binding under Georgia law.

(ii)  "Qualified Organization." The statute defines this entity as, among other, charitable organizations under Internal Revenue Code Sections 501(c)(3) and 509(a)(2). The IRS itself issued the IRS Exempt Organization Determination Letter specifically recognizing the Oconee River Land Trust (the charitable donee for each contribution), as qualifying under Sections 501(c)(3) and 509(a)(2). The Oconee River Land Trusts possesses the experience, expertise, and ability to ensure the perpetual protection of the vulnerable properties.

(iii)  "Exclusively for Conservation Purposes." As the statute and Eleventh Circuit precedent in *Champions Retreat* establish, the Conservation Deed must only protect (in perpetuity) one or more of four listed conservation purposes. Of relevance here, all four Log Creek Conservation Deeds protect "relatively natural habitat for plants, wildlife, and similar ecosystems," scenic open space, and open space that furthers any one of many "Federal, State, or local conservation policies." Satisfaction of any one purpose or policy satisfies the statute.

Five documents attached to this return for the 2018 Conservation Contribution satisfy all elements of Code Section 170(h) and its regulations. They include the Conservation Deed (Ex. A), the initial Environmental Study (Ex. B), the Appraisal and underlying geological data (Ex. C), the "Letter of Acknowledgement" from the Oconee River Land Trust (Ex. D), and the Form 8283 Appraisal Summary included as part of the IRS return form.

Those documents, previously given to the IRS at least twice, prove the enormous 2018 mining development value that Log Creek, the Townleys, and their children's children's children sacrificed forevermore. The fair market value of what they contributed to the Oconee River Land Trust on the date of that contribution was at least $46,399,000. With Congressional encouragement, Log Creek should recognize a charitable deduction in that amount (or such greater amount as the IRS, the Court, or the jury determines to be accurate). The law requires recognition of that contribution and, under the law, Tony and Elizabeth overpaid their 2018 federal income taxes by $6,757,047 (or such greater amount that results from any greater value determined by the IRS, District Court, or Jury). The Townleys hereby claim a refund of those overpaid 2018 federal income taxes (plus interest as provided by law). Subject to the determination of a greater value, Tony and Elizabeth believe that their correct 2018 federal income tax is $6,266,507 they also previously paid to the IRS.

Congress encourages conservation but the IRS hates it. The IRS audited the conservation easement reported. The Townleys and their family partnership simply asked the IRS to follow the law and the facts that govern that contribution. The IRS came up with every excuse it could to justify ignoring the contribution altogether, just as it has ***ZEROED*** out every other partnership conservation contribution from coast to coast. The Townleys and their advisors have made sure that those excuses do not apply to the second set of reports. Those excuses remain inaccurate and, in many instances, inconsistent. For example, the IRS second guesses the documentation of the water resources despite the fact that the statute does not authorize that requirement, the wildlife biologist prepared an environmental baseline report that the statute never required, that complied with the permissive examples in the IRS's own regulation, and that the donor and donee both certified as accurate. That information, and more, was provided to the Oconee River Land Trust – whose representatives performed on-site inspections prior to the donation.

6

Moreover, the IRS documentation attack relies on an invalid regulation, Treas. Reg. § 1.170A-14(g)(5). The regulation expressly (i) contradicts two parts of the Congressional encouragement statute; (ii) violated the Administrative Procedures Act under the Eleventh Circuit precedent in *Hewitt*, 21 F.4th at 1350-4 (on the theory the IRS is above that law); and (iii) makes up hidden rules after the game is over, as an excuse for ignoring all of the conservation contributions Congress encouraged.

Worse yet, the IRS ignores the contribution altogether based on the continuing efforts to improve the original appraisal (by implementing suggested changes from two appraisal reviews) and to correct a slight intrusion into the highly protected 200 foot creek and pond buffer Special Natural Areas. Both instances prove the genuine commitment to conservation. But most remarkable, the IRS casts the original *Georgia* real estate appraiser (a Member of the Appraisal Institute, the most respected appraisal institute in the nation) as not a "qualified appraiser" because he relied on full-time qualified geologists -- while the IRS relies solely upon a *Chicago* and *Washington, D.C.* appraiser who never set foot on this east *Georgia* property.

The IRS questions the integrity of everyone who helped make the contribution possible, but we must consider the credibility of how far the IRS goes to ignore the perpetual contribution altogether at page 11 of the Revenue Agent's Report. There, the IRS represents, with no prior question, for the first time:

> The baseline documentation report must be accompanied by a statement signed by the donor and a representative of the donee clearly referencing the documentation and in substance saying the baseline document is an accurate representation of the protected property at the time of donation. [IRS Reg.] § 1.170A-14(g)(5)(k)(D). ***Such a statement was not included in baseline documentation provided by Taxpayer. There was no acknowledgement from the donee in the baseline report.*** (Emphasis added).

That is simply not true. Here is the certification page in the baseline documentation report received and certified by the Oconee River Land Trust on December 21, 2018:

OCONEE RIVER LAND TRUST                                          LOG CREEK

In compliance with Section 1.170A - 14(g)(5) of the federal tax regulations, LOG CREEK, LLLP, owner of the Property referenced and described by this report, and the OCONEE RIVER LAND TRUST, INC., do hereby acknowledge that this report is an accurate representation of the Property as of the date of the conveyance of the conservation easement referenced in this report by the landowner ("Grantor") to the Oconee River Land Trust ("Grantee").

Sworn to and subscribed before me                    Log Creek, LLLP

_____                              By: _____
NOTARY PUBLIC                                        Name: Tom D Townley
This the 21 day of Dec. 2018                          Title: General Partner
My commission expires:                               Date: DEC. 21, 2018

                                                     By: _____
(SEAL)    KAREN E MIMS                                Name: ELIZABETH A. TOWNLEY
          OGLETHORPE COUNTY, GEORGIA
          NOTARY PUBLIC                               Title: General Partner
          MY COMMISSION EXPIRES
          DECEMBER 6, 2019                            Date: DEC. 21, 2018


Sworn to and subscribed before me                    Oconee River Land Trust, Inc.

_____                              By: _____
NOTARY PUBLIC                                        Name: Smith Wilson
This the _____ day of _____ 20__                   Title: Chair
My commission expires:                               Date: 12-21-18

(SEAL)


The Townleys and Log Creek ask that the IRS reconsider its position because conservation contributions must be encouraged by full recognition in order to encourage other owners of forests and farms to restrict their land forever and protect greenspace for generations to come.  If the IRS fails to follow the law and the facts again, the Townleys must ask a Federal District Court and a jury of unbiased honest Georgians to do the right thing:  follow the law and the facts to the accurate value – not a penny more and not a penny less.

Should you have any questions relating to the contribution please call David D. Aughtry who represents the Townleys and their family partnership at (404/658-5486).  Thank you.

AMENDED

651118

| Schedule K-1 (Form 1065) | | |
|---|---|---|

**Schedule K-1**
**(Form 1065)**
Department of the Treasury
Internal Revenue Service

**2018**
For calendar year 2018, or tax year
beginning _____ ending _____

**Partner's Share of Income, Deductions, Credits, etc.**

▶ **See separate instructions.**

☐ Final K-1    ☒ Amended K-1    OMB No. 1545-0123

| Part III | Partner's Share of Current Year Income, Deductions, Credits, and Other Items |
|---|---|

| Part I | Information About the Partnership |
|---|---|

**A**   Partnership's employer identification number

▮▮▮▮▮▮

**B**   Partnership's name, address, city, state, and ZIP code

LOG CREEK, LLLP
1280 SNOWS MILL RD.
BOGART, GA 30622

**C**   IRS Center where partnership filed return
E-FILE

**D**   ☐ Check if this is a publicly traded partnership (PTP)

| Part II | Information About the Partner |
|---|---|

**E**   Partner's identifying number

▮▮▮▮▮▮

**F**   Partner's name, address, city, state, and ZIP code

TONY D TOWNLEY
1280 SNOWS MILL RD
BOGART, GA 30622

**G**   ☒ General partner or LLC member-manager    ☐ Limited partner or other LLC member

**H**   ☒ Domestic partner    ☐ Foreign partner

**I1**   What type of entity is this partner?   INDIVIDUAL

**I2**   If this partner is a retirement plan (IRA/SEP/Keogh/etc.), check here ........ ☐

**J**   Partner's share of profit, loss, and capital:

| | Beginning | Ending |
|---|---|---|
| Profit | 1.0000000 % | 1.0000000 % |
| Loss | 1.0000000 % | 1.0000000 % |
| Capital | 1.0000000 % | 1.0000000 % |

**K**   Partner's share of liabilities:

| | Beginning | Ending |
|---|---|---|
| Nonrecourse ........ $ | | $ |
| Qualified nonrecourse financing ........ $ | | $ |
| Recourse ........ $ | 18,041,748. | $ 18,106,589. |

**L**   Partner's capital account analysis:

| | |
|---|---|
| Beginning capital account | $ 413,888. |
| Capital contributed during the year | $ 142,000. |
| Current year increase (decrease) | $ -15,068. |
| Withdrawals & distributions | $( ) |
| Ending capital account | $ 540,820. |

☒ Tax basis    ☐ GAAP    ☐ Section 704(b) book
☐ Other (explain)

**M**   Did the partner contribute property with a built-in gain or loss?
☐ Yes    ☒ No
If "Yes," attach statement (see instructions)

| | | |
|---|---|---|
| **1** Ordinary business income (loss) | -18,891. | **15** Credits |
| **2** Net rental real estate income (loss) | | **16** Foreign transactions |
| **3** Other net rental income (loss) | | |
| **4** Guaranteed payments | | |
| **5** Interest income | 841. | |
| **6a** Ordinary dividends | | **17** Alternative min tax (AMT) items |
| **6b** Qualified dividends | | |
| **6c** Dividend equivalents | | **18** Tax-exempt income and nondeductible expenses |
| **7** Royalties | | C*    2. |
| **8** Net short-term capital gain (loss) | | |
| **9a** Net long-term capital gain (loss) | | **19** Distributions |
| **9b** Collectibles (28%) gain (loss) | | |
| **9c** Unrecaptured sec 1250 gain | | **20** Other information |
| | | A    841. |
| **10** Net section 1231 gain (loss) | 5,993. | |
| **11** Other income (loss) | | |
| **12** Section 179 deduction | | |
| **13** Other deductions | A    3. | |
| | C    463,990. | |
| **14** Self-employment earnings (loss) | | |

*See attached statement for additional information.

For IRS Use Only

811261 12-11-18   LHA   **For Paperwork Reduction Act Notice, see Instructions for Form 1065.**    www.irs.gov/Form1065    **Schedule K-1 (Form 1065) 2018**

AMENDED

651118

**Schedule K-1**
**(Form 1065)**
Department of the Treasury
Internal Revenue Service

**2018**
For calendar year 2018, or tax year

beginning _____ ending _____

**Partner's Share of Income, Deductions, Credits, etc.**

▶ **See separate instructions.**

☐ Final K-1   ☒ Amended K-1    OMB No. 1545-0123

## Part III   Partner's Share of Current Year Income, Deductions, Credits, and Other Items

| | | | |
|---|---|---|---|
| 1 Ordinary business income (loss) | −18,890. | 15 Credits | |
| 2 Net rental real estate income (loss) | | 16 Foreign transactions | |
| 3 Other net rental income (loss) | | | |
| 4 Guaranteed payments | | | |
| 5 Interest income | 840. | | |
| 6a Ordinary dividends | | 17 Alternative min tax (AMT) items | |
| 6b Qualified dividends | | A | −1. |
| 6c Dividend equivalents | | 18 Tax-exempt income and nondeductible expenses | |
| 7 Royalties | | C* | 2. |
| 8 Net short-term capital gain (loss) | | | |
| 9a Net long-term capital gain (loss) | | 19 Distributions | |
| 9b Collectibles (28%) gain (loss) | | 20 Other information | |
| 9c Unrecaptured sec 1250 gain | | A | 840. |
| 10 Net section 1231 gain (loss) | 5,992. | | |
| 11 Other income (loss) | | | |
| 12 Section 179 deduction | | | |
| 13 Other deductions | A | 3. | |
| | C | 463,990. | |
| 14 Self-employment earnings (loss) | | | |

*See attached statement for additional information.*

## Part I   Information About the Partnership

**A**   Partnership's employer identification number

██████████

**B**   Partnership's name, address, city, state, and ZIP code

LOG CREEK, LLLP
1280 SNOWS MILL RD.
BOGART, GA 30622

**C**   IRS Center where partnership filed return

E-FILE

**D**   ☐ Check if this is a publicly traded partnership (PTP)

## Part II   Information About the Partner

**E**   Partner's identifying number

██████████

**F**   Partner's name, address, city, state, and ZIP code

ELIZABETH A TOWNLEY
1280 SNOWS MILL RD
BOGART, GA 30622

**G**   ☒ General partner or LLC member-manager    ☐ Limited partner or other LLC member

**H**   ☒ Domestic partner    ☐ Foreign partner

**I1**   What type of entity is this partner?   INDIVIDUAL

**I2**   If this partner is a retirement plan (IRA/SEP/Keogh/etc.), check here ☐

**J**   Partner's share of profit, loss, and capital:

| | Beginning | Ending |
|---|---|---|
| Profit | 1.0000000 % | 1.0000000 % |
| Loss | 1.0000000 % | 1.0000000 % |
| Capital | 1.0000000 % | 1.0000000 % |

**K**   Partner's share of liabilities:

| | Beginning | Ending |
|---|---|---|
| Nonrecourse $ | | $ |
| Qualified nonrecourse financing $ | | $ |
| Recourse $ | 41,748. | $ 110,821. |

**L**   Partner's capital account analysis:

| | |
|---|---|
| Beginning capital account | $ 413,883. |
| Capital contributed during the year | $ 142,000. |
| Current year increase (decrease) | $ −15,068. |
| Withdrawals & distributions | $ ( ) |
| Ending capital account | $ 540,815. |

☒ Tax basis   ☐ GAAP   ☐ Section 704(b) book
☐ Other (explain)

**M**   Did the partner contribute property with a built-in gain or loss?
☐ Yes   ☒ No
If "Yes," attach statement (see instructions)

For IRS Use Only

AMENDED

651118

**Schedule K-1**
**(Form 1065)**
Department of the Treasury
Internal Revenue Service

**2018**
For calendar year 2018, or tax year

beginning _____ ending _____

**Partner's Share of Income, Deductions, Credits, etc.**

▶ **See separate instructions.**

☐ Final K-1  ☒ Amended K-1    OMB No. 1545-0123

| Part III | Partner's Share of Current Year Income, Deductions, Credits, and Other Items |
|---|---|

| | | |
|---|---|---|
| **1** Ordinary business income (loss) | **15** Credits | |
| −925,644. | | |
| **2** Net rental real estate income (loss) | **16** Foreign transactions | |
| **3** Other net rental income (loss) | | |
| **4** Guaranteed payments | | |
| **5** Interest income | | |
| 41,191. | | |
| **6a** Ordinary dividends | | |
| | **17** Alternative min tax (AMT) items | |
| **6b** Qualified dividends | A | −16. |
| **6c** Dividend equivalents | | |
| | **18** Tax-exempt income and nondeductible expenses | |
| **7** Royalties | C* | 94. |
| **8** Net short-term capital gain (loss) | | |
| **9a** Net long-term capital gain (loss) | **19** Distributions | |
| **9b** Collectibles (28%) gain (loss) | | |
| **9c** Unrecaptured sec 1250 gain | **20** Other information | |
| | A | 41,191. |
| **10** Net section 1231 gain (loss) | | |
| 293,645. | | |
| **11** Other income (loss) | | |
| **12** Section 179 deduction | | |
| **13** Other deductions | | |
| A | 147. | |
| C | 22,735,510. | |
| **14** Self-employment earnings (loss) | | |

*See attached statement for additional information.*

---

## Part I    Information About the Partnership

**A** Partnership's employer identification number

▮▮▮▮▮

**B** Partnership's name, address, city, state, and ZIP code

LOG CREEK, LLLP
1280 SNOWS MILL RD.
BOGART, GA  30622

**C** IRS Center where partnership filed return

E-FILE

**D** ☐ Check if this is a publicly traded partnership (PTP)

## Part II    Information About the Partner

**E** Partner's identifying number

▮▮▮▮▮

**F** Partner's name, address, city, state, and ZIP code

TONY D TOWNLEY
1280 SNOWS MILL RD
BOGART, GA  30622

**G** ☐ General partner or LLC member-manager   ☒ Limited partner or other LLC member

**H** ☒ Domestic partner   ☐ Foreign partner

**I1** What type of entity is this partner?  INDIVIDUAL

**I2** If this partner is a retirement plan (IRA/SEP/Keogh/etc.), check here ☐

**J** Partner's share of profit, loss, and capital:

| | Beginning | Ending |
|---|---|---|
| Profit | 49.0000000 % | 49.0000000 % |
| Loss | 49.0000000 % | 49.0000000 % |
| Capital | 49.0000000 % | 49.0000000 % |

**K** Partner's share of liabilities:

| | Beginning | Ending |
|---|---|---|
| Nonrecourse | $ | $ |
| Qualified nonrecourse financing | $ | $ |
| Recourse | $ | 0. $ 0. |

**L** Partner's capital account analysis:

| | |
|---|---|
| Beginning capital account | $ 20,280,407. |
| Capital contributed during the year | $ 6,958,000. |
| Current year increase (decrease) | $ −738,331. |
| Withdrawals & distributions | $( ) |
| Ending capital account | $ 26,500,076. |

☒ Tax basis  ☐ GAAP  ☐ Section 704(b) book
☐ Other (explain)

**M** Did the partner contribute property with a built-in gain or loss?
☐ Yes  ☒ No
If "Yes," attach statement (see instructions)

For IRS Use Only

811261  12-11-18  LHA  **For Paperwork Reduction Act Notice, see Instructions for Form 1065.**    www.irs.gov/Form1065    **Schedule K-1 (Form 1065) 2018**

3

**AMENDED**

651118

**Schedule K-1 (Form 1065)**
Department of the Treasury
Internal Revenue Service

**2018**
For calendar year 2018, or tax year
beginning _____  ending _____

**Partner's Share of Income, Deductions, Credits, etc.**

▶ See separate instructions.

☐ Final K-1   ☒ Amended K-1    OMB No. 1545-0123

## Part III  Partner's Share of Current Year Income, Deductions, Credits, and Other Items

| | |
|---|---|
| 1 Ordinary business income (loss) −925,644. | 15 Credits |
| 2 Net rental real estate income (loss) | 16 Foreign transactions |
| 3 Other net rental income (loss) | |
| 4 Guaranteed payments | |
| 5 Interest income 41,190. | |
| 6a Ordinary dividends | 17 Alternative min tax (AMT) items A −17. |
| 6b Qualified dividends | |
| 6c Dividend equivalents | 18 Tax-exempt income and nondeductible expenses C* 95. |
| 7 Royalties | |
| 8 Net short-term capital gain (loss) | |
| 9a Net long-term capital gain (loss) | 19 Distributions |
| 9b Collectibles (28%) gain (loss) | 20 Other information A 41,190. |
| 9c Unrecaptured sec 1250 gain | |
| 10 Net section 1231 gain (loss) 293,644. | |
| 11 Other income (loss) | |
| 12 Section 179 deduction | |
| 13 Other deductions A 147. C 22,735,510. | |
| 14 Self-employment earnings (loss) | |
| | *See attached statement for additional information. |

## Part I  Information About the Partnership

A Partnership's employer identification number
[redacted]

B Partnership's name, address, city, state, and ZIP code
LOG CREEK, LLLP
1280 SNOWS MILL RD.
BOGART, GA  30622

C IRS Center where partnership filed return
E-FILE

D ☐ Check if this is a publicly traded partnership (PTP)

## Part II  Information About the Partner

E Partner's identifying number
[redacted]

F Partner's name, address, city, state, and ZIP code
ELIZABETH A TOWNLEY
1280 SNOWS MILL RD
BOGART, GA  30622

G ☐ General partner or LLC member-manager   ☒ Limited partner or other LLC member

H ☒ Domestic partner   ☐ Foreign partner

I1 What type of entity is this partner?  INDIVIDUAL

I2 If this partner is a retirement plan (IRA/SEP/Keogh/etc.), check here ☐

J Partner's share of profit, loss, and capital:

| | Beginning | Ending |
|---|---|---|
| Profit | 49.0000000% | 49.0000000% |
| Loss | 49.0000000% | 49.0000000% |
| Capital | 49.0000000% | 49.0000000% |

K Partner's share of liabilities:

| | Beginning | Ending |
|---|---|---|
| Nonrecourse | $ | $ |
| Qualified nonrecourse financing | $ | $ |
| Recourse | $ | 0. $ 0. |

L Partner's capital account analysis:

| | |
|---|---|
| Beginning capital account | $ 20,280,406. |
| Capital contributed during the year | $ 6,958,000. |
| Current year increase (decrease) | $ −738,332. |
| Withdrawals & distributions | $( ) |
| Ending capital account | $ 26,500,074. |

☒ Tax basis   ☐ GAAP   ☐ Section 704(b) book
☐ Other (explain)

M Did the partner contribute property with a built-in gain or loss?
☐ Yes   ☒ No
If "Yes", attach statement (see instructions)

For IRS Use Only

811261 12-11-18  LHA  **For Paperwork Reduction Act Notice, see Instructions for Form 1065.**    www.irs.gov/Form1065    **Schedule K-1 (Form 1065) 2018**

4

AMENDED

Form **1040**

Department of the Treasury - Internal Revenue Service

**U.S. Individual Income Tax Return** (99)

**2018** OMB No. 1545-0074

EXTENSION GRANTED TO 10/15/19

IRS Use Only - Do not write or staple in this space.

**Filing status:** ☐ Single ☒ Married filing jointly ☐ Married filing separately ☐ Head of household ☐ Qualifying widow(er)

| Your first name and initial | Last name | Your social security number |
|---|---|---|
| TONY D. | TOWNLEY | ▮ |

Your standard deduction: ☐ Someone can claim you as a dependent ☐ You were born before January 2, 1954 ☐ You are blind

| If joint return, spouse's first name and initial | Last name | Spouse's social security number |
|---|---|---|
| ELIZABETH A. | TOWNLEY | ▮ |

Spouse standard deduction: ☐ Someone can claim your spouse as a dependent ☐ Spouse was born before January 2, 1954
☐ Spouse is blind ☐ Spouse itemizes on a separate return or you were dual-status alien

☒ Full-year health care coverage or exempt (see inst.)

Home address (number and street). If you have a P.O. box, see instructions. | Apt. no.
1280 SNOWS MILL ROAD

**Presidential Election Campaign.** (see inst.) ☐ You ☐ Spouse

City, town or post office, state, and ZIP code. If you have a foreign address, attach Schedule 6.
BOGART, GA 30622

If more than four dependents, see inst. and ✓ here ▶ ☐

**Dependents** (see instructions):

| (1) First name    Last name | (2) Social security number | (3) Relationship to you | (4) ✓ if qualifies for (see inst.): Child tax credit | Credit for other dependents |
|---|---|---|---|---|
| C▮ G▮ TOWNLEY | ▮ | DAUGHTER | ☒ | |

**Sign Here**

Under penalties of perjury, I declare that I have examined this return and accompanying schedules and statements, and to the best of my knowledge and belief, they are true, correct, and complete. Declaration of preparer (other than taxpayer) is based on all information of which preparer has any knowledge.

Joint return? See instructions. Keep a copy for your records.

| Your signature | Date | Your occupation EXECUTIVE | If the IRS sent you an Identity Protection PIN, enter it here |
|---|---|---|---|
| Spouse's signature. If a joint return, **both** must sign. | Date | Spouse's occupation | If the IRS sent you an Identity Protection PIN, enter it here |

**Paid Preparer Use Only**

| Preparer's name | Preparer's signature | PTIN | Firm's EIN | Check if: |
|---|---|---|---|---|
| BRIDGET J. DUNK | BRIDGET J. DUNK | ▮ | ▮ | ☒ 3rd Party Designee ☐ Self-employed |

Firm's name ▶ BENNETT THRASHER LLP

Phone no. 770-396-2200

Firm's address ▶ 3300 RIVERWOOD PARKWAY, #700
▶ ATLANTA, GA 30339

LHA **For Disclosure, Privacy Act, and Paperwork Reduction Act Notice, see separate instructions.**

Form **1040** (2018)

813921 12-13-18

**AMENDED**

| | | | | | | |
|---|---|---|---|---|---|---|
| 1 | Wages, salaries, tips, etc. Attach Form(s) W-2 | | | | 1 | |
| 2a | Tax-exempt interest | 2a | 88,541. | **b** Taxable interest | 2b | 2,501,137. |
| 3a | Qualified dividends | 3a | 64,908. | **b** Ordinary dividends | 3b | 126,700. |
| 4a | IRAs, pensions, and annuities | 4a | | **b** Taxable amount | 4b | |
| 5a | Social security benefits | 5a | | **b** Taxable amount | 5b | |
| 6 | Total income. Add lines 1 through 5. Add any amount from Schedule 1, line 22 | | 41,725,003. | | 6 | 44,352,840. |
| 7 | Adjusted gross income. If you have no adjustments to income, enter the amount from line 6; otherwise, subtract Schedule 1, line 36, from line 6 | | | | 7 | 44,318,207. |
| 8 | **Standard deduction or itemized deductions** (from Schedule A) | | | | 8 | 22,169,104. |
| 9 | Qualified business income deduction (see instructions) | | | | 9 | 4,133,169. |
| 10 | Taxable income. Subtract lines 8 and 9 from line 7. If zero or less, enter -0- | | | | 10 | 18,015,934. |
| 11 | a Tax (see inst) 6,353,121. (check if any from: 1 ☐ Form(s) 8814  2 ☐ Form 4972  3 ☐ ) | | | | 11 | 6,353,121. |
| | **b Add** any amount from Schedule 2 and check here ▶ ☒ | | | | | |
| 12 | Child tax credit/credit for other dependents  **b Add** any amount from Sch. 3 and check here ▶ ☒ | | | | 12 | 298,036. |
| 13 | Subtract line 12 from line 11. If zero or less, enter -0- | | | | 13 | 6,055,085. |
| 14 | Other taxes. Attach Schedule 4 | | | | 14 | 211,422. |
| 15 | Total tax. Add lines 13 and 14 | | | | 15 | 6,266,507. |
| 16 | Federal income tax withheld from Forms W-2 and 1099 | | | | 16 | |
| 17 | Refundable credits: **a** EIC (see inst.) **b** Sch 8812 **c** Form 8863  Add any amount from Schedule 5   12,271,465. | | | | 17 | 12,271,465. |
| 18 | Add lines 16 and 17. These are your total payments | | | | 18 | 12,271,465. |

**Refund**

| | | | | | | |
|---|---|---|---|---|---|---|
| 19 | If line 18 is more than line 15, subtract line 15 from line 18. This is the amount you **overpaid** | | | | 19 | 6,004,958. |
| 20a | Amount of line 19 you want **refunded to you.** If Form 8888 is attached, check here ▶ ☐ | | | | 20a | |
| b | Routing number ▶c Type: ☐ Checking ☐ Savings | | | | | |
| d | Account number | | | | | |
| 21 | Amount of line 19 you want **applied to your 2019 estimated tax** ▶ 21 6,004,958. | | | | | |

**Amount You Owe**

| | | | | | | |
|---|---|---|---|---|---|---|
| 22 | **Amount you owe.** Subtract line 18 from line 15. For details on how to pay, see instructions ▶ | | | | 22 | |
| 23 | Estimated tax penalty (see instructions) ▶ 23 | | | | | |

Go to *www.irs.gov/Form1040* for instructions and the latest information.    Form **1040** (2018)

813922 12-13-18

AMENDED

**SCHEDULE 1**
**(Form 1040)**
(Rev. January 2020)
Department of the Treasury
Internal Revenue Service

## Additional Income and Adjustments to Income

▶ Attach to Form 1040.
▶ Go to www.irs.gov/Form1040 for instructions and the latest information.

OMB No. 1545-0074

**2018**
Attachment
Sequence No. **01**

Name(s) shown on Form 1040

TONY D. & ELIZABETH A. TOWNLEY

Your social security number

| | | | |
|---|---|---|---|
| **Additional Income** | 1-9b | Reserved                     STATEMENT 6 | **1-9b** | |
| | 10 | Taxable refunds, credits, or offsets of state and local income taxes     STATEMENT 7 | **10** | 1,390,170. |
| | 11 | Alimony received | **11** | |
| | 12 | Business income or (loss). Attach Schedule C or C-EZ | **12** | -244,627. |
| | 13 | Capital gain or (loss). Attach Schedule D if required. If not required, check here ▶ ☐ | **13** | 1,418,351. |
| | 14 | Other gains or (losses). Attach Form 4797 | **14** | 2,518. |
| | 15a | Reserved | **15b** | |
| | 16a | Reserved | **16b** | |
| | 17 | Rental real estate, royalties, partnerships, S corporations, trusts, etc. Attach Schedule E | **17** | 38,228,197. |
| | 18 | Farm income or (loss). Attach Schedule F | **18** | -58,871. |
| | 19 | Unemployment compensation | **19** | |
| | 20a | Reserved | **20b** | |
| | 21 | Other income. List type and amount ▶ STATEMENT 5 | **21** | 989,265. |
| | 22 | Combine the amounts in the far right column. If you don't have any adjustments to income, enter here and include on Form 1040, line 6. Otherwise, go to line 23 | **22** | 41,725,003. |

| | | | | |
|---|---|---|---|---|
| **Adjustments to Income** | 23 | Educator expenses | **23** | | |
| | 24 | Certain business expenses of reservists, performing artists, and fee-basis government officials. Attach Form 2106 | **24** | | |
| | 25 | Health savings account deduction. Attach Form 8889 | **25** | | |
| | 26 | Moving expenses for members of the Armed Forces. Attach Form 3903 | **26** | | |
| | 27 | Deductible part of self-employment tax. Attach Schedule SE | **27** | 34,311. | |
| | 28 | Self-employed SEP, SIMPLE, and qualified plans | **28** | | |
| | 29 | Self-employed health insurance deduction | **29** | 322. | |
| | 30 | Penalty on early withdrawal of savings | **30** | | |
| | 31a | Alimony paid   b  Recipient's SSN ▶ | **31a** | | |
| | 32 | IRA deduction | **32** | | |
| | 33 | Student loan interest deduction | **33** | | |
| | 34 | Tuition and fees. Attach Form 8917 | **34** | | |
| | 35 | Reserved | **35** | | |
| | 36 | Add lines 23 through 35 | | **36** | 34,633. |

LHA    **For Paperwork Reduction Act Notice, see your tax return instructions.**

Schedule 1 (Form 1040) 2018

813923  01-14-20

AMENDED

**SCHEDULE 2**
**(Form 1040)**

Department of the Treasury
Internal Revenue Service

# Tax

▶ **Attach to Form 1040.**
▶ **Go to www.irs.gov/Form1040 for instructions and the latest information.**

OMB No. 1545-0074

**2018**

Attachment
Sequence No.  **02**

| Name(s) shown on Form 1040 | | | Your social security number |
|---|---|---|---|
| TONY D. & ELIZABETH A. TOWNLEY | | | |

| **Tax** | **38-44** | Reserved | **38-44** | |
|---|---|---|---|---|
| | **45** | Alternative minimum tax. Attach Form 6251 | **45** | 0. |
| | **46** | Excess advance premium tax credit repayment. Attach Form 8962 | **46** | |
| | **47** | Add the amounts in the far right column. Enter here and include on Form 1040, line 11 | **47** | 0. |

LHA    **For Paperwork Reduction Act Notice, see your tax return instructions.**    Schedule 2 (Form 1040) 2018

813924  12-13-18

AMENDED

| SCHEDULE 3<br>(Form 1040)<br><br>Department of the Treasury<br>Internal Revenue Service | **Nonrefundable Credits**<br><br>▶ **Attach to Form 1040.**<br>▶ **Go to www.irs.gov/Form1040 for instructions and the latest information.** | OMB No. 1545-0074<br>**2018**<br>Attachment<br>Sequence No. **03** |
|---|---|---|

| Name(s) shown on Form 1040 | Your social security number |
|---|---|
| TONY D. & ELIZABETH A. TOWNLEY | ███████████ |

| **Nonrefundable** | **48** | Foreign tax credit. Attach Form 1116 if required | **48** | 58. |
|---|---|---|---|---|
| **Credits** | **49** | Credit for child and dependent care expenses. Attach Form 2441 | **49** | |
| | **50** | Education credits from Form 8863, line 19 | **50** | |
| | **51** | Retirement savings contributions credit. Attach Form 8880 | **51** | |
| | **52** | Reserved | **52** | |
| | **53** | Residential energy credit. Attach Form 5695 | **53** | |
| | **54** | Other credits from Form    **a** ☒ 3800    **b** ☐ 8801    **c** ☐ | **54** | 297,978. |
| | **55** | Add the amounts in the far right column. Enter here and include on Form 1040, line 12 | **55** | 298,036. |

LHA    **For Paperwork Reduction Act Notice, see your tax return instructions.**                    Schedule 3 (Form 1040) 2018

813925  12-13-18

**AMENDED**

AMENDED

| SCHEDULE 4<br>(Form 1040) | Other Taxes | OMB No. 1545-0074 |
|---|---|---|
| Department of the Treasury<br>Internal Revenue Service | ▶ **Attach to Form 1040.**<br>▶ **Go to www.irs.gov/Form1040 for instructions and the latest information.** | **2018**<br>Attachment<br>Sequence No. **04** |

| Name(s) shown on Form 1040 | | Your social security number |
|---|---|---|
| TONY D. & ELIZABETH A. TOWNLEY | | ■■■■■■ |

| **Other Taxes** | | | |
|---|---|---|---|
| | 57 | Self-employment tax. Attach Schedule SE | 57 | 68,622. |
| | 58 | Unreported social security and Medicare tax from:     Form  **a** ☐ 4137  **b** ☐ 8919 | 58 | |
| | 59 | Additional tax on IRAs, other qualified retirement plans, and other tax-favored accounts. Attach Form 5329 if required | 59 | |
| | 60 a | Household employment taxes. Attach Schedule H | 60a | |
| | b | Repayment of first-time homebuyer credit from Form 5405. Attach Form 5405 if required | 60b | |
| | 61 | Health care: individual responsibility (see instructions) | 61 | |
| | 62 | Taxes from:  **a** ☒ Form 8959   **b** ☒ Form 8960<br>**c** ☐ Instructions; enter code(s)  SEE STATEMENT 9 | 62 | 142,800. |
| | 63 | Section 965 net tax liability installment from Form 965-A  **63** | | |
| | 64 | Add the amounts in the far right column. These are your **total other taxes.** Enter here and on Form 1040, line 14 | 64 | 211,422. |

LHA    **For Paperwork Reduction Act Notice, see your tax return instructions.**                Schedule 4 (Form 1040) 2018

813926  12-13-18

AMENDED

**SCHEDULE 5**
**(Form 1040)**

Department of the Treasury
Internal Revenue Service

# Other Payments and Refundable Credits

▶ Attach to Form 1040.

▶ Go to www.irs.gov/Form1040 for instructions and the latest information.

OMB No. 1545-0074

**2018**

Attachment
Sequence No. **05**

Name(s) shown on Form 1040

TONY D. & ELIZABETH A. TOWNLEY

Your social security number

| | | | | |
|---|---|---|---|---|
| **Other** | **65** | Reserved | **65** | |
| **Payments** | **66** | 2018 estimated tax payments and amount applied from 2017 return   STMT 10 | **66** | 12,271,465. |
| **and** | **67 a** | Reserved | **67a** | |
| **Refundable** | **b** | Reserved | **67b** | |
| **Credits** | **68-69** | Reserved | **68-69** | |
| | **70** | Net premium tax credit. Attach Form 8962 | **70** | |
| | **71** | Amount paid with request for extension to file (see instructions) | **71** | |
| | **72** | Excess social security and tier 1 RRTA tax withheld | **72** | |
| | **73** | Credit for federal tax on fuels. Attach Form 4136 | **73** | |
| | **74** | Credits from Form:  **a** ☐ 2439  **b** ☐ Reserved  **c** ☐ 8885  **d** ☐ _____ | **74** | |
| | **75** | Add the amounts in the far right column. These are your total **other payments and refundable credits.** Enter here and include on Form 1040, line 17 | **75** | 12,271,465. |

LHA    **For Paperwork Reduction Act Notice, see your tax return instructions.**

Schedule 5 (Form 1040) 2018

813927  12-13-18

AMENDED

| SCHEDULE A (Form 1040) | Itemized Deductions | OMB No. 1545-0074 |
|---|---|---|

**SCHEDULE A**
**(Form 1040)**
(Rev. January 2020)
Department of the Treasury
Internal Revenue Service (99)

**Itemized Deductions**

► Go to www.irs.gov/ScheduleA for instructions and the latest information.
► Attach to Form 1040.
Caution: If you are claiming a net qualified disaster loss on Form 4684, see the instructions for line 16.

**2018**
Attachment
Sequence No. **07**

Name(s) shown on Form 1040

TONY D. & ELIZABETH A. TOWNLEY

Your social security number

| | | | |
|---|---|---|---|
| **Medical and Dental Expenses** | Caution: Do not include expenses reimbursed or paid by others. | | |
| | 1 Medical and dental expenses (see instructions) | **1** | |
| | 2 Enter amount from Form 1040, line 7 ............ **2** | | |
| | 3 Multiply line 2 by 7.5% (0.075) | **3** | |
| | 4 Subtract line 3 from line 1. If line 3 is more than line 1, enter -0- | **4** | |
| **Taxes You Paid** | 5 State and local taxes. | | |
| | a State and local income taxes or general sales taxes. You may include either income taxes or general sales taxes on line 5a, but not both. If you elect to include general sales taxes instead of income taxes, check this box   SEE STATEMENT 11 ►☐ | **5a** | 1,819,741. |
| | b State and local real estate taxes (see instructions) | **5b** | 59,758. |
| | c State and local personal property taxes | **5c** | |
| | d Add lines 5a through 5c | **5d** | 1,879,499. |
| | e Enter the smaller of line 5d or $10,000 ($5,000 if married filing separately) | **5e** | 10,000. |
| | 6 Other taxes. List type and amount ► _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ | **6** | |
| | 7 Add lines 5e and 6 | **7** | 10,000. |
| **Interest You Paid** Caution: Your mortgage interest deduction may be limited (see instructions). | 8 Home mortgage interest and points. If you didn't use all of your home mortgage loan(s) to buy, build, or improve your home, see instructions and check this box ►☐ | | |
| | a Home mortgage interest and points reported to you on Form 1098. See instructions if limited | **8a** | |
| | b Home mortgage interest not reported to you on Form 1098. If paid to the person from whom you bought the home, see instructions and show that person's name, identifying no., and address ► _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ | **8b** | |
| | c Points not reported to you on Form 1098. See instructions for special rules | **8c** | |
| | d Mortgage insurance premiums (see instructions) | **8d** | |
| | e Add lines 8a through 8d | **8e** | |
| | 9 Investment interest. Attach Form 4952 if required. See instructions | **9** | |
| | 10 Add lines 8e and 9 | **10** | |
| **Gifts to Charity** If you made a gift and got a benefit for it, see instructions. | 11 Gifts by cash or check. If you made any gift of $250 or more, see instructions | **11** | 70,734.   STMT 12 |
| | 12 Other than by cash or check. If any gift of $250 or more, see instructions. You **must** attach Form 8283 if over $500 | **12** | 6,399,000. |
| | 13 Carryover from prior year | **13** | |
| | 14 Add lines 11 through 13 | **14** | 6,469,734. |
| **Casualty and Theft Losses** | 15 Casualty and theft loss(es) from a federally declared disaster (other than net qualified disaster losses). Attach Form 4684 and enter the amount from line 18 of that form. See instructions | **15** | |
| **Other Itemized Deductions** | 16 Other - from list in instructions. List type and amount ► _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ | **16** | |
| **Total Itemized Deductions** | 17 Add the amounts in the far right column for lines 4 through 16. Also, enter this amount on Form 1040, line 8 | **17** | 6,479,734. |
| | 18 If you elect to itemize deductions even though they are less than your standard deduction, check here ►☐ | | |

LHA  819501 01-28-20    **For Paperwork Reduction Act Notice, see the Instructions for Form 1040.**    **Schedule A (Form 1040) 2018**

AMENDED

## Schedule A - Charitable Contributions Worksheet Page 1

NAME

TONY D. & ELIZABETH A. TOWNLEY

| | | | | | | | 50% of AGI | 22,159,104. | | AGI | 44,318,207. |

| Year | | 100% Limit | 60% Limit | 50% Limit | 30% Limit | Appreciated Property 30% Limit | Appreciated Property 20% Limit | Total Contributions Allowed | Total Contributions Carryover |
|---|---|---|---|---|---|---|---|---|---|
| 2006 | Contributions | | | | | | | | |
| Less: | Allowed | | | | | | | | |
| Less: | NOL Abs. CRP | | | | | | | | |
| | CRP C/O | | | | | | | | |
| 2007 | Contributions | | | | | | | | |
| Less: | Allowed | | | | | | | | |
| Less: | NOL Abs. CRP | | | | | | | | |
| | CRP C/O | | | | | | | | |
| 2008 | Contributions | | | | | | | | |
| Less: | Allowed | | | | | | | | |
| Less: | NOL Abs. CRP | | | | | | | | |
| | CRP C/O | | | | | | | | |
| 2009 | Contributions | | | | | | | | |
| Less: | Allowed | | | | | | | | |
| Less: | NOL Abs. CRP | | | | | | | | |
| | CRP C/O | | | | | | | | |
| 2010 | Contributions | | | | | | | | |
| Less: | Allowed | | | | | | | | |
| Less: | NOL Abs. CRP | | | | | | | | |
| | CRP C/O | | | | | | | | |
| 2011 | Contributions | | | | | | | | |
| Less: | Allowed | | | | | | | | |
| Less: | NOL Abs. CRP | | | | | | | | |
| | CRP C/O | | | | | | | | |
| 2012 | Contributions | | | | | | | | |
| Less: | Allowed | | | | | | | | |
| Less: | NOL Abs. CRP | | | | | | | | |
| | CRP C/O | | | | | | | | |

812191 08-03-18

AMENDED

## Schedule A - Charitable Contributions Worksheet Page 2

NAME

TONY D. & ELIZABETH A. TOWNLEY

| | | | 50% of AGI | 22,159,104. | | AGI | 44,318,207. |
|---|---|---|---|---|---|---|---|

| Year | 100% Limit | 60% Limit | 50% Limit | 30% Limit | Appreciated Property 30% Limit | Appreciated Property 20% Limit | Total Contributions Allowed | Total Contributions Carryover |
|---|---|---|---|---|---|---|---|---|
| **2013** Contributions | | | | | | | | |
| Less: Allowed ... | | | | | | | | |
| Less: NOL Absorb. | | | | | | | | |
| Less: NOL Abs. CRP | | | | | | | | |
| Carryover ... | | | | | | | | |
| CRP C/O ... | | | | | | | | |
| **2014** Contributions | | | | | | | | |
| Less: Allowed ... | | | | | | | | |
| Less: NOL Absorb. | | | | | | | | |
| Less: NOL Abs. CRP | | | | | | | | |
| Carryover ... | | | | | | | | |
| CRP C/O ... | | | | | | | | |
| **2015** Contributions | | | | | | | | |
| Less: Allowed ... | | | | | | | | |
| Less: NOL Absorb. | | | | | | | | |
| Less: NOL Abs. CRP | | | | | | | | |
| Carryover ... | | | | | | | | |
| CRP C/O ... | | | | | | | | |
| **2016** Contributions | | | | | | | | |
| Less: Allowed ... | | | | | | | | |
| Less: NOL Absorb. | | | | | | | | |
| Less: NOL Abs. CRP | | | | | | | | |
| Carryover ... | | | | | | | | |
| CRP C/O ... | | | | | | | | |
| **2017** Contributions | | | | | | | | |
| Less: Allowed ... | | | | | | | | |
| Less: NOL Absorb. | | | | | | | | |
| Less: NOL Abs. CRP | | | | | | | | |
| Carryover ... | | | | | | | | |
| CRP C/O ... | | | | | | | | |

Case 3:22-cv-00107-CDL    Document 13    Filed 10/28/22    Page 25 of 163

**AMENDED**

## Schedule A - Charitable Contributions Worksheet Page 3

NAME

TONY D. & ELIZABETH A. TOWNLEY

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| | | | | 50% of AGI | 22,159,104. | | AGI | 44,318,207. |

| Year | 100% Limit | 60% Limit | 50% Limit | 30% Limit | Appreciated Property 30% Limit | Appreciated Property 20% Limit | Total Contributions Allowed | Total Contributions Carryover |
|---|---|---|---|---|---|---|---|---|
| **2018** Contributions | | 70,734. | 46,399,000. | | | | | |
| Less: Allowed | | 70,734. | 22,088,370. | 0. | 0. | 0. | 22,159,104. | |
| Less: NOL Absorb. | | | | | | | | |
| Less: NOL Abs. CRP and Disaster | | | | | | | | |
| Carryover | | | | | | | | 24,310,630. |
| CRP C/O | | | 24,310,630. | | | | | |
| Disaster C/O | | | | | | | | |
| Charitable contributions to Schedule A, Line 14 | | | | | | | 22,159,104. | |
| | | | | | | | | 24,310,630. |

812193 08-03-18

**AMENDED**

| Schedule A | Charitable Contributions Limitation |
|---|---|

NAME  TONY D. & ELIZABETH A. TOWNLEY

**60% Contributions**

| | | |
|---|---|---|
| 1. | 60% of AGI | 26,590,924. |
| 2. | Contributions qualifying for 60% limit | 70,734. |
| 3. | Allowable 60% contributions | 70,734. |

**50% Contributions**

| | | |
|---|---|---|
| 4. | 50% of AGI | 22,159,104. |
| 5. | Contributions qualifying for 50% limit | |
| 6. | Allowable 50% contributions (lesser of Line 4 - Line 3 or Line 5) | 0. |

**30% Contributions**

| | | |
|---|---|---|
| 7. | Remaining 50% limit (Line 4 less Lines 3 and 6) | 22,088,370. |
| 8. | Less capital gain property - special 30% limits | |
| 9. | Balance of 50% of AGI | 22,088,370. |
| 10. | 30% of AGI | 13,295,462. |
| 11. | Contributions qualifying for 30% limit | |
| 12. | Allowable 30% contributions (lesser of Line 9, 10 or 11) | 0. |

**30% Special Contributions**

| | | |
|---|---|---|
| 13. | 30% of AGI | 13,295,462. |
| 14. | Contributions qualifying for 30% special limit | |
| 15. | Remaining 50% limit (Line 4 less the sum of Lines 3, 6 and 12) | 22,088,370. |
| 16. | Allowable 30% special contribution (lesser of Line 13, 14 or 15) | 0. |

**20% Contributions**

| | | |
|---|---|---|
| 17. | 20% of AGI | 8,863,641. |
| 18. | 30% of AGI | 13,295,462. |
| 19. | Allowed 30% regular contributions | |
| 20. | Line 18 less Line 19 | 13,295,462. |
| 21. | Allowed 30% special contributions | |
| 22. | Line 18 less Line 21 | 13,295,462. |
| 23. | Remaining 50% limit (Line 4 less the sum of Lines 3, 6, 12, and 16) | 22,088,370. |
| 24. | Contributions subject to the 20% limitation | |
| 25. | Allowable 20% contributions (lesser of Line 17, 20, 22, 23 or 24) | 0. |

**50% and 100% Conservation Real Property Contributions**

| | | |
|---|---|---|
| 26. | Remaining 50% limit (Line 4 less the sum of Lines 3, 6, 12, 16 and 25) | 22,088,370. |
| 27. | Conservation real property contribution subject to 50% limit | 46,399,000. |
| 28. | Allowable 50% conservation real property contribution (lesser of Line 26 or 27) | 22,088,370. |
| 29. | Remaining 100% of AGI | 22,159,103. |
| 30. | Conservation real property contribution subject to 100% limit | |
| 31. | Allowable 100% conservation real property contribution (lesser of Line 29 or 30) | 0. |

**Qualified Disaster Contributions**

| | | |
|---|---|---|
| 32. | Remaining 100% of AGI | 22,159,103. |
| 33. | Qualified disaster contributions subject to 100% limit | |
| 34. | Allowable qualified disaster contributions (lesser of Line 32 or 33) | 0. |

| | | |
|---|---|---|
| 35. | Total 2018 contributions allowed on Schedule A | 22,159,104. |
| 36. | Total prior year carryovers allowed on Schedule A | |
| 37. | Total charitable contributions to Schedule A, Line 14 | 22,159,104. |

822021  06-28-19

AMENDED

**SCHEDULE B**
**(Form 1040)**

Department of the Treasury
Internal Revenue Service   (99)

# Interest and Ordinary Dividends

▶ Go to www.irs.gov/ScheduleB for instructions and the latest information.
▶ Attach to Form 1040.

OMB No. 1545-0074

**2018**

Attachment
Sequence No. **08**

Name(s) shown on return
TONY D. & ELIZABETH A. TOWNLEY

Your social security number

| | | | Amount |
|---|---|---|---|
| **Part I** **Interest** | **1** | List name of payer. If any interest is from a seller-financed mortgage and the buyer used the property as a personal residence, see the instructions and list this interest first. Also, show that buyer's social security number and address ▶ | |
| | | SEE STATEMENT 13 | 2,518,687. |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| Note: If you received a Form 1099-INT, Form 1099-OID, or substitute statement from a brokerage firm, list the firm's name as the payer and enter the total interest shown on that form. | | | |
| | | | |
| | | SUBTOTAL FOR LINE 1 | 2,518,687. |
| | | TAX-EXEMPT INTEREST         SEE STATEMENT 14 | -15,363. |
| | | NOMINEE, OID, OR OTHER INTEREST    SEE STATEMENT 15 | -2,187. |
| | **2** | Add the amounts on line 1 | **2** 2,501,137. |
| | **3** | Excludable interest on series EE and I U.S. savings bonds issued after 1989. Attach Form 8815 | **3** |
| | **4** | Subtract line 3 from line 2. Enter the result here and on Form 1040, line 2b   ▶ | **4** 2,501,137. |

**Note:** If line 4 is over $1,500, you must complete Part III.

| | | | Amount |
|---|---|---|---|
| **Part II** **Ordinary Dividends** | **5** | List name of payer   ▶ | |
| | | VANGUARD #9138 | 122,349. |
| | | FROM K-1 - PLUCKED CHICKEN, INC. | 3,528. |
| | | FROM K-1 - CLUCKZ HOLDINGS, LLC | 124. |
| | | FROM K-1 - ZAXBY'S OPERATING COMPANY, LP (TDT) | 660. |
| | | FROM K-1 - CLUCKZ HOLDINGS, LLC (SECG) | 39. |
| Note: If you received a Form 1099-DIV or substitute statement from a brokerage firm, list the firm's name as the payer and enter the ordinary dividends shown on that form. | | | |
| | **6** | Add the amounts on line 5. Enter the total here and on Form 1040, line 3b   ▶ | **6** 126,700. |

**Note:** If line 6 is over $1,500, you must complete Part III.

| **Part III** **Foreign Accounts and Trusts** | You must complete this part if you **(a)** had over $1,500 of taxable interest or ordinary dividends; **(b)** had a foreign account; or **(c)** received a distribution from, or were a grantor of, or a transferor to, a foreign trust. | Yes | No |
|---|---|---|---|
| | **7a** At any time during 2018, did you have a financial interest in or signature authority over a financial account (such as a bank account, securities account, or brokerage account) located in a foreign country? See instructions | | X |
| | If "Yes," are you required to file FinCEN Form 114, Report of Foreign Bank and Financial Accounts (FBAR), to report that financial interest or signature authority? See FinCEN Form 114 and its instructions for filing requirements and exceptions to those requirements | | |
| | **b** If you are required to file FinCEN Form 114, enter the name of the foreign country where the financial account is located   ▶ | | |
| | **8** During 2018, did you receive a distribution from, or were you the grantor of, or transferor to, a foreign trust? If "Yes," you may have to file Form 3520. See instructions | | X |

827501  10-24-18

LHA   **For Paperwork Reduction Act Notice, see your tax return instructions.**

Schedule B (Form 1040) 2018

AMENDED

OMB No. 1545-0074

# SCHEDULE C
## (Form 1040)
Department of the Treasury
Internal Revenue Service (99)

# Profit or Loss From Business
(Sole Proprietorship)
▶ Go to www.irs.gov/ScheduleC for instructions and the latest information.
▶ Attach to Form 1040, 1040NR, or 1041; partnerships generally must file Form 1065.

**2018**
Attachment
Sequence No. **09**

| | |
|---|---|
| Name of proprietor | Social security number (SSN) |
| TONY D. TOWNLEY | |

**A** Principal business or profession, including product or service (see instructions)
MANAGEMENT

**B** Enter code from instructions ▶ 561210

**C** Business name. If no separate business name, leave blank.
OTF MANAGEMENT, LLC

**D** Employer ID number (EIN) (see instr.)

**E** Business address (including suite or room no.) ▶ 1280 SNOWS MILL RD
City, town or post office, state, and ZIP code    BOGART, GA 30622

**F** Accounting method:   (1) [X] Cash   (2) [ ] Accrual   (3) [ ] Other (specify) ▶ _____

**G** Did you "materially participate" in the operation of this business during 2018? If "No," see instructions for limit on losses   [X] Yes   [ ] No

**H** If you started or acquired this business during 2018, check here   ▶ [ ]

**I** Did you make any payments in 2018 that would require you to file Form(s) 1099? (see instructions)   [ ] Yes   [X] No

**J** If "Yes," did you or will you file required Forms 1099?   [ ] Yes   [ ] No

## Part I    Income

| | | | |
|---|---|---|---|
| 1 | Gross receipts or sales. See instructions for line 1 and check the box if this income was reported to you on Form W-2 and the "Statutory employee" box on that form was checked ▶ [ ] | 1 | 655,094. |
| 2 | Returns and allowances | 2 | |
| 3 | Subtract line 2 from line 1 | 3 | 655,094. |
| 4 | Cost of goods sold (from line 42) | 4 | |
| 5 | **Gross profit.** Subtract line 4 from line 3 | 5 | 655,094. |
| 6 | Other income, including federal and state gasoline or fuel tax credit or refund (see instructions) | 6 | |
| 7 | **Gross income.** Add lines 5 and 6 ▶ | 7 | 655,094. |

## Part II    Expenses. Enter expenses for business use of your home **only on line 30.**

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 8 | Advertising | 8 | | 18 | Office expense | 18 | 12,715. |
| 9 | Car and truck expenses (see instructions) | 9 | | 19 | Pension and profit-sharing plans | 19 | |
| 10 | Commissions and fees | 10 | | 20 | Rent or lease (see instructions): | | |
| 11 | Contract labor (see instructions) | 11 | | a | Vehicles, machinery, and equipment | 20a | 1,958. |
| 12 | Depletion | 12 | | b | Other business property | 20b | 172,500. |
| 13 | Depreciation and section 179 expense deduction (not included in Part III) (see instructions) | 13 | 2,534. | 21 | Repairs and maintenance | 21 | 22,582. |
| | | | | 22 | Supplies (not included in Part III) | 22 | 27,658. |
| | | | | 23 | Taxes and licenses | 23 | 9,485. |
| 14 | Employee benefit programs (other than on line 19) | 14 | | 24 | Travel and meals: | | |
| | | | | a | Travel | 24a | 2,485. |
| 15 | Insurance (other than health) | 15 | 13,609. | b | Deductible meals (see instructions) | 24b | |
| 16 | Interest (see instructions): | | | 25 | Utilities | 25 | 10,405. |
| a | Mortgage (paid to banks, etc.) | 16a | | 26 | Wages (less employment credits) | 26 | 595,768. |
| b | Other | 16b | 7,166. | 27a | Other expenses (from line 48) | 27a | |
| 17 | Legal and professional services | 17 | 20,856. | b | Reserved for future use | 27b | |

| | | | |
|---|---|---|---|
| 28 | **Total expenses** before expenses for business use of home. Add lines 8 through 27a ▶ | 28 | 899,721. |
| 29 | Tentative profit or (loss). Subtract line 28 from line 7 | 29 | -244,627. |
| 30 | Expenses for business use of your home. Do not report these expenses elsewhere. Attach Form 8829 unless using the simplified method (see instructions). | | |
| | **Simplified method filers only:** enter the total square footage of: (a) your home: _____ and (b) the part of your home used for business: _____ . Use the Simplified Method Worksheet in the instructions to figure the amount to enter on line 30 | 30 | |
| 31 | **Net profit or (loss).** Subtract line 30 from line 29. | | |
| | • If a profit, enter on both **Schedule 1 (Form 1040), line 12** (or **Form 1040NR, line 13**) and on **Schedule SE, line 2.** (If you checked the box on line 1, see instructions). Estates and trusts, enter on **Form 1041, line 3.** | 31 | -244,627. |
| | • If a loss, you **must** go to line 32. | | |
| 32 | If you have a loss, check the box that describes your investment in this activity (see instructions). | | |
| | • If you checked 32a, enter the loss on both **Schedule 1 (Form 1040), line 12** (or **Form 1040NR, line 13**) and on **Schedule SE, line 2.** (If you checked the box on line 1, see the line 31 instructions). Estates and trusts, enter on **Form 1041, line 3.** | 32a [X] | All investment is at risk. |
| | • If you checked 32b, you **must** attach **Form 6198.** Your loss may be limited. | 32b [ ] | Some investment is not at risk. |

LHA  **For Paperwork Reduction Act Notice, see the separate instructions.**

820001  10-18-18

Schedule C (Form 1040) 2018

**AMENDED**

Case 3:22-cv-00107-CDL    Document 31-1   Filed 10/28/22    Page 29 of 163

| SCHEDULE D | **Capital Gains and Losses** | OMB No. 1545-0074 |
|---|---|---|
| **(Form 1040)** | | **2018** |
| Department of the Treasury Internal Revenue Service (99) | ► Attach to Form 1040 or Form 1040NR.<br>► Go to www.irs.gov/ScheduleD for instructions and the latest information.<br>► Use Form 8949 to list your transactions for lines 1b, 2, 3, 8b, 9, and 10. | Attachment Sequence No. **12** |

| Name(s) shown on return | Your social security number |
|---|---|
| TONY D. & ELIZABETH A. TOWNLEY | ▮▮▮▮▮▮▮ |

### Part I  Short-Term Capital Gains and Losses - Generally Assets Held One Year or Less  (see instructions)

| See instructions for how to figure the amounts to enter on the lines below.<br><br>This form may be easier to complete if you round off cents to whole dollars. | **(d)** Proceeds (sales price) | **(e)** Cost (or other basis) | **(g)** Adjustments to gain or loss from Form(s) 8949, Part I, line 2, column (g) | **(h) Gain or (loss)** Subtract column (e) from column (d) and combine the result with column (g) |
|---|---|---|---|---|
| **1a** Totals for all short-term transactions reported on Form 1099-B for which basis was reported to the IRS and for which you have no adjustments (see instructions). However, if you choose to report all these transactions on Form 8949, leave this line blank and go to line 1b | | | | |
| **1b** Totals for all transactions reported on Form(s) 8949 with **Box A** checked | 705,197. | 749,295. | | <44,098.> |
| **2** Totals for all transactions reported on Form(s) 8949 with **Box B** checked | | | | |
| **3** Totals for all transactions reported on Form(s) 8949 with **Box C** checked | 2,521,947. | 3,484,833. | | <962,886.> |

| | | |
|---|---|---|
| **4** Short-term gain from Form 6252 and short-term gain or (loss) from Forms 4684, 6781, and 8824 | **4** | |
| **5** Net short-term gain or (loss) from partnerships, S corporations, estates, and trusts from Schedule(s) K-1  SEE STATEMENT 17 | **5** | <2,101.> |
| **6** Short-term capital loss carryover. Enter the amount, if any, from line 8 of your **Capital Loss Carryover Worksheet** in the instructions | **6** | ( ) |
| **7** **Net short-term capital gain or (loss).** Combine lines 1a through 6 in column (h). If you have any long-term capital gains or losses, go to Part II below. Otherwise, go to Part III on page 2 | **7** | <1,009,085.> |

### Part II  Long-Term Capital Gains and Losses - Generally Assets Held More Than One Year  (see instructions)

| See instructions for how to figure the amounts to enter on the lines below.<br><br>This form may be easier to complete if you round off cents to whole dollars. | **(d)** Proceeds (sales price) | **(e)** Cost (or other basis) | **(g)** Adjustments to gain or loss from Form(s) 8949, Part II, line 2, column (g) | **(h) Gain or (loss)** Subtract column (e) from column (d) and combine the result with column (g) |
|---|---|---|---|---|
| **8a** Totals for all long-term transactions reported on Form 1099-B for which basis was reported to the IRS and for which you have no adjustments (see instructions). However, if you choose to report all these transactions on Form 8949, leave this line blank and go to line 8b | | | | |
| **8b** Totals for all transactions reported on Form(s) 8949 with **Box D** checked | 6,754,956. | 5,014,387. | | 1,740,569. |
| **9** Totals for all transactions reported on Form(s) 8949 with **Box E** checked | | | | |
| **10** Totals for all transactions reported on Form(s) 8949 with **Box F** checked | | | | |

| | | |
|---|---|---|
| **11** Gain from Form 4797, Part I; long-term gain from Forms 2439 and 6252; and long-term gain or (loss) from Forms 4684, 6781, and 8824  SEE STATEMENT 16 | **11** | 691,578. |
| | SEE STATEMENT 18 | |
| **12** Net long-term gain or (loss) from partnerships, S corporations, estates, and trusts from Schedule(s) K-1 | **12** | <4,711.> |
| **13** Capital gain distributions | **13** | |
| **14** Long-term capital loss carryover. Enter the amount, if any, from line 13 of your **Capital Loss Carryover Worksheet** in the instructions | **14** | ( ) |
| **15** **Net long-term capital gain or (loss).** Combine lines 8a through 14 in column (h). Then go to Part III on page 2 | **15** | 2,427,436. |

LHA   **For Paperwork Reduction Act Notice, see your tax return instructions.**          Schedule D (Form 1040) 2018

820511 11-28-18

Case 3:22-cv-00107-CDL    Document 1-8    Filed 10/28/22    Page 30 of 163

Schedule D (Form 1040) 2018    TONY D. & ELIZABETH A. TOWNLEY    ▮▮▮▮▮▮▮▮    Page **2**

| Part III | Summary |
|---|---|

**16** Combine lines 7 and 15 and enter the result ........................................ | **16** | 1,418,351.

- If line 16 is a **gain,** enter the amount from line 16 on Schedule 1 (Form 1040), line 13, or Form 1040NR, line 14. Then go to line 17 below.
- If line 16 is a **loss,** skip lines 17 through 20 below. Then go to line 21. Also be sure to complete line 22.
- If line 16 is **zero,** skip lines 17 through 21 below and enter -0- on Schedule 1 (Form 1040), line 13, or Form 1040NR, line 14. Then go to line 22.

**17** Are lines 15 and 16 **both** gains?
☒ **Yes.** Go to line 18.
☐ **No.** Skip lines 18 through 21, and go to line 22.

**18** If you are required to complete the **28% Rate Gain Worksheet** (see instructions), enter the amount, if any, from line 7 of that worksheet ..................................... ► | **18** |

**19** If you are required to complete the **Unrecaptured Section 1250 Gain Worksheet** (see instructions), enter the amount, if any, from line 18 of that worksheet   SEE STATEMENT 19 ► | **19** |

**20** Are lines 18 and 19 **both** zero or blank?
☒ **Yes.** Complete the **Qualified Dividends and Capital Gain Tax Worksheet** in the instructions for Form 1040, line 11a (or in the instructions for Form 1040NR, line 42). **Don't** complete lines 21 and 22 below.

☐ **No.** Complete the **Schedule D Tax Worksheet** in the instructions. **Don't** complete lines 21 and 22 below.

**21** If line 16 is a loss, enter here and on Schedule 1 (Form 1040), line 13, or Form 1040NR, line 14, the **smaller** of:
- The loss on line 16; or
- ($3,000), or if married filing separately, ($1,500) ................................ | **21** | (

**Note:** When figuring which amount is smaller, treat both amounts as positive numbers.

**22** Do you have qualified dividends on Form 1040, line 3a, or Form 1040NR, line 10b?

☐ **Yes.** Complete the **Qualified Dividends and Capital Gain Tax Worksheet** in the instructions for Form 1040, line 11a (or in the instructions for Form 1040NR, line 42).

☐ **No.** Complete the rest of Form 1040 or Form 1040NR.

Schedule D (Form 1040) 2018

820512 11-28-18

AMENDED

| Form **8949** | **Sales and Other Dispositions of Capital Assets** | OMB No. 1545-0074 |
|---|---|---|
| Department of the Treasury<br>Internal Revenue Service | ▶ Go to www.irs.gov/Form8949 for instructions and the latest information.<br>▶ File with your Schedule D to list your transactions for lines 1b, 2, 3, 8b, 9, and 10 of Schedule D. | **2018**<br>Attachment<br>Sequence No. **12A** |

| Name(s) shown on return | Social security number or<br>taxpayer identification no. |
|---|---|
| TONY D. & ELIZABETH A. TOWNLEY | |

*Before you check Box A, B, or C below, see whether you received any Form(s) 1099-B or substitute statement(s) from your broker. A substitute statement will have the same information as Form 1099-B. Either will show whether your basis (usually your cost) was reported to the IRS by your broker and may even tell you which box to check.*

**Part I** | **Short-Term.** Transactions involving capital assets you held 1 year or less are generally short-term (see instructions). For long-term transactions, see page 2.

**Note:** You may aggregate all short-term transactions reported on Form(s) 1099-B showing basis was reported to the IRS and for which no adjustments or codes are required. Enter the totals directly on Schedule D, line 1a; you aren't required to report these transactions on Form 8949 (see instructions).

**You must check Box A, B, or C below. Check only one box.** If more than one box applies for your short-term transactions, complete a separate Form 8949, page 1, for each applicable box. If you have more short-term transactions than will fit on this page for one or more of the boxes, complete as many forms with the same box checked as you need.

- [X] **(A)** Short-term transactions reported on Form(s) 1099-B showing basis was reported to the IRS (see **Note** above)
- [ ] **(B)** Short-term transactions reported on Form(s) 1099-B showing basis **wasn't** reported to the IRS
- [ ] **(C)** Short-term transactions not reported to you on Form 1099-B

| 1<br>**(a)**<br>Description of property<br>(Example: 100 sh. XYZ Co.) | **(b)**<br>Date acquired<br>(Mo., day, yr.) | **(c)**<br>Date sold or<br>disposed of<br>(Mo., day, yr.) | **(d)**<br>Proceeds<br>(sales price) | **(e)**<br>Cost or other<br>basis. See the<br>**Note** below and<br>see *Column (e)* in<br>the instructions | Adjustment, if any, to gain or loss. If you enter an amount in column (g), enter a code in column (f). **See instructions.** | | **(h)**<br>**Gain or (loss).**<br>Subtract column (e)<br>from column (d) &<br>combine the result<br>with column (g) |
|---|---|---|---|---|---|---|---|
| | | | | | **(f)**<br>Code(s) | **(g)**<br>Amount of<br>adjustment | |
| VANGUARD #9138 -<br>SEE ATTACHMENT | VARIOUS | 04/13/18 | 705,197. | 749,295. M | | 0. | <44,098.> |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| **2 Totals.** Add the amounts in columns (d), (e), (g), and (h) (subtract negative amounts). Enter each total here and include on your Schedule D, **line 1b** (if **Box A** above is checked), **line 2** (if **Box B** above is checked), or **line 3** (if **Box C** above is checked) ▶ | | | 705,197. | 749,295. | | | <44,098.> |

**Note:** If you checked Box A above but the basis reported to the IRS was incorrect, enter in column (e) the basis as reported to the IRS, and enter an adjustment in column (g) to correct the basis. See *Column (g)* in the separate instructions for how to figure the amount of the adjustment.

AMENDED

| Form **8949**<br>Department of the Treasury<br>Internal Revenue Service | **Sales and Other Dispositions of Capital Assets**<br><br>▶ Go to www.irs.gov/Form8949 for instructions and the latest information.<br>▶ File with your Schedule D to list your transactions for lines 1b, 2, 3, 8b, 9, and 10 of Schedule D. | OMB No. 1545-0074<br><br>**2018**<br>Attachment<br>Sequence No. **12A** |
|---|---|---|

| Name(s) shown on return<br><br>TONY D. & ELIZABETH A. TOWNLEY | Social security number or<br>taxpayer identification no.<br>███████ |
|---|---|

*Before you check Box A, B, or C below, see whether you received any Form(s) 1099-B or substitute statement(s) from your broker. A substitute statement will have the same information as Form 1099-B. Either will show whether your basis (usually your cost) was reported to the IRS by your broker and may even tell you which box to check.*

**Part I**    **Short-Term.** Transactions involving capital assets you held 1 year or less are generally short-term (see instructions). For long-term transactions, see page 2.

     **Note:** You may aggregate all short-term transactions reported on Form(s) 1099-B showing basis was reported to the IRS and for which no adjustments or codes are required. Enter the totals directly on Schedule D, line 1a; you aren't required to report these transactions on Form 8949 (see instructions).

**You must check Box A, B, or C below. Check only one box.** If more than one box applies for your short-term transactions, complete a separate Form 8949, page 1, for each applicable box. If you have more short-term transactions than will fit on this page for one or more of the boxes, complete as many forms with the same box checked as you need.

- ☐ **(A)** Short-term transactions reported on Form(s) 1099-B showing basis was reported to the IRS (see **Note** above)
- ☐ **(B)** Short-term transactions reported on Form(s) 1099-B showing basis **wasn't** reported to the IRS
- ☒ **(C)** Short-term transactions not reported to you on Form 1099-B

| 1<br>(a)<br>Description of property<br>(Example: 100 sh. XYZ Co.) | (b)<br>Date acquired<br>(Mo., day, yr.) | (c)<br>Date sold or<br>disposed of<br>(Mo., day, yr.) | (d)<br>Proceeds<br>(sales price) | (e)<br>Cost or other<br>basis. See the<br>**Note** below and<br>see *Column (e)* in<br>the instructions | (f)<br>Code(s) | (g)<br>Amount of<br>adjustment | (h)<br>Gain or (loss).<br>Subtract column (e)<br>from column (d) &<br>combine the result<br>with column (g) |
|---|---|---|---|---|---|---|---|
| EAT HOLDINGS, LLC | 04/23/18 | 12/04/18 | 2521947. | 3484833. | | | <962886.> |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| **2 Totals.** Add the amounts in columns (d), (e), (g), and (h) (subtract negative amounts). Enter each total here and include on your Schedule D, **line 1b** (if **Box A** above is checked), **line 2** (if **Box B** above is checked), or **line 3** (if **Box C** above is checked) ▶ | | | 2521947. | 3484833. | | | <962886.> |

**Note:** If you checked Box A above but the basis reported to the IRS was incorrect, enter in column (e) the basis as reported to the IRS, and enter an adjustment in column (g) to correct the basis. See *Column (g)* in the separate instructions for how to figure the amount of the adjustment.

Case 3:22-cv-00107-CDL   Document 1-1   Filed 10/28/22   Page 33 of 163

**AMENDED**

Name(s) shown on return. Name and SSN or taxpayer identification no. not required if shown on page 1

**TONY D. & ELIZABETH A. TOWNLEY**

Social security number or taxpayer identification no.

*Before you check Box D, E, or F below, see whether you received any Form(s) 1099-B or substitute statement(s) from your broker. A substitute statement will have the same information as Form 1099-B. Either will show whether your basis (usually your cost) was reported to the IRS by your broker and may even tell you which box to check.*

**Part II** | **Long-Term.** Transactions involving capital assets you held more than 1 year are generally long-term (see instructions). For short-term transactions, see page 1.

**Note:** You may aggregate all long-term transactions reported on Form(s) 1099-B showing basis was reported to the IRS and for which no adjustments or codes are required. Enter the totals directly on Schedule D, line 8a; you aren't required to report these transactions on Form 8949 (see instructions).

**You must check Box D, E, or F below. Check only one box.** If more than one box applies for your long-term transactions, complete a separate Form 8949, page 2, for each applicable box.
If you have more long-term transactions than will fit on this page for one or more of the boxes, complete as many forms with the same box checked as you need.

[X] **(D)** Long-term transactions reported on Form(s) 1099-B showing basis was reported to the IRS (see **Note** above)

[ ] **(E)** Long-term transactions reported on Form(s) 1099-B showing basis **wasn't** reported to the IRS

[ ] **(F)** Long-term transactions not reported to you on Form 1099-B

| 1 (a) Description of property (Example: 100 sh. XYZ Co.) | (b) Date acquired (Mo., day, yr.) | (c) Date sold or disposed of (Mo., day, yr.) | (d) Proceeds (sales price) | (e) Cost or other basis | (f) Code(s) | (g) Amount of adjustment | (h) Gain or (loss) |
|---|---|---|---|---|---|---|---|
| VANGUARD #9138 – SEE ATTACHMENT | VARIOUS | 04/13/18 | 6754956. | 5014387. | M | 0. | 1740569. |

**2 Totals.** Add the amounts in columns (d), (e), (g), and (h) (subtract negative amounts). Enter each total here and include on your Schedule D, line 8b (if Box D above is checked), **line 9** (if Box E above is checked), or **line 10** (if Box F above is checked) ▶

| 6754956. | 5014387. | | 1740569. |

**Note:** If you checked Box D above but the basis reported to the IRS was incorrect, enter in column (e) the basis as reported to the IRS, and enter an adjustment in column (g) to correct the basis. See *Column (g)* in the separate instructions for how to figure the amount of the adjustment.

AMENDED

# SCHEDULE E (Form 1040)

Department of the Treasury
Internal Revenue Service (99)

## Supplemental Income and Loss

(From rental real estate, royalties, partnerships, S corporations, estates, trusts, REMICs, etc.)
▶ Attach to Form 1040, 1040NR, or Form 1041.
▶ Go to www.irs.gov/ScheduleE for instructions and the latest information.

OMB No. 1545-0074

**2018**

Attachment Sequence No. **13**

Name(s) shown on return
TONY D. & ELIZABETH A. TOWNLEY

Your social security number

**Part I**  Income or Loss From Rental Real Estate and Royalties  **Note:** If you are in the business of renting personal property, use **Schedule C or C-EZ** (see instructions). If you are an individual, report farm rental income or loss from **Form 4835** on page 2, line 40.

**A** Did you make any payments in 2018 that would require you to file Form(s) 1099? (see instructions) ............ Yes [X] No

**B** If "Yes," did you or will you file required Forms 1099? ............ Yes [ ] No

**1a** Physical address of each property (street, city, state, ZIP code)

A  755 NORTH HWY 29, ATHENS, GA 30601
B  VARIOUS (FRAZER CREEK), OCONEE COUNTY, GA 30607
C

| **1b** Type of Property (from list below) | **2** For each rental real estate property listed above, report the number of fair rental and personal use days. Check the **QJV** box only if you meet the requirements to file as a qualified joint venture. See instructions. | | Fair Rental Days | Personal Use Days | QJV |
|---|---|---|---|---|---|
| A | 1 | A | 228 | | [ ] |
| B | 1 | B | 365 | | [ ] |
| C | | C | | | [ ] |

**Type of Property:**
1 Single Family Residence   3 Vacation/Short-Term Rental   5 Land   7 Self-Rental
2 Multi-Family Residence   4 Commercial   6 Royalties   8 Other (describe)

| **Income:** | Properties: | | **A** | **B** | **C** |
|---|---|---|---|---|---|
| **3** Rents received | | 3 | 112,437. | 302,425. | |
| **4** Royalties received | | 4 | | | |
| **Expenses:** | | | | | |
| **5** Advertising | | 5 | | | |
| **6** Auto and travel (see instructions) | | 6 | | | |
| **7** Cleaning and maintenance | | 7 | | | |
| **8** Commissions | | 8 | | | |
| **9** Insurance | | 9 | 3,533. | 60,225. | |
| **10** Legal and other professional fees | | 10 | 1,756. | 65,269. | |
| **11** Management fees | | 11 | | | |
| **12** Mortgage interest paid to banks, etc. (see instructions) | | 12 | | | |
| **13** Other interest | | 13 | | | |
| **14** Repairs | | 14 | | 80,213. | |
| **15** Supplies | | 15 | | 24,836. | |
| **16** Taxes | | 16 | | 55,895. | |
| **17** Utilities | | 17 | | 25,144. | |
| **18** Depreciation expense or depletion | | 18 | | 175,333. | |
| **19** Other (list) ▶ STMT 20   STMT 21 | | 19 | 138. | 6,843. | |
| **20** Total expenses. Add lines 5 through 19 | | 20 | 5,427. | 493,758. | |
| **21** Subtract line 20 from line 3 (rents) and/or 4 (royalties). If result is a (loss), see instructions to find out if you must file **Form 6198** | | 21 | 107,010. | -191,333. | |
| **22** Deductible rental real estate loss after limitation, if any, on **Form 8582** (see instructions) | | 22 | ENTIRE DISP | 185,500.)( | ) |

| | | | | |
|---|---|---|---|---|
| **23a** Total of all amounts reported on line 3 for all rental properties | | 23a | 414,862. | |
| **b** Total of all amounts reported on line 4 for all royalty properties | | 23b | | |
| **c** Total of all amounts reported on line 12 for all properties | | 23c | | |
| **d** Total of all amounts reported on line 18 for all properties | | 23d | 175,333. | |
| **e** Total of all amounts reported on line 20 for all properties | | 23e | 499,185. | |
| **24** **Income.** Add positive amounts shown on line 21. **Do not** include any losses | | | 24 | 107,010. |
| **25** **Losses.** Add royalty losses from line 21 and rental real estate losses from line 22. Enter total losses here | | | 25 | 185,500.) |
| **26** **Total rental real estate and royalty income or (loss).** Combine lines 24 and 25. Enter the result here. If Parts II, III, IV, and line 40 on page 2 do not apply to you, also enter this amount on Schedule 1 (Form 1040), line 17, or Form 1040NR, line 18. Otherwise, include this amount in the total on line 41 on page 2 | | | 26 | -78,490. |

**LHA**  **For Paperwork Reduction Act Notice, see the separate instructions.**

Schedule E (Form 1040) 2018

821491 10-18-18

AMENDED

Schedule E (Form 1040) 2018
Attachment Sequence No. **13**
Page **2**

Name(s) shown on return. Do not enter name and social security number if shown on page 1.

Your social security number

TONY D. & ELIZABETH A. TOWNLEY

**Caution:** The IRS compares amounts reported on your tax return with amounts shown on Schedule(s) K-1.

| **Part II** | **Income or Loss From Partnerships and S Corporations -** | **Note:** If you report a loss, receive a distribution, dispose of |

stock, or receive a loan repayment from an S corporation, you **must** check the box in column **(e)** on line 28 and attach the required basis computation. If you report a loss from an at-risk activity for which **any** amount is **not** at risk, you **must** check the box in column **(f)** on line 28 and attach **Form 6198** (see instructions).

**27** Are you reporting any loss not allowed in a prior year due to the at-risk, excess farm loss, or basis limitations, a prior year unallowed loss from a passive activity (if that loss was not reported on Form 8582), or unreimbursed partnership expenses? If you answered "Yes," see instructions before completing this section ........................................ **X** Yes ☐ No

**28**

| (a) Name | (b) Enter P for partnership; S for S corporation | (c) Check if foreign partnership | (d) Employer identification number | (e) Check if basis computation is required | (f) Check if any amount is not at risk |
|---|---|---|---|---|---|
| **A** SEE STATEMENT 23 | | | | | |
| **B** | | | | | |
| **C** | | | | | |
| **D** | | | | | |

| | Passive Income and Loss | | Nonpassive Income and Loss | | |
|---|---|---|---|---|---|
| | (g) Passive loss allowed (attach Form 8582 if required) | (h) Passive income from Schedule K-1 | (i) Nonpassive loss from Schedule K-1 | (j) Section 179 expense deduction from Form 4562 | (k) Nonpassive income from Schedule K-1 |
| **A** | | | | | |
| **B** | | | | | |
| **C** | | | | | |
| **D** | | | | | |
| **29a** Totals | | | | | 43,117,618. |
| **b** Totals | 13,391. | | 4,797,540. | | |

| **30** | Add columns (h) and (k) of line 29a | **30** | 43,117,618. |
|---|---|---|---|
| **31** | Add columns (g), (i), and (j) of line 29b | **31** | (4,810,931.) |
| **32** | Total partnership and S corporation income or (loss). Combine lines 30 and 31 | **32** | 38,306,687. |

| **Part III** | **Income or Loss From Estates and Trusts** |

**33**

| (a) Name | (b) Employer identification number |
|---|---|
| **A** ELIZABETH A. TOWNLEY TRUST | |
| **B** TONY D. TOWNLEY TRUST | |

| | Passive Income and Loss | | Nonpassive Income and Loss | |
|---|---|---|---|---|
| | (c) Passive deduction or loss allowed (attach Form 8582 if required) | (d) Passive income from Schedule K-1 | (e) Deduction or loss from Schedule K-1 | (f) Other income from Schedule K-1 |
| **A** | | 0. | | |
| **B** | | 0. | | |
| **34a** Totals | | | | |
| **b** Totals | | | | |

| **35** | Add columns (d) and (f) of line 34a | **35** | |
|---|---|---|---|
| **36** | Add columns (c) and (e) of line 34b | **36** | ( ) |
| **37** | Total estate and trust income or (loss). Combine lines 35 and 36 | **37** | |

| **Part IV** | **Income or Loss From Real Estate Mortgage Investment Conduits (REMICs) - Residual Holder** |

**38**

| (a) Name | (b) Employer identification number | (c) Excess inclusion from Schedules Q, line 2c (see instructions) | (d) Taxable income (net loss) from Schedules Q, line 1b | (e) Income from Schedules Q, line 3b |
|---|---|---|---|---|
| | | | | |

| **39** | Combine columns (d) and (e) only. Enter the result here and include in the total on line 41 below | **39** | |
|---|---|---|---|

| **Part V** | **Summary** |

| **40** | Net farm rental income or (loss) from **Form 4835**. Also, complete line 42 below | **40** | |
|---|---|---|---|
| **41** | **Total income or (loss).** Combine lines 26, 32, 37, 39, and 40. Enter the result here and on Schedule 1 (Form 1040), line 17, or Form 1040NR, line 18 ▶ | **41** | 38,228,197. |

**42** **Reconciliation of farming and fishing income.** Enter your **gross** farming and fishing income reported on Form 4835, line 7; Schedule K-1 (Form 1065), box 14, code B; Schedule K-1 (Form 1120S), box 17, code AC; and Schedule K-1 (Form 1041), box 14, code F (see instructions)

| **42** | 1,108. |

**43** **Reconciliation for real estate professionals.** If you were a real estate professional (see instructions), enter the net income or (loss) you reported anywhere on Form 1040 or Form 1040NR from all rental real estate activities in which you materially participated under the passive activity loss rules

| **43** | |

821501  10-18-18

Schedule E (Form 1040) 2018

# SCHEDULE F (Form 1040)

Department of the Treasury
Internal Revenue Service    (99)

**Profit or Loss From Farming**

▶ Attach to Form 1040, Form 1040NR, Form 1041, or Form 1065.
▶ Go to www.irs.gov/ScheduleF for instructions and the latest information.

OMB No. 1545-0074

**2018**

Attachment Sequence No. **14**

Name of proprietor: **LOG CREEK TRUST**

Social security number (SSN)

**A** Principal crop or activity: **TIMBER**

**B** Enter code from Part IV ▶ **113000**

**C** Accounting method: **[X]** Cash   [ ] Accrual

**D** Employer ID number (EIN)

**E** Did you "materially participate" in the operation of this business during 2018? If "No," see instructions for limit on passive losses. **[X]** Yes [ ] No

**F** Did you make any payments in 2018 that would require you to file Form(s) 1099 (see instructions)? [ ] Yes **[X]** No

**G** If "Yes," did you or will you file required Forms 1099? [ ] Yes [ ] No

## Part I Farm Income - Cash Method. Complete Parts I and II (Accrual method. Complete Parts II and III, and Part I, line 9.)

| Line | Description | Amount |
|---|---|---|
| 1a | Sales of livestock and other resale items (see instructions) | |
| 1b | Cost or other basis of livestock or other items reported on line 1a | |
| 1c | Subtract line 1b from line 1a | |
| 2 | Sales of livestock, produce, grains, and other products you raised | |
| 3a | Cooperative distributions (Form(s) 1099-PATR) | |
| 3b | Taxable amount | |
| 4a | Agricultural program payments (see instructions) | |
| 4b | Taxable amount | |
| 5a | Commodity Credit Corporation (CCC) loans reported under election | |
| 5b | CCC loans forfeited | |
| 5c | Taxable amount | |
| 6 | Crop insurance proceeds and federal crop disaster payments (see instructions) | |
| 6a | Amount received in 2018 | |
| 6b | Taxable amount | |
| 6c | If election to defer to 2019 is attached, check here ▶ | |
| 6d | Amount deferred from 2017 | |
| 7 | Custom hire (machine work) income | |
| 8 | Other income, including federal and state gasoline or fuel tax credit or refund (see instructions) STMT 25 | 5,968. |
| 9 | Gross income. Add amounts in the right column (lines 1c, 2, 3b, 4b, 5a, 5c, 6b, 6d, 7, and 8). If you use the accrual method, enter the amount from Part III, line 50 ▶ | 5,968. |

## Part II Farm Expenses - Cash and Accrual Method. Do not include personal or living expenses. See instructions.

| Line | Description | Amount | Line | Description | Amount |
|---|---|---|---|---|---|
| 10 | Car and truck expenses (see instructions). Also attach Form 4562 | | 23 | Pension and profit-sharing plans | |
| 11 | Chemicals | | 24 | Rent or lease (see instructions): | |
| 12 | Conservation expenses (see instructions) | | 24a | Vehicles, machinery, equipment | |
| 13 | Custom hire (machine work) | | 24b | Other (land, animals, etc.) | |
| 14 | Depreciation and section 179 expense (see instructions) | | 25 | Repairs and maintenance | |
| 15 | Employee benefit programs other than on line 23 | | 26 | Seeds and plants | |
| 16 | Feed | | 27 | Storage and warehousing | |
| 17 | Fertilizers and lime | | 28 | Supplies | |
| 18 | Freight and trucking | | 29 | Taxes | 4,052. |
| 19 | Gasoline, fuel, and oil | | 30 | Utilities | |
| 20 | Insurance (other than health) | | 31 | Veterinary, breeding, and medicine | |
| 21 | Interest (see instructions) | | 32 | Other expenses (specify): | |
| 21a | Mortgage (paid to banks, etc.) | | 32a | SEE STATEMENT 24 | 60,787. |
| 21b | Other | | 32b | | |
| 22 | Labor hired (less employment credits) | | 32c-f | | |
| 33 | Total expenses. Add lines 10 through 32f. If line 32f is negative, see instructions ▶ | | | | 64,839. |
| 34 | Net farm profit or (loss). Subtract line 33 from line 9 | | | | -58,871. |

If a profit, stop here and see instructions for where to report. If a loss, complete lines 35 and 36.

**35** Reserved for future use.

**36** Check the box that describes your investment in this activity and see instructions for where to report your loss.
**a** [X] All investment is at risk.   **b** [ ] Some investment is not at risk.

LHA    For Paperwork Reduction Act Notice, see the separate instructions.

Schedule F (Form 1040) 2018

822001 11-26-18

Case 3:22-cv-00107-CDL    Document 1-1    Filed 10/28/22    Page 37 of 163

**AMENDED**

# Self-Employment Tax

▶ Go to www.irs.gov/ScheduleSE for instructions and the latest information.
▶ Attach to Form 1040 or Form 1040NR.

OMB No. 1545-0074

**2018**

Attachment
Sequence No. **17**

| Name of person with **self-employment** income (as shown on Form 1040 or Form 1040NR) | Social security number of person with **self-employment** income ............................ ▶ |
|---|---|
| TONY D. TOWNLEY | |

**Before you begin:** To determine if you must file Schedule SE, see the instructions.

## May I Use Short Schedule SE or Must I Use Long Schedule SE?

**Note:** Use this flowchart **only if** you must file Schedule SE. If unsure, see *Who Must File Schedule SE* in the instructions.



### Section A-Short Schedule SE. Caution: Read above to see if you can use Short Schedule SE.

| | | | |
|---|---|---:|---:|
| **1a** | Net farm profit or (loss) from Schedule F, line 34, and farm partnerships, Schedule K-1 (Form 1065), box 14, code A ................................... STMT 27 | **1a** | -76,308. |
| **b** | If you received social security retirement or disability benefits, enter the amount of Conservation Reserve Program payments included on Schedule F, line 4b, or listed on Schedule K-1 (Form 1065), box 20, code AH | **1b** | |
| **2** | Net profit or (loss) from Schedule C, line 31; Schedule C-EZ, line 3; Schedule K-1 (Form 1065), box 14, code A (other than farming); and Schedule K-1 (Form 1065-B), box 9, code J1. Ministers and members of religious orders, see instructions for types of income to report on this line. See instructions for other income to report STMT 26 | **2** | 2,044,111. |
| **3** | Combine lines 1a, 1b, and 2 ......................................... | **3** | 1,967,803. |
| **4** | Multiply line 3 by 92.35% (0.9235). If less than $400, you don't owe self-employment tax; **don't** file this schedule unless you have an amount on line 1b ........................... ▶ | **4** | 1,817,266. |
| | **Note:** If line 4 is less than $400 due to Conservation Reserve Program payments on line 1b, see instructions. | | |
| **5** | **Self-employment tax.** If the amount on line 4 is: | | |
| | ● $128,400 or less, multiply line 4 by 15.3% (0.153). Enter the result here and on **Schedule 4 (Form 1040), line 57,** or **Form 1040NR, line 55** | | |
| | ● More than $128,400, multiply line 4 by 2.9% (0.029). Then, add $15,921.60 to the result. Enter the total here and on **Schedule 4 (Form 1040), line 57,** or Form 1040NR, line 55 ................... | **5** | 68,622. |
| **6** | **Deduction for one-half of self-employment tax.** Multiply line 5 by 50% (0.50). Enter the result here and on **Schedule 1 (Form 1040), line 27,** or Form 1040NR, line 27 ............. **6** | 34,311. | |

LHA    **For Paperwork Reduction Act Notice, see your tax return instructions.**    Schedule SE (Form 1040) 2018

824501  10-18-18

AMENDED

| | |
|---|---|
| Form **3800** | **General Business Credit** |
| Department of the Treasury Internal Revenue Service (99) | ▶ Go to www.irs.gov/Form3800 for instructions and the latest information. <br> ▶ You must attach all pages of Form 3800, pages 1, 2, and 3, to your tax return. |

OMB No. 1545-0895

**2018**

Attachment Sequence No. **22**

Name(s) shown on return

TONY D. & ELIZABETH A. TOWNLEY

Identifying number

| | | | | |
|---|---|---|---|---|
| **Part I** | **Current Year Credit for Credits Not Allowed Against Tentative Minimum Tax (TMT)** (See instructions and complete Part(s) III before Parts I and II.) | | | |
| 1 | General business credit from line 2 of all Parts III with box A checked | | 1 | 19,219. |
| 2 | Passive activity credits from line 2 of all Parts III with box B checked | 2 | | |
| 3 | Enter the applicable passive activity credits allowed for 2018. See instructions | | 3 | |
| 4 | Carryforward of general business credit to 2018. Enter the amount from line 2 of Part III with box C checked. See instructions for statement to attach | | 4 | |
| 5 | Carryback of general business credit from 2019. Enter the amount from line 2 of Part III with box D checked | | 5 | |
| 6 | Add lines 1, 3, and 5 | | 6 | 19,219. |
| **Part II** | **Allowable Credit** | | | |
| 7 | Regular tax before credits: <br> • Individuals. Enter the sum of the amounts from Form 1040, line 11a, and Schedule 2 (Form 1040), line 46, or the sum of the amounts from Form 1040NR, lines 42 and 44 <br> • Corporations. Enter the amount from Form 1120, Schedule J, Part I, line 2; or the applicable line of your return <br> • Estates and trusts. Enter the sum of the amounts from Form 1041, Schedule G, lines 1a and 1b; or the amount from the applicable line of your return | | 7 | 6,353,121. |
| 8 | Alternative minimum tax: <br> • Individuals. Enter the amount from Form 6251, line 11 <br> • Corporations. Enter -0- <br> • Estates and trusts. Enter the amount from Schedule I (Form 1041), line 56 | | 8 | |
| 9 | Add lines 7 and 8 | | 9 | 6,353,121. |
| 10a | Foreign tax credit | 10a | 58. | |
| b | Certain allowable credits (see instructions) | 10b | | |
| c | Add lines 10a and 10b | | 10c | 58. |
| 11 | **Net income tax.** Subtract line 10c from line 9. If zero, skip lines 12 through 15 and enter -0- on line 16 | | 11 | 6,353,063. |
| 12 | **Net regular tax.** Subtract line 10c from line 7. If zero or less, enter -0- | 12 | 6,353,063. | |
| 13 | Enter 25% (0.25) of the excess, if any, of line 12 over $25,000. See instructions | 13 | 1,582,016. | |
| 14 | Tentative minimum tax: <br> • Individuals. Enter the amount from Form 6251, line 9 <br> • Corporations. Enter -0- <br> • Estates and trusts. Enter the amount from Schedule I (Form 1041), line 54 | 14 | 4,294,740. | |
| 15 | Enter the greater of line 13 or line 14 | | 15 | 4,294,740. |
| 16 | Subtract line 15 from line 11. If zero or less, enter -0- | | 16 | 2,058,323. |
| 17 | Enter the **smaller** of line 6 or line 16 | | 17 | 19,219. |
| | **C corporations:** See the line 17 instructions if there has been an ownership change, acquisition, or reorganization. | | | |

LHA  **For Paperwork Reduction Act Notice, see separate instructions.**

Form **3800** (2018)

814401 01-16-19

Case 3:22-cv-00107-CDL    Document 1-13   Filed 10/28/22    Page 39 of 163
AMENDED

**Part II** | **Allowable Credit** *(continued)*

**Note:** If you are not required to report any amounts on line 22 or 24 below, skip lines 18 through 25 and enter -0- on line 26.

| | | | |
|---|---|---|---:|
| 18 | Multiply line 14 by 75% (0.75). See instructions | 18 | |
| 19 | Enter the greater of line 13 or line 18 | 19 | |
| 20 | Subtract line 19 from line 11. If zero or less, enter -0- | 20 | |
| 21 | Subtract line 17 from line 20. If zero or less, enter -0- | 21 | |
| 22 | Combine the amounts from line 3 of all Parts III with box A, C, or D checked | 22 | |
| 23 | Passive activity credit from line 3 of all Parts III with box B checked | 23 | |
| 24 | Enter the applicable passive activity credit allowed for 2018. See instructions | 24 | |
| 25 | Add lines 22 and 24 | 25 | |
| 26 | Empowerment zone and renewal community employment credit allowed. Enter the smaller of line 21 or line 25 | 26 | 0. |
| 27 | Subtract line 13 from line 11. If zero or less, enter -0- | 27 | 4,771,047. |
| 28 | Add lines 17 and 26 | 28 | 19,219. |
| 29 | Subtract line 28 from line 27. If zero or less, enter -0- | 29 | 4,751,828. |
| 30 | Enter the general business credit from line 5 of all Parts III with box A checked | 30 | 278,759. |
| 31 | Reserved | 31 | |
| 32 | Passive activity credits from line 5 of all Parts III with box B checked | 32 | |
| 33 | Enter the applicable passive activity credits allowed for 2018. See instructions | 33 | |
| 34 | Carryforward of business credit to 2018. Enter the amount from line 5 of Part III with box C checked and line 6 of Part III with box G checked. See instructions for statement to attach | 34 | |
| 35 | Carryback of business credit from 2019. Enter the amount from line 5 of Part III with box D checked. See instructions | 35 | |
| 36 | Add lines 30, 33, 34, and 35 | 36 | 278,759. |
| 37 | Enter the **smaller** of line 29 or line 36 | 37 | 278,759. |
| 38 | **Credit allowed for the current year.** Add lines 28 and 37. Report the amount from line 38 (if smaller than the sum of Part I, line 6, and Part II, lines 25 and 36, see instructions) as indicated below or on the applicable line of your return. • Individuals. Schedule 3 (Form 1040), line 54, or Form 1040NR, line 51 • Corporations. Form 1120, Schedule J, Part I, line 5c • Estates and trusts. Form 1041, Schedule G, line 2b | 38 | 297,978. |

Form **3800** (2018)

Case 3:22-cv-00107-CDL   Document 1   Filed 10/28/22   Page 40 of 163   AMENDED

| Name(s) shown on return | Identifying number |
|---|---|
| TONY D. & ELIZABETH A. TOWNLEY | ███████ |

**Part III   General Business Credits or Eligible Small Business Credits** (see instructions)

Complete a separate Part III for each box checked below. See instructions.

A ☐ General Business Credit From a Non-Passive Activity   E ☐ Reserved
B ☐ General Business Credit From a Passive Activity       F ☐ Reserved
C ☐ General Business Credit Carryforwards                 G ☐ Eligible Small Business Credit Carryforwards
D ☐ General Business Credit Carrybacks                    H ☐ Reserved

I  If you are filing more than one Part III with box A or B checked, complete and attach first an additional Part III combining amounts from all Parts III with box A or B checked. Check here if this is the consolidated Part III ▶ ☒

| (a) Description of credit | | (b) If claiming the credit from a pass-through entity, enter the EIN | (c) Enter the appropriate amount |
|---|---|---|---|
| **Note:** On any line where the credit is from more than one source, a separate Part III is needed for each pass-through entity. | | | |
| 1a Investment (Form 3468, Part II only) (attach Form 3468) | 1a | | |
| b Reserved | 1b | | |
| c Increasing research activities (Form 6765) | 1c | | |
| d Low-income housing (Form 8586, Part I only) | 1d | | |
| e Disabled access (Form 8826) (see instructions for limitation) | 1e | | |
| f Renewable electricity, refined coal, and Indian coal production (Form 8835) | 1f | | |
| g Indian employment (Form 8845) | 1g | | |
| h Orphan drug (Form 8820) | 1h | | |
| i New markets (Form 8874) | 1i | | |
| j Small employer pension plan startup costs (Form 8881) (see instructions for limitation) | 1j | | |
| k Employer-provided child care facilities and services (Form 8882) (see instructions for limitation) | 1k | | 19,219. |
| l Biodiesel and renewable diesel fuels (attach Form 8864) | 1l | | |
| m Low sulfur diesel fuel production (Form 8896) | 1m | | |
| n Distilled spirits (Form 8906) | 1n | | |
| o Nonconventional source fuel (carryforward only) | 1o | | |
| p Energy efficient home (Form 8908) | 1p | | |
| q Energy efficient appliance (carryforward only) | 1q | | |
| r Alternative motor vehicle (Form 8910) | 1r | | |
| s Alternative fuel vehicle refueling property (Form 8911) | 1s | | |
| t Enhanced oil recovery credit (Form 8830) | 1t | | |
| u Mine rescue team training (Form 8923) | 1u | | |
| v Agricultural chemicals security (carryforward only) | 1v | | |
| w Employer differential wage payments (Form 8932) | 1w | | |
| x Carbon oxide sequestration (Form 8933) | 1x | | |
| y Qualified plug-in electric drive motor vehicle (Form 8936) | 1y | | |
| z Qualified plug-in electric vehicle (carryforward only) | 1z | | |
| aa Employee retention (Form 5884-A) | 1aa | | |
| bb General credits from an electing large partnership (Schedule K-1 (Form 1065-B)) | 1bb | | |
| zz Other. Oil and gas production from marginal wells (Form 8904) and certain other credits (see instructions) | 1zz | | |
| 2 Add lines 1a through 1zz and enter here and on the applicable line of Part I | 2 | | 19,219. |
| 3 Enter the amount from Form 8844 here and on the applicable line of Part II | 3 | | |
| 4a Investment (Form 3468, Part III only) (attach Form 3468) | 4a | | |
| b Work opportunity (Form 5884) | 4b | | 278,759. |
| c Biofuel producer (Form 6478) | 4c | | |
| d Low-income housing (Form 8586, Part II) | 4d | | |
| e Renewable electricity, refined coal, and Indian coal production (Form 8835) | 4e | | |
| f Employer social security and Medicare taxes paid on certain employee tips (Form 8846) | 4f | | |
| g Qualified railroad track maintenance (Form 8900) | 4g | | |
| h Small employer health insurance premiums (Form 8941) | 4h | | |
| i Increasing research (Form 6765) | 4i | | |
| j Employer credit for paid family and medical leave (Form 8994) | 4j | | |
| z Other | 4z | | |
| 5 Add lines 4a through 4z and enter here and on the applicable line of Part II | 5 | | 278,759. |
| 6 Add lines 2, 3, and 5 and enter here and on the applicable line of Part II | 6 | | 297,978. |

814403 01-16-19                                                                          Form **3800** (2018)

Form 3800 (2018)                                                                                            Page **3**

| Name(s) shown on return | Identifying number |
|---|---|
| TONY D. & ELIZABETH A. TOWNLEY | ████████ |

**Part III** | **General Business Credits or Eligible Small Business Credits** (see instructions)

Complete a separate Part III for each box checked below. See instructions.

A [X]  General Business Credit From a Non-Passive Activity     E [ ]  Reserved

B [ ]  General Business Credit From a Passive Activity     F [ ]  Reserved

C [ ]  General Business Credit Carryforwards     G [ ]  Eligible Small Business Credit Carryforwards

D [ ]  General Business Credit Carrybacks     H [ ]  Reserved

I   If you are filing more than one Part III with box A or B checked, complete and attach first an additional Part III combining amounts from all
Parts III with box A or B checked. Check here if this is the consolidated Part III    ▶ [ ]

**Note:** On any line where the credit is from more than one source, a separate Part III is needed for each pass-through entity.

| | **(a)** Description of credit | | **(b)** If claiming the credit from a pass-through entity, enter the EIN | **(c)** Enter the appropriate amount |
|---|---|---|---|---|
| 1a | Investment (Form 3468, Part II only) (attach Form 3468) | 1a | | |
| b | Reserved | 1b | | |
| c | Increasing research activities (Form 6765) | 1c | | |
| d | Low-income housing (Form 8586, Part I only) | 1d | | |
| e | Disabled access (Form 8826) (see instructions for limitation) | 1e | | |
| f | Renewable electricity, refined coal, and Indian coal production (Form 8835) | 1f | | |
| g | Indian employment (Form 8845) | 1g | | |
| h | Orphan drug (Form 8820) | 1h | | |
| i | New markets (Form 8874) | 1i | | |
| j | Small employer pension plan startup costs (Form 8881) (see instructions for limitation) | 1j | | |
| k | Employer-provided child care facilities and services (Form 8882) (see instructions for limitation) | 1k | ████████ | 15,585. |
| l | Biodiesel and renewable diesel fuels (attach Form 8864) | 1l | | |
| m | Low sulfur diesel fuel production (Form 8896) | 1m | | |
| n | Distilled spirits (Form 8906) | 1n | | |
| o | Nonconventional source fuel (carryforward only) | 1o | | |
| p | Energy efficient home (Form 8908) | 1p | | |
| q | Energy efficient appliance (carryforward only) | 1q | | |
| r | Alternative motor vehicle (Form 8910) | 1r | | |
| s | Alternative fuel vehicle refueling property (Form 8911) | 1s | | |
| t | Enhanced oil recovery credit (Form 8830) | 1t | | |
| u | Mine rescue team training (Form 8923) | 1u | | |
| v | Agricultural chemicals security (carryforward only) | 1v | | |
| w | Employer differential wage payments (Form 8932) | 1w | | |
| x | Carbon oxide sequestration (Form 8933) | 1x | | |
| y | Qualified plug-in electric drive motor vehicle (Form 8936) | 1y | | |
| z | Qualified plug-in electric vehicle (carryforward only) | 1z | | |
| aa | Employee retention (Form 5884-A) | 1aa | | |
| bb | General credits from an electing large partnership (Schedule K-1 (Form 1065-B)) | 1bb | | |
| zz | Other. Oil and gas production from marginal wells (Form 8904) and certain other credits (see instructions) | 1zz | | |
| 2 | Add lines 1a through 1zz and enter here and on the applicable line of Part I | 2 | | 15,585. |
| 3 | Enter the amount from Form 8844 here and on the applicable line of Part II | 3 | | |
| 4a | Investment (Form 3468, Part III) (attach Form 3468) | 4a | | |
| b | Work opportunity (Form 5884) | 4b | ████████ | 226,047. |
| c | Biofuel producer (Form 6478) | 4c | | |
| d | Low-income housing (Form 8586, Part II) | 4d | | |
| e | Renewable electricity, refined coal, and Indian coal production (Form 8835) | 4e | | |
| f | Employer social security and Medicare taxes paid on certain employee tips (Form 8846) | 4f | | |
| g | Qualified railroad track maintenance (Form 8900) | 4g | | |
| h | Small employer health insurance premiums (Form 8941) | 4h | | |
| i | Increasing research activities (Form 6765) | 4i | | |
| j | Employer credit for paid family and medical leave (Form 8994) | 4j | | |
| z | Other | 4z | | |
| 5 | Add lines 4a through 4z and enter here and on the applicable line of Part II | 5 | | 226,047. |
| 6 | Add lines 2, 3, and 5 and enter here and on the applicable line of Part II | 6 | | 241,632. |

814403  01-16-19                                                                                     Form **3800** (2018)

Case 3:22-cv-00107-CDL   Document 1-3   Filed 10/28/22   Page 42 of 163

| Name(s) shown on return | Identifying number |
|---|---|
| TONY D. & ELIZABETH A. TOWNLEY | ▇▇▇▇▇▇▇ |

**Part III**   General Business Credits or Eligible Small Business Credits (see instructions)

Complete a separate Part III for each box checked below. See instructions.

| | | | | |
|---|---|---|---|---|
| A | [X] General Business Credit From a Non-Passive Activity | E | | Reserved |
| B | [ ] General Business Credit From a Passive Activity | F | | Reserved |
| C | [ ] General Business Credit Carryforwards | G | | Eligible Small Business Credit Carryforwards |
| D | [ ] General Business Credit Carrybacks | H | | Reserved |

I   If you are filing more than one Part III with box A or B checked, complete and attach first an additional Part III combining amounts from all
Parts III with box A or B checked. Check here if this is the consolidated Part III ........................................................ ▶ [ ]

| (a) Description of credit<br>Note: On any line where the credit is from more than one source, a separate Part III is needed for each pass-through entity. | | (b) If claiming the credit from a pass-through entity, enter the EIN | (c) Enter the appropriate amount |
|---|---|---|---|
| 1a | Investment (Form 3468, Part II only) (attach Form 3468) ............ | 1a | | |
| b | Reserved .................................................... | 1b | | |
| c | Increasing research activities (Form 6765) ..................... | 1c | | |
| d | Low-income housing (Form 8586, Part I only) ................... | 1d | | |
| e | Disabled access (Form 8826) (see instructions for limitation) ... | 1e | | |
| f | Renewable electricity, refined coal, and Indian coal production (Form 8835) | 1f | | |
| g | Indian employment (Form 8845) ............................... | 1g | | |
| h | Orphan drug (Form 8820) .................................... | 1h | | |
| i | New markets (Form 8874) .................................... | 1i | | |
| j | Small employer pension plan startup costs (Form 8881) (see instructions for limitation) | 1j | | |
| k | Employer-provided child care facilities and services (Form 8882) (see instructions for limitation) | 1k | ▇▇▇▇▇▇▇ | 549. |
| l | Biodiesel and renewable diesel fuels (attach Form 8864) ........ | 1l | | |
| m | Low sulfur diesel fuel production (Form 8896) .................. | 1m | | |
| n | Distilled spirits (Form 8906) ................................. | 1n | | |
| o | Nonconventional source fuel (carryforward only) ............... | 1o | | |
| p | Energy efficient home (Form 8908) ........................... | 1p | | |
| q | Energy efficient appliance (carryforward only) ................. | 1q | | |
| r | Alternative motor vehicle (Form 8910) ........................ | 1r | | |
| s | Alternative fuel vehicle refueling property (Form 8911) ......... | 1s | | |
| t | Enhanced oil recovery credit (Form 8830) ..................... | 1t | | |
| u | Mine rescue team training (Form 8923) ....................... | 1u | | |
| v | Agricultural chemicals security (carryforward only) ............. | 1v | | |
| w | Employer differential wage payments (Form 8932) .............. | 1w | | |
| x | Carbon oxide sequestration (Form 8933) ...................... | 1x | | |
| y | Qualified plug-in electric drive motor vehicle (Form 8936) ...... | 1y | | |
| z | Qualified plug-in electric vehicle (carryforward only) .......... | 1z | | |
| aa | Employee retention (Form 5884-A) ........................... | 1aa | | |
| bb | General credits from an electing large partnership (Schedule K-1 (Form 1065-B)) | 1bb | | |
| zz | Other. Oil and gas production from marginal wells (Form 8904) and certain other credits (see instructions) | 1zz | | |
| 2 | Add lines 1a through 1zz and enter here and on the applicable line of Part I ......... | 2 | | 549. |
| 3 | Enter the amount from Form 8844 here and on the applicable line of Part II | 3 | | |
| 4a | Investment (Form 3468, Part III) (attach Form 3468) ............ | 4a | | |
| b | Work opportunity (Form 5884) ............................... | 4b | ▇▇▇▇▇▇▇ | 7,954. |
| c | Biofuel producer (Form 6478) ................................ | 4c | | |
| d | Low-income housing (Form 8586, Part II) ..................... | 4d | | |
| e | Renewable electricity, refined coal, and Indian coal production (Form 8835) | 4e | | |
| f | Employer social security and Medicare taxes paid on certain employee tips (Form 8846) | 4f | | |
| g | Qualified railroad track maintenance (Form 8900) .............. | 4g | | |
| h | Small employer health insurance premiums (Form 8941) ........ | 4h | | |
| i | Increasing research activities (Form 6765) .................... | 4i | | |
| j | Employer credit for paid family and medical leave (Form 8994) .. | 4j | | |
| z | Other ...................................................... | 4z | | |
| 5 | Add lines 4a through 4z and enter here and on the applicable line of Part II ........ | 5 | | 7,954. |
| 6 | Add lines 2, 3, and 5 and enter here and on the applicable line of Part II | 6 | | 8,503. |

AMENDED

| Name(s) shown on return | Identifying number |
|---|---|
| TONY D. & ELIZABETH A. TOWNLEY | ████████ |

**Part III** **General Business Credits or Eligible Small Business Credits** (see instructions)

Complete a separate Part III for each box checked below. See instructions.

A [X] General Business Credit From a Non-Passive Activity

B [ ] General Business Credit From a Passive Activity

C [ ] General Business Credit Carryforwards

D [ ] General Business Credit Carrybacks

E [ ] Reserved

F [ ] Reserved

G [ ] Eligible Small Business Credit Carryforwards

H [ ] Reserved

I If you are filing more than one Part III with box A or B checked, complete and attach first an additional Part III combining amounts from all Parts III with box A or B checked. Check here if this is the consolidated Part III ........................................................ ▶ [ ]

**Note:** On any line where the credit is from more than one source, a separate Part III is needed for each pass-through entity.

| | (a) Description of credit | | (b) If claiming the credit from a pass-through entity, enter the EIN | (c) Enter the appropriate amount |
|---|---|---|---|---|
| 1a | Investment (Form 3468, Part II only) (attach Form 3468) | 1a | | |
| b | Reserved | 1b | | |
| c | Increasing research activities (Form 6765) | 1c | | |
| d | Low-income housing (Form 8586, Part I only) | 1d | | |
| e | Disabled access (Form 8826) (see instructions for limitation) | 1e | | |
| f | Renewable electricity, refined coal, and Indian coal production (Form 8835) | 1f | | |
| g | Indian employment (Form 8845) | 1g | | |
| h | Orphan drug (Form 8820) | 1h | | |
| i | New markets (Form 8874) | 1i | | |
| j | Small employer pension plan startup costs (Form 8881) (see instructions for limitation) | 1j | | |
| k | Employer-provided child care facilities and services (Form 8882) (see instructions for limitation) | 1k | ██████ | 2,911. |
| l | Biodiesel and renewable diesel fuels (attach Form 8864) | 1l | | |
| m | Low sulfur diesel fuel production (Form 8896) | 1m | | |
| n | Distilled spirits (Form 8906) | 1n | | |
| o | Nonconventional source fuel (carryforward only) | 1o | | |
| p | Energy efficient home (Form 8908) | 1p | | |
| q | Energy efficient appliance (carryforward only) | 1q | | |
| r | Alternative motor vehicle (Form 8910) | 1r | | |
| s | Alternative fuel vehicle refueling property (Form 8911) | 1s | | |
| t | Enhanced oil recovery credit (Form 8830) | 1t | | |
| u | Mine rescue team training (Form 8923) | 1u | | |
| v | Agricultural chemicals security (carryforward only) | 1v | | |
| w | Employer differential wage payments (Form 8932) | 1w | | |
| x | Carbon oxide sequestration (Form 8933) | 1x | | |
| y | Qualified plug-in electric drive motor vehicle (Form 8936) | 1y | | |
| z | Qualified plug-in electric vehicle (carryforward only) | 1z | | |
| aa | Employee retention (Form 5884-A) | 1aa | | |
| bb | General credits from an electing large partnership (Schedule K-1 (Form 1065-B)) | 1bb | | |
| zz | Other. Oil and gas production from marginal wells (Form 8904) and certain other credits (see instructions) | 1zz | | |
| 2 | Add lines 1a through 1zz and enter here and on the applicable line of Part I | 2 | | 2,911. |
| 3 | Enter the amount from Form 8844 here and on the applicable line of Part II | 3 | | |
| 4a | Investment (Form 3468, Part III) (attach Form 3468) | 4a | | |
| b | Work opportunity (Form 5884) | 4b | ██████ | 42,233. |
| c | Biofuel producer (Form 6478) | 4c | | |
| d | Low-income housing (Form 8586, Part II) | 4d | | |
| e | Renewable electricity, refined coal, and Indian coal production (Form 8835) | 4e | | |
| f | Employer social security and Medicare taxes paid on certain employee tips (Form 8846) | 4f | | |
| g | Qualified railroad track maintenance (Form 8900) | 4g | | |
| h | Small employer health insurance premiums (Form 8941) | 4h | | |
| i | Increasing research activities (Form 6765) | 4i | | |
| j | Employer credit for paid family and medical leave (Form 8994) | 4j | | |
| z | Other | 4z | | |
| 5 | Add lines 4a through 4z and enter here and on the applicable line of Part II | 5 | | 42,233. |
| 6 | Add lines 2, 3, and 5 and enter here and on the applicable line of Part II | 6 | | 45,144. |

814403 01-16-19                                                                                         Form **3800** (2018)

AMENDED

Form 3800 (2018)                                                                                                    Page **3**

| Name(s) shown on return | Identifying number |
|---|---|
| TONY D. & ELIZABETH A. TOWNLEY | ████████ |

**Part III**  General Business Credits or Eligible Small Business Credits  (see instructions)

Complete a separate Part III for each box checked below. See instructions.

A ☒ General Business Credit From a Non-Passive Activity           E ☐ Reserved
B ☐ General Business Credit From a Passive Activity                F ☐ Reserved
C ☐ General Business Credit Carryforwards                          G ☐ Eligible Small Business Credit Carryforwards
D ☐ General Business Credit Carrybacks                             H ☐ Reserved
I  If you are filing more than one Part III with box A or B checked, complete and attach first an additional Part III combining amounts from all
   Parts III with box A or B checked. Check here if this is the consolidated Part III ............................................ ▶ ☐

**Note:** On any line where the credit is from more than one source, a separate Part III is needed for each pass-through entity.

| | (a) Description of credit | | (b) If claiming the credit from a pass-through entity, enter the EIN | (c) Enter the appropriate amount |
|---|---|---|---|---|
| 1a | Investment (Form 3468, Part II only) (attach Form 3468) | 1a | | |
| b | Reserved | 1b | | |
| c | Increasing research activities (Form 6765) | 1c | | |
| d | Low-income housing (Form 8586, Part I only) | 1d | | |
| e | Disabled access (Form 8826) (see instructions for limitation) | 1e | | |
| f | Renewable electricity, refined coal, and Indian coal production (Form 8835) | 1f | | |
| g | Indian employment (Form 8845) | 1g | | |
| h | Orphan drug (Form 8820) | 1h | | |
| i | New markets (Form 8874) | 1i | | |
| j | Small employer pension plan startup costs (Form 8881) (see instructions for limitation) | 1j | | |
| k | Employer-provided child care facilities and services (Form 8882) (see instructions for limitation) | 1k | ████████ | 174. |
| l | Biodiesel and renewable diesel fuels (attach Form 8864) | 1l | | |
| m | Low sulfur diesel fuel production (Form 8896) | 1m | | |
| n | Distilled spirits (Form 8906) | 1n | | |
| o | Nonconventional source fuel (carryforward only) | 1o | | |
| p | Energy efficient home (Form 8908) | 1p | | |
| q | Energy efficient appliance (carryforward only) | 1q | | |
| r | Alternative motor vehicle (Form 8910) | 1r | | |
| s | Alternative fuel vehicle refueling property (Form 8911) | 1s | | |
| t | Enhanced oil recovery credit (Form 8830) | 1t | | |
| u | Mine rescue team training (Form 8923) | 1u | | |
| v | Agricultural chemicals security (carryforward only) | 1v | | |
| w | Employer differential wage payments (Form 8932) | 1w | | |
| x | Carbon oxide sequestration (Form 8933) | 1x | | |
| y | Qualified plug-in electric drive motor vehicle (Form 8936) | 1y | | |
| z | Qualified plug-in electric vehicle (carryforward only) | 1z | | |
| aa | Employee retention (Form 5884-A) | 1aa | | |
| bb | General credits from an electing large partnership (Schedule K-1 (Form 1065-B)) | 1bb | | |
| zz | Other. Oil and gas production from marginal wells (Form 8904) and certain other credits (see instructions) | 1zz | | |
| 2 | Add lines 1a through 1zz and enter here and on the applicable line of Part I | 2 | | 174. |
| 3 | Enter the amount from Form 8844 here and on the applicable line of Part II | 3 | | |
| 4a | Investment (Form 3468, Part III) (attach Form 3468) | 4a | | |
| b | Work opportunity (Form 5884) | 4b | ████████ | 2,525. |
| c | Biofuel producer (Form 6478) | 4c | | |
| d | Low-income housing (Form 8586, Part II) | 4d | | |
| e | Renewable electricity, refined coal, and Indian coal production (Form 8835) | 4e | | |
| f | Employer social security and Medicare taxes paid on certain employee tips (Form 8846) | 4f | | |
| g | Qualified railroad track maintenance (Form 8900) | 4g | | |
| h | Small employer health insurance premiums (Form 8941) | 4h | | |
| i | Increasing research activities (Form 6765) | 4i | | |
| j | Employer credit for paid family and medical leave (Form 8994) | 4j | | |
| z | Other | 4z | | |
| 5 | Add lines 4a through 4z and enter here and on the applicable line of Part II | 5 | | 2,525. |
| 6 | Add lines 2, 3, and 5 and enter here and on the applicable line of Part II | 6 | | 2,699. |

814403  01-16-19                                                                                        Form **3800** (2018)

**AMENDED**

| | | |
|---|---|---|
| Form **4797** | **Sales of Business Property** | OMB No. 1545-0184 |
| Department of the Treasury Internal Revenue Service | (Also Involuntary Conversions and Recapture Amounts Under Sections 179 and 280F(b)(2)) ▶ **Attach to your tax return.** ▶ Go to www.irs.gov/Form4797 for instructions and the latest information. | **2018** Attachment Sequence No. **27** |

Name(s) shown on return

**TONY D. & ELIZABETH A. TOWNLEY**

Identifying number

██████████

**1** Enter the gross proceeds from sales or exchanges reported to you for 2018 on Form(s) 1099-B or 1099-S (or substitute statement) that you are including on line 2, 10, or 20 ............... | **1** |

**Part I** **Sales or Exchanges of Property Used in a Trade or Business and Involuntary Conversions From Other Than Casualty or Theft-Most Property Held More Than 1 Year** (see instructions)

| 2 | (a) Description of property | (b) Date acquired (mo., day, yr.) | (c) Date sold (mo., day, yr.) | (d) Gross sales price | (e) Depreciation allowed or allowable since acquisition | (f) Cost or other basis, plus improvements and expense of sale | (g) Gain or (loss) Subtract (f) from the sum of (d) and (e) |
|---|---|---|---|---|---|---|---|
| | SEE STATEMENT 28 | | | | | | 599,697. |
| | | | | | | | |
| | | | | | | | |

| | | | |
|---|---|---|---|
| **3** | Gain, if any, from Form 4684, line 39 .................................................... | **3** | |
| **4** | Section 1231 gain from installment sales from Form 6252, line 26 or 37 ........... | **4** | |
| **5** | Section 1231 gain or (loss) from like-kind exchanges from Form 8824 ............. | **5** | |
| **6** | Gain, if any, from line 32, from other than casualty or theft ........................ | **6** | 91,881. |
| **7** | Combine lines 2 through 6. Enter the gain or (loss) here and on the appropriate line as follows | **7** | 691,578. |

**Partnerships and S corporations.** Report the gain or (loss) following the instructions for Form 1065, Schedule K, line 10, or Form 1120S, Schedule K, line 9. Skip lines 8, 9, 11, and 12 below.

**Individuals, partners, S corporation shareholders, and all others.** If line 7 is zero or a loss, enter the amount from line 7 on line 11 below and skip lines 8 and 9. If line 7 is a gain and you didn't have any prior year section 1231 losses, or they were recaptured in an earlier year, enter the gain from line 7 as a long-term capital gain on the Schedule D filed with your return and skip lines 8, 9, 11, and 12 below.

| | | | |
|---|---|---|---|
| **8** | Nonrecaptured net section 1231 losses from prior years. See instructions ........ | **8** | |
| **9** | Subtract line 8 from line 7. If zero or less, enter -0-. If line 9 is zero, enter the gain from line 7 on line 12 below. If line 9 is more than zero, enter the amount from line 8 on line 12 below and enter the gain from line 9 as a long-term capital gain on the Schedule D filed with your return. See instructions | **9** | |

**Part II** **Ordinary Gains and Losses** (see instructions)

**10** Ordinary gains and losses not included on lines 11 through 16 (include property held 1 year or less):

| (a) Description | (b) Date acquired | (c) Date sold | (d) Gross sales price | (e) Depreciation | (f) Cost or other basis | (g) Gain or (loss) |
|---|---|---|---|---|---|---|
| TIMBER | 09/12/18 | 12/01/18 | 73,322. | | 70,804. | 2,518. |
| | | | | | | |
| | | | | | | |

| | | | |
|---|---|---|---|
| **11** | Loss, if any, from line 7 ................................................................ | **11** | ( ) |
| **12** | Gain, if any, from line 7 or amount from line 8, if applicable ....................... | **12** | |
| **13** | Gain, if any, from line 31 .............................................................. | **13** | |
| **14** | Net gain or (loss) from Form 4684, lines 31 and 38a ................................ | **14** | |
| **15** | Ordinary gain from installment sales from Form 6252, line 25 or 36 ............... | **15** | |
| **16** | Ordinary gain or (loss) from like-kind exchanges from Form 8824 ................. | **16** | |
| **17** | Combine lines 10 through 16 .......................................................... | **17** | 2,518. |
| **18** | For all except individual returns, enter the amount from line 17 on the appropriate line of your return and skip lines a and b below. For individual returns, complete lines a and b below. | | |
| **a** | If the loss on line 11 includes a loss from Form 4684, line 35, column (b)(ii), enter that part of the loss here. Enter the loss from income-producing property on Schedule A (Form 1040), line 16. (Do not include any loss on property used as an employee.) Identify as from "Form 4797, line 18a." See instructions | **18a** | |
| **b** | Redetermine the gain or (loss) on line 17 excluding the loss, if any, on line 18a. Enter here and on Schedule 1 (Form 1040), line 14 ..................................................... | **18b** | 2,518. |

LHA   **For Paperwork Reduction Act Notice, see separate instructions.**

Form **4797** (2018)

818011  12-10-18

AMENDED

Form 4797 (2018) TONY D. & ELIZABETH A. TOWNLEY                                                                   Page **2**

| Part III | **Gain From Disposition of Property Under Sections 1245, 1250, 1252, 1254, and 1255**  (see instructions) |
|---|---|

| 19 | **(a)** Description of section 1245, 1250, 1252, 1254, or 1255 property: | **(b)** Date acquired (mo., day, yr.) | **(c)** Date sold (mo., day, yr.) |
|---|---|---|---|
| **A** | 820 AGRICULTURE DR | 06/18/14 | 08/01/18 |
| **B** | | | |
| **C** | | | |
| **D** | | | |

| | These columns relate to the properties on lines 19A through 19D. ▶ | | Property A | Property B | Property C | Property D |
|---|---|---|---|---|---|---|
| 20 | Gross sales price (**Note:** See line 1 before completing.) | 20 | 335,000. | | | |
| 21 | Cost or other basis plus expense of sale | 21 | 262,283. | | | |
| 22 | Depreciation (or depletion) allowed or allowable | 22 | 19,164. | | | |
| 23 | Adjusted basis. Subtract line 22 from line 21 | 23 | 243,119. | | | |
| 24 | Total gain. Subtract line 23 from line 20 | 24 | 91,881. | | | |
| 25 | **If section 1245 property:** | | | | | |
| **a** | Depreciation allowed or allowable from line 22 | 25a | | | | |
| **b** | Enter the **smaller** of line 24 or 25a | 25b | | | | |
| 26 | **If section 1250 property:** If straight line depreciation was used, enter -0- on line 26g, except for a corporation subject to section 291. | | | | | |
| **a** | Additional depreciation after 1975. See instructions | 26a | | | | |
| **b** | Applicable percentage multiplied by the **smaller** of line 24 or line 26a. See instructions | 26b | | | | |
| **c** | Subtract line 26a from line 24. If residential rental property **or** line 24 isn't more than line 26a, skip lines 26d and 26e | 26c | | | | |
| **d** | Additional depreciation after 1969 and before 1976 | 26d | | | | |
| **e** | Enter the **smaller** of line 26c or 26d | 26e | | | | |
| **f** | Section 291 amount (corporations only) | 26f | | | | |
| **g** | Add lines 26b, 26e, and 26f | 26g | | | | |
| 27 | **If section 1252 property:**   Skip this section if you didn't dispose of farmland or if this form is being completed for a partnership. | | | | | |
| **a** | Soil, water, and land clearing expenses | 27a | | | | |
| **b** | Line 27a multiplied by applicable percentage | 27b | | | | |
| **c** | Enter the **smaller** of line 24 or 27b | 27c | | | | |
| 28 | **If section 1254 property:** | | | | | |
| **a** | Intangible drilling and development costs, expenditures for development of mines and other natural deposits, mining exploration costs, and depletion. See instructions | 28a | | | | |
| **b** | Enter the **smaller** of line 24 or 28a | 28b | | | | |
| 29 | **If section 1255 property:** | | | | | |
| **a** | Applicable percentage of payments excluded from income under section 126. See instructions | 29a | | | | |
| **b** | Enter the **smaller** of line 24 or 29a. See instructions | 29b | | | | |

**Summary of Part III Gains.**  Complete property columns A through D through line 29b before going to line 30.

| 30 | Total gains for all properties. Add property columns A through D, line 24 | 30 | 91,881. |
|---|---|---|---|
| 31 | Add property columns A through D, lines 25b, 26g, 27c, 28b, and 29b. Enter here and on line 13 | 31 | |
| 32 | Subtract line 31 from line 30. Enter the portion from casualty or theft on Form 4684, line 33. Enter the portion from other than casualty or theft on Form 4797, line 6 | 32 | 91,881. |

| Part IV | **Recapture Amounts Under Sections 179 and 280F(b)(2) When Business Use Drops to 50% or Less**  (see instructions) |
|---|---|

| | | | **(a)** Section 179 | **(b)** Section 280F(b)(2) |
|---|---|---|---|---|
| 33 | Section 179 expense deduction or depreciation allowable in prior years | 33 | | |
| 34 | Recomputed depreciation. See instructions | 34 | | |
| 35 | Recapture amount. Subtract line 34 from line 33. See the instructions for where to report | 35 | | |

**Form 6251**

Department of the Treasury
Internal Revenue Service (99)

## Alternative Minimum Tax - Individuals

▶ Go to www.irs.gov/Form6251 for instructions and the latest information.
▶ Attach to Form 1040 or Form 1040NR.

OMB No. 1545-0074

**2018**

Attachment Sequence No. **32**

Name(s) shown on Form 1040 or Form 1040NR

TONY D. & ELIZABETH A. TOWNLEY

Your social security number

| Part I | Alternative Minimum Taxable Income | | |
|---|---|---|---|
| 1 | Enter the amount from Form 1040, line 10, if more than zero. If Form 1040, line 10, is zero, subtract lines 8 and 9 of Form 1040 from line 7 of Form 1040 and enter the result here. (If less than zero, enter as a negative amount.) | 1 | 18,015,934. |
| 2a | If filing Schedule A (Form 1040), enter the taxes from Schedule A, line 7; otherwise, enter the amount from Form 1040, line 8 | 2a | 10,000. |
| b | Tax refund from Schedule 1 (Form 1040), line 10 or line 21 | 2b | -1,390,170. |
| c | Investment interest expense (difference between regular tax and AMT) | 2c | |
| d | Depletion (difference between regular tax and AMT) | 2d | |
| e | Net operating loss deduction from Schedule 1 (Form 1040), line 21. Enter as a positive amount | 2e | |
| f | Alternative tax net operating loss deduction | 2f | |
| g | Interest from specified private activity bonds exempt from the regular tax | 2g | |
| h | Qualified small business stock, see instructions | 2h | |
| i | Exercise of incentive stock options (excess of AMT income over regular tax income) | 2i | |
| j | Estates and trusts (amount from Schedule K-1 (Form 1041), box 12, code A) | 2j | |
| k | Disposition of property (difference between AMT and regular tax gain or loss) | 2k | |
| l | Depreciation on assets placed in service after 1986 (difference between regular tax and AMT) STMT 31 | 2l | -163,179. |
| m | Passive activities (difference between AMT and regular tax income or loss) SEE STATEMENT 29 | 2m | 3,038. |
| n | Loss limitations (difference between AMT and regular tax income or loss) SEE STATEMENT 30 | 2n | -699,621. |
| o | Circulation costs (difference between regular tax and AMT) | 2o | |
| p | Long-term contracts (difference between AMT and regular tax income) | 2p | |
| q | Mining costs (difference between regular tax and AMT) | 2q | |
| r | Research and experimental costs (difference between regular tax and AMT) | 2r | |
| s | Income from certain installment sales before January 1, 1987 | 2s | |
| t | Intangible drilling costs preference | 2t | |
| 3 | Other adjustments, including income-based related adjustments | 3 | |
| 4 | **Alternative minimum taxable income.** Combine lines 1 through 3. (If married filing separately and line 4 is more than $718,800, see instructions.) | 4 | 15,776,002. |

| Part II | Alternative Minimum Tax (AMT) | | |
|---|---|---|---|
| 5 | Exemption. (If you were under age 24 at the end of 2018, see instructions.) | | |
| | IF your filing status is ...    AND line 4 is not over ...    THEN enter on line 5 ... | | |
| | Single or head of household    $500,000    $70,300 | | |
| | Married filing jointly or qualifying widow(er)    1,000,000    109,400 | 5 | 0. |
| | Married filing separately    500,000    54,700 | | |
| | If line 4 is **over** the amount shown above for your filing status, see instructions. | | |
| 6 | Subtract line 5 from line 4. If more than zero, go to line 7. If zero or less, enter -0- here and on lines 7, 9, and 11, and go to line 10 | 6 | 15,776,002. |
| 7 | • If you are filing Form 2555 or 2555-EZ, see instructions for the amount to enter. | | |
| | • If you reported capital gain distributions directly on Schedule 1 (Form 1040), line 13; you reported qualified dividends on Form 1040, line 3a; **or** you had a gain on both lines 15 and 16 of Schedule D (Form 1040) (as refigured for the AMT, if necessary), complete Part III on the back and enter the amount from line 40 here. | 7 | 4,294,798. |
| | • All others: If line 6 is $191,100 or less ($95,550 or less if married filing separately), multiply line 6 by 26% (0.26). Otherwise, multiply line 6 by 28% (0.28) and subtract $3,822 ($1,911 if married filing separately) from the result. | | |
| 8 | Alternative minimum tax foreign tax credit (see instructions) | 8 | 58. |
| 9 | Tentative minimum tax. Subtract line 8 from line 7 | 9 | 4,294,740. |
| 10 | Add Form 1040, line 11a (minus any tax from Form 4972), and Schedule 2 (Form 1040), line 46. Subtract from the result any foreign tax credit from Schedule 3 (Form 1040), line 48. If you used Schedule J to figure your tax on Form 1040, line 11a, refigure that tax without using Schedule J before completing this line (see instructions) | 10 | 6,353,063. |
| 11 | **AMT.** Subtract line 10 from line 9. If zero or less, enter -0-. Enter here and on Schedule 2 (Form 1040), line 45 | 11 | 0. |

LHA   **For Paperwork Reduction Act Notice, see your tax return instructions.**   Form **6251** (2018)

819481 11-16-18

AMENDED

Form 6251 (2018)    TONY D. & ELIZABETH A. TOWNLEY    Page **2**

| **Part III** | **Tax Computation Using Maximum Capital Gains Rates** | | |
|---|---|---|---|

Complete Part III only if you are required to do so by line 7 or by the Foreign Earned Income Tax Worksheet in the instructions.

| | | | |
|---|---|---|---|
| **12** | Enter the amount from Form 6251, line 6. If you are filing Form 2555 or 2555-EZ, enter the amount from line 3 of the worksheet in the instructions for line 7 | **12** | 15,776,002. |
| **13** | Enter the amount from line 6 of the Qualified Dividends and Capital Gain Tax Worksheet in the instructions for Form 1040, line 11a, or the amount from line 13 of the Schedule D Tax Worksheet in the instructions for Schedule D (Form 1040), whichever applies (as refigured for the AMT, if necessary) (see instructions). If you are filing Form 2555 or 2555-EZ, see instructions for the amount to enter | **13** | 1,483,259. |
| **14** | Enter the amount from Schedule D (Form 1040), line 19 (as refigured for the AMT, if necessary) (see instructions). If you are filing Form 2555 or 2555-EZ, see instructions for the amount to enter | **14** | |
| **15** | If you did not complete a Schedule D Tax Worksheet for the regular tax or the AMT, enter the amount from line 13. Otherwise, add lines 13 and 14, and enter the **smaller** of that result or the amount from line 10 of the Schedule D Tax Worksheet (as refigured for the AMT, if necessary). If you are filing Form 2555 or 2555-EZ, see instructions for the amount to enter | **15** | 1,483,259. |
| **16** | Enter the **smaller** of line 12 or line 15 | **16** | 1,483,259. |
| **17** | Subtract line 16 from line 12 | **17** | 14,292,743. |
| **18** | If line 17 is $191,100 or less ($95,550 or less if married filing separately), multiply line 17 by 26% (0.26). Otherwise, multiply line 17 by 28% (0.28) and subtract $3,822 ($1,911 if married filing separately) from the result ▶ | **18** | 3,998,146. |
| **19** | Enter:<br>• $77,200 if married filing jointly or qualifying widow(er),<br>• $38,600 if single or married filing separately, or<br>• $51,700 if head of household. | **19** | 77,200. |
| **20** | Enter the amount from line 7 of the Qualified Dividends and Capital Gain Tax Worksheet in the instructions for Form 1040, line 11a, or the amount from line 14 of the Schedule D Tax Worksheet in the instructions for Schedule D (Form 1040), whichever applies (as figured for the regular tax). If you did not complete either worksheet for the regular tax, enter the amount from Form 1040, line 10; if zero or less, enter -0-. If you are filing Form 2555 or 2555-EZ, see instructions for the amount to enter | **20** | 16,532,675. |
| **21** | Subtract line 20 from line 19. If zero or less, enter -0- | **21** | 0. |
| **22** | Enter the **smaller** of line 12 or line 13 | **22** | 1,483,259. |
| **23** | Enter the **smaller** of line 21 or line 22. This amount is taxed at 0% | **23** | 0. |
| **24** | Subtract line 23 from line 22 | **24** | 1,483,259. |
| **25** | Enter:<br>• $425,800 if single<br>• $239,500 if married filing separately<br>• $479,000 if married filing jointly or qualifying widow(er)<br>• $452,400 if head of household | **25** | 479,000. |
| **26** | Enter the amount from line 21 | **26** | 0. |
| **27** | Enter the amount from line 7 of the Qualified Dividends and Capital Gain Tax Worksheet in the instructions for Form 1040, line 11a, or the amount from line 19 of the Schedule D Tax Worksheet, whichever applies (as figured for the regular tax). If you did not complete either worksheet for the regular tax, enter the amount from Form 1040, line 10; if zero or less, enter -0-. If you are filing Form 2555 or Form 2555-EZ, see instructions for the amount to enter | **27** | 16,532,675. |
| **28** | Add line 26 and line 27 | **28** | 16,532,675. |
| **29** | Subtract line 28 from line 25. If zero or less, enter -0- | **29** | 0. |
| **30** | Enter the smaller of line 24 or line 29 | **30** | 0. |
| **31** | Multiply line 30 by 15% (0.15) ▶ | **31** | |
| **32** | Add lines 23 and 30 | **32** | 0. |
| | **If lines 32 and 12 are the same, skip lines 33 through 37 and go to line 38. Otherwise, go to line 33.** | | |
| **33** | Subtract line 32 from line 22 | **33** | 1,483,259. |
| **34** | Multiply line 33 by 20% (0.20) ▶ | **34** | 296,652. |
| | **If line 14 is zero or blank, skip lines 35 through 37 and go to line 38. Otherwise, go to line 35.** | | |
| **35** | Add lines 17, 32, and 33 | **35** | |
| **36** | Subtract line 35 from line 12 | **36** | |
| **37** | Multiply line 36 by 25% (0.25) ▶ | **37** | |
| **38** | Add lines 18, 31, 34, and 37 | **38** | 4,294,798. |
| **39** | If line 12 is $191,100 or less ($95,550 or less if married filing separately), multiply line 12 by 26% (0.26). Otherwise, multiply line 12 by 28% (0.28) and subtract $3,822 ($1,911 if married filing separately) from the result | **39** | 4,413,459. |
| **40** | Enter the **smaller** of line 38 or line 39 here and on line 7. If you are filing Form 2555 or 2555-EZ, do not enter this amount on line 7. Instead, enter it on line 4 of the worksheet in the instructions for line 7 | **40** | 4,294,798. |

Form **6251** (2018)

**AMENDED**

**Form 6251 - AMT Charitable Contributions Worksheet Page 1**

NAME

TONY D. & ELIZABETH A. TOWNLEY

50% of AGI  **22,159,104.**         AGI  **44,318,207.**

| Year | | 100% Limit | 60% Limit | 50% Limit | 30% Limit | Appreciated Property 30% Limit | Appreciated Property 20% Limit | Total Contributions Allowed | Total Contributions Carryover |
|---|---|---|---|---|---|---|---|---|---|
| 2006 | Contributions | | | | | | | | |
| Less: | Allowed | | | | | | | | |
| Less: | NOL Abs. CRP | | | | | | | | |
| | CRP C/O | | | | | | | | |
| 2007 | Contributions | | | | | | | | |
| Less: | Allowed | | | | | | | | |
| Less: | NOL Abs. CRP | | | | | | | | |
| | CRP C/O | | | | | | | | |
| 2008 | Contributions | | | | | | | | |
| Less: | Allowed | | | | | | | | |
| Less: | NOL Abs. CRP | | | | | | | | |
| | CRP C/O | | | | | | | | |
| 2009 | Contributions | | | | | | | | |
| Less: | Allowed | | | | | | | | |
| Less: | NOL Abs. CRP | | | | | | | | |
| | CRP C/O | | | | | | | | |
| 2010 | Contributions | | | | | | | | |
| Less: | Allowed | | | | | | | | |
| Less: | NOL Abs. CRP | | | | | | | | |
| | CRP C/O | | | | | | | | |
| 2011 | Contributions | | | | | | | | |
| Less: | Allowed | | | | | | | | |
| Less: | NOL Abs. CRP | | | | | | | | |
| | CRP C/O | | | | | | | | |
| 2012 | Contributions | | | | | | | | |
| Less: | Allowed | | | | | | | | |
| Less: | NOL Abs. CRP | | | | | | | | |
| | CRP C/O | | | | | | | | |

819441  08-07-18

AMENDED

**Form 6251 - AMT Charitable Contributions Worksheet Page 2**

NAME

TONY D. & ELIZABETH A. TOWNLEY

50% of AGI  22,159,104.   AGI  44,318,207.

| Year | 100% Limit | 60% Limit | 50% Limit | 30% Limit | Appreciated Property 30% Limit | Appreciated Property 20% Limit | Total Contributions Allowed | Total Contributions Carryover |
|---|---|---|---|---|---|---|---|---|
| **2013** Contributions | | | | | | | | |
| Less: Allowed | | | | | | | | |
| Less: NOL Absorb. | | | | | | | | |
| Less: NOL Abs. CRP | | | | | | | | |
| Carryover | | | | | | | | |
| CRP C/O | | | | | | | | |
| **2014** Contributions | | | | | | | | |
| Less: Allowed | | | | | | | | |
| Less: NOL Absorb. | | | | | | | | |
| Less: NOL Abs. CRP | | | | | | | | |
| Carryover | | | | | | | | |
| CRP C/O | | | | | | | | |
| **2015** Contributions | | | | | | | | |
| Less: Allowed | | | | | | | | |
| Less: NOL Absorb. | | | | | | | | |
| Less: NOL Abs. CRP and MWD | | | | | | | | |
| Carryover | | | | | | | | |
| CRP C/O | | | | | | | | |
| **2016** Contributions | | | | | | | | |
| Less: Allowed | | | | | | | | |
| Less: NOL Absorb. | | | | | | | | |
| Less: NOL Abs. CRP | | | | | | | | |
| Carryover | | | | | | | | |
| CRP C/O | | | | | | | | |
| **2017** Contributions | | | | | | | | |
| Less: Allowed | | | | | | | | |
| Less: NOL Absorb. | | | | | | | | |
| Less: NOL Abs. CRP | | | | | | | | |
| Carryover | | | | | | | | |
| CRP C/O | | | | | | | | |

819442  08-07-18

Case 3:22-cv-00107-CDL    Document 19    Filed 10/28/22    Page 51 of 163

AMENDED

## Form 6251 - AMT Charitable Contributions Worksheet Page 3

NAME

**TONY D. & ELIZABETH A. TOWNLEY**

| | | | | | | | 50% of AGI | 22,159,104. | AGI | 44,318,207. |

| Year | 100% Limit | 60% Limit | 50% Limit | 30% Limit | Appreciated Property 30% Limit | Appreciated Property 20% Limit | Total Contributions Allowed | Total Contributions Carryover |
|---|---|---|---|---|---|---|---|---|
| **2018** Contributions | | 70,734. | 46,399,000. | | | | | |
| Less: Allowed ... | | 70,734. | 22,088,370. | | | | 22,159,104. | |
| Less: NOL Absorb. | | | | | | | | |
| Less: NOL Abs. CRP | | | | | | | | |
| Carryover ... | | | | | | | | 24,310,630. |
| CRP C/O ... | | | 24,310,630. | | | | | |
| Disaster C/O | | | | | | | | |
| AMT charitable contributions | | | | | | | 22,159,104. | 24,310,630. |
| Less: Charitable contributions allowed under regular tax calculation | | | | | | | 22,159,104. | |
| Charitable contributions adjustment to Form 6251, line 3 | | | | | | | | |

819443 08-07-18

AMENDED

**ALTERNATIVE MINIMUM TAX RECONCILIATION REPORT**

Name(s)

TONY D. & ELIZABETH A. TOWNLEY

Social Security Number

| Form Name | Description | Income | Adjustment | | | | |
|---|---|---|---|---|---|---|---|
| | | | Form 6251, Line 2k | Form 6251, Line 2l | Form 6251, Line 2m | Form 6251, Line 2n | Form 6251 Other Adjustment |
| K1- | LOG CREEK, LLLP | | | | | | |
| | *   REGULAR INCOME | -925,644. | | | | | |
| | DEPR ADJ | -16. | | -16. | | | |
| | *   AMT NET INCOME | -925,660. | | -16. | | | |
| | | | | | | | |
| K1- | LOG CREEK, LLLP | | | | | | |
| | *   REGULAR INCOME | -925,644. | | | | | |
| | DEPR ADJ | -17. | | -17. | | | |
| | *   AMT NET INCOME | -925,661. | | -17. | | | |
| | | | | | | | |
| K1- | CLUCKZ HOLDINGS, LLC | | | | | | |
| | *   REGULAR INCOME | 1,229,179. | | | | | |
| | DEPR ADJ | -24,617. | | -24,617. | | | |
| | *   AMT NET INCOME | 1,204,562. | | -24,617. | | | |
| | | | | | | | |
| K1- | ZAXBY'S OPERATING COMPANY, LP (TDT) | | | | | | |
| | *   REGULAR INCOME | 6,529,485. | | | | | |
| | DEPR ADJ | -130,712. | | -130,712. | | | |
| | *   AMT NET INCOME | 6,398,773. | | -130,712. | | | |
| | | | | | | | |
| K1- | CLUCKZ HOLDINGS, LLC (SECG) | | | | | | |
| | *   REGULAR INCOME | 390,240. | | | | | |
| | DEPR ADJ | -7,816. | | -7,816. | | | |
| | *   AMT NET INCOME | 382,424. | | -7,816. | | | |

819911
08-07-18

AMENDED

**ALTERNATIVE MINIMUM TAX RECONCILIATION REPORT**

| Name(s) | | | | | | | Social Security Number |
|---|---|---|---|---|---|---|---|
| TONY D. & ELIZABETH A. TOWNLEY | | | | | | | ████████ |

| Form Name | Description | Income | Adjustment | | | | |
|---|---|---|---|---|---|---|---|
| | | | Form 6251, Line 2k | Form 6251, Line 2l | Form 6251, Line 2m | Form 6251, Line 2n | Form 6251 Other Adjustment |
| K1- | LOG CREEK, LLLP | | | | | | |
| | *   REGULAR INCOME | -18,890. | | | | | |
| | DEPR ADJ | -1. | | -1. | | | |
| | *   AMT NET INCOME | -18,891. | | -1. | | | |
| | | | | | | | |
| K-1- | PLUCKED CHICKEN, INC. | | | | | | |
| | *   REGULAR INCOME | 35,991,492. | | | | | |
| | BASIS ALLOWED | -35,991,492. | | | | -35991492. | |
| | AMT BASIS ALLOWED | 35,291,871. | | | | 35,291,871. | |
| | AMT BASIS ADJ | 699,621. | | | | | |
| | AMT ADJUSTMENTS | -699,621. | | | | | |
| | *   AMT NET INCOME | 35,291,871. | | | | -699,621. | |
| | | | | | | | |
| E- | FRAZER CREEK INVESTMEN | | | | | | |
| | TS, LLC - VARIOUS (FRA | | | | | | |
| | *   REGULAR INCOME | -185,500. | | | | | |
| | AMT DEPR ADJ | -122. | | | -122. | | |
| | PAL DISALLOWED | -5,833. | | | -5,833. | | |
| | *   AMT NET INCOME | -191,455. | | | -5,955. | | |
| | | | | | | | |
| 4797 | 820 AGRICULTURE DR | | | | | | |
| | *   REGULAR GAIN/LOSS | 91,881. | | | | | |
| | REGULAR BASIS | 243,119. | | | 243,119. | | |
| | AMT BASIS | -243,119. | | | -243,119. | | |
| | *   AMT NET GAIN/LOSS | 91,881. | | | | | |

819911
08-07-18

AMENDED

**ALTERNATIVE MINIMUM TAX RECONCILIATION REPORT**

Name(s)

TONY D. & ELIZABETH A. TOWNLEY

Social Security Number

| Form Name | Description | Income | Adjustment | | | | |
|---|---|---|---|---|---|---|---|
| | | | Form 6251, Line 2k | Form 6251, Line 2l | Form 6251, Line 2m | Form 6251, Line 2n | Form 6251 Other Adjustment |
| E- | EAT HOLDINGS, LLC - 75 5 NORTH HWY 29, ATHENS | | | | | | |
| | *   REGULAR INCOME | 107,010. | | | | | |
| | *   AMT NET INCOME | 107,010. | | | | | |
| | | | | | | | |
| K1- | LAND WARRIORS, LLC | | | | | | |
| | *   REGULAR INCOME | -4,400. | | | | | |
| | PAL CARRYOVER | 5,155. | | | 5,155. | | |
| | AMT PAL CARRYOVER | -4,879. | | | -4,879. | | |
| | PAL DISALLOWED | -274. | | | -274. | | |
| | *   AMT NET INCOME | -4,398. | | | 2. | | |
| | | | | | | | |
| K1- | TOWNLEY FAMILY PARTNER SHIP, LLLP | | | | | | |
| | *   REGULAR INCOME | -90. | | | | | |
| | PAL CARRYOVER | 96. | | | 96. | | |
| | AMT PAL CARRYOVER | -96. | | | -96. | | |
| | PAL DISALLOWED | -6. | | | -6. | | |
| | AMT PAL DISALLOWED | 96. | | | 96. | | |
| | *   AMT NET INCOME | 0. | | | 90. | | |
| | | | | | | | |
| K1- | TOWNLEY FAMILY PARTNER SHIP, LLLP | | | | | | |
| | *   REGULAR INCOME | -4,496. | | | | | |
| | PAL CARRYOVER | 4,776. | | | 4,776. | | |
| | AMT PAL CARRYOVER | -4,776. | | | -4,776. | | |
| | PAL DISALLOWED | -280. | | | -280. | | |
| | AMT PAL DISALLOWED | 4,776. | | | 4,776. | | |
| | *   AMT NET INCOME | 0. | | | 4,496. | | |

819911
08-07-18

Case 3:22-cv-00107-CDL    Document 159    Filed 10/28/22    Page 55 of 163

AMENDED

**ALTERNATIVE MINIMUM TAX RECONCILIATION REPORT**

| Name(s) | | | | | | Social Security Number |
|---|---|---|---|---|---|---|
| TONY D. & ELIZABETH A. TOWNLEY | | | | | | ████████ |

| Form Name | Description | Income | Adjustment | | | | |
|---|---|---|---|---|---|---|---|
| | | | Form 6251, Line 2k | Form 6251, Line 2l | Form 6251, Line 2m | Form 6251, Line 2n | Form 6251 Other Adjustment |
| K1- | TOWNLEY FAMILY PARTNERSHIP, LLLP | | | | | | |
| | *   REGULAR INCOME | -4,405. | | | | | |
| | PAL CARRYOVER | 4,680. | | | 4,680. | | |
| | AMT PAL CARRYOVER | -4,680. | | | -4,680. | | |
| | PAL DISALLOWED | -275. | | | -275. | | |
| | AMT PAL DISALLOWED | 4,680. | | | 4,680. | | |
| | *   AMT NET INCOME | 0. | | | 4,405. | | |
| | | | | | | | |
| | ** TOTAL ADJ & PREF ** | | | -163,179. | 3,038. | -699,621. | |

819911
08-07-18

**AMENDED**

Form **8959**

Department of the Treasury
Internal Revenue Service

## Additional Medicare Tax

▶ If any line does not apply to you, leave it blank. See separate instructions.
▶ Attach to Form 1040, 1040NR, 1040-PR, or 1040-SS.
▶ Go to www.irs.gov/Form8959 for instructions and the latest information.

OMB No. 1545-0074

**2018**

Attachment
Sequence No. **71**

Name(s) shown on return
TONY D. & ELIZABETH A. TOWNLEY

Your social security number

### Part I — Additional Medicare Tax on Medicare Wages

| | | | |
|---|---|---|---|
| 1 | Medicare wages and tips from Form W-2, box 5. If you have more than one Form W-2, enter the total of the amounts from box 5 ......... **1** | | |
| 2 | Unreported tips from Form 4137, line 6 ......... **2** | | |
| 3 | Wages from Form 8919, line 6 ......... **3** | | |
| 4 | Add lines 1 through 3 ......... **4** | | |
| 5 | Enter the following amount for your filing status: | | |
| | Married filing jointly ......... $250,000 | | |
| | Married filing separately ......... $125,000 | | |
| | Single, Head of household, or Qualifying widow(er) $200,000 ......... **5** | | |
| 6 | Subtract line 5 from line 4. If zero or less, enter -0- | **6** | |
| 7 | Additional Medicare Tax on Medicare wages. Multiply line 6 by 0.9% (0.009). Enter here and go to Part II ......... | **7** | |

### Part II — Additional Medicare Tax on Self-Employment Income

| | | | |
|---|---|---|---|
| 8 | Self-employment income from Schedule SE (Form 1040), Section A, line 4, or Section B, line 6. If you had a loss, enter -0- (Form 1040-PR and Form 1040-SS filers, see instructions.) ......... **8** 1,817,266. | | |
| 9 | Enter the following amount for your filing status: | | |
| | Married filing jointly ......... $250,000 | | |
| | Married filing separately ......... $125,000 | | |
| | Single, Head of household, or Qualifying widow(er) $200,000 **9** 250,000. | | |
| 10 | Enter the amount from line 4 **10** | | |
| 11 | Subtract line 10 from line 9. If zero or less, enter -0- **11** 250,000. | | |
| 12 | Subtract line 11 from line 8. If zero or less, enter -0- | **12** | 1,567,266. |
| 13 | Additional Medicare Tax on self-employment income. Multiply line 12 by 0.9% (0.009). Enter here and go to Part III | **13** | 14,105. |

### Part III — Additional Medicare Tax on Railroad Retirement Tax Act (RRTA) Compensation

| | | | |
|---|---|---|---|
| 14 | Railroad retirement (RRTA) compensation and tips from Form(s) W-2, box 14 (see instructions) **14** | | |
| 15 | Enter the following amount for your filing status: | | |
| | Married filing jointly ......... $250,000 | | |
| | Married filing separately ......... $125,000 | | |
| | Single, Head of household, or Qualifying widow(er) $200,000 **15** | | |
| 16 | Subtract line 15 from line 14. If zero or less, enter -0- | **16** | |
| 17 | Additional Medicare Tax on railroad retirement (RRTA) compensation. Multiply line 16 by 0.9% (0.009). Enter here and go to Part IV | **17** | |

### Part IV — Total Additional Medicare Tax

| | | | |
|---|---|---|---|
| 18 | Add lines 7, 13, and 17. Also include this amount on Schedule 4 (Form 1040), line 62 (check box a) (Form 1040NR, 1040-PR, and 1040-SS filers, see instructions), and go to Part V | **18** | 14,105. |

### Part V — Withholding Reconciliation

| | | | |
|---|---|---|---|
| 19 | Medicare tax withheld from Form W-2, box 6. If you have more than one Form W-2, enter the total of the amounts from box 6 ......... **19** | | |
| 20 | Enter the amount from line 1 **20** | | |
| 21 | Multiply line 20 by 1.45% (0.0145). This is your regular Medicare tax withholding on Medicare wages **21** | | |
| 22 | Subtract line 21 from line 19. If zero or less, enter -0-. This is your Additional Medicare Tax withholding on Medicare wages | **22** | |
| 23 | Additional Medicare Tax withholding on railroad retirement (RRTA) compensation from Form W-2, box 14 (see instructions) | **23** | |
| 24 | **Total Additional Medicare Tax withholding.** Add lines 22 and 23. Also include this amount with federal income tax withholding on Form 1040, line 16 (Form 1040NR, 1040-PR, and 1040-SS filers, see instructions) | **24** | |

823111 11-30-18    LHA    **For Paperwork Reduction Act Notice, see your tax return instructions.**    Form **8959** (2018)

Case 3:22-cv-00107-CDL     Document 113     Filed 10/28/22     Page 57 of 163

AMENDED

Form **8960**

Department of the Treasury
Internal Revenue Service (99)

# Net Investment Income Tax -
# Individuals, Estates, and Trusts

▶ **Attach to your tax return.**
▶ Go to www.irs.gov/Form8960 for instructions and the latest information.

OMB No. 1545-2227

**2018**

Attachment
Sequence No. **72**

| Name(s) shown on your tax return | Your social security number or EIN |
|---|---|
| TONY D. & ELIZABETH A. TOWNLEY | |

## Part I   Investment Income

- ☐ Section 6013(g) election (see instructions)
- ☐ Section 6013(h) election (see instructions)
- ☐ Regulations section 1.1411-10(g) election (see instructions)

| | | | | |
|---|---|---|---|---|
| 1 | Taxable interest (see instructions) | | **1** | 2,501,137. |
| 2 | Ordinary dividends (see instructions) | | **2** | 126,700. |
| 3 | Annuities (see instructions) | | **3** | |
| 4a | Rental real estate, royalties, partnerships, S corporations, trusts, etc. (see instructions) | **4a** 38,228,197. | | |
| b | Adjustment for net income or loss derived in the ordinary course of a non-section 1411 trade or business (see instructions)   STATEMENT 32 | **4b** -38,320,078. | | |
| c | Combine lines 4a and 4b | | **4c** | -91,881. |
| 5a | Net gain or loss from disposition of property (see instructions) | **5a** 1,420,869. | | |
| b | Net gain or loss from disposition of property that is not subject to net investment income tax (see instructions) | **5b** -602,215. | | |
| c | Adjustment from disposition of partnership interest or S corporation stock (see instructions) | **5c** | | |
| d | Combine lines 5a through 5c | | **5d** | 818,654. |
| 6 | Adjustments to investment income for certain CFCs and PFICs (see instructions) | | **6** | |
| 7 | Other modifications to investment income (see instructions)   SEE STATEMENT 33 | | **7** | 42,100. |
| 8 | Total investment income. Combine lines 1, 2, 3, 4c, 5d, 6, and 7 | | **8** | 3,396,710. |

## Part II   Investment Expenses Allocable to Investment Income and Modifications

| | | | | |
|---|---|---|---|---|
| 9a | Investment interest expenses (see instructions) | **9a** | | |
| b | State, local, and foreign income tax (see instructions) | **9b** 10,000. | | |
| c | Miscellaneous investment expenses (see instructions) | **9c** | | |
| d | Add lines 9a, 9b, and 9c | | **9d** | 10,000. |
| 10 | Additional modifications (see instructions) | | **10** | |
| 11 | Total deductions and modifications. Add lines 9d and 10 | | **11** | 10,000. |

## Part III   Tax Computation

| | | | | |
|---|---|---|---|---|
| 12 | Net investment income. Subtract Part II, line 11, from Part I, line 8. Individuals, complete lines 13-17. Estates and trusts, complete lines 18a-21. If zero or less, enter -0- | | **12** | 3,386,710. |
| | **Individuals:** | | | |
| 13 | Modified adjusted gross income (see instructions) | **13** 44,318,207. | | |
| 14 | Threshold based on filing status (see instructions) | **14** 250,000. | | |
| 15 | Subtract line 14 from line 13. If zero or less, enter -0- | **15** 44,068,207. | | |
| 16 | Enter the smaller of line 12 or line 15 | | **16** | 3,386,710. |
| 17 | Net investment income tax for individuals. Multiply line 16 by 3.8% (0.038). **Enter here and include on your tax return** (see instructions) | | **17** | 128,695. |
| | **Estates and Trusts:** | | | |
| 18a | Net investment income (line 12 above) | **18a** | | |
| b | Deductions for distributions of net investment income and deductions under section 642(c) (see instructions) | **18b** | | |
| c | Undistributed net investment income. Subtract line 18b from 18a (see instructions). If zero or less, enter -0- | **18c** | | |
| 19a | Adjusted gross income (see instructions) | **19a** | | |
| b | Highest tax bracket for estates and trusts for the year (see instructions) | **19b** | | |
| c | Subtract line 19b from line 19a. If zero or less, enter -0- | **19c** | | |
| 20 | Enter the smaller of line 18c or line 19c | | **20** | |
| 21 | Net investment income tax for estates and trusts. Multiply line 20 by 3.8% (0.038). **Enter here and include on your tax return** (see instructions) | | **21** | |

LHA   **For Paperwork Reduction Act Notice, see your tax return instructions.**

Form **8960** (2018)

823121  01-09-19

AMENDED

Form **8582**

Department of the Treasury
Internal Revenue Service  (99)

# Passive Activity Loss Limitations

▶ See separate instructions.
▶ Attach to Form 1040 or Form 1041.
▶ Go to www.irs.gov/Form8582 for instructions and the latest information.

OMB No. 1545-1008

**2018**

Attachment
Sequence No. **88**

Name(s) shown on return

TONY D. & ELIZABETH A. TOWNLEY

Identifying number

| Part I | 2018 Passive Activity Loss | **Caution:** Complete Worksheets 1, 2, and 3 before completing Part I. |
|---|---|---|

**Rental Real Estate Activities With Active Participation** (For the definition of active participation, see
**Special Allowance for Rental Real Estate Activities** in the instructions.)

| | | | | |
|---|---|---|---|---|
| **1a** Activities with net income (enter the amount from Worksheet 1, column (a)) | **1a** | 198,891. | | |
| **b** Activities with net loss (enter the amount from Worksheet 1, column (b)) | **1b** | ( 191,333.) | | |
| **c** Prior years' unallowed losses (enter the amount from Worksheet 1, column (c)) | **1c** | ( ) | | |
| **d** Combine lines 1a, 1b, and 1c | | | **1d** | 7,558. |

**Commercial Revitalization Deductions From Rental Real Estate Activities**

| | | | | |
|---|---|---|---|---|
| **2a** Commercial revitalization deductions from Worksheet 2, column (a) | **2a** | | | |
| **b** Prior year unallowed commercial revitalization deductions from Worksheet 2, column (b) | **2b** | ( ) | | |
| **c** Add lines 2a and 2b | | | **2c** | ( ) |

**All Other Passive Activities**

| | | | | |
|---|---|---|---|---|
| **3a** Activities with net income (enter the amount from Worksheet 3, column (a)) | **3a** | 481. | | |
| **b** Activities with net loss (enter the amount from Worksheet 3, column (b)) | **3b** | ( ) | | |
| **c** Prior years' unallowed losses (enter the amount from Worksheet 3, column (c)) | **3c** | ( 14,707.) | | |
| **d** Combine lines 3a, 3b, and 3c | | | **3d** | -14,226. |
| **4** Combine lines 1d, 2c, and 3d. If this line is zero or more, stop here and include this form with your return; all losses are allowed, including any prior year unallowed losses entered on line 1c, 2b, or 3c. Report the losses on the forms and schedules normally used | | | **4** | -6,668. |

If line 4 is a loss and:  • Line 1d is a loss, go to Part II.
• Line 2c is a loss (and line 1d is zero or more), skip Part II and go to Part III.
• Line 3d is a loss (and lines 1d and 2c are zero or more), skip Parts II and III and go to line 15.

**Caution:** If your filing status is married filing separately and you lived with your spouse at any time during the year, **do not** complete Part II or Part III. Instead, go to line 15.

| Part II | Special Allowance for Rental Real Estate Activities With Active Participation |
|---|---|

**Note:** Enter all numbers in Part II as positive amounts. See instructions for an example.

| | | | | |
|---|---|---|---|---|
| **5** Enter the **smaller** of the loss on line 1d or the loss on line 4 | | | **5** | |
| **6** Enter $150,000. If married filing separately, see instructions | **6** | | | |
| **7** Enter modified adjusted gross income, but not less than zero (see instructions) | **7** | | | |
| **Note:** If line 7 is greater than or equal to line 6, skip lines 8 and 9, enter -0- on line 10. Otherwise, go to line 8. | | | | |
| **8** Subtract line 7 from line 6 | **8** | | | |
| **9** Multiply line 8 by 50% (0.50). **Do not** enter more than $25,000. If married filing separately, see instructions | | | **9** | |
| **10** Enter the **smaller** of line 5 or line 9 | | | **10** | |

If line 2c is a loss, go to Part III. Otherwise, go to line 15.

| Part III | Special Allowance for Commercial Revitalization Deductions From Rental Real Estate Activities |
|---|---|

**Note:** Enter all numbers in Part III as positive amounts. See the example for Part II in the instructions.

| | | | | |
|---|---|---|---|---|
| **11** Enter $25,000 reduced by the amount, if any, on line 10. If married filing separately, see instructions | | | **11** | |
| **12** Enter the loss from line 4 | | | **12** | |
| **13** Reduce line 12 by the amount on line 10 | | | **13** | |
| **14** Enter the **smallest** of line 2c (treated as a positive amount), line 11, or line 13 | | | **14** | |

| Part IV | Total Losses Allowed |
|---|---|

| | | | | |
|---|---|---|---|---|
| **15** Add the income, if any, on lines 1a and 3a and enter the total | | | **15** | 199,372. |
| **16** **Total losses allowed from all passive activities for 2018.** Add lines 10, 14,  and 15. See instructions to find out how to report the losses on your tax return    SEE STATEMENT 43 | | | **16** | 199,372. |

LHA  819761 01-09-19  **For Paperwork Reduction Act Notice, see instructions.**

Form **8582** (2018)

AMENDED

Form 8582 (2018)  TONY D. & ELIZABETH A. TOWNLEY                                Page **2**

**Caution:** The worksheets must be filed with your tax return. Keep a copy for your records.

### Worksheet 1 - For Form 8582, Lines 1a, 1b, and 1c  (See instructions.)

| Name of activity | Current year | | Prior years | Overall gain or loss | |
| --- | --- | --- | --- | --- | --- |
| | (a) Net income (line 1a) | (b) Net loss (line 1b) | (c) Unallowed loss (line 1c) | (d) Gain | (e) Loss |
| | | | | | |
| | | | | | |
| | | | | | |
| | SEE ATTACHED STATEMENT FOR WORKSHEET 1 | | | | |
| **Total. Enter on Form 8582, lines 1a, 1b, and 1c** ▶ | 198,891. | -191,333. | | | |

### Worksheet 2 - For Form 8582, Lines 2a and 2b  (See instructions.)

| Name of activity | (a) Current year deductions (line 2a) | (b) Prior year unallowed deductions (line 2b) | (c) Overall loss |
| --- | --- | --- | --- |
| | | | |
| | | | |
| | | | |
| **Total. Enter on Form 8582, lines 2a and 2b** ▶ | | | |

### Worksheet 3 - For Form 8582, Lines 3a, 3b, and 3c  (See instructions.)

| Name of activity | Current year | | Prior years | Overall gain or loss | |
| --- | --- | --- | --- | --- | --- |
| | (a) Net income (line 3a) | (b) Net loss (line 3b) | (c) Unallowed loss (line 3c) | (d) Gain | (e) Loss |
| | | | | | |
| | | | | | |
| | | | | | |
| | SEE ATTACHED STATEMENT FOR WORKSHEET 3 | | | | |
| **Total. Enter on Form 8582, lines 3a, 3b, and 3c** ▶ | 481. | | -14,707. | | |

### Worksheet 4 - Use this worksheet if an amount is shown on Form 8582, line 10 or 14  (See instructions.)

| Name of activity | Form or schedule and line number to be reported on (see instructions) | (a) Loss | (b) Ratio | (c) Special allowance | (d) Subtract column (c) from column (a) |
| --- | --- | --- | --- | --- | --- |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| **Total** ▶ | | | | | |

### Worksheet 5 - Allocation of Unallowed Losses  (See instructions.)

| Name of activity | Form or schedule and line number to be reported on (see instructions) | (a) Loss | (b) Ratio | (c) Unallowed loss |
| --- | --- | --- | --- | --- |
| | | | | |
| | | | | |
| | | | | |
| | SEE ATTACHED STATEMENT FOR WORKSHEET 5 | | | |
| **Total** ▶ | | 113,678. | 1.000000000 | 6,668. |

819762  01-09-19                                                    Form **8582** (2018)

Case 3:22-cv-00107-CDL    Document 113    Filed 10/28/22    Page 60 of 163

Form 8582 (2018)  TONY D. & ELIZABETH A. TOWNLEY                                                    Page **3**

## Worksheet 6 - Allowed Losses (See instructions.)

| Name of activity | Form or schedule and line number to be reported on (see instructions) | (a) Loss | (b) Unallowed loss | (c) Allowed loss |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |
| | SEE ATTACHED STATEMENT FOR WORKSHEET 6 | | | |
| Total ▶ | | 14,707. | 835. | 13,872. |

## Worksheet 7 - Activities With Losses Reported on Two or More Forms or Schedules (See instructions.)

| Name of activity: | (a) | (b) | (c) Ratio | (d) Unallowed loss | (e) Allowed loss |
|---|---|---|---|---|---|
| **Form or schedule and line number to be reported on (see instructions):** .......... | | | | | |
| **1a** Net loss plus prior year unallowed loss from form or schedule ............ ▶ | | | | | |
| **b** Net income from form or schedule ............ ▶ | | | | | |
| **c** Subtract line 1b from line 1a. If zero or less, enter -0- ............ ▶ | | | | | |
| **Form or schedule and line number to be reported on (see instructions):** .......... | | | | | |
| **1a** Net loss plus prior year unallowed loss from form or schedule ............ ▶ | | | | | |
| **b** Net income from form or schedule ............ ▶ | | | | | |
| **c** Subtract line 1b from line 1a. If zero or less, enter -0- ............ ▶ | | | | | |
| **Form or schedule and line number to be reported on (see instructions):** .......... | | | | | |
| **1a** Net loss plus prior year unallowed loss from form or schedule ............ ▶ | | | | | |
| **b** Net income from form or schedule ............ ▶ | SEE ATTACHED STATEMENT FOR WORKSHEET 7 | | | | |
| **c** Subtract line 1b from line 1a. If zero or less, enter -0- ............ ▶ | OVERALL | | | | |
| Total ............ ▶ | 191,333. | 1.0000000 | | 5,833. | 185,500. |

Form **8582** (2018)

819763  01-09-19

**AMENDED**
ALTERNATIVE MINIMUM TAX

Form **8582**

Department of the Treasury
Internal Revenue Service   (99)

## Passive Activity Loss Limitations

▶ See separate instructions.
▶ Attach to Form 1040 or Form 1041.
▶ Go to www.irs.gov/Form8582 for instructions and the latest information.

OMB No. 1545-1008

**2018**

Attachment
Sequence No. **88**

Name(s) shown on return

TONY D. & ELIZABETH A. TOWNLEY

Identifying number

| Part I | 2018 Passive Activity Loss | Caution: Complete Worksheets 1, 2, and 3 before completing Part I. |
|---|---|---|

**Rental Real Estate Activities With Active Participation** (For the definition of active participation, see
**Special Allowance for Rental Real Estate Activities** in the instructions.)

| | | | |
|---|---|---|---|
| **1a** Activities with net income (enter the amount from Worksheet 1, column (a)) | **1a** | 198,891. | |
| **b** Activities with net loss (enter the amount from Worksheet 1, column (b)) | **1b** | ( 191,455.) | |
| **c** Prior years' unallowed losses (enter the amount from Worksheet 1, column (c)) | **1c** | ( ) | |
| **d** Combine lines 1a, 1b, and 1c | | **1d** | 7,436. |

**Commercial Revitalization Deductions From Rental Real Estate Activities**

| | | | |
|---|---|---|---|
| **2a** Commercial revitalization deductions from Worksheet 2, column (a) | **2a** | ( ) | |
| **b** Prior year unallowed commercial revitalization deductions from Worksheet 2, column (b) | **2b** | ( ) | |
| **c** Add lines 2a and 2b | | **2c** | ( ) |

**All Other Passive Activities**

| | | | |
|---|---|---|---|
| **3a** Activities with net income (enter the amount from Worksheet 3, column (a)) | **3a** | 481. | |
| **b** Activities with net loss (enter the amount from Worksheet 3, column (b)) | **3b** | ( ) | |
| **c** Prior years' unallowed losses (enter the amount from Worksheet 3, column (c)) | **3c** | ( 4,879.) | |
| **d** Combine lines 3a, 3b, and 3c | | **3d** | -4,398. |

**4** Combine lines 1d, 2c, and 3d. If this line is zero or more, stop here and include this form with your return; all
losses are allowed, including any prior year unallowed losses entered on line 1c, 2b, or 3c. Report the losses on
the forms and schedules normally used | **4** | 3,038. |

If line 4 is a loss and:  • Line 1d is a loss, go to Part II.
• Line 2c is a loss (and line 1d is zero or more), skip Part II and go to Part III.
• Line 3d is a loss (and lines 1d and 2c are zero or more), skip Parts II and III and go to line 15.

**Caution:** If your filing status is married filing separately and you lived with your spouse at any time during the year, **do not** complete
Part II or Part III. Instead, go to line 15.

| Part II | Special Allowance for Rental Real Estate Activities With Active Participation |
|---|---|

**Note:** Enter all numbers in Part II as positive amounts. See instructions for an example.

| | | | |
|---|---|---|---|
| **5** Enter the **smaller** of the loss on line 1d or the loss on line 4 | | **5** | |
| **6** Enter $150,000. If married filing separately, see instructions | **6** | | |
| **7** Enter modified adjusted gross income, but not less than zero (see instructions) | **7** | | |
| **Note:** If line 7 is greater than or equal to line 6, skip lines 8 and 9, enter -0- on line 10. Otherwise, go to line 8. | | | |
| **8** Subtract line 7 from line 6 | **8** | | |
| **9** Multiply line 8 by 50% (0.50). **Do not** enter more than $25,000. If married filing separately, see instructions | | **9** | |
| **10** Enter the **smaller** of line 5 or line 9 | | **10** | |

If line 2c is a loss, go to Part III. Otherwise, go to line 15.

| Part III | Special Allowance for Commercial Revitalization Deductions From Rental Real Estate Activities |
|---|---|

**Note:** Enter all numbers in Part III as positive amounts. See the example for Part II in the instructions.

| | | | |
|---|---|---|---|
| **11** Enter $25,000 reduced by the amount, if any, on line 10. If married filing separately, see instructions | | **11** | |
| **12** Enter the loss from line 4 | | **12** | |
| **13** Reduce line 12 by the amount on line 10 | | **13** | |
| **14** Enter the **smallest** of line 2c (treated as a positive amount), line 11, or line 13 | | **14** | |

| Part IV | Total Losses Allowed |
|---|---|

| | | | |
|---|---|---|---|
| **15** Add the income, if any, on lines 1a and 3a and enter the total | | **15** | |
| **16** **Total losses allowed from all passive activities for 2018.** Add lines 10, 14, and 15. See instructions to find out how to report the losses on your tax return | | **16** | |

LHA   819761 01-09-19   **For Paperwork Reduction Act Notice, see instructions.**   Form **8582** (2018)

Case 3:22-cv-00107-CDL    Document 13    Filed 10/28/22    Page 62 of 163

AMENDED
ALTERNATIVE MINIMUM TAX

Form 8582 (2018)  TONY D. & ELIZABETH A. TOWNLEY                                    Page **2**

**Caution:** The worksheets must be filed with your tax return. Keep a copy for your records.

### Worksheet 1 - For Form 8582, Lines 1a, 1b, and 1c (See instructions.)

| Name of activity | Current year | | | Overall gain or loss | |
| | (a) Net income (line 1a) | (b) Net loss (line 1b) | (c) Unallowed loss (line 1c) | (d) Gain | (e) Loss |
|---|---|---|---|---|---|
| | | | | | |
| | | | | | |
| | | | | | |
| SEE ATTACHED STATEMENT FOR WORKSHEET 1 | | | | | |
| Total. Enter on Form 8582, lines 1a, 1b, and 1c ▶ | 198,891. | -191,455. | | | |

### Worksheet 2 - For Form 8582, Lines 2a and 2b (See instructions.)

| Name of activity | (a) Current year deductions (line 2a) | (b) Prior year unallowed deductions (line 2b) | (c) Overall loss |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| Total. Enter on Form 8582, lines 2a and 2b ▶ | | | |

### Worksheet 3 - For Form 8582, Lines 3a, 3b, and 3c (See instructions.)

| Name of activity | Current year | | | Overall gain or loss | |
| | (a) Net income (line 3a) | (b) Net loss (line 3b) | (c) Unallowed loss (line 3c) | (d) Gain | (e) Loss |
|---|---|---|---|---|---|
| | | | | | |
| | | | | | |
| | | | | | |
| SEE ATTACHED STATEMENT FOR WORKSHEET 3 | | | | | |
| Total. Enter on Form 8582, lines 3a, 3b, and 3c ▶ | 481. | | -4,879. | | |

### Worksheet 4 - Use this worksheet if an amount is shown on Form 8582, line 10 or 14 (See instructions.)

| Name of activity | Form or schedule and line number to be reported on (see instructions) | (a) Loss | (b) Ratio | (c) Special allowance | (d) Subtract column (c) from column (a) |
|---|---|---|---|---|---|
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| Total ▶ | | | | | |

### Worksheet 5 - Allocation of Unallowed Losses (See instructions.)

| Name of activity | Form or schedule and line number to be reported on (see instructions) | (a) Loss | (b) Ratio | (c) Unallowed loss |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| Total ▶ | | | | |

819762 01-09-19                                                                Form **8582** (2018)

AMENDED

| Form **4562** | **Depreciation and Amortization**<br>**(Including Information on Listed Property)**<br>▶ **Attach to your tax return.**  SCHEDULE E- 1<br>▶ **Go to www.irs.gov/Form4562 for instructions and the latest information.** | OMB No. 1545-0172<br>**2018**<br>Attachment<br>Sequence No. **179** |
|---|---|---|
| Department of the Treasury<br>Internal Revenue Service  (99) | | |

| Name(s) shown on return | Business or activity to which this form relates | Identifying number |
|---|---|---|
| TONY D. & ELIZABETH A. TOWNLEY | EAT HOLDINGS, LLC - 755 NORTH HWY 29, ATHENS, GA | |

**Part I**  Election To Expense Certain Property Under Section 179  **Note:** If you have any listed property, complete Part V before you complete Part I.

| | | | |
|---|---|---|---|
| 1 | Maximum amount (see instructions) | **1** | |
| 2 | Total cost of section 179 property placed in service (see instructions) | **2** | |
| 3 | Threshold cost of section 179 property before reduction in limitation | **3** | |
| 4 | Reduction in limitation. Subtract line 3 from line 2. If zero or less, enter -0- | **4** | |
| 5 | Dollar limitation for tax year. Subtract line 4 from line 1. If zero or less, enter -0-. If married filing separately, see instructions | **5** | |

| 6 | (a) Description of property | (b) Cost (business use only) | (c) Elected cost | |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |

| | | | |
|---|---|---|---|
| 7 | Listed property. Enter the amount from line 29 | **7** | |
| 8 | Total elected cost of section 179 property. Add amounts in column (c), lines 6 and 7 | **8** | |
| 9 | Tentative deduction. Enter the **smaller** of line 5 or line 8 | **9** | |
| 10 | Carryover of disallowed deduction from line 13 of your 2017 Form 4562 | **10** | |
| 11 | Business income limitation. Enter the smaller of business income (not less than zero) or line 5 | **11** | |
| 12 | Section 179 expense deduction. Add lines 9 and 10, but don't enter more than line 11 | **12** | |
| 13 | Carryover of disallowed deduction to 2019. Add lines 9 and 10, less line 12 ▶ | **13** | |

**Note:** Don't use Part II or Part III below for listed property. Instead, use Part V.

**Part II**  Special Depreciation Allowance and Other Depreciation (Don't include listed property.)

| | | | |
|---|---|---|---|
| 14 | Special depreciation allowance for qualified property (other than listed property) placed in service during the tax year | **14** | |
| 15 | Property subject to section 168(f)(1) election | **15** | |
| 16 | Other depreciation (including ACRS) | **16** | |

**Part III**  MACRS Depreciation (Don't include listed property. See instructions.)

**Section A**

| | | | |
|---|---|---|---|
| 17 | MACRS deductions for assets placed in service in tax years beginning before 2018 | **17** | |
| 18 | If you are electing to group any assets placed in service during the tax year into one or more general asset accounts, check here ▶ ☐ | | |

**Section B - Assets Placed in Service During 2018 Tax Year Using the General Depreciation System**

| (a) Classification of property | (b) Month and year placed in service | (c) Basis for depreciation (business/investment use only - see instructions) | (d) Recovery period | (e) Convention | (f) Method | (g) Depreciation deduction |
|---|---|---|---|---|---|---|
| 19a  3-year property | | | | | | |
| b  5-year property | | | | | | |
| c  7-year property | | | | | | |
| d  10-year property | | | | | | |
| e  15-year property | | | | | | |
| f  20-year property | | | | | | |
| g  25-year property | | | 25 yrs. | | S/L | |
| h  Residential rental property | / | | 27.5 yrs. | MM | S/L | |
| | / | | 27.5 yrs. | MM | S/L | |
| i  Nonresidential real property | / | | 39 yrs. | MM | S/L | |
| | / | | | MM | S/L | |

**Section C - Assets Placed in Service During 2018 Tax Year Using the Alternative Depreciation System**

| | | | | | | |
|---|---|---|---|---|---|---|
| 20a  Class life | | | | | S/L | |
| b  12-year | | | 12 yrs. | | S/L | |
| c  30-year | / | | 30 yrs. | MM | S/L | |
| d  40-year | / | | 40 yrs. | MM | S/L | |

**Part IV**  Summary (See instructions.)

| | | | |
|---|---|---|---|
| 21 | Listed property. Enter amount from line 28 | **21** | |
| 22 | **Total.** Add amounts from line 12, lines 14 through 17, lines 19 and 20 in column (g), and line 21. Enter here and on the appropriate lines of your return. Partnerships and S corporations - see instr. | **22** | 0. |
| 23 | For assets shown above and placed in service during the current year, enter the portion of the basis attributable to section 263A costs | **23** | |

816251  12-26-18    LHA    **For Paperwork Reduction Act Notice, see separate instructions.**    Form **4562** (2018)

**AMENDED**

Form 4562 (2018)　　　　TONY D. & ELIZABETH A. TOWNLEY　　　　　　　　　　　　　　　　　　Page **2**

| **Part V** | **Listed Property** (Include automobiles, certain other vehicles, certain aircraft, and property used for entertainment, recreation, or amusement.) |
|---|---|

**Note:** For any vehicle for which you are using the standard mileage rate or deducting lease expense, complete **only** 24a, 24b, columns (a) through (c) of Section A, all of Section B, and Section C if applicable.

**Section A - Depreciation and Other Information (Caution:** See the instructions for limits for passenger automobiles.)

**24a** Do you have evidence to support the business/investment use claimed? ☐ Yes ☐ No　**24b** If "Yes," is the evidence written? ☐ Yes ☐ No

| (a) Type of property (list vehicles first) | (b) Date placed in service | (c) Business/ investment use percentage | (d) Cost or other basis | (e) Basis for depreciation (business/investment use only) | (f) Recovery period | (g) Method/ Convention | (h) Depreciation deduction | (i) Elected section 179 cost |
|---|---|---|---|---|---|---|---|---|
| **25** Special depreciation allowance for qualified listed property placed in service during the tax year and used more than 50% in a qualified business use | | | | | **25** | | | |
| **26** Property used more than 50% in a qualified business use: | | | | | | | | |
| | : : | % | | | | | | |
| | : : | % | | | | | | |
| | : : | % | | | | | | |
| **27** Property used 50% or less in a qualified business use: | | | | | | | | |
| | : : | % | | | S/L - | | | |
| | : : | % | | | S/L - | | | |
| | : : | % | | | S/L - | | | |
| **28** Add amounts in column (h), lines 25 through 27. Enter here and on line 21, page 1 | | | | | **28** | | | |
| **29** Add amounts in column (i), line 26. Enter here and on line 7, page 1 | | | | | | | **29** | |

**Section B - Information on Use of Vehicles**

Complete this section for vehicles used by a sole proprietor, partner, or other "more than 5% owner," or related person. If you provided vehicles to your employees, first answer the questions in Section C to see if you meet an exception to completing this section for those vehicles.

| | (a) Vehicle | | (b) Vehicle | | (c) Vehicle | | (d) Vehicle | | (e) Vehicle | | (f) Vehicle | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **30** Total business/investment miles driven during the year (**don't** include commuting miles) | | | | | | | | | | | | |
| **31** Total commuting miles driven during the year | | | | | | | | | | | | |
| **32** Total other personal (noncommuting) miles driven | | | | | | | | | | | | |
| **33** Total miles driven during the year. Add lines 30 through 32 | | | | | | | | | | | | |
| **34** Was the vehicle available for personal use during off-duty hours? | Yes | No | Yes | No | Yes | No | Yes | No | Yes | No | Yes | No |
| **35** Was the vehicle used primarily by a more than 5% owner or related person? | | | | | | | | | | | | |
| **36** Is another vehicle available for personal use? | | | | | | | | | | | | |

**Section C - Questions for Employers Who Provide Vehicles for Use by Their Employees**

Answer these questions to determine if you meet an exception to completing Section B for vehicles used by employees who **aren't** more than 5% owners or related persons.

| | Yes | No |
|---|---|---|
| **37** Do you maintain a written policy statement that prohibits all personal use of vehicles, including commuting, by your employees? | | |
| **38** Do you maintain a written policy statement that prohibits personal use of vehicles, except commuting, by your employees? See the instructions for vehicles used by corporate officers, directors, or 1% or more owners | | |
| **39** Do you treat all use of vehicles by employees as personal use? | | |
| **40** Do you provide more than five vehicles to your employees, obtain information from your employees about the use of the vehicles, and retain the information received? | | |
| **41** Do you meet the requirements concerning qualified automobile demonstration use? | | |

**Note:** If your answer to 37, 38, 39, 40, or 41 is "Yes," don't complete Section B for the covered vehicles.

| **Part VI** | **Amortization** |
|---|---|

| (a) Description of costs | (b) Date amortization begins | (c) Amortizable amount | (d) Code section | (e) Amortization period or percentage | (f) Amortization for this year |
|---|---|---|---|---|---|
| **42** Amortization of costs that begins during your 2018 tax year: | | | | | |
| | : : | | | | |
| | : : | | | | |
| **43** Amortization of costs that began before your 2018 tax year | | | | **43** | |
| **44** **Total.** Add amounts in column (f). See the instructions for where to report | | | | **44** | |

816252  12-26-18　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Form **4562** (2018)

AMENDED

| Form **4562** | **Depreciation and Amortization**<br>**(Including Information on Listed Property)**<br>▶ Attach to your tax return.  SCHEDULE F- 1<br>▶ Go to www.irs.gov/Form4562 for instructions and the latest information. | OMB No. 1545-0172 |
|---|---|---|
| Department of the Treasury<br>Internal Revenue Service   (99) | | **2018**<br>Attachment<br>Sequence No. **179** |

| Name(s) shown on return | Business or activity to which this form relates | Identifying number |
|---|---|---|
| TONY D. & ELIZABETH A. TOWNLEY | LOG CREEK TRUST | |

### Part I   Election To Expense Certain Property Under Section 179 Note: If you have any listed property, complete Part V before you complete Part I.

| | | |
|---|---|---|
| 1 | Maximum amount (see instructions) | 1 | |
| 2 | Total cost of section 179 property placed in service (see instructions) | 2 | |
| 3 | Threshold cost of section 179 property before reduction in limitation | 3 | |
| 4 | Reduction in limitation. Subtract line 3 from line 2. If zero or less, enter -0- | 4 | |
| 5 | Dollar limitation for tax year. Subtract line 4 from line 1. If zero or less, enter -0-. If married filing separately, see instructions | 5 | |

| 6 | (a) Description of property | (b) Cost (business use only) | (c) Elected cost |
|---|---|---|---|
| | | | |
| | | | |
| | | | |

| | | | |
|---|---|---|---|
| 7 | Listed property. Enter the amount from line 29 | 7 | |
| 8 | Total elected cost of section 179 property. Add amounts in column (c), lines 6 and 7 | 8 | |
| 9 | Tentative deduction. Enter the **smaller** of line 5 or line 8 | 9 | |
| 10 | Carryover of disallowed deduction from line 13 of your 2017 Form 4562 | 10 | |
| 11 | Business income limitation. Enter the smaller of business income (not less than zero) or line 5 | 11 | |
| 12 | Section 179 expense deduction. Add lines 9 and 10, but don't enter more than line 11 | 12 | |
| 13 | Carryover of disallowed deduction to 2019. Add lines 9 and 10, less line 12   ▶ | 13 | |

**Note:** Don't use Part II or Part III below for listed property. Instead, use Part V.

### Part II   Special Depreciation Allowance and Other Depreciation (Don't include listed property.)

| | | |
|---|---|---|
| 14 | Special depreciation allowance for qualified property (other than listed property) placed in service during the tax year | 14 | |
| 15 | Property subject to section 168(f)(1) election | 15 | |
| 16 | Other depreciation (including ACRS) | 16 | |

### Part III   MACRS Depreciation (Don't include listed property. See instructions.)

#### Section A

| | | |
|---|---|---|
| 17 | MACRS deductions for assets placed in service in tax years beginning before 2018 | 17 | |
| 18 | If you are electing to group any assets placed in service during the tax year into one or more general asset accounts, check here   ▶ ☐ | | |

#### Section B - Assets Placed in Service During 2018 Tax Year Using the General Depreciation System

| (a) Classification of property | (b) Month and year placed in service | (c) Basis for depreciation (business/investment use only - see instructions) | (d) Recovery period | (e) Convention | (f) Method | (g) Depreciation deduction |
|---|---|---|---|---|---|---|
| 19a   3-year property | | | | | | |
| b   5-year property | | | | | | |
| c   7-year property | | | | | | |
| d   10-year property | | | | | | |
| e   15-year property | | | | | | |
| f   20-year property | | | | | | |
| g   25-year property | | | 25 yrs. | | S/L | |
| h   Residential rental property | / | | 27.5 yrs. | MM | S/L | |
| | / | | 27.5 yrs. | MM | S/L | |
| i   Nonresidential real property | / | | 39 yrs. | MM | S/L | |
| | / | | | MM | S/L | |

#### Section C - Assets Placed in Service During 2018 Tax Year Using the Alternative Depreciation System

| | | | | | | |
|---|---|---|---|---|---|---|
| 20a   Class life | | | | | S/L | |
| b   12-year | | | 12 yrs. | | S/L | |
| c   30-year | / | | 30 yrs. | MM | S/L | |
| d   40-year | / | | 40 yrs. | MM | S/L | |

### Part IV   Summary (See instructions.)

| | | |
|---|---|---|
| 21 | Listed property. Enter amount from line 28 | 21 | |
| 22 | **Total.** Add amounts from line 12, lines 14 through 17, lines 19 and 20 in column (g), and line 21.<br>Enter here and on the appropriate lines of your return. Partnerships and S corporations - see instr. | 22 | 0. |
| 23 | For assets shown above and placed in service during the current year, enter the portion of the basis attributable to section 263A costs | 23 | |

816251 12-26-18   LHA  **For Paperwork Reduction Act Notice, see separate instructions.**                    Form **4562** (2018)

**AMENDED**

Form 4562 (2018)  **TONY D. & ELIZABETH A. TOWNLEY**  Page **2**

| Part V | Listed Property (Include automobiles, certain other vehicles, certain aircraft, and property used for entertainment, recreation, or amusement.) |
|---|---|

**Note:** For any vehicle for which you are using the standard mileage rate or deducting lease expense, complete **only** 24a, 24b, columns (a) through (c) of Section A, all of Section B, and Section C if applicable.

**Section A - Depreciation and Other Information (Caution:** See the instructions for limits for passenger automobiles.)

24a  Do you have evidence to support the business/investment use claimed? ☐ Yes ☐ No  24b If "Yes," is the evidence written? ☐ Yes ☐ No

| (a) Type of property (list vehicles first) | (b) Date placed in service | (c) Business/ investment use percentage | (d) Cost or other basis | (e) Basis for depreciation (business/investment use only) | (f) Recovery period | (g) Method/ Convention | (h) Depreciation deduction | (i) Elected section 179 cost |
|---|---|---|---|---|---|---|---|---|
| 25 Special depreciation allowance for qualified listed property placed in service during the tax year and used more than 50% in a qualified business use | | | | | 25 | | | |
| 26 Property used more than 50% in a qualified business use: | | | | | | | | |
| | : : | % | | | | | | |
| | : : | % | | | | | | |
| | : : | % | | | | | | |
| 27 Property used 50% or less in a qualified business use: | | | | | | | | |
| | : : | % | | | | S/L - | | |
| | : : | % | | | | S/L - | | |
| | : : | % | | | | S/L - | | |
| 28 Add amounts in column (h), lines 25 through 27. Enter here and on line 21, page 1 | | | | | 28 | | | |
| 29 Add amounts in column (i), line 26. Enter here and on line 7, page 1 | | | | | | | 29 | |

**Section B - Information on Use of Vehicles**

Complete this section for vehicles used by a sole proprietor, partner, or other "more than 5% owner," or related person. If you provided vehicles to your employees, first answer the questions in Section C to see if you meet an exception to completing this section for those vehicles.

| | (a) Vehicle | | (b) Vehicle | | (c) Vehicle | | (d) Vehicle | | (e) Vehicle | | (f) Vehicle | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 30 Total business/investment miles driven during the year (**don't** include commuting miles) | | | | | | | | | | | | |
| 31 Total commuting miles driven during the year | | | | | | | | | | | | |
| 32 Total other personal (noncommuting) miles driven | | | | | | | | | | | | |
| 33 Total miles driven during the year. Add lines 30 through 32 | | | | | | | | | | | | |
| 34 Was the vehicle available for personal use during off-duty hours? | Yes | No | Yes | No | Yes | No | Yes | No | Yes | No | Yes | No |
| 35 Was the vehicle used primarily by a more than 5% owner or related person? | | | | | | | | | | | | |
| 36 Is another vehicle available for personal use? | | | | | | | | | | | | |

**Section C - Questions for Employers Who Provide Vehicles for Use by Their Employees**

Answer these questions to determine if you meet an exception to completing Section B for vehicles used by employees who **aren't** more than 5% owners or related persons.

| | | Yes | No |
|---|---|---|---|
| 37 | Do you maintain a written policy statement that prohibits all personal use of vehicles, including commuting, by your employees? | | |
| 38 | Do you maintain a written policy statement that prohibits personal use of vehicles, except commuting, by your employees? See the instructions for vehicles used by corporate officers, directors, or 1% or more owners | | |
| 39 | Do you treat all use of vehicles by employees as personal use? | | |
| 40 | Do you provide more than five vehicles to your employees, obtain information from your employees about the use of the vehicles, and retain the information received? | | |
| 41 | Do you meet the requirements concerning qualified automobile demonstration use? | | |

**Note:** If your answer to 37, 38, 39, 40, or 41 is "Yes," don't complete Section B for the covered vehicles.

| Part VI | Amortization |
|---|---|

| (a) Description of costs | (b) Date amortization begins | (c) Amortizable amount | (d) Code section | (e) Amortization period or percentage | (f) Amortization for this year |
|---|---|---|---|---|---|
| 42 Amortization of costs that begins during your 2018 tax year: | | | | | |
| | : : | | | | |
| | : : | | | | |
| 43 Amortization of costs that began before your 2018 tax year | | | | 43 | |
| 44 **Total.** Add amounts in column (f). See the instructions for where to report | | | | 44 | |

816252 12-26-18

Form **4562** (2018)

AMENDED

OMB No. 1545-0172

| Form **4562** | **Depreciation and Amortization**<br>**(Including Information on Listed Property)**<br>► Attach to your tax return.  SCHEDULE E- 2<br>► Go to www.irs.gov/Form4562 for instructions and the latest information. | **2018** |
|---|---|---|

Department of the Treasury
Internal Revenue Service   (99)

Attachment
Sequence No. **179**

| Name(s) shown on return | Business or activity to which this form relates | Identifying number |
|---|---|---|
| TONY D. & ELIZABETH A. TOWNLEY | FRAZER CREEK<br>INVESTMENTS, LLC - VARIO | |

**Part I**  Election To Expense Certain Property Under Section 179  **Note:** If you have any listed property, complete Part V before you complete Part I.

| | | |
|---|---|---|
| 1 | Maximum amount (see instructions) | **1** |
| 2 | Total cost of section 179 property placed in service (see instructions) | **2** |
| 3 | Threshold cost of section 179 property before reduction in limitation | **3** |
| 4 | Reduction in limitation. Subtract line 3 from line 2. If zero or less, enter -0- | **4** |
| 5 | Dollar limitation for tax year. Subtract line 4 from line 1. If zero or less, enter -0-. If married filing separately, see instructions | **5** |

| 6 | (a) Description of property | (b) Cost (business use only) | (c) Elected cost | |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |

| | | |
|---|---|---|
| 7 | Listed property. Enter the amount from line 29 ... **7** | |
| 8 | Total elected cost of section 179 property. Add amounts in column (c), lines 6 and 7 | **8** |
| 9 | Tentative deduction. Enter the **smaller** of line 5 or line 8 | **9** |
| 10 | Carryover of disallowed deduction from line 13 of your 2017 Form 4562 | **10** |
| 11 | Business income limitation. Enter the smaller of business income (not less than zero) or line 5 | **11** |
| 12 | Section 179 expense deduction. Add lines 9 and 10, but don't enter more than line 11 | **12** |
| 13 | Carryover of disallowed deduction to 2019. Add lines 9 and 10, less line 12 ... ► **13** | |

**Note:** Don't use Part II or Part III below for listed property. Instead, use Part V.

**Part II**  Special Depreciation Allowance and Other Depreciation (Don't include listed property.)

| | | |
|---|---|---|
| 14 | Special depreciation allowance for qualified property (other than listed property) placed in service during the tax year | **14** |
| 15 | Property subject to section 168(f)(1) election | **15** |
| 16 | Other depreciation (including ACRS) | **16** |

**Part III**  MACRS Depreciation (Don't include listed property. See instructions.)

**Section A**

| | | | |
|---|---|---|---|
| 17 | MACRS deductions for assets placed in service in tax years beginning before 2018 | **17** | 158,305. |
| 18 | If you are electing to group any assets placed in service during the tax year into one or more general asset accounts, check here ► | | |

**Section B - Assets Placed in Service During 2018 Tax Year Using the General Depreciation System**

| (a) Classification of property | (b) Month and year placed in service | (c) Basis for depreciation (business/investment use only - see instructions) | (d) Recovery period | (e) Convention | (f) Method | (g) Depreciation deduction |
|---|---|---|---|---|---|---|
| 19a  3-year property | | | | | | |
| b  5-year property | | | | | | |
| c  7-year property | | | | | | |
| d  10-year property | | | | | | |
| e  15-year property | | | | | | |
| f  20-year property | | | | | | |
| g  25-year property | | | 25 yrs. | | S/L | |
| h  Residential rental property | / | STATEMENT 47 | 27.5 yrs. | MM | S/L | 17,028. |
| | / | | 27.5 yrs. | MM | S/L | |
| i  Nonresidential real property | / | | 39 yrs. | MM | S/L | |
| | / | | | MM | S/L | |

**Section C - Assets Placed in Service During 2018 Tax Year Using the Alternative Depreciation System**

| | | | | | | |
|---|---|---|---|---|---|---|
| 20a  Class life | | | | | S/L | |
| b  12-year | | | 12 yrs. | | S/L | |
| c  30-year | / | | 30 yrs. | MM | S/L | |
| d  40-year | / | | 40 yrs. | MM | S/L | |

**Part IV**  Summary (See instructions.)

| | | |
|---|---|---|
| 21 | Listed property. Enter amount from line 28 | **21** |
| 22 | **Total.** Add amounts from line 12, lines 14 through 17, lines 19 and 20 in column (g), and line 21. Enter here and on the appropriate lines of your return. Partnerships and S corporations - see instr. | **22**  175,333. |
| 23 | For assets shown above and placed in service during the current year, enter the portion of the basis attributable to section 263A costs | **23** |

816251  12-26-18   LHA  **For Paperwork Reduction Act Notice, see separate instructions.**

**AMENDED**

Form 4562 (2018)    **TONY D. & ELIZABETH A. TOWNLEY**    Page **2**

| Part V | Listed Property (Include automobiles, certain other vehicles, certain aircraft, and property used for entertainment, recreation, or amusement.) |
|---|---|

**Note:** For any vehicle for which you are using the standard mileage rate or deducting lease expense, complete **only** 24a, 24b, columns (a) through (c) of Section A, all of Section B, and Section C if applicable.

**Section A - Depreciation and Other Information (Caution:** See the instructions for limits for passenger automobiles.)

24a Do you have evidence to support the business/investment use claimed?  ☐ Yes  ☐ No  24b If "Yes," is the evidence written?  ☐ Yes  ☐ No

| (a)<br>Type of property<br>(list vehicles first) | (b)<br>Date placed in service | (c)<br>Business/investment use percentage | (d)<br>Cost or other basis | (e)<br>Basis for depreciation (business/investment use only) | (f)<br>Recovery period | (g)<br>Method/Convention | (h)<br>Depreciation deduction | (i)<br>Elected section 179 cost |
|---|---|---|---|---|---|---|---|---|
| 25 Special depreciation allowance for qualified listed property placed in service during the tax year and used more than 50% in a qualified business use | | | | | | **25** | | |
| 26 Property used more than 50% in a qualified business use: | | | | | | | | |
| | : : | % | | | | | | |
| | : : | % | | | | | | |
| | : : | % | | | | | | |
| 27 Property used 50% or less in a qualified business use: | | | | | | | | |
| | : : | % | | | | S/L - | | |
| | : : | % | | | | S/L - | | |
| | : : | % | | | | S/L - | | |
| 28 Add amounts in column (h), lines 25 through 27. Enter here and on line 21, page 1 | | | | | | **28** | | |
| 29 Add amounts in column (i), line 26. Enter here and on line 7, page 1 | | | | | | | **29** | |

**Section B - Information on Use of Vehicles**

Complete this section for vehicles used by a sole proprietor, partner, or other "more than 5% owner," or related person. If you provided vehicles to your employees, first answer the questions in Section C to see if you meet an exception to completing this section for those vehicles.

| | (a)<br>Vehicle | | (b)<br>Vehicle | | (c)<br>Vehicle | | (d)<br>Vehicle | | (e)<br>Vehicle | | (f)<br>Vehicle | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 30 Total business/investment miles driven during the year (**don't** include commuting miles) | | | | | | | | | | | | |
| 31 Total commuting miles driven during the year | | | | | | | | | | | | |
| 32 Total other personal (noncommuting) miles driven | | | | | | | | | | | | |
| 33 Total miles driven during the year. Add lines 30 through 32 | | | | | | | | | | | | |
| 34 Was the vehicle available for personal use during off-duty hours? | Yes | No | Yes | No | Yes | No | Yes | No | Yes | No | Yes | No |
| 35 Was the vehicle used primarily by a more than 5% owner or related person? | | | | | | | | | | | | |
| 36 Is another vehicle available for personal use? | | | | | | | | | | | | |

**Section C - Questions for Employers Who Provide Vehicles for Use by Their Employees**

Answer these questions to determine if you meet an exception to completing Section B for vehicles used by employees who **aren't** more than 5% owners or related persons.

| | Yes | No |
|---|---|---|
| 37 Do you maintain a written policy statement that prohibits all personal use of vehicles, including commuting, by your employees? | | |
| 38 Do you maintain a written policy statement that prohibits personal use of vehicles, except commuting, by your employees? See the instructions for vehicles used by corporate officers, directors, or 1% or more owners | | |
| 39 Do you treat all use of vehicles by employees as personal use? | | |
| 40 Do you provide more than five vehicles to your employees, obtain information from your employees about the use of the vehicles, and retain the information received? | | |
| 41 Do you meet the requirements concerning qualified automobile demonstration use? | | |

**Note:** If your answer to 37, 38, 39, 40, or 41 is "Yes," don't complete Section B for the covered vehicles.

| Part VI | Amortization |
|---|---|

| (a)<br>Description of costs | (b)<br>Date amortization begins | (c)<br>Amortizable amount | (d)<br>Code section | (e)<br>Amortization period or percentage | (f)<br>Amortization for this year |
|---|---|---|---|---|---|
| 42 Amortization of costs that begins during your 2018 tax year: | | | | | |
| | : : | | | | |
| | : : | | | | |
| 43 Amortization of costs that began before your 2018 tax year | | | **43** | | |
| 44 **Total.** Add amounts in column (f). See the instructions for where to report | | | **44** | | |

816252  12-26-18    Form **4562** (2018)

AMENDED

| Form **4562** | **Depreciation and Amortization**<br>(Including Information on Listed Property)<br>▶ Attach to your tax return.  SCHEDULE C- 7<br>▶ Go to www.irs.gov/Form4562 for instructions and the latest information. | | OMB No. 1545-0172<br>**2018**<br>Attachment<br>Sequence No. **179** |

Department of the Treasury
Internal Revenue Service   (99)

| Name(s) shown on return | Business or activity to which this form relates | Identifying number |
|---|---|---|
| TONY D. & ELIZABETH A. TOWNLEY | OTF MANAGEMENT, LLC | |

### Part I   Election To Expense Certain Property Under Section 179   Note: If you have any listed property, complete Part V before you complete Part I.

| | | | |
|---|---|---|---|
| 1 | Maximum amount (see instructions) | **1** | |
| 2 | Total cost of section 179 property placed in service (see instructions) | **2** | |
| 3 | Threshold cost of section 179 property before reduction in limitation | **3** | |
| 4 | Reduction in limitation. Subtract line 3 from line 2. If zero or less, enter -0- | **4** | |
| 5 | Dollar limitation for tax year. Subtract line 4 from line 1. If zero or less, enter -0-. If married filing separately, see instructions | **5** | |

| 6 | (a) Description of property | (b) Cost (business use only) | (c) Elected cost | |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |

| | | | |
|---|---|---|---|
| 7 | Listed property. Enter the amount from line 29 ........ **7** | | |
| 8 | Total elected cost of section 179 property. Add amounts in column (c), lines 6 and 7 | **8** | |
| 9 | Tentative deduction. Enter the **smaller** of line 5 or line 8 | **9** | |
| 10 | Carryover of disallowed deduction from line 13 of your 2017 Form 4562 | **10** | |
| 11 | Business income limitation. Enter the smaller of business income (not less than zero) or line 5 | **11** | |
| 12 | Section 179 expense deduction. Add lines 9 and 10, but don't enter more than line 11 | **12** | |
| 13 | Carryover of disallowed deduction to 2019. Add lines 9 and 10, less line 12 ▶ **13** | | |

**Note:** Don't use Part II or Part III below for listed property. Instead, use Part V.

### Part II   Special Depreciation Allowance and Other Depreciation (Don't include listed property.)

| | | | |
|---|---|---|---|
| 14 | Special depreciation allowance for qualified property (other than listed property) placed in service during the tax year | **14** | |
| 15 | Property subject to section 168(f)(1) election | **15** | |
| 16 | Other depreciation (including ACRS) | **16** | |

### Part III   MACRS Depreciation (Don't include listed property. See instructions.)

#### Section A

| | | | |
|---|---|---|---|
| 17 | MACRS deductions for assets placed in service in tax years beginning before 2018 | **17** | 2,534. |
| 18 | If you are electing to group any assets placed in service during the tax year into one or more general asset accounts, check here ▶ ☐ | | |

#### Section B - Assets Placed in Service During 2018 Tax Year Using the General Depreciation System

| (a) Classification of property | (b) Month and year placed in service | (c) Basis for depreciation (business/investment use only - see instructions) | (d) Recovery period | (e) Convention | (f) Method | (g) Depreciation deduction |
|---|---|---|---|---|---|---|
| **19a** 3-year property | | | | | | |
| **b** 5-year property | | | | | | |
| **c** 7-year property | | | | | | |
| **d** 10-year property | | | | | | |
| **e** 15-year property | | | | | | |
| **f** 20-year property | | | | | | |
| **g** 25-year property | | | 25 yrs. | | S/L | |
| **h** Residential rental property | / | | 27.5 yrs. | MM | S/L | |
| | / | | 27.5 yrs. | MM | S/L | |
| **i** Nonresidential real property | / | | 39 yrs. | MM | S/L | |
| | / | | | MM | S/L | |

#### Section C - Assets Placed in Service During 2018 Tax Year Using the Alternative Depreciation System

| | | | | | | |
|---|---|---|---|---|---|---|
| **20a** Class life | | | | | S/L | |
| **b** 12-year | | | 12 yrs. | | S/L | |
| **c** 30-year | / | | 30 yrs. | MM | S/L | |
| **d** 40-year | / | | 40 yrs. | MM | S/L | |

### Part IV   Summary (See instructions.)

| | | | |
|---|---|---|---|
| 21 | Listed property. Enter amount from line 28 | **21** | |
| 22 | **Total.** Add amounts from line 12, lines 14 through 17, lines 19 and 20 in column (g), and line 21. Enter here and on the appropriate lines of your return. Partnerships and S corporations - see instr. | **22** | 2,534. |
| 23 | For assets shown above and placed in service during the current year, enter the portion of the basis attributable to section 263A costs | **23** | |

816251  12-26-18   LHA  **For Paperwork Reduction Act Notice, see separate instructions.**                Form **4562** (2018)

Case 3:22-cv-00107-CDL   Document 1-15   Filed 10/28/22   Page 70 of 163

Form 4562 (2018)  **TONY D. & ELIZABETH A. TOWNLEY** Page **2**

**Part V** **Listed Property** (Include automobiles, certain other vehicles, certain aircraft, and property used for entertainment, recreation, or amusement.)

**Note:** For any vehicle for which you are using the standard mileage rate or deducting lease expense, complete **only** 24a, 24b, columns (a) through (c) of Section A, all of Section B, and Section C if applicable.

**Section A - Depreciation and Other Information (Caution:** See the instructions for limits for passenger automobiles.)

24a Do you have evidence to support the business/investment use claimed? [ ] Yes [ ] No  24b If "Yes," is the evidence written? [ ] Yes [ ] No

| (a) Type of property (list vehicles first) | (b) Date placed in service | (c) Business/ investment use percentage | (d) Cost or other basis | (e) Basis for depreciation (business/investment use only) | (f) Recovery period | (g) Method/ Convention | (h) Depreciation deduction | (i) Elected section 179 cost |
|---|---|---|---|---|---|---|---|---|
| 25 Special depreciation allowance for qualified listed property placed in service during the tax year and used more than 50% in a qualified business use | | | | | 25 | | | |
| 26 Property used more than 50% in a qualified business use: | | | | | | | | |
| | : : | % | | | | | | |
| | : : | % | | | | | | |
| | : : | % | | | | | | |
| 27 Property used 50% or less in a qualified business use: | | | | | | | | |
| | : : | % | | | S/L - | | | |
| | : : | % | | | S/L - | | | |
| | : : | % | | | S/L - | | | |
| 28 Add amounts in column (h), lines 25 through 27. Enter here and on line 21, page 1 | | | | 28 | | | | |
| 29 Add amounts in column (i), line 26. Enter here and on line 7, page 1 | | | | | | 29 | | |

**Section B - Information on Use of Vehicles**

Complete this section for vehicles used by a sole proprietor, partner, or other "more than 5% owner," or related person. If you provided vehicles to your employees, first answer the questions in Section C to see if you meet an exception to completing this section for those vehicles.

| | (a) Vehicle | | (b) Vehicle | | (c) Vehicle | | (d) Vehicle | | (e) Vehicle | | (f) Vehicle | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 30 Total business/investment miles driven during the year (**don't** include commuting miles) | | | | | | | | | | | | |
| 31 Total commuting miles driven during the year | | | | | | | | | | | | |
| 32 Total other personal (noncommuting) miles driven | | | | | | | | | | | | |
| 33 Total miles driven during the year. Add lines 30 through 32 | | | | | | | | | | | | |
| 34 Was the vehicle available for personal use during off-duty hours? | Yes | No | Yes | No | Yes | No | Yes | No | Yes | No | Yes | No |
| 35 Was the vehicle used primarily by a more than 5% owner or related person? | | | | | | | | | | | | |
| 36 Is another vehicle available for personal use? | | | | | | | | | | | | |

**Section C - Questions for Employers Who Provide Vehicles for Use by Their Employees**

Answer these questions to determine if you meet an exception to completing Section B for vehicles used by employees who **aren't** more than 5% owners or related persons.

| | | Yes | No |
|---|---|---|---|
| 37 Do you maintain a written policy statement that prohibits all personal use of vehicles, including commuting, by your employees? | | | |
| 38 Do you maintain a written policy statement that prohibits personal use of vehicles, except commuting, by your employees? See the instructions for vehicles used by corporate officers, directors, or 1% or more owners | | | |
| 39 Do you treat all use of vehicles by employees as personal use? | | | |
| 40 Do you provide more than five vehicles to your employees, obtain information from your employees about the use of the vehicles, and retain the information received? | | | |
| 41 Do you meet the requirements concerning qualified automobile demonstration use? | | | |

**Note:** If your answer to 37, 38, 39, 40, or 41 is "Yes," don't complete Section B for the covered vehicles.

**Part VI** **Amortization**

| (a) Description of costs | (b) Date amortization begins | (c) Amortizable amount | (d) Code section | (e) Amortization period or percentage | (f) Amortization for this year |
|---|---|---|---|---|---|
| 42 Amortization of costs that begins during your 2018 tax year: | | | | | |
| | : : | | | | |
| | : : | | | | |
| 43 Amortization of costs that began before your 2018 tax year | | | 43 | | |
| 44 **Total.** Add amounts in column (f). See the instructions for where to report | | | 44 | | |

816252 12-26-18

Form **4562** (2018)

AMENDED

Form **8990**
(December 2018)
Department of the Treasury
Internal Revenue Service

# Limitation on Business Interest Expense
## Under Section 163(j)

▶ **Attach to your tax return.**
▶ **Go to www.irs.gov/Form8990 for instructions and the latest information.**

OMB No. 1545-0123

| Taxpayer name(s) shown on tax return | Identification number |
|---|---|
| TONY D. & ELIZABETH A. TOWNLEY | ███████ |

**Part I**  **Computation of Allowable Business Interest Expense**

*Part I is completed by all taxpayers subject to section 163(j). Schedule A and Schedule B need to be completed before Part I when the taxpayer is a partner or shareholder of a pass-through entity subject to 163(j).*

## Section I - Business Interest Expense

| | | | |
|---|---|---|---|
| 1 | Current year business interest expense (not including floor plan financing interest expense), before the section 163(j) limitation | 1 | 2,059,942. |
| 2 | Disallowed business interest expense carryforwards from prior years. (Does not apply to a partnership) | 2 | |
| 3 | Partner's excess business interest expense treated as paid or accrued in current year (Schedule A, column (h)) | 3 | |
| 4 | Floor plan financing interest expense. See instructions | 4 | |
| 5 | **Total business interest expense.** Add lines 1 through 4 ▶ | 5 | 2,059,942. |

## Section II - Adjusted Taxable Income

**Taxable Income**

| | | | |
|---|---|---|---|
| 6 | Taxable income. See instructions | 6 | 18,015,934. |

**Additions** (adjustments to be made if amounts are taken into account on line 6)

| | | | |
|---|---|---|---|
| 7 | Any item of loss or deduction which is not properly allocable to a trade or business of the taxpayer. See instructions | 7 | 22,159,104. |
| 8 | Any business interest expense not from a pass-through entity. See instructions | 8 | 1,158,248. |
| 9 | Amount of any net operating loss deduction under section 172 | 9 | |
| 10 | Amount of any qualified business income deduction allowed under section 199A | 10 | 4,133,169. |
| 11 | Deduction allowable for depreciation, amortization, or depletion attributable to a trade or business | 11 | 177,867. |
| 12 | Amount of any loss or deduction items from a pass-through entity. See instructions | 12 | 4,810,931. |
| 13 | Other additions. See instructions | 13 | |
| 14 | Total current year partner's excess taxable income (Schedule A, line 44, column (f)) | 14 | 6,395,052. |
| 15 | Total current year S corporation shareholder's excess taxable income (Schedule B, line 46, column (c)) | 15 | 1,054,822. |
| 16 | **Total.** Add lines 7 through 15 ▶ | 16 | 39,889,193. |

**Reductions** (adjustments to be made if amounts are taken into account on line 6)

| | | | |
|---|---|---|---|
| 17 | Any item of income or gain which is not properly allocable to a trade or business of the taxpayer. See instructions | 17 | |
| 18 | Any business interest income not from a pass-through entity. See instructions | 18 | |
| 19 | Amount of any income or gain items from a pass-through entity. See instructions | 19 | 43,117,618. |
| 20 | Other reductions. See instructions | 20 | |
| 21 | **Total.** Combine lines 17 through 20 ▶ | 21 | 43,117,618. |
| 22 | **Adjusted taxable income.** Combine lines 6, 16, and 21. (If zero or less, enter -0-.) ▶ | 22 | 14,787,509. |

## Section III - Business Interest Income

| | | | |
|---|---|---|---|
| 23 | Current year business interest income. See instructions | 23 | 900,000. |
| 24 | Excess business interest income from pass-through entities (total of Schedule A, line 44, column (g), and Schedule B, line 46, column (d)) | 24 | |
| 25 | **Total.** Add lines 23 and 24 ▶ | 25 | 900,000. |

823211 01-02-19   LHA   **For Paperwork Reduction Act Notice, see the instructions.**

Form **8990** (12-2018)

AMENDED

Page **2**

## Section IV - 163(j) Limitation Calculations

### Limitation on Business Interest Expense

| | | | | | |
|---|---|---|---|---|---|
| 26 | Multiply adjusted taxable income (line 22) by 30% (0.30). See instructions | 26 | 4,436,253. | | |
| 27 | Business interest income (line 25) | 27 | 900,000. | | |
| 28 | Floor plan financing interest expense (line 4) | 28 | | | |
| 29 | **Total.** Add lines 26, 27, and 28 ▶ | 29 | | | 5,336,253. |

### Allowable Business Interest Expense

| | | | |
|---|---|---|---|
| 30 | **Total current year business interest expense deduction.** See instructions | 30 | 2,059,942. |

### Carryforward

| | | | |
|---|---|---|---|
| 31 | **Disallowed business interest expense.** Subtract line 29 from line 5. (If zero or less, enter -0-.) | 31 | |

| **Part II** | **Partnership Pass-Through Items** |
|---|---|

*Part II is only completed by a partnership that is subject to section 163(j). The partnership items below are allocated to the partners and are not carried forward by the partnership. See the instructions for more information.*

### Excess Business Interest Expense

| | | | |
|---|---|---|---|
| 32 | **Excess business interest expense.** Enter amount from line 31 | 32 | |

### Excess Taxable Income  (If you entered an amount on line 32, skip lines 33 through 37.)

| | | | |
|---|---|---|---|
| 33 | Subtract the sum of lines 4 and 25 from line 5. (If zero or less, enter -0-.) | 33 | |
| 34 | Subtract line 33 from line 26. (If zero or less, enter -0-.) | 34 | |
| 35 | Divide line 34 by line 26. Enter the result as a decimal. (If line 26 is zero, enter -0-.) | 35 | |
| 36 | **Excess Taxable Income.** Multiply line 35 by line 22 | 36 | |

### Excess Business Interest Income

| | | | |
|---|---|---|---|
| 37 | **Excess business interest income.** Subtract the sum of lines 1, 2, and 3 from line 25. (If zero or less, enter -0-.) | 37 | |

| **Part III** | **S Corporation Pass-Through Items** |
|---|---|

*Part III is only completed by S corporations that are subject to section 163(j). The S corporation items below are allocated to the shareholders. See the instructions for more information.*

### Excess Taxable Income

| | | | |
|---|---|---|---|
| 38 | Subtract the sum of lines 4 and 25 from line 5. (If zero or less, enter -0-.) | 38 | |
| 39 | Subtract line 38 from line 26. (If zero or less, enter -0-.) | 39 | |
| 40 | Divide line 39 by line 26. Enter the result as a decimal. (If line 26 is zero, enter -0-.) | 40 | |
| 41 | **Excess Taxable Income.** Multiply line 40 by line 22 | 41 | |

### Excess Business Interest Income

| | | | |
|---|---|---|---|
| 42 | **Excess business interest income.** Subtract the sum of lines 1, 2, and 3 from line 25. (If zero or less, enter -0-.) | 42 | |

Form **8990** (12-2018)

AMENDED

Form 8990 (12-2018)  Page **3**

## SCHEDULE A   Summary of Partner's Section 163(j) Excess Items

*Any taxpayer that owns an interest in a partnership subject to section 163(j) should complete Schedule A before completing Part I.*

| | (a) Name of partnership | (b) EIN | Excess Business Interest Expense | | | (f) Current year excess taxable income | (g) Current year excess business interest income | (h) Excess business interest expense treated as paid or accrued (lesser of (e) or (f)) | (i) Current year excess business interest expense carryforward ((e) minus (h)) |
|---|---|---|---|---|---|---|---|---|---|
| | | | (c) Current year | (d) Prior year carryforward | (e) Total ((c) plus (d)) | | | | |
| 43 | M&T AVIATION, LLC | ▉▉▉ | 0. | 0. | 0. | 126,631. | 0. | 0. | 0. |
| | ZAXBY'S OPERATING COMPANY, LP (TDT) | ▉▉▉ | 0. | 0. | 0. | 6,268,421. | 0. | 0. | 0. |
| | | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |
| 44 | Total ................▶ | | | | | 6,395,052. | 0. | 0. | |

## SCHEDULE B   Summary of S Corporation Shareholder's Excess Taxable Income and Excess Business Interest Income

*Any taxpayer that is required to complete Part I and is a shareholder in an S corporation that has excess taxable income or excess business interest income should complete Schedule B before completing Part I.*

| | (a) Name of S corporation | (b) EIN | (c) Current year excess taxable income | (d) Current year excess business interest income |
|---|---|---|---|---|
| 45 | PLUCKED CHICKEN, INC. | ▉▉▉ | 1,054,822. | 0. |
| | | | | |
| | | | | |
| | | | | |
| 46 | Total ................▶ | | 1,054,822. | 0. |

Form **8990** (12-2018)

823213 01-02-19

Case 3:22-cv-00107-CDL    Document 1    Filed 10/28/22    Page 74 of 163

**AMENDED**

**Business Interest Expense**

TONY D. & ELIZABETH A. TOWNLEY

| Description | Business Interest Expense | Business Interest Expense Ratio | Limited Business Interest Expense | Disallowed Business Interest Expense |
|---|---|---|---|---|
| OTF MANAGEMENT, LLC | 7,166. | .003479 | 7,167. | -1. |
| EAT HOLDINGS, LLC | 0. | | | |
| FRAZER CREEK INVESTMENTS, LLC | 0. | | | |
| LOG CREEK TRUST | 0. | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| Total | 7,166. | .0035 | 7,167. | -1. |

823301 01-25-19

AMENDED

STATEMENT OF DISCLOSURE OF ACTIVITY GROUPINGS PURSUANT TO IRC
SEC. 469 AND REG. 1.469-4

NAME: TONY D. TOWNLEY
TAXPAYER ID NUMBER:
██████████████

FOR THE TAX YEAR ENDING DECEMBER 31, 2018

THE TAXPAYER HEREBY CONFIRMS THEIR EXISTING ELECTION TO GROUP THE
FOLLOWING ACTIVITIES AS A SINGLE ACTIVITY.  THE ACTIVITIES THAT ARE
GROUPED INTO ONE ACTIVITY CONSTITUTE AN APPROPRIATE ECONOMIC UNIT FOR
THE MEASUREMENT OF GAIN OR LOSS FOR THE PURPOSES OF IRC SECTION 469.

THE ACTIVITIES THAT ARE BEING GROUPED ARE AS FOLLOWS:

NAME: PLUCKED CHICKEN, INC. - PLUCKED CHICKEN, INC.
ADDRESS: 1040 FOUNDERS BLVD., ATHENS, GA 30606
EIN:
████████████

NAME: LAND WARRIORS, LLC - LAND WARRIORS, LLC
ADDRESS: 1280 SNOWS MILL RD, BOGART, GA 30622
EIN:
████████████

NAME: CLUCKZ HOLDINGS, LLC
ADDRESS: 1040 FOUNDERS BLVD., ATHENS, GA 30606
EIN:
████████████

NAME: M&T AVIATION, LLC
ADDRESS: 1040 FOUNDERS BLVD, ATHENS, GA 30606
EIN:
████████████

NAME: ZAXBY'S OPERATING COMPANY, LP (TDT)
ADDRESS: 1040 FOUNDERS BLVD., ATHENS, GA 30606
EIN:
████████████

NAME: CLUCKZ HOLDINGS, LLC (SECG)
ADDRESS: 1040 FOUNDERS BLVD., ATHENS, GA 30606
EIN:
████████████

826340
04-01-18

STATEMENT OF DISCLOSURE OF ACTIVITY GROUPINGS PURSUANT TO IRC
SEC. 469 AND REG. 1.469-4

NAME: TONY D. TOWNLEY
TAXPAYER ID NUMBER:
██████████████

FOR THE TAX YEAR ENDING DECEMBER 31, 2018

THE TAXPAYER HEREBY CONFIRMS THEIR EXISTING ELECTION TO GROUP THE
FOLLOWING ACTIVITIES AS A SINGLE ACTIVITY.  THE ACTIVITIES THAT ARE
GROUPED INTO ONE ACTIVITY CONSTITUTE AN APPROPRIATE ECONOMIC UNIT FOR
THE MEASUREMENT OF GAIN OR LOSS FOR THE PURPOSES OF IRC SECTION 469.

THE ACTIVITIES THAT ARE BEING GROUPED ARE AS FOLLOWS:

NAME: OTF MANAGEMENT, LLC
ADDRESS: 1280 SNOWS MILL RD, BOGART, GA 30622

NAME: OGEECHEE TIMBER, LLC - OGEECHEE TIMBER, LLC
ADDRESS: 1280 SNOWS MILL RD., BOGART, GA 30622
EIN:
██████████████

NAME: LOG CREEK, LLLP - LOG CREEK, LLLP
ADDRESS: 1280 SNOWS MILL RD., BOGART, GA 30622
EIN:
██████████

NAME: LOG CREEK, LLLP - LOG CREEK, LLLP
ADDRESS: 1280 SNOWS MILL RD., BOGART, GA 30622
EIN:
██████████████

NAME: TOWNLEY FAMILY PARTNERSHIP, LLLP
ADDRESS: 1280 SNOWS MILL ROAD, BOGART, GA 30622
EIN:
██████████████

NAME: TOWNLEY FAMILY PARTNERSHIP, LLLP
ADDRESS: 1280 SNOWS MILL ROAD, BOGART, GA 30622
EIN:
██████████████

NAME: TOWNLEY FAMILY PARTNERSHIP, LLLP
ADDRESS: 1280 SNOWS MILL ROAD, BOGART, GA 30622
EIN:
██████████████

AMENDED

```
NAME: INTEREST EXPENSE - LOG CREEK

NAME: INTEREST EXPENSE - TOWNLEY FAMILY PARTNERSHIP

NAME: LOG CREEK, LLLP - LOG CREEK, LLLP
ADDRESS: 1280 SNOWS MILL RD., BOGART, GA 30622
EIN:
████████

NAME: LOG CREEK, LLLP - LOG CREEK, LLLP
ADDRESS: 1280 SNOWS MILL RD., BOGART, GA 30622
EIN:
████████

NAME: INTEREST EXPENSE - OGEECHEE TIMBER
```

826340
04-01-18

TONY D. & ELIZABETH A. TOWNLEY

```
FORM 1040                    TAX-EXEMPT INTEREST               STATEMENT 3
```

| NAME OF PAYER | AMOUNT |
|---|---|
| VANGUARD #9138 | 15,363. |
| FROM K-1 - PLUCKED CHICKEN, INC. | 69,936. |
| FROM K-1 - CLUCKZ HOLDINGS, LLC | 2,461. |
| FROM K-1 - CLUCKZ HOLDINGS, LLC (SECG) | 781. |
| TOTAL TO FORM 1040, LINE 2A | 88,541. |

```
FORM 1040                    QUALIFIED DIVIDENDS              STATEMENT 4
```

| NAME OF PAYER | ORDINARY DIVIDENDS | QUALIFIED DIVIDENDS |
|---|---|---|
| VANGUARD #9138 | 122,349. | 63,174. |
| FROM K-1 - PLUCKED CHICKEN, INC. | 3,528. | 1,405. |
| FROM K-1 - CLUCKZ HOLDINGS, LLC | 124. | 50. |
| FROM K-1 - ZAXBY'S OPERATING COMPANY, LP (TDT) | 660. | 263. |
| FROM K-1 - CLUCKZ HOLDINGS, LLC (SECG) | 39. | 16. |
| TOTAL INCLUDED IN FORM 1040, LINE 3A | | 64,908. |

AMENDED

TONY D. & ELIZABETH A. TOWNLEY

---

| SCHEDULE 1 | MISCELLANEOUS INCOME | STATEMENT 5 |
|---|---|---|

| DESCRIPTION | AMOUNT |
|---|---|
| ZAXBY'S FRANCHISING LLC | 989,265. |
| TOTAL TO SCHEDULE 1, LINE 21 | 989,265. |

Case 3:22-cv-00107-CDL   Document 15   Filed 10/28/22   Page 80 of 163

TONY D. & ELIZABETH A. TOWNLEY

| SCHEDULE 1 | STATE AND LOCAL INCOME TAX REFUNDS | | STATEMENT 6 |
|---|---|---|---|
| | 2017 | 2016 | 2015 |
| **ALABAMA** | | | |
| GROSS STATE/LOCAL INC TAX REFUNDS | 31,142. | | |
| LESS: TAX PAID IN FOLLOWING YEAR | | | |
| NET TAX REFUNDS   ALABAMA | 31,142. | | |
| **GEORGIA** | | | |
| GROSS STATE/LOCAL INC TAX REFUNDS | 752,090. | | |
| LESS: TAX PAID IN FOLLOWING YEAR | | | |
| NET TAX REFUNDS   GEORGIA | 752,090. | | |
| **LOUISIANA** | | | |
| GROSS STATE/LOCAL INC TAX REFUNDS | 8,825. | | |
| LESS: TAX PAID IN FOLLOWING YEAR | | | |
| REFUNDS NOT RECEIVED IN 2018 | -8,825. | | |
| NET TAX REFUNDS   LOUISIANA | 0. | | |
| **NORTH CAROLINA** | | | |
| GROSS STATE/LOCAL INC TAX REFUNDS | 43,388. | | |
| LESS: TAX PAID IN FOLLOWING YEAR | | | |
| NET TAX REFUNDS   NORTH CAROLINA | 43,388. | | |
| **SOUTH CAROLINA** | | | |
| GROSS STATE/LOCAL INC TAX REFUNDS | 297,202. | | |
| LESS: TAX PAID IN FOLLOWING YEAR | | | |
| NET TAX REFUNDS   SOUTH CAROLINA | 297,202. | | |
| **ALABAMA** | | | |
| GROSS STATE/LOCAL INC TAX REFUNDS | | 48,814. | |
| LESS: TAX PAID IN FOLLOWING YEAR | | | |
| NET TAX REFUNDS   ALABAMA | | 48,814. | |
| **LOUISIANA** | | | |
| GROSS STATE/LOCAL INC TAX REFUNDS | | 2,059. | |
| LESS: TAX PAID IN FOLLOWING YEAR | | | |
| NET TAX REFUNDS   LOUISIANA | | 2,059. | |
| **NORTH CAROLINA** | | | |
| GROSS STATE/LOCAL INC TAX REFUNDS | | 215,475. | |
| LESS: TAX PAID IN FOLLOWING YEAR | | | |
| NET TAX REFUNDS   NORTH CAROLINA | | 215,475. | |

STATEMENT(S) 6

AMENDED

TONY D. & ELIZABETH A. TOWNLEY

TOTAL NET TAX REFUNDS                    1,123,822.        266,348.

Case 3:22-cv-00107-CDL    Document 11    Filed 10/28/22    Page 82 of 163

**AMENDED**

TONY D. & ELIZABETH A. TOWNLEY

---

| SCHEDULE 1 | TAXABLE STATE AND LOCAL INCOME TAX REFUNDS | | STATEMENT 7 |
|---|---|---|---|
| | 2017 | 2016 | 2015 |

| | | 2017 | 2016 | 2015 |
|---|---|---|---|---|
| | NET TAX REFUNDS FROM STATE AND LOCAL INCOME TAX REFUNDS STMT. | 1,123,822. | 266,348. | |
| | | | | |
| | LESS:REFUNDS-NO BENEFIT DUE TO AMT -SALES TAX BENEFIT REDUCTION | | | |
| 1 | NET REFUNDS FOR RECALCULATION | 1,123,822. | 266,348. | |
| 2 | TOTAL ITEMIZED DEDUCTIONS BEFORE PHASEOUT | 6,160,748. | 3,618,990. | |
| 3 | DEDUCTION NOT SUBJ TO PHASEOUT | 1,684,362. | 533,286. | |
| 4 | NET REFUNDS FROM LINE 1 | 1,123,822. | 266,348. | |
| 5 | LINE 2 MINUS LINES 3 AND 4 | 3,352,564. | 2,819,356. | |
| 6 | MULT LN 5 BY APPL SEC. 68 PCT | 2,682,051. | 2,255,485. | |
| 7 | PRIOR YEAR AGI | 38,440,343. | 21,695,438. | |
| 8 | ITEM. DED. PHASEOUT THRESHOLD | 313,800. | 311,300. | |
| 9 | SUBTRACT LINE 8 FROM LINE 7 (IF ZERO OR LESS, SKIP LINES 10 THROUGH 15, AND ENTER AMOUNT FROM LINE 1 ON LINE 16) | 38,126,543. | 21,384,138. | |
| 10 | MULT LN 9 BY APPL SEC. 68 PCT | 1,143,796. | 641,524. | |
| 11 | ALLOWABLE ITEMIZED DEDUCTIONS (LINE 5 LESS THE LESSER OF LINE 6 OR LINE 10) | 2,208,768. | 2,177,832. | |
| 12 | ITEM DED. NOT SUBJ TO PHASEOUT | 1,684,362. | 533,286. | |
| 13A | TOTAL ADJ. ITEMIZED DEDUCTIONS | 3,893,130. | 2,711,118. | |
| 13B | PRIOR YR. STD. DED. AVAILABLE | 12,700. | 12,600. | |
| 14 | PRIOR YR. ALLOWABLE ITEM. DED. | 5,016,952. | 2,977,466. | |
| 15 | SUBTRACT THE GREATER OF LINE 13A OR LINE 13B FROM LINE 14 | 1,123,822. | 266,348. | |
| 16 | TAXABLE REFUNDS (LESSER OF LINE 15 OR LINE 1) | 1,123,822. | 266,348. | |
| 17 | ALLOWABLE PRIOR YR. ITEM. DED. | 5,016,952. | 2,977,466. | |
| 18 | PRIOR YEAR STD. DED. AVAILABLE | 12,700. | 12,600. | |
| 19 | SUBTRACT LINE 18 FROM LINE 17 | 5,004,252. | 2,964,866. | |
| 20 | LESSER OF LINE 16 OR LINE 19 | 1,123,822. | 266,348. | |
| 21 | PRIOR YEAR TAXABLE INCOME | 33,423,391. | 18,717,972. | |
| 22 | AMOUNT TO INCLUDE ON SCHEDULE 1, LINE 10 * IF LINE 21 IS -0- OR MORE, USE AMOUNT FROM LINE 20 * IF LINE 21 IS A NEGATIVE AMOUNT, NET LINES 20 AND 21 | | | 1,390,170. |
| | STATE AND LOCAL INCOME TAX REFUNDS PRIOR TO 2015 | | | |
| | TOTAL TO SCHEDULE 1, LINE 10 | | | 1,390,170. |

AMENDED
TONY D. & ELIZABETH A. TOWNLEY

---

SCHEDULE 1    SELF-EMPLOYED HEALTH INSURANCE DEDUCTION WORKSHEET    STATEMENT 8

---

TONY D. TOWNLEY

ZAXBY'S OPERATING COMPANY, LP (TDT)

| | | | |
|---|---|---|---|
| 1 | NONSPECIFIED HEALTH INSURANCE PAYMENTS | | 322. |
| 2 | NET PROFIT FROM TRADE OR BUSINESS UNDER WHICH INSURANCE PLAN IS ESTABLISHED | | 813. |
| 3 | TOTAL OF ALL NET PROFITS AND EARNED INCOME. S CORPORATIONS SKIP TO LINE 9 | 2,288,738. | |
| 4 | DIVIDE LINE 2 BY LINE 3 | .0004 | |
| 5 | DEDUCTIBLE PORTION OF SELF-EMPLOYMENT TAX | 34,311. | |
| 6 | LINE 4 TIMES LINE 5 | | 12. |
| 7 | LINE 2 MINUS LINE 6 | | 801. |
| 8 | SELF-EMPLOYED SEP, SIMPLE, AND QUALIFIED PLANS ATTRIBUTABLE TO TRADE OR BUSINESS NAMED ABOVE | | 0. |
| 9 | LINE 7 MINUS LINE 8. S CORPORATIONS ENTER WAGES RECEIVED | | 801. |
| 10 | FORM 2555, LINE 45 ATTRIBUTABLE TO THE TRADE OR BUSINESS NAMED ABOVE | | |
| 11 | LINE 9 MINUS LINE 10 | | 801. |
| 12 | SELF-EMPLOYED HEALTH INSURANCE DEDUCTION.  LESSER OF LINE 1 OR LINE 11 | | 322. |

---

SCHEDULE 4                          OTHER TAXES                          STATEMENT 9

| DESCRIPTION | AMOUNT |
|---|---|
| FROM FORM 8959 | 14,105. |
| FROM FORM 8960 | 128,695. |
| TOTAL TO SCHEDULE 4, LINE 62 | 142,800. |

AMENDED

TONY D. & ELIZABETH A. TOWNLEY

```
====================================================================================
SCHEDULE 5                   CURRENT YEAR ESTIMATES AND                 STATEMENT 10
                          AMOUNT APPLIED FROM PREVIOUS YEAR
====================================================================================
```

| DESCRIPTION | AMOUNT |
|---|---:|
| 2ND QTR ESTIMATE PAYMENT - JOINT | 4,220,000. |
| 3RD QTR ESTIMATE PAYMENT - JOINT | 3,000,000. |
| PRIOR YEAR OVERPAYMENT APPLIED - JOINT | 5,051,465. |
| TOTAL TO SCHEDULE 5, LINE 66 | 12,271,465. |

```
====================================================================================
SCHEDULE A                  STATE AND LOCAL INCOME TAXES                STATEMENT 11
====================================================================================
```

| DESCRIPTION | AMOUNT |
|---|---:|
| FROM K-1 - PLUCKED CHICKEN, INC. | 690,325. |
| FROM K-1 - CLUCKZ HOLDINGS, LLC | 23,543. |
| FROM K-1 - ZAXBY'S OPERATING COMPANY, LP (TDT) | 125,055. |
| FROM K-1 - CLUCKZ HOLDINGS, LLC (SECG) | 7,474. |
| FROM K-1 - PLUCKED CHICKEN, INC.-ALABAMA | 71,248. |
| FROM K-1 - CLUCKZ HOLDINGS LLC-ALABAMA | 2,413. |
| FROM K-1 - CLUCKZ HOLDINGS LLC-ALABAMA | 766. |
| FROM K-1 - ZAXBY'S OPERATING COMPANY LP-ALABAMA | 12,820. |
| FROM K-1 - PLUCKED CHICKEN, INC.-ARKANSAS | 6,661. |
| FROM K-1 - CLUCKZ HOLDINGS LLC-ARKANSAS | 227. |
| FROM K-1 - CLUCKZ HOLDINGS LLC-ARKANSAS | 72. |
| FROM K-1 - ZAXBY'S OPERATING COMPANY LP-ARKANSAS | 1,206. |
| FROM K-1 - PLUCKED CHICKEN, INC.-KENTUCKY | 13,361. |
| FROM K-1 - CLUCKZ HOLDINGS LLC-KENTUCKY | 504. |
| FROM K-1 - CLUCKZ HOLDINGS LLC-KENTUCKY | 160. |
| FROM K-1 - ZAXBY'S OPERATING COMPANY LP-KENTUCKY | 5,592. |
| FROM K-1 - CLUCKZ HOLDINGS LLC-MISSISSIPPI | 228. |
| FROM K-1 - CLUCKZ HOLDINGS LLC-MISSISSIPPI | 72. |
| FROM K-1 - PLUCKED CHICKEN, INC.-MISSISSIPPI | 12,025. |
| FROM K-1 - ZAXBY'S OPERATING COMPANY LP-MISSISSIPPI | 2,001. |
| FROM K-1 - CLUCKZ HOLDINGS LLC-VIRGINIA | 354. |
| FROM K-1 - CLUCKZ HOLDINGS LLC-VIRGINIA | 1,116. |
| FROM K-1 - PLUCKED CHICKEN, INC.-VIRGINIA | 1,361. |
| FROM K-1 - ZAXBY'S OPERATING COMPANY LP-VIRGINIA | 6,098. |
| VA STATE TAX PAYMENTS | 173. |
| FROM K-1 - ZAXBY'S OPERATING COMPANY LP-LOUISIANA | 8,281. |
| FROM K-1 - CLUCKZ HOLDINGS LLC-LOUISIANA | 1,559. |
| FROM K-1 - CLUCKZ HOLDINGS LLC-LOUISIANA | 495. |
| FROM K-1 - PLUCKED CHICKEN, INC.-LOUISIANA | 37,133. |
| GEORGIA PRIOR YEAR OVERPAYMENT APPLIED | 752,090. |
| GEORGIA PRIOR YEAR BALANCE DUE AND EXTENSION PAYMENTS | 35,328. |
| TOTAL TO SCHEDULE A, LINE 5A | 1,819,741. |

Case 3:22-cv-00107-CDL    Document 150    Filed 10/28/22    Page 85 of 163

TONY D. & ELIZABETH A. TOWNLEY

---

| SCHEDULE A | CASH CONTRIBUTIONS | STATEMENT 12 |

---

| DESCRIPTION | AMOUNT 100% LIMIT | AMOUNT 60% LIMIT | AMOUNT 30% LIMIT |
|---|---|---|---|
| MISCELLANEOUS | | 0. | |
| FROM K-1 - PLUCKED CHICKEN, INC. | | 54,387. | |
| FROM K-1 - LOG CREEK, LLLP | | 147. | |
| FROM K-1 - LOG CREEK, LLLP | | 147. | |
| FROM K-1 - TOWNLEY FAMILY PARTNERSHIP, LLLP | | 34. | |
| FROM K-1 - TOWNLEY FAMILY PARTNERSHIP, LLLP | | 1,682. | |
| FROM K-1 - TOWNLEY FAMILY PARTNERSHIP, LLLP | | 1,649. | |
| FROM K-1 - CLUCKZ HOLDINGS, LLC | | 1,913. | |
| FROM K-1 - ZAXBY'S OPERATING COMPANY, LP (TDT) | | 10,161. | |
| FROM K-1 - CLUCKZ HOLDINGS, LLC (SECG) | | 608. | |
| FROM K-1 - LOG CREEK, LLLP | | 3. | |
| FROM K-1 - LOG CREEK, LLLP | | 3. | |
| SUBTOTALS | | 70,734. | |
| TOTAL TO SCHEDULE A, LINE 11 | | | 70,734. |

Case 3:22-cv-00107-CDL    Document 159-9    Filed 10/28/22    Page 86 of 163

TONY D. & ELIZABETH A. TOWNLEY

| SCHEDULE B | INTEREST INCOME | STATEMENT 13 |
|---|---|---|

| NAME OF PAYER | AMOUNT |
|---|---|
| AFB&T A DIVISION OF SYNOVUS BANK #6579 | 553. |
| AFB&T A DIVISION OF SYNOVUS BANK #4943 | 17. |
| AFB&T A DIVISION OF SYNOVUS BANK #2011 | 584. |
| AFB&T A DIVISION OF SYNOVUS BANK #4283 | 2,722. |
| AFB&T A DIVISION OF SYNOVUS BANK #5497 | 20. |
| AFB&T A DIVISION OF SYNOVUS BANK #6340 & #0467 | 159. |
| AFB&T A DIVISION OF SYNOVUS BANK #6358 | 141. |
| AFB&T A DIVISION OF SYNOVUS BANK #6366 | 141. |
| AFB&T A DIVISION OF SYNOVUS BANK #9768 | 605. |
| AFB&T A DIVISION OF SYNOVUS BANK #6633 | 31. |
| BRANCH BANKING & TRUST CO #0697 | 469. |
| FIRST AMERICAN BANK & TRUST #8335 | 987. |
| FIRST AMERICAN BANK & TRUST #8313 & #8324 | 567. |
| FIRST AMERICAN BANK & TRUST CO #8225 | 285. |
| LA DOR | 31. |
| LOG CREEK, LLLP | 900,000. |
| OCONEE STATE BANK #6302 | 256. |
| OCONEE STATE BANK #8425 | 258. |
| OCONEE STATE BANK #8601 | 258. |
| OCONEE STATE BANK #6969 | 257. |
| PARKER CREEK PROPERTIES, LLC | 12,039. |
| STATE BANK AND TRUST COMPANY #3428 | 64. |
| STATE BANK AND TRUST COMPANY #8239 | 261. |
| STATE BANK AND TRUST COMPANY #8259 | 259. |
| STATE BANK AND TRUST COMPANY #8279 | 258. |
| SYNOVUS BANK #2649 | 31. |
| US TREASURY | 329,559. |
| VANGUARD #9138 | 17,588. |
| FROM K-1 - PLUCKED CHICKEN, INC. | 1,166,123. |
| FROM K-1 - LOG CREEK, LLLP | 41,191. |
| FROM K-1 - LOG CREEK, LLLP | 41,190. |
| FROM K-1 - TONY D. TOWNLEY TRUST | 17. |
| FROM K-1 - ELIZABETH A. TOWNLEY TRUST | 17. |
| FROM K-1 - CLUCKZ HOLDINGS, LLC | 10. |
| FROM K-1 - ZAXBY'S OPERATING COMPANY, LP (TDT) | 55. |
| FROM K-1 - CLUCKZ HOLDINGS, LLC (SECG) | 3. |
| FROM K-1 - LOG CREEK, LLLP | 840. |
| FROM K-1 - LOG CREEK, LLLP | 841. |
| TOTAL TO SCHEDULE B, LINE 1 | 2,518,687. |

| SCHEDULE B | TAX-EXEMPT INTEREST | STATEMENT 14 |
|---|---|---|

| NAME OF PAYER | AMOUNT |
|---|---|
| VANGUARD #9138 | 15,363. |
| TOTAL TAX-EXEMPT INTEREST TO SCHEDULE B, LINE 1 | 15,363. |

AMENDED

TONY D. & ELIZABETH A. TOWNLEY

| SCHEDULE B | NOMINEE, OID, OR OTHER INTEREST | STATEMENT 15 |
|---|---|---|

| NAME OF PAYER | TYPE OF ADJUSTMENT | AMOUNT |
|---|---|---|
| VANGUARD #9138 | ABP ADJUSTMENT | 2,187. |
| TOTAL NOMINEE, OID, OR OTHER INTEREST TO SCHEDULE B, LINE 1 | | 2,187. |

| SCHEDULE D | NET LONG-TERM GAIN OR LOSS FROM FORMS 4797, 2439, 6252, 4684, 6781 AND 8824 | STATEMENT 16 |
|---|---|---|

| DESCRIPTION OF PROPERTY | GAIN OR LOSS | 28% GAIN |
|---|---|---|
| FORM 4797 | 691,578. | |
| TOTAL TO SCHEDULE D, PART II, LINE 11 | 691,578. | |

| SCHEDULE D | NET SHORT-TERM GAIN OR LOSS FROM PARTNERSHIPS, S CORPORATIONS, AND FIDUCIARIES | STATEMENT 17 |
|---|---|---|

| DESCRIPTION OF ACTIVITY | GAIN OR LOSS |
|---|---|
| PLUCKED CHICKEN, INC. | -2,342. |
| CLUCKZ HOLDINGS, LLC | -82. |
| ZAXBY'S OPERATING COMPANY, LP (TDT) | -437. |
| CLUCKZ HOLDINGS, LLC (SECG) | -26. |
| PARKER CREEK PROPERTIES | 786. |
| TOTAL TO SCHEDULE D, PART I, LINE 5 | -2,101. |

| SCHEDULE D | NET LONG-TERM GAIN OR LOSS FROM PARTNERSHIPS, S CORPORATIONS, AND FIDUCIARIES | STATEMENT 18 |
|---|---|---|

| DESCRIPTION OF ACTIVITY | GAIN OR LOSS | 28% GAIN |
|---|---|---|
| PLUCKED CHICKEN, INC. | -4,387. | |
| CLUCKZ HOLDINGS, LLC | -154. | |
| ZAXBY'S OPERATING COMPANY, LP (TDT) | -819. | |
| CLUCKZ HOLDINGS, LLC (SECG) | -49. | |
| PARKER CREEK PROPERTIES | 698. | |
| TOTAL TO SCHEDULE D, PART II, LINE 12 | -4,711. | |

STATEMENT(S) 15, 16, 17, 18

Case 3:22-cv-00107-CDL    Document 113    Filed 10/28/22    Page 88 of 163
TONY D. & ELIZABETH A. TOWNLEY

| SCHEDULE D | UNRECAPTURED SECTION 1250 GAIN | STATEMENT 19 |
|---|---|---|

1. IF YOU HAVE A SECTION 1250 PROPERTY IN PART III OF FORM
   4797 FOR WHICH YOU MADE AN ENTRY IN PART I OF FORM 4797,
   ENTER THE SMALLER OF LINE 22 OR LINE 24 OF FORM 4797 FOR
   THAT PROPERTY. IF YOU DID NOT HAVE ANY SUCH PROPERTY, GO
   TO LINE 4 .......................................................... 19,164.
2. ENTER THE AMOUNT FROM FORM 4797, LINE 26G, FOR THE
   PROPERTY FOR WHICH YOU MADE AN ENTRY ON LINE 1 _____

3. SUBTRACT LINE 2 FROM LINE 1 ...................................... 19,164.
4. ENTER THE TOTAL UNRECAPTURED SECTION 1250 GAIN INCLUDED
   ON LINE 26 OR LINE 37 OF FORM(S) 6252 FROM INSTALLMENT
   SALES OF TRADE OR BUSINESS PROPERTY HELD MORE THAN 1 YEAR
5. ENTER THE TOTAL OF ANY AMOUNTS REPORTED TO YOU ON A
   SCHEDULE K-1 FROM A PARTNERSHIP OR AN S CORPORATION AS
   "UNRECAPTURED SECTION 1250 GAIN" _____

6. ADD LINES 3 THROUGH 5 ............................................ 19,164.
7. ENTER THE SMALLER OF LINE 6 OR THE GAIN
   FROM FORM 4797, LINE 7                                    19,164.
8. ENTER THE AMOUNT, IF ANY, FROM FORM 4797,
   LINE 8
9. SUBTRACT LINE 8 FROM LINE 7. IF ZERO OR LESS, ENTER -0- ......... 19,164.
10. ENTER THE AMOUNT OF ANY GAIN FROM THE SALE OR EXCHANGE OF
    AN INTEREST IN A PARTNERSHIP ATTRIBUTABLE TO UNRECAPTURED
    SECTION 1250 GAIN
11. ENTER THE TOTAL OF ANY AMOUNTS REPORTED TO YOU ON A
    SCHEDULE K-1, FORMS 1099-DIV, OR FORM 2439 AS "UNRECAPTURED
    SECTION 1250 GAIN" FROM AN ESTATE, TRUST, REAL ESTATE
    INVESTMENT TRUST, OR MUTUAL FUND (OR OTHER REGULATED
    INVESTMENT COMPANY)
12. ENTER THE TOTAL OF ANY UNRECAPTURED SECTION 1250 GAIN FROM SALES
    (INCLUDING INSTALLMENT SALES) OR OTHER DISPOSITIONS OF SECTION
    1250 PROPERTY HELD MORE THAN 1 YEAR FOR WHICH YOU DID NOT
    MAKE AN ENTRY IN PART I OF FORM 4797 FOR THE YEAR OF SALE _____

13. ADD LINES 9 THROUGH 12 ........................................... 19,164.
14. IF YOU HAD ANY SECTION 1202 GAIN OR COLLECTIBLE
    GAIN OR (LOSS), ENTER THE TOTAL OF LINES 1 THROUGH
    4 OF THE 28% RATE GAIN WORKSHEET
15. ENTER THE (LOSS), IF ANY, FROM SCH D, LINE 7.
    IF SCH D, LINE 7, IS ZERO OR A GAIN ENTER -0-      -1,009,085.
16. ENTER YOUR LONG-TERM CAPITAL LOSS CARRYOVERS FROM
    SCHEDULE D, LINE 14, AND SCHEDULE K-1 (FORM 1041),
    BOX 11, CODE C
17. COMBINE LINES 14 THROUGH 16. IF THE RESULT IS A (LOSS), ENTER
    IT AS A POSITIVE AMOUNT. IF THE RESULT IS ZERO OR A GAIN,
    ENTER -0- .......................................................... 1,009,085.

18. SUBTRACT LINE 17 FROM LINE 13. IF ZERO OR LESS,  ENTER -0-.
    IF MORE THAN ZERO, ENTER THE RESULT HERE AND ON SCHEDULE D,
    LINE 19 .................................................................. 0.

TONY D. & ELIZABETH A. TOWNLEY

| SCHEDULE E | OTHER EXPENSES | STATEMENT 20 |
|---|---|---|

EAT HOLDINGS, LLC - 755 NORTH HWY 29, ATHENS, GA 30601

| DESCRIPTION | AMOUNT |
|---|---|
| BANK CHARGES | 138. |
| TOTAL TO SCHEDULE E, PAGE 1, LINE 19 | 138. |

| SCHEDULE E | OTHER EXPENSES | STATEMENT 21 |
|---|---|---|

FRAZER CREEK INVESTMENTS, LLC - VARIOUS (FRAZER CREEK), OCONEE COUNTY, GA 30

| DESCRIPTION | AMOUNT |
|---|---|
| PEST CONTROL | 6,559. |
| POSTAGE | 59. |
| EQUIPMENT RENTAL | 225. |
| TOTAL TO SCHEDULE E, PAGE 1, LINE 19 | 6,843. |

| SCHEDULE E | OTHER INCOME | STATEMENT 22 |
|---|---|---|

FRAZER CREEK INVESTMENTS, LLC - VARIOUS (FRAZER CREEK), OCONEE COUNTY, GA 30

| DESCRIPTION | AMOUNT |
|---|---|
| RENTAL FEES | 1,220. |
| BANK CHARGE REVERSAL | 8. |
| RENTAL INCOME | 301,197. |
| TOTAL TO SCHEDULE E, PAGE 1 | 302,425. |

STATEMENT(S) 20, 21, 22

AMENDED

TONY D. & ELIZABETH A. TOWNLEY    ██████████

SCHEDULE E    INCOME OR (LOSS) FROM PARTNERSHIPS AND S CORPS    STATEMENT 23

NAME
————
EMP ID NO.
————————

| CODE | X IF FRN | BASIS COMP REQ | ANY NOT AT RISK | PASSIVE LOSS | PASSIVE INCOME | NONPASSIVE LOSS | SEC. 179 DEDUCTION | NONPASSIVE INCOME |
|------|----------|----------------|-----------------|--------------|----------------|-----------------|--------------------|-------------------|
| OGEECHEE TIMBER, LLC | | | | | | | | |
| P | | | | | | | | 6,551. |
| PLUCKED CHICKEN, INC. | | | | | | | | |
| S | X | | | | | | | 34882957. |
| LAND WARRIORS, LLC | | | | | | | | |
| P | | | | 4,400. | | | | |
| LOG CREEK, LLLP | | | | | | | | |
| P | | | | | 925,644. | | | |
| LOG CREEK, LLLP | | | | | | | | |
| P | | | | | 925,644. | | | |
| TOWNLEY FAMILY PARTNERSHIP, LLLP | | | | | | | | |
| P | | | | | 17,674. | | | |
| PRIOR YEAR PAL | | | | | | | | |
| P | | | | 90. | | | | |
| TOWNLEY FAMILY PARTNERSHIP, LLLP | | | | | | | | |
| P | | | | | 883,710. | | | |
| PRIOR YEAR PAL | | | | | | | | |
| P | | | | 4,496. | | | | |
| TOWNLEY FAMILY PARTNERSHIP, LLLP | | | | | | | | |
| P | | | | | 866,036. | | | |
| PRIOR YEAR PAL | | | | | | | | |
| P | | | | 4,405. | | | | |
| CLUCKZ HOLDINGS, LLC | | | | | | | | |
| P | | | | | | | | 1,229,179. |
| M&T AVIATION, LLC | | | | | | | | |
| P | | | | | | | | 79,206. |
| ZAXBY'S OPERATING COMPANY, LP (TDT) | | | | | | | | |
| P | | | | | | | | 6,529,485. |
| CLUCKZ HOLDINGS, LLC (SECG) | | | | | | | | |
| P | | | | | | | | 390,240. |

AMENDED

TONY D. & ELIZABETH A. TOWNLEY

INTEREST EXPENSE - LOG CREEK

  P                                                568,920.
INTEREST EXPENSE - TOWNLEY FAMILY
PARTNERSHIP

  P                                                570,769.
PARKER CREEK PROPERTIES, LLC
████████████
  P                              0.
LOG CREEK, LLLP
████████████
  P                                                 18,891.
LOG CREEK, LLLP
████████████
  P                                                 18,890.
INTEREST EXPENSE - LAND WARRIORS

  P                                                    717.
INTEREST EXPENSE - OGEECHEE TIMBER

  P                                                    645.

| TOTALS TO SCH. E, LN. 29 | 13,391. | 4,797,540. | | 43117618. |
|---|---|---|---|---|

---

| SCHEDULE F | OTHER EXPENSES | STATEMENT 24 |
|---|---|---|
| DESCRIPTION | | AMOUNT |
| LEGAL FEES | | 16,227. |
| BANK FEES | | 50. |
| REFORESTATION EXPENSE | | 30,000. |
| SUPPLIES | | 234. |
| PROFESSIONAL FEES | | 14,276. |
| TOTAL TO SCHEDULE F, PART II, LINE 32 | | 60,787. |

---

| SCHEDULE F | OTHER INCOME - CASH METHOD | STATEMENT 25 |
|---|---|---|
| DESCRIPTION | | AMOUNT |
| HUNTING LEASE REVENUE | | 5,968. |
| TOTAL TO SCHEDULE F, PART I, LINE 8 | | 5,968. |

AMENDED

TONY D. & ELIZABETH A. TOWNLEY

| SCHEDULE SE | NON-FARM INCOME | STATEMENT 26 |
|---|---|---|

| DESCRIPTION | AMOUNT |
|---|---|
| MANAGEMENT | -244,627. |
| OGEECHEE TIMBER, LLC | 6,551. |
| LAND WARRIORS, LLC | 430. |
| CLUCKZ HOLDINGS, LLC | 1,291,679. |
| ZAXBY'S OPERATING COMPANY, LP (TDT) | 813. |
| ZAXBY'S FRANCHISING LLC | 989,265. |
| TOTAL TO SCHEDULE SE, LINE 2 | 2,044,111. |

| SCHEDULE SE | FARM INCOME | STATEMENT 27 |
|---|---|---|

| DESCRIPTION | AMOUNT |
|---|---|
| TOWNLEY FAMILY PARTNERSHIP, LLLP | -17,437. |
| TIMBER | -58,871. |
| TOTAL TO SCHEDULE SE, LINE 1A | -76,308. |

| FORM 4797 | | PROPERTY HELD MORE THAN ONE YEAR | | | | STATEMENT 28 |
|---|---|---|---|---|---|---|
| DESCRIPTION | DATE ACQUIRED | DATE SOLD | SALES PRICE | DEPR. | COST OR BASIS | GAIN OR LOSS |
| OGEECHEE TIMBER, LLC | | | | | | 423. |
| LOG CREEK, LLLP | | | | | | 293,645. |
| LOG CREEK, LLLP | | | | | | 293,644. |
| LOG CREEK, LLLP | | | | | | 5,992. |
| LOG CREEK, LLLP | | | | | | 5,993. |
| TOTAL TO 4797, PART I, LINE 2 | | | | | | 599,697. |

AMENDED

TONY D. & ELIZABETH A. TOWNLEY

---

| FORM 6251 | PASSIVE ACTIVITIES | | | STATEMENT 29 |
|---|---|---|---|---|

| | | NET INCOME (LOSS) | | |
| NAME OF ACTIVITY | FORM | AMT | REGULAR | ADJUSTMENT |
|---|---|---|---|---|
| 820 AGRICULTURE DR | FORM 4797 | 91,881. | 91,881. | |
| LAND WARRIORS, LLC | SCH E | -4,398. | -4,400. | 2. |
| TOWNLEY FAMILY PARTNERSHIP, LLLP | SCH E | | -90. | 90. |
| TOWNLEY FAMILY PARTNERSHIP, LLLP | SCH E | | -4,496. | 4,496. |
| TOWNLEY FAMILY PARTNERSHIP, LLLP | SCH E | | -4,405. | 4,405. |
| EAT HOLDINGS, LLC - 755 NORTH HWY 29, ATHENS, GA 30601 | SCH E | 107,010. | 107,010. | |
| FRAZER CREEK INVESTMENTS, LLC - VARIOUS (FRAZER CREEK), OCONEE COUNTY, GA 3 | SCH E | -191,455. | -185,500. | -5,955. |
| TOTAL TO FORM 6251, LINE 2M | | | | 3,038. |

---

| FORM 6251 | LOSS LIMITATIONS | | | STATEMENT 30 |
|---|---|---|---|---|

| | | NET INCOME (LOSS) | | |
| NAME OF ACTIVITY | FORM | AMT | REGULAR | ADJUSTMENT |
|---|---|---|---|---|
| PLUCKED CHICKEN, INC. | SCH E | 35,291,871. | 35,991,492. | -699,621. |
| TOTAL TO FORM 6251, LINE 2N | | | | -699,621. |

---

| FORM 6251 | DEPRECIATION ON ASSETS PLACED IN SERVICE AFTER 1986 | STATEMENT 31 |
|---|---|---|

| DESCRIPTION | AMOUNT |
|---|---|
| FROM K-1 - LOG CREEK, LLLP | -16. |
| FROM K-1 - LOG CREEK, LLLP | -17. |
| FROM K-1 - CLUCKZ HOLDINGS, LLC | -24,617. |
| FROM K-1 - ZAXBY'S OPERATING COMPANY, LP (TDT) | -130,712. |
| FROM K-1 - CLUCKZ HOLDINGS, LLC (SECG) | -7,816. |
| FROM K-1 - LOG CREEK, LLLP | -1. |
| TOTAL TO FORM 6251, LINE 2L | -163,179. |

Case 3:22-cv-00107-CDL   Document 159   Filed 10/28/22   Page 94 of 163
TONY D. & ELIZABETH A. TOWNLEY

---

| FORM 8960 | TRADE OR BUSINESS INCOME | STATEMENT 32 |
|---|---|---|

```
ROYALTIES DERIVED IN THE ORDINARY COURSE OF BUSINESS          0.
OGEECHEE TIMBER, LLC                                     -6,551.
PLUCKED CHICKEN, INC.                               -34,882,957.
LOG CREEK, LLLP                                         925,644.
LOG CREEK, LLLP                                         925,644.
TOWNLEY FAMILY PARTNERSHIP, LLLP                         17,674.
TOWNLEY FAMILY PARTNERSHIP, LLLP                        883,710.
TOWNLEY FAMILY PARTNERSHIP, LLLP                        866,036.
CLUCKZ HOLDINGS, LLC                                 -1,229,179.
M&T AVIATION, LLC                                       -79,206.
ZAXBY'S OPERATING COMPANY, LP (TDT)                  -6,529,485.
CLUCKZ HOLDINGS, LLC (SECG)                            -390,240.
INTEREST EXPENSE - LOG CREEK                            568,920.
INTEREST EXPENSE - TOWNLEY FAMILY PARTNERSHIP          570,769.
LOG CREEK, LLLP                                          18,890.
LOG CREEK, LLLP                                          18,891.
INTEREST EXPENSE - LAND WARRIORS                           717.
INTEREST EXPENSE - OGEECHEE TIMBER                         645.
                                                   _____
AMOUNT TO FORM 8960, LINE 4B                        -38,320,078.
                                                   ============
```

---

| FORM 8960 | OTHER MODIFICATIONS TO INVESTMENT INCOME | STATEMENT 33 |
|---|---|---|

```
AMOUNT FROM LINE 7 WORKSHEET, LINE 13 FOR GA        42,100.
TOTAL RECOVERY OF PRIOR YEAR FORM 8960, LINE 9B     42,100.       42,100.

AMOUNT TO FORM 8960, LINE 7                                       42,100.
                                                              ============
```

---

| FORM 8582 | ACTIVE RENTAL OF REAL ESTATE - WORKSHEET 1 | STATEMENT 38 |
|---|---|---|

| NAME OF ACTIVITY | CURRENT YEAR NET INCOME | CURRENT YEAR NET LOSS | PRIOR YEAR UNALLOWED LOSS | OVERALL GAIN OR LOSS GAIN | OVERALL GAIN OR LOSS LOSS |
|---|---|---|---|---|---|
| EAT HOLDINGS, LLC - 755 NORTH HWY 29, ATHENS, GA 30601 | 107,010. | 0. | | 107,010. | |
| FRAZER CREEK INVESTMENTS, LLC - VARIOUS (FRAZER CREEK), OCONEE C | 91,881. | -191,333. | | | -99,452. |
| TOTALS | 198,891. | -191,333. | | 107,010. | -99,452. |

Case 3:22-cv-00107-CDL   Document 41   Filed 10/28/22   Page 95 of 163
TONY D. & ELIZABETH A. TOWNLEY

---

FORM 8582            OTHER PASSIVE ACTIVITIES - WORKSHEET 3        STATEMENT 39

---

| | CURRENT YEAR | | PRIOR YEAR UNALLOWED LOSS | OVERALL GAIN OR LOSS | |
| NAME OF ACTIVITY | NET INCOME | NET LOSS | | GAIN | LOSS |
|---|---|---|---|---|---|
| LAND WARRIORS, LLC | 481. | 0. | -5,155. | | -4,674. |
| TOWNLEY FAMILY PARTNERSHIP, LLLP | 0. | 0. | -96. | | -96. |
| TOWNLEY FAMILY PARTNERSHIP, LLLP | 0. | 0. | -4,776. | | -4,776. |
| TOWNLEY FAMILY PARTNERSHIP, LLLP | 0. | 0. | -4,680. | | -4,680. |
| TOTALS | 481. | 0. | -14,707. | | -14,226. |

---

FORM 8582         ALLOCATION OF UNALLOWED LOSSES - WORKSHEET 5     STATEMENT 40

---

| NAME OF ACTIVITY | FORM OR SCHEDULE | LOSS | RATIO | UNALLOWED LOSS |
|---|---|---|---|---|
| LAND WARRIORS, LLC | SCH E | 4,674. | .041116135 | 274. |
| TOWNLEY FAMILY PARTNERSHIP, LLLP | SCH E | 96. | .000844491 | 6. |
| TOWNLEY FAMILY PARTNERSHIP, LLLP | SCH E | 4,776. | .042013406 | 280. |
| TOWNLEY FAMILY PARTNERSHIP, LLLP | SCH E | 4,680. | .041168916 | 275. |
| FRAZER CREEK INVESTMENTS, LLC - VARIOUS (FRAZER CREEK), OCONEE C | SCH E | 99,452. | .874857052 | 5,833. |
| TOTALS | | 113,678. | 1.000000000 | 6,668. |

---

FORM 8582              ALLOWED LOSSES - WORKSHEET 6              STATEMENT 41

---

| NAME OF ACTIVITY | FORM OR SCHEDULE | LOSS | UNALLOWED LOSS | ALLOWED LOSS |
|---|---|---|---|---|
| LAND WARRIORS, LLC | SCH E | 5,155. | 274. | 4,881. |
| TOWNLEY FAMILY PARTNERSHIP, LLLP | SCH E | 96. | 6. | 90. |
| TOWNLEY FAMILY PARTNERSHIP, LLLP | SCH E | 4,776. | 280. | 4,496. |
| TOWNLEY FAMILY PARTNERSHIP, LLLP | SCH E | 4,680. | 275. | 4,405. |
| TOTALS | | 14,707. | 835. | 13,872. |

Case 3:22-cv-00107-CDL    Document 118    Filed 10/28/22    Page 96 of 163
TONY D. & ELIZABETH A. TOWNLEY

---

FORM 8582            ACTIVITIES WITH LOSSES REPORTED ON 2 OR        STATEMENT 42
                     MORE DIFFERENT FORMS OR SCHEDULES - WORKSHEET 7

---

| GROUP NO.  NAME | FORM OR SCHEDULE NET LOSS | FORM OR SCHEDULE NET GAIN | OVERALL LOSS | RATIO | UNALLOWED LOSS | ALLOWED LOSS |
|---|---|---|---|---|---|---|
| 1 820 AGRICULTURE DR | | 91,881. | 0. | .000000000 | | |
| 1 FRAZER CREEK INVESTMENTS, LLC - VARIOUS (FRAZER CREEK), OCONEE C | 191,333. | | 191,333. | 1.000000000 | 5,833. | 185,500. |
| | | | 191,333. | 1.000000000 | 5,833. | 185,500. |

---

FORM 8582                    SUMMARY OF PASSIVE ACTIVITIES                    STATEMENT 43

| R R E A | NAME | FORM OR SCHEDULE | GAIN/LOSS | PRIOR YEAR C/O | NET GAIN/LOSS | UNALLOWED LOSS | ALLOWED LOSS |
|---|---|---|---|---|---|---|---|
| X | 820 AGRICULTURE DR | FORM 4797 | 91,881. | | 91,881. | | |
| | LAND WARRIORS, LLC | SCH E | 481. | -5,155. | -4,674. | 274. | 4,400. |
| | TOWNLEY FAMILY PARTNERSHIP, LLLP | SCH E | 0. | -96. | -96. | 6. | 90. |
| | TOWNLEY FAMILY PARTNERSHIP, LLLP | SCH E | 0. | -4,776. | -4,776. | 280. | 4,496. |
| | TOWNLEY FAMILY PARTNERSHIP, LLLP | SCH E | 0. | -4,680. | -4,680. | 275. | 4,405. |
| X | EAT HOLDINGS, LLC - 755 NORTH HWY 29, ATHENS, GA 30601 | SCH E | 107,010. | | 107,010. | | |
| X | FRAZER CREEK INVESTMENTS, LLC - VARIOUS (FRAZER CREEK), OCONEE C | SCH E | -191,333. | | -191,333. | 5,833. | 185,500. |
| | TOTALS | | 8,039. | -14,707. | -6,668. | 6,668. | 198,891. |

PRIOR YEAR CARRYOVERS ALLOWED DUE TO CURRENT YEAR NET ACTIVITY INCOME        481.

TOTAL TO FORM 8582, LINE 16                                               199,372.

Case 3:22-cv-00107-CDL   Document 115-3   Filed 10/28/22   Page 97 of 163

TONY D. & ELIZABETH A. TOWNLEY

---

FORM 8582                    ALTERNATIVE MINIMUM TAX                    STATEMENT 44
                      ACTIVE RENTAL OF REAL ESTATE - WORKSHEET 1

---

| | CURRENT YEAR | | PRIOR YEAR UNALLOWED | OVERALL GAIN OR LOSS | |
| NAME OF ACTIVITY | NET INCOME | NET LOSS | LOSS | GAIN | LOSS |
|---|---|---|---|---|---|
| EAT HOLDINGS, LLC - 755 NORTH HWY 29, ATHENS, GA 30601 | 107,010. | 0. | | 107,010. | |
| FRAZER CREEK INVESTMENTS, LLC - VARIOUS (FRAZER CREEK), OCONEE C | 91,881. | -191,455. | | | -99,574. |
| TOTALS | 198,891. | -191,455. | | 107,010. | -99,574. |

---

FORM 8582                    ALTERNATIVE MINIMUM TAX                    STATEMENT 45
                      OTHER PASSIVE ACTIVITIES - WORKSHEET 3

---

| | CURRENT YEAR | | PRIOR YEAR UNALLOWED | OVERALL GAIN OR LOSS | |
| NAME OF ACTIVITY | NET INCOME | NET LOSS | LOSS | GAIN | LOSS |
|---|---|---|---|---|---|
| LAND WARRIORS, LLC | 481. | 0. | -4,879. | | -4,398. |
| TOTALS | 481. | 0. | -4,879. | | -4,398. |

Case 3:22-cv-00107-CDL    Document 1    Filed 10/28/22    Page 98 of 163
TONY D. & ELIZABETH A. TOWNLEY

FORM 8582AMT           SUMMARY OF PASSIVE ACTIVITIES - AMT           STATEMENT 46

| R R E A | NAME | FORM OR SCHEDULE | GAIN/LOSS | PRIOR YEAR C/O | NET GAIN/LOSS | UNALLOWED LOSS | ALLOWED LOSS |
|---|---|---|---|---|---|---|---|
| X | 820 AGRICULTURE DR | FORM 4797 | 91,881. | | 91,881. | | |
| | LAND WARRIORS, LLC | SCH E | 481. | -4,879. | -4,398. | | 4,398. |
| X | EAT HOLDINGS, LLC - 755 NORTH HWY 29, ATHENS, GA 30601 | SCH E | 107,010. | | 107,010. | | |
| X | FRAZER CREEK INVESTMENTS, LLC - VARIOUS (FRAZER CREEK), OCONEE C | SCH E | -191,455. | | -191,455. | | 191,455. |
| | TOTALS | | 7,917. | -4,879. | 3,038. | | 195,853. |

PRIOR YEAR CARRYOVERS ALLOWED DUE TO CURRENT YEAR NET ACTIVITY INCOME       481.

TOTAL                                                                    196,334.

Case 3:22-cv-00107-CDL   Document 19   Filed 10/28/22   Page 99 of 163
TONY D. & ELIZABETH A. TOWNLEY

---

FORM 4562          PART III - RESIDENTIAL RENTAL PROPERTY          STATEMENT 47

| (A) DESCRIPTION OF PROPERTY | (B) MO/YR | (C) BASIS | (G) DEDUCTION |
|---|---|---|---|
| BUILDING - 1561 ROCKY BR | 6/18 | 185,201. | 3,648. |
| BUILDING - 1111 BROOKWOOD DR | 5/18 | 172,274. | 3,915. |
| BUILDING - 2001 LANE CREEK | 5/18 | 124,796. | 2,836. |
| BUILDING - 1030 CARRIAGE COURT | 7/18 | 132,348. | 2,206. |
| BUILDING - 1330 COLE SPRINGS | 8/18 | 101,490. | 1,384. |
| BUILDING - 2291 MALCOM BRIDGE R | 12/18 | 127,167. | 193. |
| BUILDING - 1951 LANE CREEK RD | 11/18 | 212,860. | 968. |
| BUILDING - 4360 HOG MOUNTAIN RD | 12/18 | 169,250. | 256. |
| IMPROVEMENTS - 1370 MALCOLM BRIDGE ROAD | 8 18 | 3,047. | 42. |
| IMPROVEMENTS - 1811 LANE CREEK | 8/18 | 4,707. | 64. |
| IMPROVEMENTS - 1320 COLE SPRINGS RD | 1/18 | 2,739. | 95. |
| IMPROVEMENTS - 1491 PARKER CREEK RD | 1/18 | 1,776. | 62. |
| IMPROVEMENTS - 4721 HOG MTN RD | 8/18 | 3,550. | 48. |
| IMPROVEMENTS - 1020 ROCKY BRANCH RD | 5/18 | 7,269. | 165. |
| IMPROVEMENTS - 1040 ROCKY BRANCH RD | 5/18 | 7,279. | 165. |
| IMPROVEMENTS - 1111 BROOKWOOD DR | 5/18 | 3,100. | 70. |
| IMPROVEMENTS - 1370 MALCOLM BRI | 11/18 | 147,027. | 668. |
| IMPROVEMENTS - 1721 AYCOCK ROAD | 7/18 | 14,565. | 243. |
| TOTAL TO FORM 4562, PART III, LINE 19H | | 1,420,445. | 17,028. |

Form **8283**
(Rev. December 2021)
Department of the Treasury
Internal Revenue Service

### Noncash Charitable Contributions

▶ Attach one or more Forms 8283 to your tax return if you claimed a total deduction
of over $500 for all contributed property.
▶ Go to *www.irs.gov/Form8283* for instructions and the latest information.

OMB No. 1545-0074

Attachment
Sequence No. **155**

Name(s) shown on your income tax return

**LOG CREEK, LLLP**

Identifying number

**Note:** Figure the amount of your contribution deduction before completing this form. See your tax return instructions.

**Section A. Donated Property of $5,000 or Less and Publicly Traded Securities**—List in this section **only** an item
(or a group of similar items) for which you claimed a deduction of $5,000 or less. Also list publicly traded
securities and certain other property even if the deduction is more than $5,000. See instructions.

| **Part I** | **Information on Donated Property**—If you need more space, attach a statement. |

| 1 | (a) Name and address of the donee organization | (b) If donated property is a vehicle (see instructions), check the box. Also enter the vehicle identification number (unless Form 1098-C is attached.) | (c) Description and condition of donated property (For a vehicle, enter the year, make, model, and mileage. For securities and other property, see instructions.) |
|---|---|---|---|
| A | | ☐ | |
| B | | ☐ | |
| C | | ☐ | |
| D | | ☐ | |
| E | | ☐ | |

**Note:** If the amount you claimed as a deduction for an item is $500 or less, you do not have to complete columns (e), (f), and (g).

| | (d) Date of the contribution | (e) Date acquired by donor (mo., yr.) | (f) How acquired by donor | (g) Donor's cost or adjusted basis | (h) Fair market value (see instructions) | (i) Method used to determine the fair market value |
|---|---|---|---|---|---|---|
| A | | | | | | |
| B | | | | | | |
| C | | | | | | |
| D | | | | | | |
| E | | | | | | |

**Section B. Donated Property Over $5,000 (Except Publicly Traded Securities, Vehicles, Intellectual Property or Inventory Reportable in Section A)**—Complete this section for one item (or a group of similar items) for which you claimed a deduction of more than $5,000 per item or group (except contributions reportable in Section A). Provide a separate form for each item donated unless it is part of a group of similar items. A qualified appraisal is generally required for items reportable in Section B. See instructions.

| **Part I** | **Information on Donated Property** |

2 Check the box that describes the type of property donated.

a ☐ Art* (contribution of $20,000 or more)      e ☐ Other Real Estate      i ☐ Vehicles
b ☑ Qualified Conservation Contribution      f ☐ Securities      j ☐ Clothing and household items
c ☐ Equipment      g ☐ Collectibles**      k ☐ Other
d ☐ Art* (contribution of less than $20,000)      h ☐ Intellectual Property

* Art includes paintings, sculptures, watercolors, prints, drawings, ceramics, antiques, decorative arts, textiles, carpets, silver, rare manuscripts, historical memorabilia, and other similar objects.

**Collectibles include coins, stamps, books, gems, jewelry, sports memorabilia, dolls, etc., but not art as defined above.

**Note:** In certain cases, you must attach a qualified appraisal of the property. See instructions.

| 3 | (a) Description of donated property (if you need more space, attach a separate statement) | (b) If any tangible personal property or real property was donated, give a brief summary of the overall physical condition of the property at the time of the gift. | (c) Appraised fair market value |
|---|---|---|---|
| A | **CONSERVATION EASEMENT UNDER IRC 170(H)** | | **46,399,000.00** |
| B | **(SEE ATTACHED)** | | |
| C | | | |

| | (d) Date acquired by donor (mo., yr.) | (e) How acquired by donor | (f) Donor's cost or adjusted basis | (g) For bargain sales, enter amount received | (h) Amount claimed as a deduction (see instructions) | (i) Date of contribution (see instructions) |
|---|---|---|---|---|---|---|
| A | **12/2012** | **OMNIBUS DEED** | **300,603** | | | |
| B | **(SEE ATTACHED)** | | | | | |
| C | | | | | | |

For Paperwork Reduction Act Notice, see separate instructions.      Cat. No. 62299J      Form **8283** (Rev. 12-2021)

Form 8283 (Rev. 12-2021)                                                                                          Page **2**

| Name(s) shown on your income tax return | Identifying number |
|---|---|
| LOG CREEK, LLLP | ████ |

**Part II**    **Partial Interests and Restricted Use Property (Other Than Qualified Conservation Contributions)**—
Complete lines 4a through 4e if you gave less than an entire interest in a property listed in Section B, Part I.
Complete lines 5a through 5c if conditions were placed on a contribution listed in Section B, Part I; also
attach the required statement. See instructions.

**4a**   Enter the letter from Section B, Part I that identifies the property for which you gave less than an entire interest ▶ _____
     If Section B, Part II applies to more than one property, attach a separate statement.

**b**   Total amount claimed as a deduction for the property listed in Section B, Part I: **(1)** For this tax year . . ▶ _____
                                                **(2)** For any prior tax years ▶ _____

**c**   Name and address of each organization to which any such contribution was made in a prior year (complete only if different
from the donee organization in Section B, Part V, below):
     Name of charitable organization (donee)
_____

| Address (number, street, and room or suite no.) | City or town, state, and ZIP code |
|---|---|
| | |

**d**   For tangible property, enter the place where the property is located or kept ▶ _____
**e**   Name of any person, other than the donee organization, having actual possession of the property ▶ _____

| | | Yes | No |
|---|---|---|---|
| **5a** | Is there a restriction, either temporary or permanent, on the donee's right to use or dispose of the donated property? | | |
| **b** | Did you give to anyone (other than the donee organization or another organization participating with the donee organization in cooperative fundraising) the right to the income from the donated property or to the possession of the property, including the right to vote donated securities, to acquire the property by purchase or otherwise, or to designate the person having such income, possession, or right to acquire? . . . . . . . . . . . . . | | |
| **c** | Is there a restriction limiting the donated property for a particular use? . . . . . . . . . . . . . . . | | |

**Part III**    **Taxpayer (Donor) Statement**—List each item included in Section B, Part I above that the appraisal identifies
as having a value of $500 or less. See instructions.

I declare that the following item(s) included in Section B, Part I above has to the best of my knowledge and belief an appraised value
of not more than $500 (per item). Enter identifying letter from Section B, Part I and describe the specific item. See instructions.

▶ _____

Signature of
taxpayer (donor) ▶ _____ Date ▶ _____

**Part IV**    **Declaration of Appraiser**

I declare that I am not the donor, the donee, a party to the transaction in which the donor acquired the property, employed by, or related to any of the foregoing persons, or married to any person who is related to any of the foregoing persons. And, if regularly used by the donor, donee, or party to the transaction, I performed the majority of my appraisals during my tax year for other persons.

Also, I declare that I perform appraisals on a regular basis; and that because of my qualifications as described in the appraisal, I am qualified to make appraisals of the type of property being valued. I certify that the appraisal fees were not based on a percentage of the appraised property value. Furthermore, I understand that a false or fraudulent overstatement of the property value as described in the qualified appraisal or this Form 8283 may subject me to the penalty under section 6701(a) (aiding and abetting the understatement of tax liability). I understand that my appraisal will be used in connection with a return or claim for refund. I also understand that, if there is a substantial or gross valuation misstatement of the value of the property claimed on the return or claim for refund that is based on my appraisal, I may be subject to a penalty under section 6695A of the Internal Revenue Code, as well as other applicable penalties. I affirm that I have not been at any time in the three-year period ending on the date of the appraisal barred from presenting evidence or testimony before the Department of the Treasury or the Internal Revenue Service pursuant to 31 U.S.C. 330(c).

**Sign**
**Here**

| Appraiser signature ▶ *Rick Kenny Doug Kenny* | Date ▶ **03/09/2022** |
|---|---|
| Appraiser name ▶ *Rick Kenny Doug Kenny*     Title ▶ *President* | *3-9-2022* |

Business address (including room or suite no.)
327 Dahlonega St., Suit 104         Identifying number ████

City or town, state, and ZIP code
Cumming, GA 30040

**Part V**    **Donee Acknowledgment**

This charitable organization acknowledges that it is a qualified organization under section 170(c) and that it received the donated property
as described in Section B, Part I, above on the following date ▶    **DECEMBER 21, 2018**
Furthermore, this organization affirms that in the event it sells, exchanges, or otherwise disposes of the property described in Section
B, Part I (or any portion thereof) within 3 years after the date of receipt, it will file **Form 8282**, Donee Information Return, with the IRS
and give the donor a copy of that form. This acknowledgment does not represent agreement with the claimed fair market value.

Does the organization intend to use the property for an unrelated use? . . . . . . . . . . . . . ▶ ☐ Yes ☑ No

| Name of charitable organization (donee) | Employer identification number |
|---|---|
| **OCONEE RIVER LAND TRUST** | ████ |

| Address (number, street, and room or suite no.) | City or town, state, and ZIP code |
|---|---|
| **675 PULASKI ST., #2300** | **ATHENS, GA 30601** |

| Authorized signature *Thorpe* | Title **EXECUTIVE DIRECTOR** | Date 3/9/2022 |
|---|---|---|

Form **8283** (Rev. 12-2021)

FORM 8283-2018-NORRIS-CASON

Form 8283: Noncash Charitable Contributions
Attachment for Information on Donated Property

Name:                                    Log Creek, LLLP
Identifying Number:                      ████████

**5(a). Description of the Property:**  The donated property is a conservation easement donated as a "qualified conservation contribution" under I.R.C. § 170(h).  The conservation easement encompasses approximately 240.00 acres of a 2,637.64 acre parcel located in Warren County, Georgia.  The property is primarily wooded with pine trees and hardwoods.

**Conservation Purposes:**

The Property borders a stream and consists of diverse hardwood and planted pine forests with granite outcrops.  The Property contains a managed pine forest, and permanently protecting the Property with this Conservation Easement will therefore provide for the maintenance of forestry land, which is a conservation purpose recognized by the State of Georgia as providing significant public benefit and therefore worthy of permanent protection (*See* the Georgia Conservation Tax Credit Program ("GCTCP") at O.C.G.A. § 48-7-29.12 and Ga. R. & Regs. 391-1-6- .03(5)(d)).

The Property is located in the Ogeechee River Watershed, segments of which have been designated by the Georgia Department of Natural Resources as a high priority watershed due to their importance in protecting or restoring aquatic species diversity, natural flow regimes, and other conservation activities as defined in the Georgia State Wildlife Action Plan (*See* SWAP, final report dated September 2015 ("2015 SWAP"), and contains three tributaries to the Ogeechee River which run through the Property for 5,920 feet.

The Property is made up of a number of habitats, including Mesic Hardwood Forest, Granite Outcrops, and Streams, which are classified as high priority by the State of Georgia due to their importance in protecting or restoring biodiversity, preserving functional ecosystems, and other conservation efforts as defined in the 2015 SWAP.

This Conservation Easement ensures "the preservation of open space (including farmland and forest land) where such preservation is pursuant to a clearly delineated Federal, State, or local governmental conservation policy, and will yield a significant public benefit," within the meaning of §170(h)(4)(A)(iii)(II) of the Internal Revenue Code of 1986, as amended, in that the State of Georgia has clearly delineated conservation policy and programs that recognize the significant public benefit associated with the preservation of open space, as follows:

a. The State of Georgia, recognizing the public benefit of protecting certain habitats and natural resources, has created the GCTCP in which a state income tax credit is awarded to qualifying conservation easements that further state-designated conservation purposes;

b. The following conservation purposes, which are recognized by the GCTCP, are served by this Conservation Easement:  (i) the protection of high priority habitats, Mesic Hardwood

Forest, Granite Outcrops, and Streams, and the resulting significant public benefit includes the preservation of varied critical Georgia ecosystems that support a diversity of wildlife and provide habitat connectivity; (ii) the protection of water quality through the conservation of streams, wetlands, and buffers to these features, and the resulting significant public benefit is the protection of water quality and quantity necessary to support in-stream species and enhance public drinking water; and (iii) the protection of productive forestry and agricultural land, and the resulting significant public benefit is the creation of natural resource-based economic benefits to the State, including resource-based tourism, hunting, and resource-related employment, and the protection of important soils; and

By ensuring that the varied and critical high quality natural habitats mentioned above, as identified in the Baseline Documentation Report, remain undisturbed and intact, this Conservation Easement will therefore provide for "the protection of a relatively natural habitat of fish, wildlife, or plants, or similar ecosystem ... ," as set forth in IRC §170(h)(4)(A)(ii).

**Appraised Valuation:**

| | |
|---|---|
| Market Value Before Grant of Conservation Easement: | $51,550,000 |
| Market Value after Grant of Conservation Easement: | $4,920,000 |
| Value of Conservation Easement/Contribution: | $46,630,000 |
| | |
| Less Value of Enhancement to Excluded Parcels: | $230,500 |
| Fair market Value Including Impact of Enhancement: | $46,399,000 (R) |

Pursuant to IRC § 1.170 A-14(h)(3)(i), " ... if the granting of a conservation easement has had an effect of the value increasing other property owned by the donor or a related person, the amount of the deduction for the conservation contribution shall be reduced by the amount of the increase in the value of the other property ... .  "The enhancement value has been evaluated and an appropriate reduction has been taken as set forth above."

An appraisal by a qualified Appraiser, indicating the above valuations, is attached to this Form 8283.

**Statement of Purpose:**
This donation was not used to obtain a permit or any other approval by a local or other governing authority. This donation was not required by contract.

**Nearby Property Interests:**  The nearby property interests have been identified and valued for enhancement.  An appropriate reduction for their value has been made as identified above.

**5(b). Summary of overall physical condition of the property at the time of gift:**  The property consists of mostly undeveloped vacant acres, wooded with county maintained road access as well as frontage along the south side of the CSX Georgia Railroad; conservation easement donated on December 21, 2018 and recorded in Warren County on December 28, 2018.

**5(c). Appraised fair market value:**            Easement Value:      $46,399,000

**5(d). Dates acquired by donor:**  The member partner in Log Creek, LLLP, Tony D. Townley, acquired the property via Limited Warranty Deed from State Bank and Trust Company on June 30, 2010.  The property was subsequently contributed to Log Creek, LLLP on December 14, 2012 via Omnibus Deed.

**5(e). How acquired by donor:**  Contribution to Log Creek, LLLP through an Omnibus Deed.

**5(f). Donor's cost or adjusted basis:**  The acquisition cost/basis of the property was $300,603.

FILED IN OFFICE
12/28/2018 09:45AM
Deed          Doc: EASE
Recorded 12/28/2018 09:45AM

CYNTHIA CHEELEY-LAZENBY
Clerk Superior Court, WARREN County, Ga.
Bk 0009Q   Pg  0686-0714
                    Rec# 35091

After filing, please return to:
Oconee River Land Trust
675 Pulaski St., #2300
Athens, Georgia 30601

Cross reference to that certain
Omnibus Deed dated
December 14, 2012, and recorded
December 17, 2012, in Deed Book
8V, Pages 0772-0789
Warren County, Georgia Records

STATE OF GEORGIA
COUNTY OF OCONEE

## DEED OF CONSERVATION EASEMENT

**THIS DEED OF CONSERVATION EASEMENT** (hereinafter "Conservation Easement") is made this 21 day of December, 2018, by and between **Log Creek, LLLP**, a limited liability limited partnership formed under the laws of Georgia (hereinafter "Grantor"), and the **Oconee River Land Trust, Inc.**, a Georgia nonprofit corporation (hereinafter "Grantee").

## WITNESSETH

   **WHEREAS**, Grantor owns in fee simple certain real property located in Warren County, Georgia, comprising approximately 240 acres more or less, and being more particularly described in **Exhibit A**, attached hereto and incorporated herein, and more particularly depicted on the "Conservation Easement Map" which is attached hereto as **Exhibit B** and incorporated herein (hereinafter the "Property"); and

   **WHEREAS**, the Property borders a stream and consists of diverse hardwood and planted pine forests with granite outcrops; and

   **WHEREAS**, the Property contains a managed pine forest, and permanently protecting the Property with this Conservation Easement will therefore provide for the maintenance of forestry land, which is a conservation purpose recognized by the State of Georgia as providing significant

1

public benefit and therefore worthy of permanent protection (See the Georgia Conservation Tax Credit Program ("GCTCP") at O.C.G.A. §48-7-29.12 and Ga. R. & Regs. 391-1-6-.03(5)(d)); and

**WHEREAS**, the forestry uses of the Property shall be conducted according to a professionally prepared Forest Management Plan (as defined below), and such management shall meet or exceed the then current Best Management Practices ("BMPs"), as defined by the Georgia Soil and Water Conservation Commission ("GSWCC"), the Georgia Forestry Commission, or successor agencies; and

**WHEREAS**, the Property is located in the Ogeechee River Watershed, segments of which have been designated by the Georgia Department of Natural Resources as a high priority watershed due to their importance in protecting or restoring aquatic species diversity, natural flow regimes, and other conservation activities as defined in the Georgia State Wildlife Action Plan ("SWAP") (See the SWAP, final report dated September 2015), and contains three tributaries to the Ogeechee River which run through the Property for 5,920 feet; and

**WHEREAS**, this Conservation Easement protects the water quality of streams, a conservation purpose recognized by the State of Georgia as providing significant public benefit and worthy of permanent protection, by (i) limiting the development on, and disturbances to, the Property; and (ii) protecting the stream and wetlands with buffers where disturbances to the soil and vegetation are prohibited (See the GCTCP at O.C.G.A. §48-7-29.12(a)(2)(A) and Ga. R. & Regs. 391-1-6-.03(5)(a)); and

**WHEREAS**, the Property is made up of a number of habitats, including Mesic Hardwood Forest, Granite Outcrops, and Streams, which are classified as high priority by the State of Georgia due to their importance in protecting or restoring biodiversity, preserving functional ecosystems, and other conservation efforts as defined in the SWAP (See the SWAP, final report dated September 2015); and

**WHEREAS**, this Conservation Easement, by permanently protecting the Property and preventing most disturbances, ensures the protection of these high priority habitats, and therefore provides for the "[p]rotection of wildlife habitat consistent with state wildlife conservation policies," a conservation purpose recognized by the State of Georgia as providing significant public benefit and worthy of protection (See the GCTCP at O.C.G.A. §48-7-29.12 and Ga. R. & Regs. 391-1-6-.03(5)(b), and the SWAP, final report dated September 2015); and

**WHEREAS**, this Conservation Easement ensures "the preservation of open space (including farmland and forest land) where such preservation is pursuant to a clearly delineated Federal, State, or local governmental conservation policy, and will yield a significant public benefit," within the meaning of §170(h)(4)(A)(iii)(II) (the "Government Policy Purpose") of the Internal Revenue Code of 1986, *as amended* ("IRC"), in that the State of Georgia has clearly delineated conservation policy and programs that recognize the significant public benefit associated with the preservation of open space, as follows:





2

Case 3:22-cv-... Document 1... Filed 0.../23 Page 107 of 163

a. The State of Georgia, recognizing the public benefit of protecting certain habitats and natural resources, has created the GCTCP in which a state income tax credit is awarded to qualifying conservation easements that further state-designated conservation purposes;

b. The following conservation purposes, which are recognized by the GCTCP, are served by this Conservation Easement: (i) the protection of high priority habitats, Mesic Hardwood Forest, Granite Outcrops, and Streams, and the resulting significant public benefit includes the preservation of varied critical Georgia ecosystems that support a diversity of wildlife and provide habitat connectivity; (ii) the protection of water quality through the conservation of streams, wetlands, and buffers to these features, and the resulting significant public benefit is the protection of water quality and quantity necessary to support in-stream species and enhance public drinking water; and (iii) the protection of productive forestry and agricultural land, and the resulting significant public benefit is the creation of natural resource-based economic benefits to the State, including resource-based tourism, hunting, and resource-related employment, and the protection of important soils; and

**WHEREAS**, by ensuring that the varied and critical high quality natural habitats mentioned above, as identified in the Baseline Documentation Report (as defined below), remain undisturbed and intact, this Conservation Easement will therefore provide for "the protection of a relatively natural habitat of fish, wildlife, or plants, or similar ecosystem…," as set forth in IRC §170(h)(4)(A)(ii) (the "Natural Habitat Purpose", along with the Government Policy Purpose, collectively referred to as the "IRC Purposes"); and

**WHEREAS**, Grantor intends that the multiple conservation purposes protected on the Property will not negatively impact each other and that uses inconsistent with these purposes will not be permitted; and

**WHEREAS**, the Property, in its protected state, will ensure the preservation of significant conservation values, including the preservation and protection of various significant natural wildlife and plant habitats, hydrologic resources, productive forest and agricultural resources, and open space values (collectively, "Conservation Values"), and thus is of great importance to the people of Warren County, the State of Georgia, and the United States, and therefore is worthy of perpetual protection; and

**WHEREAS**, preventing the development and disturbance of the Property will ensure that the high quality Conservation Values found on the Property will not be disturbed and will continue to benefit the public; and

**WHEREAS**, the Conservation Values are more particularly documented in the Conservation Easement baseline documentation report ("Baseline Documentation Report"), dated December 14, 2018, and prepared by Grantee, which consists of reports, maps, photographs, and other documentation regarding the present condition, uses, and Conservation Values of the Property as of the effective date of this Conservation Easement, as required by Treasury Regulations, §1.170A-14(g)(5); the Baseline Documentation Report is incorporated herein by this reference,

3





Case 3:22-cv-EXHIBIT A Document 1-5 Filed 10/28/22 Page 108 of 163

and is intended to serve as an objective, though non-exclusive, basis for monitoring compliance with the terms and conditions of this Conservation Easement; and

**WHEREAS**, Grantor intends that the Conservation Values of the Property be preserved and maintained by restricting and limiting those certain land uses on the Property set forth in more detail herein, and further, Grantor intends to convey to Grantee the right to preserve and protect the Conservation Values of the Property in perpetuity; and

**WHEREAS**, Grantee is (i) a publicly supported, nonprofit organization, created primarily for the conservation of the environment, and is tax exempt within the meaning of §501(c)(3) and §170(b)(1)(A)(vi) of the IRC; (ii) a "qualified organization" within the meaning of §170(h) of the IRC and §1.170A-14(c) of the Treasury Regulations; and (iii) a "holder" within the meaning of O.C.G.A. §44-10-1, *et seq.*, and, as such, is qualified to accept, hold, and administer conservation easements by the laws of the State of Georgia; Grantee's primary purpose is the preservation and protection of land in its scenic, forested, and open space condition in the Oconee River Watershed and other watersheds within the State of Georgia; and

**NOW, THEREFORE**, as an absolute charitable gift without payment of monetary consideration by Grantee to Grantor, but in consideration of the mutual covenants, terms, conditions, and restrictions hereinafter set forth, the receipt and sufficiency of which are hereby acknowledged, and pursuant to O.C.G.A. §44-10-1, *et seq.*, which expressly authorizes the conveyance herein contained, Grantor hereby unconditionally and irrevocably grants and conveys unto Grantee, forever and in perpetuity, a Conservation Easement of the nature and character and to the extent hereinafter set forth over the Property, including the right to preserve and protect the Conservation Values of the Property. Grantee, by its execution hereof, accepts the foregoing grant of this Conservation Easement, and the recordation of this instrument shall constitute a "recordation of the acceptance" by Grantee within the meaning of O.C.G.A. §44-10-3(b). The above recitals, which form a material part of this Conservation Easement, are incorporated herein and made a part hereof by this reference.

## ARTICLES OF AGREEMENT

### ARTICLE 1. PURPOSE

It is the exclusive purpose of this Conservation Easement to assure that the Property will be retained forever in its predominantly relatively natural, forested, open space, and relatively undeveloped condition, and to preserve and protect the IRC Purposes and the Conservation Values of the Property, including productive forestry and agricultural resources, the water quality of streams and wetlands, and a variety of significant natural habitats (collectively, the "Purpose"). Grantor will limit the use of the Property to activities that are consistent with the Purpose of this Conservation Easement and will prevent any use of the Property that will impair or interfere with the Conservation Values of the Property.

### ARTICLE 2. DURATION OF EASEMENT





4

This Conservation Easement shall be perpetual. It is an easement in gross, constitutes a real property interest, runs with the land, and is enforceable by Grantee against Grantor, its successors, assigns, lessees, agents, and licensees.

## ARTICLE 3.  RIGHTS OF GRANTEE

To accomplish the Purpose, the following rights are conveyed to Grantee by this Conservation Easement:

**A.** To preserve and protect the Conservation Values of the Property pursuant to the terms hereof;

**B.** To enter upon the Property at reasonable times in order to monitor compliance with, and otherwise enforce the terms of, this Conservation Easement in accordance with Article 9, except in cases where Grantee determines in its reasonable discretion that immediate entry is required to prevent, terminate, or mitigate an existing or imminent violation of this Conservation Easement which would significantly damage the Conservation Values of the Property;

**C.** To prevent any activity on, or use of, the Property, that is inconsistent with the Purpose of this Conservation Easement and to require the restoration of such areas or features of the Property that may be damaged by any inconsistent activity or use to their condition as of the date of this Conservation Easement; and

**D.** To post signs and other boundary markers within this Conservation Easement identifying the boundary of lands subject to this Conservation Easement, provided such signs are professionally prepared.

## ARTICLE 4.  RESERVED RIGHTS OF GRANTOR

Except as limited in this Conservation Easement, Grantor reserves all rights as fee owner of the Property; provided, however, that Grantor shall notify Grantee in writing, as required by Treasury Regulations, §1.170A-14(g)(5)(ii), prior to the exercise of any reserved or permitted right hereunder that may adversely impact the Conservation Values or the Purpose. Without limiting the generality of the foregoing, the following rights are expressly reserved unto the Grantor and are expressly permitted; provided, however, that notwithstanding any other provision of this Conservation Easement, the rights set forth in this Article shall only be exercised to the extent that they do not destroy or impair the Conservation Values and are not inconsistent with the Purpose of this Conservation Easement:

**A. Vegetation Management**

1. Except as provided below, Grantor reserves the right to plant non-invasive, native species and remove exotic species, according to a restoration plan which is subject to approval by Grantee in accordance with the approval procedures in Article 7, in order to (i) enhance vegetated habitat; (ii) protect the water quality of the streams and wetlands; and (iii)

5





increase the Property's plant diversity; and any disturbed area shall be restored and re-vegetated so as to minimize sediment runoff and erosion.

2.  The planting of invasive species listed in Category 1, Category 1 Alert, or Category 2 of the "List of Non-Native Invasive Plants in Georgia," published by the Georgia Exotic Pest Council or successor agency, is prohibited.

3.  Grantor reserves the right to remove dead, insect-infested, and diseased trees if said trees pose a threat to human safety or to the health of the stand as a whole. In the event that more than single tree removal is required, then Grantor shall obtain Grantee approval of any clearing activity as provided in Article 7.

## B. Special Natural Areas

1.  There are Mesic Hardwood Forests, Granite Outcrops, and Streams, on the Property, and these habitats are designated as Special Natural Areas ("SNAs"), as shown in **Exhibit B**, and shall be afforded additional protection because they are examples of significant and fragile natural communities.

2.  The SNAs shall include twenty-five (25) foot buffers around each granite outcrop as measured from the edge of the exposed rock.

3.  There shall be no clearing or disturbances in or to the SNAs, including no harvesting or cutting of trees or other vegetation except as provided in this paragraph.

4.  Grantor reserves the right to restore and enhance the SNAs subject to a restoration plan that has been approved by Grantee in accordance with the approval procedures in Article 7. The restoration goals of these areas, which shall be set forth in the restoration plan, shall be to (i) maintain and enhance the health, diversity, and quality of the habitats; (ii) prevent erosion; and (iii) protect the Conservation Values in order to support the ecological integrity and diversity of the Property. In addition to setting out these goals, the restoration plan shall set out the methods for achieving these goals. Any restoration action within the SNAs must not adversely impact the buffers, streams, granite outcrops, and wetlands. Grantor may also include management or restoration activities in its Forest Management Plan, as defined below.

5.  Restoration activities may include, without limitation, the removal of (i) exotic or non-native species and plants; (ii) other vegetation specified with Grantee's prior written consent; and (iii) damage caused by storms, insects, acts of God, disease, fire, unauthorized acts of third-parties, and other causes beyond the reasonable control of Grantor.

6.  In addition to the activities listed above, restoration activities may include the planting of native, non-invasive species in order to restore natural habitat.





6

7. Trails are permitted in the SNAs, as provided below, except that trails may not be located in or on the exposed granite outcrops, and trails located in the granite outcrop twenty five (25) foot buffer shall be limited to pedestrian use only. Use of said trails in the SNAs shall not cause or contribute to erosion and sediment runoff and shall minimize impact to the Conservation Values. Trails must avoid impacting rare and endangered plant species.

8. New or additional roads are prohibited in the SNAs, except that Grantor may construct unpaved roads as part of an approved restoration plan or Forest Management Plan, as defined below; provided, however, that no roads may be placed in or on the granite outcrops or buffer.

9. Harvesting of timber and other soil and vegetation disturbing activities, including, but not limited to, food plots, wildlife openings, and commercial forestry activities, are prohibited in the "Riparian Buffer," which is defined as any portion of the Property that lies within two hundred (200) feet of the banks of any perennial and intermittent stream, upland depression swamp, or jurisdictional wetland, as delineated by the U.S. Army Corps of Engineers pursuant to Section 404 of the Clean Water Act, 33 U.S.C. §1251, *et seq.*. and fifty (50) feet of any ephemeral stream. Except that, in order to enhance the health and diversity of the Riparian Buffer, however, Grantor reserves the right, with Grantee's written approval, to (i) remove diseased trees, invasive exotic species, and other vegetation; (ii) replant and restore the hardwood forest in the Riparian Buffer using native, non-invasive species; and (iii) thin or remove pine in order to promote the ecological diversity and health of the forest.

C. **Forest Management.** Grantor reserves the right to conduct the following commercial forest management activities, in the area designated as "Forestry Envelope" in **Exhibit B**, according to an approved Forest Management Plan ("FMP"), as provided for in Paragraph C(7) of this Article:

1. Grantor may conduct forest management activities that affect species quantity and quality of the trees in the Forestry Envelope, including herbicide application, site preparation, planting, prescribed burning, thinning and harvesting of trees, and such activities necessary for the sale, trade, or other removal of forest products from the Property.

2. Forest management activities shall meet or exceed then current BMPs as defined by the GSWCC, the Georgia Forestry Commission, or successor agencies.

3. Grantor may construct firebreaks on the portion of the Property that lies outside of the Riparian Buffers and SNAs and in accordance with then current state BMPs. The construction of firebreaks shall not cause or contribute to erosion and sediment runoff.

4. Grantor shall provide Grantee a written notice of harvest at least thirty (30) days prior to commencement of harvesting activities. The notice shall include the location of the harvest, anticipated dates of harvesting, and a summary of the planned activities and disturbances, including construction of any staging areas, loading docks, and roads.

7

 

Timber harvesting shall be supervised by a professional forester registered in the State of Georgia.

5. Any staging areas, skid trails, loading docks, trails, and roads constructed as a necessary component of timber harvesting must be constructed and located so as to minimize erosion and sediment runoff. After a harvest, trails and roads must be stabilized in order to prevent erosion and sediment runoff. Stabilization efforts may include seeding with non-invasive vegetation.

6. Grantor reserves the right to create and maintain up to five (5) acres of open habitat or foodplots in the Forestry Envelope for the benefit of wildlife, including birds, and to provide a diversity of habitats. These wildlife openings shall be created and maintained according to the approved FMP as set forth below.

7. All forest management activities shall be conducted according to a Forest Management Plan ("FMP"), which shall be prepared by a professional forester registered in the State of Georgia or other qualified natural resource specialist as approved by Grantee, and the FMP must comply with the terms, conditions, and provisions of this Conservation Easement. The FMP shall describe how forest management activities will be consistent with the Purpose of this Conservation Easement. The FMP is subject to the approval by Grantee in accordance with the provisions of Article 7, except that the initial FMP shall be provided to Grantee for review and written approval sixty (60) days before any forest management activities occur on the Property. The FMP shall include, at a minimum, the following:

   a. A statement of Grantor's forest management goals, including, but not limited to: (i) maintenance of soil productivity; (ii) protection of the water quality of the streams and wetlands; (iii) protection of the Riparian Buffers and SNAs; (iv) conservation of the scenic and aesthetic quality of the Property; (v) minimization of grading and alteration of the Property's topography; (vi) promotion of biologic diversity and maintenance and enhancement of wildlife habitat; and (vii) conservation of native plants and animals species;

   b. Identification of the Riparian Buffers and SNAs as no-disturbance areas;

   c. Forest stand descriptions, including, but not limited to, species composition, age classes, area, and, where available, soil types and erodibility classes;

   d. Maps showing (i) predominant topographic and hydrologic features; (ii) forest types; (iii) existing roads and the approximate location of future roads such as might be permitted hereunder and anticipated at the time the FMP is written; and (iv) the location of other existing or proposed improvements, including, but not limited to, firebreaks, staging areas, and loading docks;

   e. Identification of erosion control measures; and

8



EXHIBIT A-2018 NORRIS CASON

    f.  Anticipated date of harvesting and replanting, if so planned.

8.  Grantor reserves the right to cease forestry operations at any time and to resume them any time thereafter. In the event of the cessation of forestry, the vegetation shall be managed as set forth above in Paragraph A of this Article.

## D.  Roads

1.  Grantor reserves the right to maintain and repair the existing unpaved roads as shown in **Exhibit B**, which are to be used for (i) access to the Property; (ii) vehicular, pedestrian, bike, and equestrian use; and (iii) agricultural and forest management activities, so long as such uses do not cause or contribute to erosion and sediment runoff and the roads are maintained according to then current BMPs, as defined by the GSWCC, the Georgia Forestry Commission, or successor agencies. The right to maintain includes the right to grade, apply gravel, install drainage culverts, and other improvements intended to minimize sediment and storm water runoff, with Grantee approval, so as to prevent impact to wetlands and other Conservation Values.

2.  Grantor reserves the right to construct additional unpaved roads as provided for in an approved FMP. All construction activities must (i) minimize the impact on adjacent vegetation; (ii) minimize sediment and storm water runoff; (iii) minimize the impact on the Conservation Values, streams, and wetlands of the Property; and (iv) comply with any existing BMPs as established by relevant state and federal agencies.

3.  The width of the area impacted by the clearing and construction of the roads and road improvements, including, but not limited to, the road bed, shoulders, and drainage structures, shall not exceed twenty (20) feet.

4.  Prior to the construction of any roads, Grantor must provide notice to Grantee of the proposed construction as provided in Article 7. All construction activities must minimize (i) the impact on adjacent vegetation; (ii) sediment and storm water runoff; and (iii) the impact on the Conservation Values, streams, and wetlands of the Property. All construction activity will comply with any existing BMPs as established by relevant state and federal agencies.

## E.  Structures

1.  Structures are defined to mean and include any building or facility, including, but not limited to, any house, garage, barn, shed, outbuilding, tower, and pavilion. Except as specifically permitted herein, placement, installation, or construction of any temporary or permanent buildings, structures, facilities, or other improvements on the Property is prohibited.

2.  All construction, maintenance, and repair activities for all permitted structures must minimize (i) the impact on adjacent vegetation; (ii) sediment and storm water runoff; and (iii) the impact on the Conservation Values, streams, and wetlands of the Property. All

9




construction activity will comply with any then existing BMPs as established by the relevant local, state, and federal agencies.

3. The total area of the foundations of all permanent structures of any kind, including agricultural and forest management structures, shall not exceed one percent (1%) of the Property's acreage. The area of the foundation or base of the structure shall constitute the area of the structure for purposes of this paragraph.

4. Grantor reserves the right to construct, place, and maintain temporary structures, such as picnic tables, hunting stands, blinds, and other temporary hunting structures upon the Property, provided that construction of such structures does not cause or contribute to sediment runoff and provided that no temporary structure is located on or within the granite outcrops..

## F. Trails

1. Grantor reserves the right to construct and maintain permeable pedestrian, equestrian, and bicycle trails on the Property for non-motorized recreational and educational purposes and for the occasional use by all terrain vehicles so long as such use does not cause or contribute to erosion and sediment runoff. Trail location shall not impact rare and endangered species. The cleared width of the trails shall not exceed five (5) feet. Construction and maintenance of trails shall be done so as to (i) minimize disturbance to surrounding vegetation; and (ii) not cause or contribute to erosion and sediment runoff; and shall take into account the topography of the Property, with no portion of the trail running perpendicular (90 degrees) to the contour.

2. At least thirty (30) days prior to any trail construction activity, Grantor shall provide Grantee with written notice of such construction as provided in Article 7.

3. Grantor reserves the right to place picnic tables and benches along trails.

## E. Fences.
Grantor reserves the right to install, maintain, or replace any fences, from time to time, as is customary on the Property consistent with the Purpose of this Conservation Easement, except that such fences shall not impede the passage of wildlife.

## G. Lighting.
Only shielded outdoor lighting that directs the light downwards may be used on the Property.

## H. Utilities.
Grantor reserves the right to construct, maintain, and replace utilities, including power, water, septic systems, and communication, to support approved structures or uses on the Property. Prior to any clearing or construction activity, Grantor shall obtain Grantee's approval of the location of any additional utilities, as provided in Article 7, and shall notify Grantee, as provided in Article 7, before actual construction begins. All utility location, construction, and maintenance shall be done so as to minimize the impact on the Conservation Values and Purpose, and shall not impact the Riparian Buffers and SNAs.

10



**I. Education.** Grantor reserves the right to use the Property for the scientific and environmental education of the public, provided that the Conservation Values protected by this Conservation Easement are not diminished.

**J. Recreational Uses.** Grantor reserves the right to use the Property for recreational purposes, including, but not limited to, bird watching, hunting, fishing, swimming, equestrian use, bicycling, hiking, and the use of off-road and all-terrain vehicles, provided that such uses do not impair the Conservation Values, do not create a permanent track, and do not cause or contribute to erosion and sediment runoff.

## ARTICLE 5. PROHIBITED AND RESTRICTED ACTIVITIES

Except for the rights expressly reserved by Grantor in Article 4, any activity on, or use of, the Property inconsistent with the Purpose of this Conservation Easement, or that would significantly and adversely impair or interfere with the Conservation Values of the Property, is prohibited. Furthermore, the Property shall be subject to the following restrictions:

**A. Disturbance of Natural Features.** Grantor shall not change, disturb, alter, or impair any of the natural, scenic, and aesthetic features of the Property, except as permitted pursuant to Article 4.

**B. Motorized Vehicles.** Motorized vehicles on the Property are prohibited, except as set forth in Article 4.

**C. Industrial and Agricultural Use.** Industrial, manufacturing, and agricultural uses, except as provided in Article 4, are prohibited.

**D. Commercial Use.** Commercial activities are prohibited except as expressly provided herein.

**E. Subdivision.** Subdivision or partitioning of the Property for any purpose is prohibited.

**F. Signage.** Display of billboards, advertisements, or signs is prohibited on or over the Property, except that the following are permitted: (i) no trespass signs, no hunting signs, trail signs, educational signs, and signs that identify (a) the lands subject to this Conservation Easement, (b) the Grantor as owner of the Property, and (c) the participation of the landowner in state or county programs; and (ii) as provided in Article 3.

**G. Construction.** Except as permitted in Article 4 above, construction and placement of structures, impervious surfaces, or improvements of any kind is prohibited.

**H. Dumping.** The dumping or disposal of trash, garbage, or hazardous material on the Property is prohibited, except that biodegradable material generated on the Property may be permitted to remain there. The installation of underground storage tanks is prohibited.

**I. Mineral Use, Excavation, Dredging.** The exploration for, or the extraction of, oil, hydrocarbons, natural gas, minerals, soil, rock aggregate, or other materials located on or

11

 

below the surface of the Property, or using any exploration or extraction method that disturbs the surface or subsurface of the land, is prohibited. Grantor shall not transfer, lease, or otherwise separate the minerals or mineral rights from the Property. Excavation and land filling are prohibited except as necessary to carry out the provisions of Article 4.

**J. Water Quality and Drainage Patterns.** Except as provided for in Article 4, there shall be (i) no pollution, sedimentation, alteration, depletion, or extraction of surface water or natural water courses, subsurface water, or any other water bodies on or within the Property; (ii) no manipulation, diversion, or other alteration of wetlands or streams; and (iii) no activities conducted on the Property that would be detrimental to water quality or that could alter the natural water level or flow in or over the Property.

**K. Road Construction.** The construction of additional roads within the Property is prohibited, except as set forth in Article 4.

## ARTICLE 6. PUBLIC ACCESS

This Conservation Easement does not create or convey a right of access by the general public to the Property.

## ARTICLE 7. NOTICE AND APPROVAL

**A. Notice of Intention to Undertake Certain Permitted Actions.** The purpose of requiring Grantor to notify Grantee prior to undertaking permitted activities is to afford Grantee a timely opportunity to ensure that the activities in question are designed and carried out in a manner consistent with the Purpose of this Conservation Easement. Therefore, when notice is required, Grantor shall notify Grantee in writing not less than thirty (30) days prior to the date Grantor intends to undertake the activity in question. Said notice shall describe the nature, scope, design, location, and any other material aspect of the proposed activity in sufficient detail to permit Grantee to make an informed judgment as to its consistency with the Purpose of this Conservation Easement.

**B. Grantee's Approval.** Where Grantee's approval is required, Grantee shall either deny or grant its approval in writing within thirty (30) days of receipt of Grantor's written request. Grantor's written request shall describe the nature, scope, design, location, and any other material aspect of the proposed activity for which Grantor seeks approval. Grantee's approval may be withheld only upon a determination by Grantee that the action as proposed would be inconsistent with the Purpose of this Conservation Easement.

## ARTICLE 8. MEDIATION

**A. Mediation.** If a dispute arises between the Grantor and Grantee (the "Parties" and each a "Party") concerning the consistency of any proposed use or activity with the Purpose of this Conservation Easement, and Grantor agrees not to proceed with the use or activity pending the resolution of the dispute, either Party may refer the dispute to mediation by written request to the other Party. Within twenty (20) days of the receipt of such a request, the

12

Case 3:22-cv-... Document ... Filed 03/23/... Page 117 of 163

Parties shall select a single trained and impartial mediator. If the Parties are unable to agree on the selection of a single mediator, then the Parties shall, within forty-five (45) days of receipt of the initial request, jointly apply to a proper court for the appointment of a trained and impartial mediator. The venue for the mediation shall be in a location mutually agreed to by the Parties. Mediation shall then proceed in accordance with the following guidelines:

1. **Purpose.** The purpose of the mediation is to (i) promote discussion between the Parties; (ii) assist the Parties to develop and exchange pertinent information concerning the issues in dispute; and (iii) assist the Parties to develop proposals that will enable them to arrive at a mutually acceptable resolution of the controversy. The mediation is not intended to result in any express or *de facto* modification or amendment of the terms, conditions, or restrictions of this Conservation Easement.

2. **Participation.** The mediator may meet with the Parties and their counsel jointly or *ex parte*. The Parties agree that they will participate in the mediation process in good faith and expeditiously, attending all sessions scheduled by the mediator. Representatives of the Parties with settlement authority will attend mediation sessions as requested by the mediator.

3. **Confidentiality.** All information presented to the mediator shall be deemed confidential and shall be disclosed by the mediator only with the consent of the Parties or their respective counsel. The mediator shall not be subject to subpoena by any Party. No statements made or documents prepared for mediation sessions shall be disclosed in any subsequent proceeding or construed as an admission of a Party.

4. **Time Period.** Neither Party shall be obligated to continue the mediation process beyond a period of ninety (90) days from the date of receipt of the initial request or if the mediator concludes that there is no reasonable likelihood that continuing mediation will result in a mutually agreeable resolution of the dispute.

5. **Costs.** The costs of the mediator shall be borne equally by the Parties, but each Party shall bear its own expenses, including attorneys' fees, individually.

## ARTICLE 9. GRANTEE'S REMEDIES

**A. Notice of Violation; Corrective Action.** If Grantee knows or reasonably believes that a violation of the terms of this Conservation Easement has occurred or is threatened, Grantee shall give written notice to Grantor of such violation and demand corrective action sufficient to cure or abate such violation and, where the violation involves injury to the Property resulting from any use or activity inconsistent with the Purpose of this Conservation Easement, to restore the portion of the Property so injured to the condition that existed as of the date of this Conservation Easement, in accordance with a plan approved by Grantee.

**B. Remedies.** If Grantor fails to cause discontinuance, abatement, or such other corrective action of a violation as may be requested by Grantee within thirty (30) days after receipt of notice thereof from Grantee (or, under circumstances where the corrective action cannot

13



reasonably be completed within such thirty (30) day period, Grantor fails to begin such corrective action within the thirty (30) day period, Grantor fails to continue diligently to perform such corrective action within the thirty (30) day period, or Grantor fails to continue diligently to perform such corrective action until completion), Grantee, after seven (7) days written notice to Grantor, may bring an action at law or in equity in a court of competent jurisdiction to enforce the terms of this Conservation Easement, to enjoin the violation by temporary or permanent injunction, to require the restoration of the Property to the condition that existed as of the date of this Conservation Easement, and/or to seek the recovery of damages arising from such non-compliance (including, without limitation, damages for the loss of scenic, aesthetic, or environmental values). Without limiting Grantor's liability therefore, Grantee, in its sole discretion, may apply any damages recovered to the cost of undertaking any corrective action on the Property.

C. **Emergency Enforcement.** If Grantee, in its reasonably exercised discretion, determines that circumstances require immediate action to prevent or mitigate significant damage to the Conservation Values of the Property, Grantee may pursue its remedies under this Article without prior notice to Grantor and without waiting for the period provided for cure to expire.

D. **Scope of Relief.** Grantor agrees that Grantee's remedies at law for any violation of the terms of this Conservation Easement may be inadequate and that Grantee shall be entitled to seek injunctive relief described in Paragraph B of this Article, both prohibitive and mandatory, in addition to such other relief to which Grantee may be entitled, including specific performance of the terms of this Conservation Easement. Grantee's remedies described in this Article shall be cumulative and shall be in addition to all remedies now or hereafter existing at law or in equity.

E. **Costs of Enforcement.** If a court or other decision-maker chosen by mutual consent of the Parties determines that any provision of this Conservation Easement has been breached by Grantor, Grantor will reimburse Grantee for any reasonable costs of enforcement, including, without limitation, costs of suit and reasonable attorneys' fees, monitoring fees, any costs of restoration necessitated by Grantor's violation of the terms of this Conservation Easement, the value of any lost Conservation Values, and any other payments ordered by such court or decision-maker. If Grantor prevails in any action to enforce the terms of this Conservation Easement, each Party shall bear its own costs of suit, including, without limitation, reasonable attorneys' fees. Grantor shall not be responsible for the costs of a frivolous action, or an action brought in bad faith by the Grantee, as determined by a court of competent jurisdiction.

F. **Forbearance.** Enforcement of the terms of this Conservation Easement shall be at the discretion of Grantee, and any forbearance by Grantee to exercise its rights under this Conservation Easement in the event of any breach of any term of this Conservation Easement by Grantor shall not be deemed or construed to be a waiver by Grantee of such term, or of any subsequent breach of the same or any other term of this Conservation Easement, or of any of Grantee's rights under this Conservation Easement. No delay or omission by Grantee in the exercise of any right or remedy upon any breach by Grantor shall impair such right or remedy or be construed as a waiver.

14




**G. Waiver of Certain Defenses.** Grantor hereby waives any defense of laches, estoppel, or prescription.

**H. Acts Beyond Grantor's Control.** Nothing contained in this Conservation Easement shall be construed to entitle Grantee to bring any action against Grantor for any injury to or change in the Property resulting from causes beyond Grantor's control, including, without limitation, fire, flood, storm, earth movement, insect infestation, disease, airborne or waterborne pollutants introduced by third parties, or from any prudent action taken by any person under emergency conditions to prevent, abate, or mitigate significant injury to any person or the Property resulting from such causes. In the event the terms of this Conservation Easement are violated by acts of trespassers that Grantor could not reasonably have anticipated or prevented, Grantor agrees at Grantee's option to join in any suit or to assign its right of action to Grantee, for the purposes of pursuing enforcement action against the responsible parties.

## ARTICLE 10. GRANTOR REPRESENTATIONS, WARRANTIES, AND INDEMNIFICATION

**A. Title.** Grantor hereby represents and warrants that Grantor has good and marketable title to the Property in fee simple and has the right to grant and convey this Conservation Easement, that the Property is free and clear of any and all encumbrances, except as set forth on **Exhibit C** attached hereto and incorporated herein or, if the Property is subject to any mortgage or security deed, such mortgage or security deed has been subordinated to this Conservation Easement, and that Grantee and its successors and assigns shall have the use and enjoyment of all the benefits derived from and arising out of this Conservation Easement. Grantor hereby warrants and shall forever defend title to the Property against the claims of all persons owning, holding or claiming by, through or under Grantor.

**B. Representations and Warranties.** Grantor represents and warrants that to the best of its knowledge:

1. No substance defined, listed, or otherwise classified pursuant to any federal, state, or local law as hazardous, toxic, polluting, or otherwise contaminating to the air, water, or soil, or in any way harmful or threatening to human health or the environment, exists or has been released, generated, treated, stored, used, disposed of, deposited, abandoned, or transported in, on, from, or across the Property in violation of applicable law;

2. There are no underground storage tanks located on the Property, whether presently in service or closed, abandoned, or decommissioned, and no underground storage tanks have been removed from the Property in a manner not in compliance with applicable federal, state, and local laws;

3. Grantor and the Property are in compliance with all federal, state, and local laws applicable to the Property and its uses;

15





EXHIBIT A 2018 NORRIS CASON

4. There is no pending or threatened litigation in any way affecting, involving, or relating to the Property; no civil or criminal proceedings or investigations have been instigated at any time or are now pending relating to the Property; no notices, claims, demands, or orders have been received, arising out of any violation or alleged violation of, or failure to comply with, any federal, state, or local law, regulation, or requirement applicable to the Property or its use; and there are no facts or circumstances that Grantor might reasonably expect to form the basis for any such proceedings, investigations, notices, claims, demands, or orders; and

5. No person has retained a qualified mineral interest in the Property of a nature that would disqualify this Conservation Easement for purposes of Treasury Regulations, §1.170A-14(g)(4).

**C. Remediation.** If, at any time, there occurs, or has occurred, a release in, on, or about the Property of any substance now or hereafter defined, listed, or otherwise classified pursuant to any federal, state, or local law as hazardous, toxic, polluting, or otherwise contaminating to the air, water, or soil, or in any way harmful or threatening to human health or to the environment, Grantor agrees to take all steps to assure its containment and remediation, including any cleanup that may be required by applicable law.

**D. Control.** Nothing in this Conservation Easement shall be construed as giving rise, in the absence of a judicial decree, to any right or ability in Grantee to exercise physical or managerial control over the day-to-day operations of the Property, or any of Grantor's activities on the Property, or otherwise to become an owner or operator with respect to the Property within the meaning of The Comprehensive Environmental Response, Compensation, and Liability Act of 1980, *as amended* ("CERCLA"), and Georgia's hazardous waste statutes.

**E. Indemnification.** Grantor hereby acknowledges that Grantee has no possessory rights in the Property nor any right or responsibility to operate, control, or maintain the Property. Grantor releases and shall hold harmless, indemnify, and defend Grantee and its members, directors, officers, employees, agents, and contractors, and the heirs, personal representatives, successors, and assigns of each of them (collectively, "Indemnified Parties"), from and against any and all liabilities, penalties, fines, charges, costs, losses, damages, expenses, causes of action, claims, demands, orders, judgments, or administrative actions, including, without limitation, reasonable attorneys' fees, arising from or in any way connected with: (i) injury to or the death of any person, or physical damage to any property, resulting from any act, omission, condition, or other matter related to or occurring on or about the Property, regardless of causes, unless due to the negligent act or intentional misconduct of any of the Indemnified Parties; (ii) the violation or alleged violation of, or other failure to comply with, any federal, state, or local law, regulation, rule, requirement, or ordinance, including, without limitation, CERCLA and Georgia hazardous waste statutes, by any person other than any of the Indemnified Parties, in any way affecting, involving, or relating to the Property; and (iii) the presence or release in, on, from, or about the Property, at any time, of any substance now or hereafter defined or classified pursuant to any federal, state, or local law, regulation, or requirement as hazardous, toxic, polluting, or otherwise contaminating to the air, water, or

16

 

soil, or in any way harmful or threatening to human health or the environment, unless caused by any of the Indemnified Parties.

## ARTICLE 11. EXTINGUISHMENT, CONDEMNATION, AND PROCEEDS

**A. Extinguishment**. It is the unequivocal intention of Grantor and Grantee that the Purpose of this Conservation Easement be carried out in perpetuity. If circumstances arise in the future such as render the Purpose of this Conservation Easement impossible to accomplish, this Conservation Easement can only be terminated or extinguished, whether in whole or in part, by judicial proceedings in a court of competent jurisdiction, under applicable Georgia and Federal laws. The amount of the proceeds to which Grantee shall be entitled shall be determined in accordance with the Proceeds paragraph below. Any and all prior claims shall first be satisfied by Grantor's portion of the proceeds before Grantee's portion is diminished in any way. Grantee shall use all such proceeds in a manner consistent with the Purpose of this Conservation Easement including but not limited to the costs to monitor, enforce and preserve any portions of the Property that remain subject to this Easement, or, if no remaining portion of the Property is subject to this Easement, to monitor and enforce other easements held by Grantee that are comparable to this Easement and to conserve properties subject to such other easements in a manner consistent with Grantee's conservation purposes under this Easement. Grantor and Grantee agree that changed economic conditions shall not be considered as circumstances justifying the termination or extinguishment of this Conservation Easement.

**B. Condemnation.** If this Property is taken, in whole or in part, by exercise of the power of eminent domain or acquired by purchase in lieu of condemnation, Grantee shall be entitled to that portion of the proceeds from the Property's subsequent sale, exchange, or involuntary conversion in accordance with the Proceeds paragraph below, unless state law provides otherwise, and Grantor and Grantee agree to join in all necessary and appropriate actions to recover the full value of such condemnation, including all incidental damages.

**C. Proceeds.** This Conservation Easement constitutes a real property interest, immediately vested in Grantee at the time Grantor conveys this Conservation Easement to Grantee and constitutes a perpetual conservation restriction. As required under Treas. Reg. § 1.170A-14(g)(6)(ii), the parties stipulate that the donation of the perpetual conservation restriction gives rise to a property right, immediately vested in the Grantee, with a fair market value that is at least equal to the proportionate value that the perpetual conservation restriction at the time of the gift, bears to the value of the Property as a whole at that time. For the purposes of this Paragraph, that proportionate value of the Grantee's property right shall remain constant. Accordingly, when a change in conditions give rise to the extinguishment of the perpetual conservation restriction granted by the Conservation Easement , the Grantee, on a subsequent sale, exchange, or involuntary conversion of the subject property, must be entitled to a portion of the proceeds at least equal to that proportionate value of the perpetual conservation restriction, unless state law provides that the Grantor is entitled to the full proceeds from the

17

 E.7.



Case 3:22-cv-00101-TCB Document 1-1 Filed 10/28/22 Page 122 of 163

conversion without regard to the terms of the prior perpetual conservation restriction. This paragraph C and Article 11 shall be interpreted to adhere to and be consistent with 26 C.F.R. Section 1.170A-14(g)(6)(ii).

**D. Application of Proceeds.** Grantee shall use any proceeds received under the circumstances described in this Article in a manner consistent with the Purpose, which is exemplified by this Conservation Easement.

## ARTICLE 12. ASSIGNMENT/SUCCESSOR GRANTEE

**A. Assignment.** This Conservation Easement is transferable, but Grantee may assign its rights and obligations under this Conservation Easement only to an organization that is a qualified organization at the time of transfer under Section 170(h) of the Code and 26 C.F.R. Section 1.170A-14 (or any successor provision then applicable), and authorized to acquire and hold conservation easements under Georgia law or the laws of the United States. As a condition of such transfer, Grantee shall require that the Conservation Purposes that this Conservation Easement is intended to advance, continue to be carried out and the transferee has a commitment to protect the Conservation Purposes and the resources to enforce this Conservation Easement. Grantee agrees to give written notice to Grantor of any assignment at least sixty (60) days prior to the date of such assignment. The failure of Grantee to give such notice shall not affect the validity of such assignment nor shall it impair the validity of this Conservation Easement or limit its enforceability in any way.

**B. Successor Grantee.** If, at any time, Grantee shall be unwilling or unable to continue as grantee hereunder, including, but not limited to, if Grantee ceases to exist or to be a qualified organization under Section 170(h) of the Code and 26 C.F.R. Section 1.170A-14, or to be authorized to acquire and hold conservation easements under the Georgia Act, then Grantee shall assign its rights and obligations under this Easement only to an organization that is a qualified organization at the time of transfer under Section 170(h) of the Code and 26 C.F.R. Section 1.170A-14 (or any successor provision then applicable), and authorized to acquire and hold conservation easements under the Georgia Act or any successor provision then applicable or the laws of the United States. As a condition of such transfer, Grantee shall require that the Conservation Purposes that this grant is intended to advance, continue to be carried out, and the transferee has a commitment to protect the Conservation Purposes and the resources to enforce this Easement. Grantee agrees to give written notice to Grantor of any assignment at least sixty (60) days prior to the date of such assignment. If Grantee cannot assign this Easement to a qualified successor Grantee, the rights and obligations under this Easement shall vest in such organization as a court of competent jurisdiction shall direct pursuant to applicable Georgia law and consistent with the requirements for an assignment pursuant to Article 12 including that such successor grantee satisfies all of the requirements for an assignment pursuant to this Article 12.





18

## ARTICLE 13.  AMENDMENT

[Intentionally Omitted.]

## ARTICLE 14.  SUBSEQUENT TRANSFERS

**A. Transfer.**   Grantor agrees to incorporate the terms of this Conservation Easement by reference in any subsequent deed or other legal instrument by which it transfers any interest in all or a portion of the Property, including, without limitation, a leasehold interest. Grantor further agrees to give written notice to Grantee of the transfer of any interest at least twenty (20) days prior to the date of such transfer, and to provide the name and address of the new Grantor. The failure of Grantor to perform any act required by this Article shall not impair the validity of this Conservation Easement or limit its enforceability in any way.

**B. Merger.**   The parties agree that, notwithstanding the operation of Georgia common law, the terms of this Conservation Easement shall survive any merger of the fee and easement interest in the Property. No deed, transfer, or assignment of any fee title interest in the Property to the Grantee, or any successor holder of this Easement, shall be effective if it will result in the merger of this Conservation Easement with the fee title interest in the Property. The provisions of this paragraph are intended to prevent such merger. The provisions of this paragraph shall apply, and shall be construed to apply, to the Grantee, as holder, and to any successor holder (which must be a qualified organization within the meaning of § 170(h) of the IRC and the corresponding Treasury Regulations) of this Easement.

**C. Documentation of Present Status.**   Upon written request by Grantor, Grantee shall have thirty (30) days to execute and deliver to Grantor any document, including an estoppel certificate, that certifies Grantor's compliance with any obligation of Grantor contained in this Conservation Easement. Such documentation shall describe the condition of the Property, as known by Grantee, as of the date of Grantee's most recent inspection. If Grantor requests more current status information, then Grantee shall conduct an inspection and provide said information at Grantor's sole expense within forty-five (45) days following receipt of Grantor's request.

## ARTICLE 15.  NOTICES

Any notice, demand, request, consent, approval, or communication that either Party desires or is required to give to the other shall be in writing and either delivered personally or sent by commercial courier service or first class mail, postage prepaid, return receipt requested, and addressed as follows:

> To Grantor:   Log Creek, LLLP
> 1280 Snows Mill Rd.
> Bogart, GA 30622
> Attention:  General Partners

19

To Grantee:   Oconee River Land Trust, Inc.
              675 Pulaski St., #2300
              Athens, Georgia 30601

## ARTICLE 16.  RECORDATION

Grantee shall record this instrument in timely fashion in the official records of Warren County, Georgia, and may re-record it at any time as may be required to preserve its rights in this Conservation Easement.

## ARTICLE 17.  GENERAL PROVISIONS

A. **Controlling Law.**  The interpretation and performance of this Conservation Easement shall be governed by the laws of the State of Georgia.

B. **Liberal Construction**.  Any general rule of construction to the contrary notwithstanding, this Easement shall be liberally construed in favor of the grant to effect the purpose of this Easement and the policy and purpose of O.C.G.A. §§ 44-10-1, et seq. (the "Georgia Act"), and to qualify as a qualified conservation contribution under the Code and 26 C.F.R. Section 1.170A-14 (the "Conservation Easement Regulations").  The Georgia Act and the Conservation Easement Regulations are sometimes referred to herein collectively as the "Conservation Easement Laws". If any provision in this instrument is found to be ambiguous, an interpretation consistent with the purpose of this Easement that would render the provision valid shall be favored over any interpretation that would render it invalid. This Easement is made pursuant to the Conservation Easement Laws, but the invalidity of such Conservation Easement Laws or any part thereof shall not affect the validity and enforceability of this Easement according to its terms, it being the intent of the parties to agree and to bind themselves, their successors, and their assigns in perpetuity to each term of this instrument whether this instrument be enforceable by reason of any statute, common law, or private agreement in existence either now or hereafter.

C. **Severability.**  If any provision of this Conservation Easement, or the application thereof to any person or circumstance, is found to be invalid, the remainder of the provisions of this Conservation Easement, or the application of such provision to persons or circumstances other than those as to which it is found to be invalid, as the case may be, shall not be affected thereby.

D. **Entire Agreement.**  This instrument and the documents incorporated herein by reference set forth the entire agreement of the Parties with respect to this Conservation Easement and supersede all prior discussions, negotiations, understandings, or agreements relating to this Conservation Easement, all of which are merged herein.

E. **No Forfeiture.**  Nothing contained herein will result in a forfeiture or reversion of Grantor's title in any respect.



20



Case 3:22-cv-EXCHIBIT AD2CUM8 NORRISs GASON age 125 of 163

F. **Joint Obligation.** The obligations imposed by this Conservation Easement upon Grantor shall be joint and several.

G. **Successors.** The covenants, terms, conditions, and restrictions of this Conservation Easement shall be binding upon, and inure to the benefit of, Grantor and Grantee and shall continue as a servitude running in perpetuity with the Property. Except as expressly provided otherwise herein, the terms "Grantor" and "Grantee," wherever used herein, and any pronouns used in place thereof, shall include, respectively, the above-named Grantor and its personal representatives and heirs, and successors and assigns in interest in the Property after the date hereof, and the above-named Grantee and its personal representatives, heirs, successors, and assigns.

H. **Termination of Rights and Obligation.** A Party's rights and obligations under this Conservation Easement terminate upon transfer of the Party's interest in this Conservation Easement or Property, except that liability for acts or omissions occurring prior to transfer shall survive transfer.

I. **Captions.** The captions in this instrument have been inserted solely for convenience of reference and are not a part of this instrument and shall have no effect upon construction or interpretation.

J. **Counterparts.** The Parties may execute this instrument in two or more counterparts, that shall be signed by both Parties, and each counterpart shall be deemed an original instrument as against any Party who has signed it. In the event of any disparity between the counterparts produced, the recorded counterpart shall be controlling.

K. **Contemporaneous Written Acknowledgement.** By Grantee's signature below, this paragraph constitutes that contemporaneous written acknowledgement of the contribution by the donee organization, in this case, Grantee, required by Section 170(f)(8) of the IRC with respect to the property interest conveyed to Grantee by this Conservation Easement. The property interest is the Conservation Easement described in, and evidenced by, this document, and a proper legal description of the Property encumbered by this Conservation Easement is attached hereto as **Exhibit A**. No goods or services were provided by Grantee as consideration, in whole or in part, for the grant of this Conservation Easement by Grantor.

L. **Interpretation Consistent with Conservation Easement Regulations.** In the event of any ambiguity, inconsistency or conflict between the provisions contained herein and the provisions of Section 170(h) of the Code and 26 C.F.R. Section 1.170A-14 (collectively, the "Conservation Easement Regulations"), this Conservation Easement shall be interpreted and construed so that the provisions of the Conservation Easement Regulations shall control.

## ARTICLE 18. EXHIBITS; DOCUMENTATION

A. **Exhibits.** **Exhibit A**, Legal Description of the Property, is attached hereto and made a part hereof by reference. **Exhibit B**, Conservation Easement Map, is attached hereto and made a

21




part hereof by reference. **Exhibit C**, Exceptions to Title is attached hereto and made a part hereof by reference.

**B. Baseline Documentation Report.** The Parties acknowledge that the Baseline Documentation Report, dated December 14, 2018 executed by both Grantor and Grantee, and a copy of which is on file at the office of Grantee, accurately and completely describes, to the best of Grantor's and Grantee's knowledge, the uses, structures, Conservation Values, and condition of the Property as of the date hereof.

**TO HAVE AND TO HOLD** this Conservation Easement unto Grantee and its successors and assigns, together with all and singular rights, members, and appurtenances thereof to the same being, belonging or in anywise appertaining, to the only proper use, benefit, and behoove of Grantee forever.

**SIGNATURE PAGE IMMEDIATELY FOLLOWS**

22




Case 3:22-cv-... Document ... Filed ... Page 127 of 163

**IN WITNESS WHEREOF**, the Parties hereto have set their hands and seals and caused these presents to be executed in their respective names by authority duly given, and their seals affixed, the day and year first above written.

Signed, sealed, and delivered
in the presence of:

Name: Russell Wills
Unofficial Witness

Name: Karen E. Mims
Notary Public

My Commission Expires:
December 6, 2019

**GRANTOR:**

Log Creek, LLLP

By: _____ (L.S.)
Name: Tony D. Townley
Title: General Partner

By: _____ (L.S.)
Name: Elizabeth A. Townley
Title: General Partner

KAREN E MIMS
OGLETHORPE COUNTY, GEORGIA
[Affix Notary Seal]
NOTARY PUBLIC
MY COMMISSION EXPIRES
DECEMBER 6, 2019

*[Signatures continue on following page]*

23

Case 3:22-cv-00041... Document 15... Filed 03/28/... Page 128 of 163

Signed, sealed, and delivered
in the presence of:

Name: _Steffney Thompson_
Unofficial Witness

Name: _Caroline Johnson Hall_
Notary Public

My Commission Expires:
_October 31st, 2022_

**GRANTEE:**

Oconee River Land Trust, Inc.,
a Georgia nonprofit corporation

By: _____
Name: Smith Wilson
Title:  Chair

Attest: _____
Name: Roger Nielsen
Title:  Secretary

[Affix Notary Seal]



24

EXHIBIT A 2018 NORRIS/GASON

## EXHIBIT A

All that tract of land, together with improvements thereon, situate, lying and being in the 154th Georgia Militia District, in Warren County, Georgia and being more particularly described as follows:

Commence at a concrete monument on the westerly right of way of Ogeechee River Road, also known as County Road 56, having an 80' right of way, and the southerly right of way of Georgia Railroad, having a 150' right of way;

thence leaving the right of way of Ogeechee River Road and continuing along the southerly right of way of Georgia Railroad N 86°11'25" E a distance of 1464.75' to an iron pin, said iron pin being the point of beginning;

thence N 86°09'47" E a distance of 2582.93' to an iron pin;

thence leaving said right of way S 47°03'01" W a distance of 476.96' to an iron pin;

thence S 04°19'07" W a distance of 2133.12' to a concrete monument;

thence S 88°17'38" E a distance of 1034.08' to an iron pin at a rock;

thence S 03°15'03" W a distance of 885.30' to an iron pin;

thence S 70°34'43" W a distance of 232.32' to an iron pin;

thence N 89°25'17" W a distance of 236.28' to an iron pin;

thence S 63°17'07" W a distance of 1722.17' to an iron pin;

thence S 17°25'17" E a distance of 383.38' to an iron pin;

thence S 12°33'16" E a distance of 842.37' to an iron pin on the northern right of way of Timber Road, also known as County Road 58, having a 30' right of way;

thence continuing along said right of way S 85°03'58" W a distance of 41.87' to a point;

Case 3:22-cv-00041 Document 1-5 Filed 03/28/22 Page 130 of 163

thence with a curve turning to the left with an arc length of 247.86', with a radius of 1075.74', with a chord bearing of N 85°42'41" W, with a chord length of 247.31' to a point;

thence S 85°41'30" W a distance of 119.01' to a point;

thence S 83°56'43" W a distance of 394.91' to a point;

thence with a curve turning to the left with an arc length of 244.86', with a radius of 239.61', with a chord bearing of S 60°59'46" W, with a chord length of 234.34' to a point;

thence S 40°49'17" W a distance of 43.47' to an iron pin;

thence leaving said right of way N 19°27'22" E a distance of 777.28' to an iron pin;

thence N 17°50'30" W a distance of 3028.18' to a concrete monument;

thence N 27°27'45" E a distance of 1055.75' to an iron pin at an 18" sweetgum tree;

thence N 09°13'43" W a distance of 872.25' to an iron pin on the southern right of way of Georgia Railroad, which is the point of beginning;

Said parcel containing 240.00 acres more or less and being more particularly described on a plat of survey entitled "PLAT FOR LOG CREEK, LLLP" by Baseline Surveying & Engineering, Inc., Matthew D. Ulmer, Registered Surveyor, dated December 3, 2018, recorded in Plat Book 14918, page 42, in the Office of the Clerk of the Superior Court of Warren County, Georgia.

**EXHIBIT B**
**Conservation Easement Map**





Exhibit C
Exceptions to Title
Page 1 of 2

1.      The claim of state and county ad valorem taxes for years subsequent to 2018 which are not yet due and payable;

2.      Easements granted to utility companies for the erection and placing of pole and the strings of wire, together with the incidental rights of clearing and inspection;

3.      Right-of-way deeds in favor of governmental authorities for the purpose of constructing roads and roadways.

4.      Riparian rights of owners of property adjacent to any river, stream, branch, or any other waterway flowing into, arising or flowing from, or flowing through the subject property.

5.      Subject to Forest Land Conservation Use Assessment Covenant recorded in Deed Book 8Y, Page 427, Clerk's Office, Warren County Superior Court.

6.      Subject to all matters shown on plat of survey of the Cason Tract prepared by H. M. Brown, Registered Land Surveyor, dated November 7, 1955, and attached to deed recorded at Deed Book 3J, Page 341, said Clerk's Office.

7.      Subject to all matters shown on plat of survey of the Elliot Tract prepared by H. M. Brown, Registered Surveyor, dated June 10, 1959, and attached to deed recorded in Deed Book 3K, Page 179, said Clerk's Office.

8.      Subject to all matters shown on plat of survey referred to in deed from Jennye H. Elliot and Edward C. Elliot to Timber Acquisition Limited Partnership recorded on June 24, 1987 at Deed Book 5C, Page 638, said Clerk's Office.

9.      Subject to Easement in favor of Georgia Power Company dated September 11, 1975 and recorded in Deed Book 3P, Page 293, said Clerk's Office.

00630597.2/011119-000143

Exhibit C
Exceptions to Title
Page 2 of 2

10.     Subject to the rights of others and the public at large to the use of
        Timber Road AKA County Road 58 - unpaved, a county maintained
        dirt road which traverses through the Elliot Tract easterly from
        Ogeechee River Road along and/or within the southern boundary line
        of the subject property.

11.     Subject to all matters shown on plat of survey of the property dated
        December 3, 2018 and recorded in Plat Book 14918, Page 42, said
        Clerk's Office.

OCONEE RIVER LAND TRUST

LOG CREEK



## Log Creek
### WARREN COUNTY, GA

## BASELINE DOCUMENTATION REPORT

### Prepared by Elizabeth Branch
### As a project for the Oconee River Land Trust

### Date of Report: 12/14/18

1

EXHIBIT B: 2018 NORRIS CASON

OCONEE RIVER LAND TRUST                                                    LOG CREEK

**Project/Property Name:   Log Creek (also referred to as "Property" in this report)**

**Baseline Gathered By:   ELIZABETH BRANCH**

**Qualifications**: Elizabeth Branch holds a Master of Science in Wildlife Biology with a certificate in Conservation Ecology and Sustainable Development from the University of Georgia.  She has been principal and owner of Natural Resource Consultants, LLC since 1998 and has extensive experience in land conservation and land management.   She is on the Advisory Board and served as President of the Madison Morgan Conservancy.

**Purpose of Baseline Documentation Report:**
This Baseline Documentation Report (BDR) has been prepared in order to document the subject Property's existing conditions, including conservation values, location and man-made features.  This BDR will also be used by Oconee River Land Trust (ORLT) as a reference point for future monitoring and enforcement activities.

## I. GENERAL INFORMATION

**A. Date Visited**
The Property was visited on December 4, 2018 by Elizabeth Branch. All portions of the tract and each habitat type were inspected on foot and by vehicle.

**B. Owner**
The current owner of the Property is **Log Creek, LLLP** (Grantor). The current Property owner's address is 1280 Snows Mill Road, Bogart, GA 30622.

**C. Location**
The entrance to this tract is located on Timber Road (County Road 58), Warrenton, GA in Warren County, approximately 8 miles southwest of Warrenton, GA. See **Attachment 1** for a location map.

**D. Directions from Warrenton, GA**
To reach the Property from the center of Warrenton, GA, travel southwest on Main Street/US 278 for approximately 0.6 miles. Take right onto Atlanta Hwy/US 278/Rt 12 and then take the first left onto Mayfield Road. Travel approximately 7.6 miles then turn left onto Ogeechee River Rd (County Road 56). Travel approximately 1.7 miles and then turn left onto Timber Road (County Road 58). Travel approximately 0.3 miles and  the entrance to the Property is on the left. See the location map in **Attachment 1**.

**E. Survey and Legal Description**
The legal boundary (survey) of the Property is shown in **Attachment 2**. The legal description is shown in **Attachment 3**.

2

OCONEE RIVER LAND TRUST                                      LOG CREEK

**F. Name of Quad Map, Series, Coordinates of Property**
USGS 7.5 min series  Jewell, GA, Quadrangle Map. The center of the Property is at  **33° 21' 6.08" N, 82° 46' 44.89" W.**

**G. Size**
The Property is approximately 240.0 acres.

## II. INVENTORY REPORT

This baseline documents conditions on the Property as of the date of the report. It is not an exhaustive inventory, and conditions may change over time.

**A. General Description of Property**
The Property exists as one tract in western Warren County, GA. It is in the Upper Ogeechee River Watershed HUC 03060201.

The Property is in a rural area surrounded by farms and timber properties.

The Property is primarily planted pine timber with some foodplots and hardwood along the tributaries of the Ogeechee River. The Property is currently used for timber production, outdoor recreation and hunting.

An extensive road system provides access for recreation and future timber harvests. The interior roads are dirt and gravel.

See **Attachment 4** for an aerial view of the Property. For photos of the Property, see **Attachments 15** and **16**.

**B. Topography**
The Property is gently rolling. Elevation varies between 420 and 500 feet above MSL, with the lowest points along the tributaries of the Ogeechee River and the highest point along the eastern property line. These topographic features can be seen in **Attachment 5**.

**C. Soils and Geology**
The Property is located in the Southern Outer Piedmont Ecoregion of Georgia. **Attachment 6** shows the Property's location within Georgia's ecoregions. The soils in this region tend to be finer-textured than soils in the Coastal Plain Ecoregion. Once widely cultivated, much of Georgia's Piedmont has reverted to pine and hardwood woodlands.

Soils of the Appling sandy loam, Cecil Sandy Clay, Grover sandy loam, Helena loamy coarse sand, and Wedowee loamy sand make up the majority of the Property. A general soils map is presented in **Attachment 7**.



3

The USDA/NRCS classifies farmland based on how valuable it is for agriculture. The Property has approximately 146.9 acres (61%) of land that is classed as **Farmland of Statewide Importance** and 71.3acres (30%) of **Prime Farmland**.

### D. Water Resources

Three tributaries of the Ogeechee River transect the Property. The northern two tributaries run through the Property for approximately 2,380 ft and 2,550 ft before joining and leaving the Property. The third runs for approximately 990 ft in a northerly direction through the Property. An ephemeral stream also flows west through an area of young planted pine near the southern boundary of the Property and empties into the southernmost of the three tributaries. These tributaries join to form a pond just to the west of the property and then travel for approximately 4,300 ft where they flow into the Ogeechee River. After these bodies of water join the Ogeechee River it flows in a southeasterly direction for over 200 miles and then empties into Ossabaw Sound on the Georgia Atlantic coast.

This river is in the Upper Ogeechee River Watershed, portions of which have been designated as **high priority watersheds** by Georgia Department of Natural Resources (GA DNR).

The Property's water resources are identified in **Attachment 9**, which shows a 200-foot riparian buffer on the streams and a 50-foot buffer on the ephemeral stream. **Attachment 8** shows the Property's location in the Upper Ogeechee River Watershed. **Attachment 17** describes the Ogeechee River's journey through the Upper Ogeechee Watershed into the Ogeechee River Basin.

### E. Vegetation and Habitat

Current habitat and land use types are identified in the Ecological Features Map in **Attachment 11**. The approximate acreage of each type is as follows: pine forest (220.7 acres), Mesic Hardwood Forest (16.8 acres), foodplot (2.5 acres), and 2 small Granite Outcrop (less than 1 acre). **Granite Outcrop, Mesic Hardwood Forest** and **Streams** are listed by the GA DNR and State Wildlife Action Plan documents as **high priority habitats** in the Piedmont Ecoregion of Georgia. See **Attachment 18** for descriptions of the kinds of high priority habitat that are found on the Property.

Loblolly pine forest makes up the majority of the Property in three separate stands. The largest stand is mature loblolly pine which has not been thinned. It is densely stocked with very little understory growth. The second is young planted pine that was planted approximately 3-5 years ago and the smallest stand is 20 year old pine that was thinned approximately five years ago and has an open understory. The understory in these stands consists of dog fennel, blackberries, understory saplings, plume grass, beautyberry and others.

The **Mesic Hardwood Forests** are located along the tributaries of the Ogeechee River. This forest is narrow in most places and has a mature overstory, including southern red oak, white oak, green ash, water oak, red maple, yellow poplar, and sweetgum. The mid-



4



and understories consist of understory saplings, honeysuckle, beautyberry, grasses, Christmas fern and river cane.

The foodplots are scattered in the pine forests throughout the Property along the interior roads and old logging decks. Some of the foodplots had been planted in seasonal wildlife foods.

Two small **Granite Outcrops** are located in the planted pine near the center of the Property. They contain various mosses and lichen.

Chinese privet, Nepalese browntop, Japanese honeysuckle, and lespedeza – non-native species that are considered invasive by the Georgia Exotic Pest Council – were observed on the Property. See **Attachment 10** for a list of native and exotic plant species found on the Property, organized according to the kind of habitat in which they were observed.

### F. Agricultural Resources
The Property is being utilized for timber production.

### G. Wildlife
Field signs and individual sightings during the field surveys noted coyotes, gray squirrels, and white-tailed deer. Numerous resident and migrant songbirds, and other common landbirds, were also seen and heard while inspecting the tract, including cardinals, nuthatches, and blue jays. Though not observed on the Property, a host of other species typical of the Georgia Piedmont may be present. **Attachment 19** lists some of these species.

### H. Rare or Endangered Species Known to Exist
No endangered or threatened species are known to occur on the Property. A full rare species survey was not conducted, but the Property has suitable habitat for some rare or endangered plant and animal species. **Attachment 20** lists some of these species.

### I. Cultural Resources
No historical resources were observed on the Property.

### J. Scenic Character and Views from Public Roads/Waters
Scenic views of the Property are available from Timber Road (Route 58).

### K. Existing Man-Made Structures
The man-made structures on the Property are roads. See **Attachment 13** for a map showing the locations of these man-made features.

### L. Evidence of Past Disturbances
No evidence of heavy storms, fires, or other large scale events was noted during visit.

### M. Former Land Uses



G.Y.

5

OCONEE RIVER LAND TRUST                                                    LOG CREEK

The Property was likely farmed or used in timber production in the past. Evidence of former timber production and harvest includes old loading docks and the relatively young age of the pine stand.

**N. Current Land Uses**
The Property is used for timber production and outdoor recreation (primarily hunting).

**O. Management Plan in Effect, If Any**
No management plan currently exists for the tract.

**P. Zoning and Local Planning Restrictions, If Relevant**
There are no known zoning or planning restrictions in force that affect the use of this Property.

**Q. Adjacent Land Attributes and Uses; Existing and Potential Conflicts**
The Property is adjacent to farms and forested tracts of various sizes. There are no known conflicts with adjacent landowners.

**R. Amount and Type of Current Public Access and Public Use**
The landowner and invited guests hike, hunt, and observe wildlife on the Property at this time. No formal plans for public use exist.

**S. Evidence of Presence of Hazardous Waste**
No evidence of hazardous waste was noted during field visit.

**T. Proximity to Other Protected Land**
ORLT holds two conservation easments within 5 miles of the Property – Sparta Beef and Duck Farm. Ogeechee Wildife Management Area is also located 5 miles to the north and to the south of the Property, and several other privately held conservation easements are located to the south. See **Attachment 14** for a map showing nearby protected properties. Various other county and city parks are also located within 10 miles of the Property.

**U. Benefits of Conservation**
The current owner has decided to place the Property under a conservation easement (CE) that protects its conservation values. These conservation values include **high priority streams**, **high priority watersheds**, and **high priority habitats** in the state of Georgia. Protecting these values benefits the public, and the plants and animals that live on the Property and in the larger watershed.

This CE protects streams and plant habitat in the Upper Ogeechee River Watershed, segments of which have been designated **high priority watersheds**, by enhancing stream buffers and reducing non-point source pollution. Enhancing stream buffers and reducing non-point source pollution is critical for protecting water quality. Non-point source pollution – a type of pollution consisting of mud, litter, bacteria, pesticides, fertilizers, and a variety of other pollutants that are washed into rivers and streams by rainwater – is common in

6


G.J.

EXHIBIT B - 2018 NORRIS CASON

OCONEE RIVER LAND TRUST                                                    LOG CREEK

Georgia's rivers and streams. Stream buffers reduce the amount of these pollutants making it into waterways, thereby improving surface and groundwater quality. Improved surface and groundwater quality benefits people by providing cleaner drinking water and better recreational opportunities. It also provides quality habitat for plants and animals living in the watershed. Rivers and riparian buffers on the Property also provide valuable dispersal corridors for plant and animal species passing through the Property.

This CE protects **high priority habitats** as well, including habitat combinations that are important for many species of plants and animals. High priority habitats that the Property protects include: **Granite Outcrop, Mesic Hardwood Forest** and **Streams**.    See **Attachment 11** for the location of these habitats.

Properly exercised reserved rights and the permitted uses will not negatively impact the conservation values.



7



OCONEE RIVER LAND TRUST                                        LOG CREEK

In compliance with Section 1.170A - 14(g)(5) of the federal tax regulations, LOG CREEK, LLLP, owner of the Property referenced and described by this report, and the OCONEE RIVER LAND TRUST, INC., do hereby acknowledge that this report is an accurate representation of the Property as of the date of the conveyance of the conservation easement referenced in this report by the landowner ("Grantor") to the Oconee River Land Trust ("Grantee").

Sworn to and subscribed before me
_Karen E Mims_

NOTARY PUBLIC

This the __21__ day of __Dec__ 20_18_

My commission expires:

(SEAL)   KAREN E MIMS
OGLETHORPE COUNTY, GEORGIA
NOTARY PUBLIC
MY COMMISSION EXPIRES
DECEMBER 6, 2019

**Log Creek, LLLP**

By: _____

Name: _Tony D. Townley_

Title: _General Partner_

Date: _DEC. 21, 2018_

By: _____

Name: _ELIZABETH A TOWNLEY_

Title: _General Partner_

Date: _DEC. 21, 2018_

Sworn to and subscribed before me
_____

NOTARY PUBLIC

This the _____day of _____ 20__

My commission expires:

(SEAL)

**Oconee River Land Trust, Inc.**

By: _____

Name: _Smith Wilson_

Title: _Chair_

Date: _12-21-18_



OCONEE RIVER LAND TRUST                                        LOG CREEK

### III. ATTACHMENTS

1. Location Map
2. Survey
3. Legal Description
4. Aerial Photograph
5. Topographic Map
6. Georgia Ecoregions Map
7. Soils Map
8. Georgia Watersheds Map
9. Riparian Buffer Map
10. Plant List
11. Ecological Features Map
12. Conservation Easement Map
13. Man-Made Features Map
14. Nearby Protected Properties Map
15. Photo Location Map
16. Photos
17. Appendix 1: Water Resources
18. Appendix 2: Vegetation and Habitat
19. Appendix 3: Wildlife
20. Appendix 4: Rare or Endangered Species

Map Disclaimer: Maps contained in this report are not surveys and must not be construed as surveys. The information imparted with these maps is meant to assist the parties in their efforts to clearly depict Property boundaries, describe placement of certain retained and reserved rights, and to calculate acreage figures. Property boundaries, while approximate, were established using the best available information that may include: surveys, tax maps, and field mapping using G.P.S. and/or ortho photos.

Unless otherwise noted, maps were created on December 14, 2018.

9

OCONEE RIVER LAND TRUST                                          LOG CREEK

## ATTACHMENT 1: LOCATION MAP







10

ATTACHMENT 2: SURVEY

OCONEE RIVER LAND TRUST

LOG CREEK







OCONEE RIVER LAND TRUST                                    LOG CREEK

## ATTACHMENT 3:  LEGAL DESCRIPTION

All that tract of land, together with improvements thereon, situate, lying and being in the 154th

Georgia Militia District, in Warren County, Georgia and being more particularly described as

follows:

Commence at a concrete monument on the westerly right of way of Ogeechee River Road, also

known as County Road 56, having an 80' right of way, and the southerly right of way of Georgia

Railroad, having a 150' right of way;

thence leaving the right of way of Ogeechee River Road and continuing along the southerly right of

way of Georgia Railroad N 86°11'25" E a distance of 1464.75' to an iron pin, said iron pin being the

point of beginning;

thence N 86°09'47" E a distance of 2582.93' to an iron pin;

thence leaving said right of way S 47°03'01" W a distance of 476.96' to an iron pin;

thence S 04°19'07" W a distance of 2133.12' to a concrete monument;

thence S 88°17'38" E a distance of 1034.08' to an iron pin at a rock;

thence S 03°15'03" W a distance of 885.30' to an iron pin;

thence S 70°34'43" W a distance of 232.32' to an iron pin;

thence N 89°25'17" W a distance of 236.28' to an iron pin;

thence S 63°17'07" W a distance of 1722.17' to an iron pin;

thence S 17°25'17" E a distance of 383.38' to an iron pin;

thence S 12°33'16" E a distance of 842.37' to an iron pin on the northern right of way of Timber

Road, also known as County Road 58, having a 30' right of way;

thence continuing along said right of way S 85°03'58" W a distance of 41.87' to a point;

12

OCONEE RIVER LAND TRUST                                   LOG CREEK

thence with a curve turning to the left with an arc length of 247.86', with a radius of 1075.74', with a

chord bearing of N 85°42'41" W, with a chord length of 247.31' to a point;

thence S 85°41'30" W a distance of 119.01' to a point;

thence S 83°56'43" W a distance of 394.91' to a point;

thence with a curve turning to the left with an arc length of 244.86', with a radius of 239.61', with a

chord bearing of S 60°59'46" W, with a chord length of 234.34' to a point;

thence S 40°49'17" W a distance of 43.47' to an iron pin;

thence leaving said right of way N 19°27'22" E a distance of 777.28' to an iron pin;

thence N 17°50'30" W a distance of 3028.18' to a concrete monument;

thence N 27°27'45" E a distance of 1055.75' to an iron pin at an 18" sweetgum tree;

thence N 09°13'43" W a distance of 872.25' to an iron pin on the southern right of way of Georgia

Railroad, which is the point of beginning;

Said parcel containing 240.00 acres more or less and being more particularly described on a plat by

Baseline Surveying & Engineering, Inc., for Log Creek LLLP, dated 12/03/2018.



13

OCONEE RIVER LAND TRUST                                    LOG CREEK

## ATTACHMENT 4: AERIAL PHOTOGRAPH





14

OCONEE RIVER LAND TRUST                                              LOG CREEK

## ATTACHMENT 5: TOPOGRAPHIC MAP



Warren County, GA

0    feet   1,500
1 in to 1,500 ft

15

OCONEE RIVER LAND TRUST                                    LOG CREEK

## ATTACHMENT 6: GEORGIA ECOREGIONS MAP



Property in the Southern Outer Piedmont Ecoregion



16



# EXHIBIT B: 2018 NORRIS CASON

OCONEE RIVER LAND TRUST                                              LOG CREEK

## ATTACHMENT 7: SOILS MAP



| | Property Boundary |
| | County Road |
| | Interior Road |
| | Railroad |
| | Stream |
| | Ephemeral Stream |

NRCS Soil Type

RLoGIS
Date: 12/14/2018

NAIP 2017 (10/17/2017)



**Warren County, GA**

0    feet    660
1 in to  660 ft



17

OCONEE RIVER LAND TRUST                                                    LOG CREEK

## SOILS MAP LEGEND

| Map Unit Symbol | Map Unit Name | Farmland Classification | Acres | Percent |
|---|---|---|---|---|
| AmB | Appling sandy loam, 2 to 6 percent slopes | All areas are prime farmland | 33.40 | 13.92% |
| AmC | Appling sandy loam, 6 to 10 percent slopes | Farmland of statewide importance | 23.50 | 9.79% |
| CfB2 | Cecil sandy clay loam, 2 to 6 percent slopes, eroded | Farmland of statewide importance | 13.70 | 5.71% |
| CfC2 | Cecil sandy clay loam, 6 to 10 percent slopes, eroded | Not prime farmland | 0.60 | 0.25% |
| CfE2 | Cecil sandy clay loam, 10 to 25 percent slopes, moderately eroded | Not prime farmland | 21.20 | 8.83% |
| GeB | Grover sandy loam, 2 to 6 percent slopes | All areas are prime farmland | 0.00 | 0.00% |
| HeB | Helena loamy coarse sand, 2 to 6 percent slopes | All areas are prime farmland | 9.40 | 3.92% |
| HeC | Helena loamy coarse sand, 6 to 10 percent slopes | Farmland of statewide importance | 73.50 | 30.63% |
| WeB | Wedowee loamy sand, 2 to 6 percent slopes | All areas are prime farmland | 28.50 | 11.88% |
| WeC | Wedowee loamy sand, 6 to 10 percent slopes | Farmland of statewide importance | 36.20 | 15.08% |
| Totals for Area of Interest | | | 240.0 | 100% |



18

OCONEE RIVER LAND TRUST                                              LOG CREEK

**ATTACHMENT 8: GEORGIA WATERSHEDS MAP**







19

OCONEE RIVER LAND TRUST                                    LOG CREEK

## ATTACHMENT 9: RIPARIAN BUFFER MAP





**Warren County, GA**



20

OCONEE RIVER LAND TRUST                                    LOG CREEK

## ATTACHMENT 10: PLANT LIST (List of Dominant, Co-Dominant and Understory Plant Species Identified on Property)

### Pine Forests

| Common Name | Scientific Name |
|---|---|
| **Dominant Species** ||
| Pine (Loblolly) | *Pinus taeda* |
| **Understory Species** ||
| Bluestem | *Andropogon* spp. |
| Asters | *Aster* spp. |
| Dog Fennel | *Eupatorium capillifolium* |
| Carolina Jessamine | *Gelsemium sempervirens* |
| Lespedeza** | *Lespedeza* spp. |
| Sweetgum | *Liquidambar styraciflua* |
| Japanese Honeysuckle** | *Loniceria japonica* |
| Panic Grass | *Panicum* spp. |
| Oak (Southern Red) | *Quercus falcata* |
| Oak (Water) | *Quercus nigra* |
| Plume Grass | *Saccharum alopecuroides* |
| Greenbrier | *Smilax* spp. |
| Goldenrod | *Solidago* spp. |
| Muscadine Grape | *Vitus rotundifolia* |

### Mesic Hardwood Forests

| Common Name | Scientific Name |
|---|---|
| **Dominant Species** ||
| Sweetgum | *Liquidambar styraciflua* |
| Yellow Poplar | *Liriodendron tulipifera* |
| Oak (White) | *Quercus alba* |

21



OCONEE RIVER LAND TRUST                                        LOG CREEK

| | |
|---|---|
| Oak (Southern Red) | *Quercus falcata* |
| Oak (Northern Red) | *Quercus rubra* |
| Oak (Water) | *Quercus nigra* |
| **Co-Dominant Species** | |
| Dogwood (Flowering) | *Cornus florida* |
| Persimmon | *Diospyros virginiana* |
| Ash (Green) | *Fraxinus pennsylvanica* |
| Black Cherry | *Prunus serotina* |
| Elm (Winged) | *Ulmus alata* |
| ***Understory Species*** | |
| River Cane | *Arundinaria gigantea* |
| Christmas Fern | *Polystichum acrostichoides* |
| Blackberry | *Rubus* spp. |
| Greenbrier | *Smilax* spp. |
| Sparkleberry | *Vaccinium arboreum* |

** **Denotes exotic species**

22

OCONEE RIVER LAND TRUST                                      LOG CREEK

## ATTACHMENT 11: ECOLOGICAL FEATURES MAP





23



OCONEE RIVER LAND TRUST                                              LOG CREEK

## ATTACHMENT 12: CONSERVATION EASEMENT MAP







24

OCONEE RIVER LAND TRUST                                    LOG CREEK

## ATTACHMENT 13: TOPOGRAPHIC MAP WITH MAN-MADE FEATURES



25

## ATTACHMENT 14: NEARBY PROTECTED PROPERTIES MAP





26

## ATTACHMENT 15: PHOTO LOCATION MAP



Warren County, GA

27

OCONEE RIVER LAND TRUST                    EXHIBIT B: 2018 NORRIS / CASON                    LOG CREEK

**ATTACHMENT 16: PHOTOGRAPHIC LOG**
**Photographer: Elizabeth Branch**                    Camera:   iPhone 7
**Date: December 4, 2018**                              Time:  12:30 PM
**Weather: Sunny, 50° F, Calm Winds**



**CP1a:  View of Property from Timber Road (County Road 58) facing southwest**
**(33° 20' 38.61" N, 82° 46' 54.18" W, 260°)**



**CP1b: Entrance to Property off of Timber Road (County Road 58) facing east**
**(33° 20' 38.61" N, 82° 46' 54.18" W, 70°)**

28



**CP2: Young planted Loblolly pine**
(33° 20' 51.23" N, 82° 46' 51.59" W, 90°)



**CP3a: Mowed trail within young planted pine stand**
(33° 20' 53.76" N, 82° 46' 50.03" W, 90°)

29

Case 3:22-cv-00118 Document 1-1 Filed 10/28/22 Page 163 of 163

OCONEE RIVER LAND TRUST                                                                          LOG CREEK



**CP3b: Young planted pine with mowed trail through broomsedge and other grasses**
**(33° 20' 53.76" N, 82° 46' 50.03" W, 290°)**



**C4a: Interior road through mature planted pine**
**(33° 21' 2.56" N, 82° 46' 29.35" W, 340°)**