IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| TONY D. TOWNLEY and ELIZABETH A. TOWNLEY, | * |
| | * |
| Plaintiffs, | * |
| | * |
| vs. | CASE NO. 3:22-cv-107 (CDL) |
| | * |
| UNITED STATES OF AMERICA, | * |
| Defendant. | * |
| | * |

## O R D E R

This action arises from conservation easement contributions made on behalf of Plaintiffs through a limited liability partnership in 2018 and 2019. Although Plaintiffs filed amended tax returns that included the contributions, Plaintiffs paid to the IRS an amount that assumed the contributions were disallowed. Their amended tax returns reflected a refund due if the contributions were allowed. After the six-month limitation period expired, Plaintiffs filed the present civil action in this Court seeking to recover the refund amount. The Government filed a counterclaim that includes a claim for tax penalties due to Plaintiffs claiming excessive amounts in refunds. One of Plaintiffs' defenses to the counterclaim is that they possessed reasonable cause for the amounts claimed on their refunds because

they relied on advice from their accountants, lawyers, and other professionals.

The Government sought discovery of information in the possession of Plaintiffs' accountants and lawyers relating to this defense of the counterclaim. Plaintiffs waived any privilege and provided the requested information for their accountants and lawyers upon whom they relied in structuring the conservation contributions. Plaintiffs, however, object to producing information that would constitute the work product of their counsel in this action. They maintain that they have not waived privilege as to that counsel. The Government insists, pursuant to Federal Rule of Evidence 502, that the privilege has been waived as to present counsel as to any correspondence or communications up to the date that the amended returns were filed. In the alternative, it maintains that if the privilege has not been expressly waived, the Court should order the production of the materials based on fairness, or, as Government's counsel puts it, Plaintiffs should not be allowed to waive privilege when using it as a sword but insist upon it when it acts as a shield.[1] In support of its argument, Plaintiffs' counsel has produced for in camera

---

[1] The Government also asserts that it is entitled to a privilege log pursuant to Federal Rule of Civil Procedure 26(b)(5)(A). Plaintiffs object to producing a privilege log because the descriptions on the log would reveal their work product. Because the Court finds that none of the requested production is discoverable as to the reasonable cause determination, a privilege log is not necessary.

inspection by the Court his engagement letter which describes the scope of his representation of Plaintiffs. For purposes of the pending motion, the Court finds that, at the time counsel in this action was retained, the contributions in question had been completed and that current counsel was not engaged to structure the contributions or opine on the preparation of the tax returns.

The Court finds that the documents the Government seeks are clearly privileged either because they are attorney-client communications and/or because they constitute counsel's work product. The Court further finds based upon the engagement letter produced in camera and counsel's representations to the Court at the October 30, 2023 hearing on this matter, that neither counsel nor their clients have expressly waived this privilege as to the requested documents, nor did counsel in this action provide advice upon which Plaintiffs relied in filing the tax returns that are the subject of the Government's counterclaim. Accordingly, these documents are not discoverable unless Rule 502(a)(3) requires their disclosure.

Federal Rule of Evidence 502(a)(3) provides:

When [a disclosure of a communication or information covered by the attorney-client privilege or work-product protection] is made in a federal proceeding or to a federal office or agency and waives the attorney-client privilege or work-product protection, the waiver extends to an undisclosed communication or information in a federal or state proceeding only if . . . *they ought in fairness to be considered together*.

3

Fed. R. Evid. 502(a)(3) (emphasis added). The Government argues that it is unfair to allow Plaintiffs to waive privilege as to some protected information so that it may be used in support of their advice of counsel defense yet insist that the privilege has not been waived as to communications with other counsel. The Government's generalized argument misses an important distinction and is not adjusted to the specific circumstances of this case. Plaintiffs have waived privilege as to all professionals, including lawyers, upon whom Plaintiffs relied in taking the conservation easement deductions on the relevant returns. They have not sought to hold back any information from those accountants and lawyers. The Government has had an opportunity for full discovery as to these professionals' involvement and advice regarding the structuring of the contributions, the making of the contributions, and the taking of the deductions on the tax returns. But that counsel is different than counsel retained to pursue the present civil action. Counsel in this action was not retained to opine as to how those contributions should be structured to qualify for a tax deduction. And they were not engaged to provide advice on how to file the applicable tax returns. Although they were retained prior to the actual filing of the returns, the Court is satisfied based on the engagement letter and counsel's representations during the hearing as an officer of the Court that their involvement was limited as described above. Of course, they

4

collected information in preparation for the present action that overlapped with the information that other professionals relied upon to structure the contributions and file the returns. But that does not mean that their representation at that time was not distinctly different than the representation of those upon whom Plaintiffs relied in structuring the contributions and filing the returns. The Court finds that the waiver of privilege regarding these other professionals does not require in fairness that information that would constitute attorney-client privileged information and/or work product as to counsel in this present action should be considered together with the waived information. Accordingly, the Government's Motion to Compel a Privilege Log (ECF No. 24) from counsel of record in this action is denied.

IT IS SO ORDERED, this 2nd day of November, 2023.

S/Clay D. Land
CLAY D. LAND
U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA