IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

TONY D. TOWNLEY and ELIZABETH      *
A. TOWNLEY,
                                   *
        Plaintiffs,
                                   *
vs.                                        CASE NO. 3:22-cv-107 (CDL)
                                   *
UNITED STATES OF AMERICA,
                                   *
        Defendant.
                                   *

_____

O R D E R

The Government filed a motion to compel a non-party expert, Burgex Mining Consultants ("Burgex"), to produce 35 documents responsive to a Government subpoena.  Burgex responded with a motion for a protective order, arguing that the requested documents are irrelevant and that production of them would impose an undue burden on Burgex.  Because the Court finds that the requested information is not discoverable, the Court denies the Government's motion to compel (ECF No. 53) and grants Burgex's motion for a protective order (ECF No. 77).

This is a tax refund action concerning whether certain conservation easements are eligible for the tax deduction for charitable conservation contributions.  Burgex prepared valuations for two of the conservation easements at issue.  Those valuations have been produced to the Government.  The 35 documents that the

Government requests are valuations of other properties that Burgex prepared for its other clients between 2018 and 2022.

Federal Rule of Civil Procedure 26 recognizes that relevant, nonprivileged information that is proportional to the needs of the case shall be discoverable. Fed. R. Civ. P. 26(b)(1). The Government contends that the 35 valuations of other properties are relevant to Plaintiffs' reasonable cause defense and for impeachment purposes because the documents will relate to Burgex's qualifications and the methodologies it used to conduct the valuations of Plaintiffs' properties. The Government's theory rests on the premise that Burgex significantly overvalued Plaintiffs' properties and that Burgex routinely overvalues its clients' properties so that those clients can secure a larger tax deduction. Burgex argues that the 35 valuations are not relevant because it did not rely on them when it conducted the valuation analysis of Plaintiffs' properties. Burgex also asserts that producing the valuations of its other clients will impose an undue burden because it not only has to compile all the reports, but it also must redact the confidential information of its other clients.

The Court finds that Burgex's other valuations are not discoverable. Their probative value as to the issues in this case is minimal, and the requests are disproportionate to the needs of this case. The Government acknowledges that it has already deposed Burgex's CEO, Chris Summers, and had the opportunity to thoroughly

question him as to the methodology used in this case and others.
*See, e.g.*, Summers Dep. 17:10-21:16, 77:10-79:5, ECF No. 53-5.
The Court is unpersuaded that Burgex's past valuations for other
clients' properties are probative of the fair market value analysis
in this case.  It is not even clear to the Court that the other
properties are similar as to their mining capacity to the
properties here.  Finally, although the reasonable cause analysis
includes factors such as the assumptions behind and basis for the
professional advice, the quality of the advice, and its objective
reasonableness, there is no indication that the Government cannot
challenge the assumptions made by Burgex, the quality of the
valuation, and its objective reasonableness using Burgex's
valuations of Plaintiffs' properties, which it has already
produced.  *See Gustashaw v. Commissioner*, 696 F.3d 1124, 1139 (11th
Cir. 2012) (explaining the factors relevant to the reasonable cause
analysis).  Even if the discovery requests seek evidence that may
have some slight probative value, the requests are not
proportionate to the needs of the case.  For all of these reasons,
the Court finds that the requested documents are not discoverable
under Rule 26(b)(1).  Therefore, the Government's motion to compel
(ECF No. 53) is denied and Burgex's motion for a protective order
(ECF No. 77) is granted.

IT IS SO ORDERED, this 9th day of November, 2023.

                                    S/Clay D. Land
                                    CLAY D. LAND
                                    U.S. DISTRICT COURT JUDGE
                                    MIDDLE DISTRICT OF GEORGIA