```
              IN THE UNITED STATES DISTRICT COURT
             FOR THE MIDDLE DISTRICT OF GEORGIA
                        ATHENS DIVISION

TONY D. TOWNLEY and ELIZABETH    *
A. TOWNLEY,
                                 *
     Plaintiff,
                                 *
vs.                                   CASE NO. 3:22-cv-107 (CDL)
                                 *
UNITED STATES OF AMERICA,
                                 *
     Defendant.
                                 *
```

O R D E R

Several motions are currently pending before the Court. This order addresses Plaintiffs' motion to amend the pleadings as to the proposed § 6751(b) defense (ECF No. 23), Plaintiffs' partial motion for summary judgment (ECF No. 28), Plaintiffs' motion to compel production related to the Government's counterclaims (ECF No. 29), and Plaintiffs' motion in limine (ECF No. 30). For the reasons that follow, those motions are denied.

BACKGROUND

This tax refund action concerns whether Plaintiffs are entitled to charitable contribution deductions for tax years 2018, 2019, and 2020 after they donated three conservation easements to Oconee River Land Trust, Inc. Plaintiffs claimed the first deduction in their original 2018 tax filings, but later amended those filings to not claim the deduction in response to an IRS

audit.  Plaintiffs did not claim deductions in their original 2019 and 2020 tax filings but included with those filings an explanation disclosing their intention to claim charitable contribution deductions in an amended return.  After paying the amount of taxes that would have been due had they not taken the deductions, Plaintiffs filed amended returns for tax years 2018, 2019, and 2020 claiming the deductions and seeking a refund.  When the IRS did not act within six months of Plaintiffs filing those amended returns, Plaintiffs filed suit in this Court claiming that they are entitled to $43,298,313 plus interest in refunds for tax years 2018, 2019, and 2020.

The Government denies that Plaintiffs are entitled to a tax refund for any of the taxable years.  The Government also asserts, as both a defense and a counterclaim, that Plaintiffs are liable for penalties under 26 U.S.C. § 6676 due to their refund claim being excessive without reasonable cause.  Section 6676 imposes a 20% penalty on the "excessive amount" of a refund claim, which in Plaintiffs' case, the Government claims is no less than $8,659,662.60.

## DISCUSSION

The Court separates its discussion into two parts.  The Court will first address the arguments raised by Plaintiffs in their motion for partial summary judgment.  Then, the Court will address

the pending motions that relate to the 26 U.S.C. § 6751(b) argument raised by Plaintiffs in their partial motion for summary judgment.

I. **Plaintiffs' Motion for Partial Summary Judgment**

Plaintiffs' motion for partial summary judgment seeks dismissal of the Department of Justice's ("DOJ") counterclaim for § 6676 penalties on various grounds. Plaintiffs first argue that § 6676 facially violates the Petition Clause of the First Amendment. Plaintiffs also argue that the DOJ lacks the statutory authority to assert a § 6676 counterclaim for penalties.[1] Finally, Plaintiffs argue that the DOJ was required to obtain supervisory approval of the penalties under § 6751(b), and that since it failed to do so, it is barred from asserting a counterclaim. The Court addresses each argument in turn.

A. <u>Does § 6676 violate the Petition Clause of the First Amendment?</u>

Plaintiffs argue that the § 6676 penalty provision facially violates the Petition Clause of the First Amendment because it penalizes legitimate tax refund claims. The Court finds this argument unpersuasive. *See Ricket v. United States*, 773 F.2d 1214, 1216 (11th Cir. 1985) (per curiam) (rejecting an argument that a tax penalty provision violated the First Amendment's free speech clause as frivolous). Plaintiffs attempt to distinguish this case

---

[1] To minimize confusion, the Court refers to the DOJ specifically when addressing Plaintiffs' arguments that challenge the DOJ's authority. Otherwise, the Court refers to the Defendant as "the Government."

3

from *Ricket* by analogizing to the *Noerr-Pennington* doctrine, which insulates certain parties from antitrust and tortious interference liability when those parties exercise their right to petition the government and those petitions are not "shams." The Court cannot conceive of how a penalty provision that aims to deter excessive tax refund actions diminishes the constitutional right to petition, especially given § 6676's reasonable cause defense. 26 U.S.C. § 6676(a); *cf. Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 556–57 (2014) (declining to apply *Noerr-Pennington* to a First Amendment challenge to a fee-shifting statute in the patent litigation context). Accordingly, Plaintiffs' partial motion for summary judgment is denied on that ground.

### B. Was the DOJ required to comply with § 6671?

Plaintiffs argue that the Government's assertion of a § 6676 penalty by counterclaim was improper because DOJ did not follow the requirements of 26 U.S.C. § 6671. Section 6671 provides that certain penalties, including § 6676, "shall be paid upon notice and demand by the Secretary, and shall be assessed and collected in the same manner as taxes." 26 U.S.C. § 6671(a). Plaintiffs argue that this language means that (1) only the Secretary of Treasury or her delegate (i.e. not the DOJ) can collect the penalty and (2) the Secretary must "assess" the § 6676 penalty in the same manner as taxes prior to imposing the penalty. The Government responds that Plaintiffs' argument relies upon the wrong statute.

4

It maintains that the applicable statute is 26 U.S.C. § 7401, the statute from which DOJ derives its authority to bring collection suits.

The Court agrees with the Government and finds that DOJ was required to follow the requirements of § 7401—not § 6671. It is well-established that the DOJ has the authority to institute suits for the collection of taxes. *United States v. Janis*, 428 U.S. 433, 440 (1976) (recognizing the United States' authority to bring a civil collection suit via counterclaim under § 7401). Section 6671 is a procedural statute requiring the Secretary of Treasury (through the IRS) to give the taxpayer notice and make a demand prior to making a penalty assessment. The Court finds that this provision does not preclude the Government from asserting the counterclaim under the circumstances presented here.

The Court further finds that the Government satisfied the requirements of § 7401. Section 7401 requires that civil tax collection actions be authorized by the Secretary of Treasury and the Attorney General, or their delegates. 26 U.S.C. § 7401. Here, the Government's allegations in its counterclaim along with the IRS and DOJ authorization letters that are part of the present record indicate the Government has satisfied the requirements of § 7401. *See* Def.'s Resp. to Pls.' Mot. for Leave to File Amendment Ex. 6, IRS Penalty Recommendation 1–2, ECF No. 26-6; Def.'s Resp. to Pls.' Mot. for Leave to File Amendment Ex. 7, Memorandum to the

File 1, ECF No. 26-7.  Plaintiffs certainly are not entitled to summary judgment on this issue.  Accordingly, the Court denies Plaintiffs' motion for partial summary judgment on this ground.

    C.   <u>Was the DOJ required to comply with § 6751(b)?</u>

Plaintiffs further contend that even if the Government was not required to comply with § 6671, it had to comply with 26 U.S.C. § 6751(b) prior to bringing a counterclaim for penalties.  Section 6751(b) requires IRS employees to obtain written supervisory approval of an initial determination of a penalty assessment before assessing the penalty.  26 U.S.C. § 6751(b); *Kroner v. Commissioner*, 48 F.4th 1272, 1276 (11th Cir. 2022).  The Eleventh Circuit recently recognized that § 6751(b) "regulates the process of assessing tax penalties."  *Kroner*, 48 F.4th at 1276.  An "assessment" is a ministerial act conducted by the IRS which consists of "recording a taxpayer's liability, including any applicable penalties, onto the government's books."  *Id.* at 1277–78.

Here, the IRS did not assess the § 6676 penalty against Plaintiffs because Plaintiffs commenced this tax refund action before the IRS completed its evaluation of their amended returns at the administrative level.  Although Plaintiffs possessed a statutory right to commence this action, once they did, the Government's procedural prerequisites became controlled by § 7401, with which it has complied.  Under these circumstances, the

6

Government has not waived its right or failed to satisfy the procedural prerequisites to assert its counterclaim. Accordingly, Plaintiffs' partial motion for summary judgment is denied.

**II. Plaintiffs' Other Motions Relating to § 6751(b)**

Plaintiffs have three other motions pending relating to § 6751(b). Specifically, Plaintiffs moved to compel further production as to DOJ's compliance with § 6751(b), moved to amend their pleadings to add a § 6751(b) defense, and moved to exclude pursuant to Federal Rule of Civil Procedure 37(c) a document entitled "Memorandum to the File," which certified compliance with § 7401 and authorized the DOJ to pursue a counterclaim for § 6676 penalties. Memorandum to the File 1. All three motions are denied.

First, given the Court's conclusion that § 6751(b) does not apply to this action as a matter of law, Plaintiffs' motion for leave to amend as to any § 6751(b) defense is denied for futility. *Hall v. United Ins. Co. of Am.*, 367 F.3d 1255, 1263 (11th Cir. 2004) (affirming the district court's denial of a motion to amend when the new claims would have been subject to dismissal as a matter of law). Accordingly, Plaintiffs' motion to compel further production as to DOJ's compliance with § 6751(b) is denied as moot.

As to the Rule 37(c) motion in limine, Plaintiffs argue that because the Government initially neglected to produce the "Memorandum to the File," the Government should not be permitted

7

to use the document in support of any motion or at trial.  Rule 37(c) prohibits a party from using information that it was required to produce under Rules 26(a) or (e) "unless the failure was substantially justified or harmless."  Fed. R. Civ. P. 37(c).  Here, the Government initially failed to disclose the "Memorandum to the File" because Plaintiffs' first request for production only requested documents related to § 6751(b) authorization.  The Government represented to the Court that when it learned that Plaintiffs considered the "Memorandum to the File" to be responsive to Plaintiffs' request for production, it produced the document to Plaintiffs.  Plaintiffs did not explain how they were prejudiced, if at all, by this delay.  Accordingly, the Court is satisfied that the Government did not violate any discovery rules, and that even if it did, that failure was substantially justified or harmless.  Therefore, Plaintiffs' motion in limine is denied.

## CONCLUSION

For the foregoing reasons, the Court denies Plaintiffs' partial motion for summary judgment (ECF No. 28).  Further, given the Court's conclusion that § 6751(b) does not apply to this action, Plaintiffs' motion for leave to amend as to that defense (ECF No. 23), motion to compel production as to the Government's counterclaim (ECF No. 29), and motion in limine (ECF No. 30) are denied.

Further, the Court directs the Clerk to terminate the motions docketed at ECF Nos. 38, 39, 40, 43, 54, 55, and 57 as they were ruled on from the bench at the October 30, 2023 hearing.

IT IS SO ORDERED, this 14th day of November, 2023.

                                        S/Clay D. Land
                                        CLAY D. LAND
                                        U.S. DISTRICT COURT JUDGE
                                        MIDDLE DISTRICT OF GEORGIA