```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE MIDDLE DISTRICT OF GEORGIA
                        ATHENS DIVISION
```

TONY D. TOWNLEY and ELIZABETH   \*
A. TOWNLEY,
                                \*
    Plaintiffs,
                                \*
vs.                                     CASE NO. 3:22-cv-107 (CDL)
                                \*
UNITED STATES OF AMERICA,
                                \*
    Defendant.
                                \*

O R D E R

For the reasons explained below, the Court denies Plaintiffs' motion to amend (ECF No. 23) as it relates to Plaintiffs' proposed APA challenges. Plaintiffs' motion to compel production of treasury regulation files (ECF No. 56) is thus terminated as moot.

Plaintiffs moved to amend their pleadings to include a defense to the Government's counterclaim for § 6676 penalties. This defense challenges the validity of several subsections of Treasury Regulations § 1.170A-13 and § 1.170A-14 under the Administrative Procedures Act ("APA").[1] But Plaintiffs are not permitted to assert an APA challenge through collateral attack. Therefore, the

---

[1] Specifically, Plaintiffs moved to amend to add APA invalidity defenses as to Treasury Regulations §§ 1.170A-13(c)(3), -13(c)(4), -13(c) in its entirety, -14(g)(5), -14(d)(1), -14(d)(1)(ii), -14(d)(4), -14(e)(2), -14(h), and -16(d)-(f). When the Government informed Plaintiffs that it was no longer relying on § 1.170A-16, Plaintiffs abandoned their motion to amend and motion to compel as to § 1.170A-16(d)-(f). Pls.' Mot. Compel Produc. of Treas. Reg. Files 3, ECF No. 56.

Court finds that they may not simply raise the invalidity of the regulations as a defense to the counterclaim. Instead, if they seek to challenge the regulations, they must do so directly with a timely pled APA claim. *See Alabama v. PCI Gaming Auth.*, 801 F.3d 1278, 1290-91 (11th Cir. 2015). With the exception of § 1.140A-14(g)(5), Plaintiffs did not plead an APA claim as to § 1.170A-13 or § 1.170A-14 in their complaint. They now seek to assert these APA claims, but to do so, they must amend their complaint. The question is whether their motion to amend should be denied because it is futile.

APA claims against the United States are subject to a six-year statute of limitations period that begins to run when the cause of action first accrues. 28 U.S.C. § 2401(a) ("[E]very civil action commenced against the United States shall be barred unless the complaint is filed within six years after the right of action first accrues."). APA claims begin accruing on the date the agency issues a final action. *See U.S. Steel Corp. v. Astrue*, 495 F.3d 1272, 1280 (11th Cir. 2007). For challenges to regulations, that is generally the date the regulation was published in the Federal Register. *Dunn-McCampbell Royalty Int., Inc. v. Nat'l Park Serv.*, 112 F.3d 1283, 1287 (5th Cir. 1997) (citing *Fed. Crop. Ins. Corp. v. Merrill*, 332 U.S. 380, 384 (1947), for the proposition that the appearance of a regulation in the Federal Register constitutes sufficient notice to those affected by it). The Eleventh Circuit

2

has recognized in dicta that a limited exception to this rule exists for an as-applied challenge to a regulation on grounds that the regulation was promulgated outside the agency's statutory authority. *See PCI Gaming Auth.,* 801 F.3d at 1292.

Plaintiffs' APA claims are time-barred, and the limited as applied exception does not rescue those stale claims. All the regulations at issue were promulgated well over six years ago. Plaintiffs' challenges to those regulations rest upon the argument that the IRS procedurally violated the APA when promulgating the regulations or that they facially contradict 26 U.S.C. § 170—the statute pursuant to which they were promulgated.

The Court is unpersuaded by Plaintiffs' argument that they are asserting an "as applied" challenge which allows them to escape the statute of limitations. Plaintiffs state in conclusory fashion that they are asserting as-applied challenges, yet their specific allegations amount to classic facial challenges. Because Plaintiffs' APA claims are barred by the statute of limitations, granting Plaintiffs leave to amend to assert those claims would be futile. Plaintiffs' motion to amend as to any APA challenge is thus denied.[2]

---

[2] The Court also observes that Plaintiffs' motion to amend is tardy under the scheduling order in this case, having been filed four months after the deadline for amending pleadings. Scheduling & Disc. Order 6, ECF No. 14.

To the extent that Plaintiffs asserted in their original complaint an APA challenge to Treasury Regulation § 1.170A-14(g)(5), that claim is also time barred. Accordingly, it is dismissed.

## CONCLUSION

Plaintiffs' motion to amend (ECF No. 23) as it relates to Plaintiffs' proposed APA challenges is denied because of futility based on the statute of limitations. Further, the Court dismisses any APA challenge to Treasury Regulation § 1.170A-14(g)(5) because that claim is likewise time-barred. Given the Court's conclusion that Plaintiffs' APA claims are time-barred, Plaintiffs' motion to compel production of treasury regulation files (ECF No. 56) is terminated as moot. Finally, the Court directs the Clerk to terminate the motion docketed at ECF No. 27 as that motion was ruled on from the bench at the October 30, 2023 hearing.

IT IS SO ORDERED, this 17th day of November, 2023.

S/Clay D. Land
CLAY D. LAND
U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA