IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| TONY D. TOWNLEY and ELIZABETH A. TOWNLEY,  )<br>)<br>Plaintiffs and )<br>Counterclaim defendants, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Defendant and )<br>Counterclaimant. ) | Case No. 3:22-cv-00107-CDL |

## JOINT MOTION TO REMOVE CASE FROM TRIAL CALENDAR

Because the parties have reached an agreement in principle to resolve this matter (which the Department of Justice, Tax Division, and the IRS have recommended for acceptance), the parties jointly request that the Court remove this case from the trial calendar. As explained below, good cause exists for the requested relief, though applicable law and regulations require that the proposed settlement be reviewed by the Joint Committee on Taxation before formal acceptance can be finalized:

1. This case was originally set for a jury trial to begin on May 13, 2024.

2. Because of unfortunate and unforeseen circumstances, the trial was continued to August 5, 2024.

3. The revised agreement in principle was reached last night.

4. The parties diligently worked to reach an agreement that resolves the issues in this matter. Having done so, finalizing a settlement under the Internal Revenue Code and DOJ regulations includes submitting information about the proposed agreement to the Joint Committee on Taxation. *See* 28 C.F.R. § 0.160 and 28 C.F.R. § 0.160 Appendix To Subpart Y

1

Of Part 0—Redelegations Of Authority To Compromise And Close Civil Claims, Tax Division Directive 139 (Tax Division and Department of Justice Settlement regulations).

5. Given the amount at issue, two features in the statute and regulations affect the timing in which a settlement agreement may be accepted with finality.

6. First, Section 6405(a) of the Internal Revenue Code provides that with respect to the tax at issue: "No refund or credit . . . shall be made until after the expiration of 30 days from the date upon which a report giving the name of the person to whom the refund or credit is to be made, the amount of such refund or credit, and a summary of the facts and the decision of the Secretary, is submitted to the Joint Committee on Taxation."

7. Second, the Tax Division's acceptance of an offer that falls under Section 6405 is conditioned on the Joint Committee on Taxation's indication "that it has no adverse criticism of the proposed settlement, provided that such action is not opposed by the agency or agencies involved." 28 C.F.R. § 0.160 Appendix To Subpart Y Of Part 0—Redelegations Of Authority To Compromise And Close Civil Claims, Tax Division Directive 139, Section 9(A).

8. The trial team, Section Chief for the Civil Trial Section, Southern Region, and the Chief of the Office of Review have each already recommended acceptance. The IRS Office of Chief Counsel has also recommended the offer be accepted.

9. On July 24, 2024, the head of the Tax Division referred the settlement to the Joint Committee on Taxation indicating that he would accept the offer upon the Joint Committee on Taxation indicating that it has no adverse criticism of the proposed settlement. The Tax Division has asked for the Joint Committee's views as soon as practicable.

10. If the Joint Committee on Taxation has adverse criticism of the proposed settlement, then the comments and offer will be considered further in the Department of Justice.

11. The offer and required information were submitted to the Joint Committee on Taxation on July 24 but the Joint Committee's review might not be completed prior to the start of trial.

12. Considering the above, it is in the interests of the parties and the Court to remove this case from the August trial calendar to allow Joint Committee review and completion of a final settlement. Based on prior experience, the trial counsel for both parties are optimistic that the offer will be accepted, which would obviate the need for trial and any further litigation.

For good cause shown, the parties respectfully request that the Court remove this case from the trial calendar.

| | |
|---|---|
| By:*/s/ David D. Aughtry*<br>    DAVID D. AUGHTRY<br>    Georgia Bar No. 028010<br><br>By:*/s/ Jasen D. Hanson*<br>    JASEN D. HANSON<br>    Georgia Bar No. 638564<br><br>CHAMBERLAIN, HRDLICKA<br>WHITE, WILLIAMS, & AUGHTRY<br>191 Peachtree Street, N.E.<br>Forty-Sixth Floor<br>Atlanta, GA 30303<br>Telephone: (404) 659-1410<br>Facsimile: (404) 659-1852<br>david.aughtry@chamberlainlaw.com<br>jasen.hanson@chamberlainlaw.com<br><br><br>*Counsel for Plaintiffs*<br><br>Date: July 24, 2024 | David A. Hubbert<br>Deputy Assistant Attorney General<br><br>*/s/ Joseph A. Sergi*<br>Joseph A. Sergi<br>Senior Litigation Counsel<br>Lead Counsel<br>*/s/ Conor P. Desmond*<br>Conor P. Desmond<br>*/s/ Jeremy A. Rill*<br>Jeremy A. Rill<br>Trial Attorneys<br>U.S. Department of Justice<br>Tax Division<br>P.O. Box 14198<br>Washington, D.C. 20044<br>202-305-2868 (Sergi)<br>202-598-3665 (Desmond)<br>202-307-0513 (Rill)<br>Fax: 202-514-4963<br>Joseph.A.Sergi@usdoj.gov<br>Conor.P.Desmond@usdoj.gov<br>Jeremy.A.Rill@usdoj.gov<br><br>Of Counsel:<br>Peter D. Leary<br>United States Attorney<br>Middle District of Georgia<br><br>*Counsel for the United States*<br><br>Date: July 24, 2024 |